**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

                             :

**EDNA McMANUS**
3010  22nd Street  S.E                         :
Washington, D.C. 20020

                             :

**GAYNELL NIXON**
13226 Brandywine Rd                     :
Brandywine, MD  20613

                             :

**SHIRLEY MASSEY**
920 Madison St N.W. #302            :      **CASE NO:**_____
Washington, D.C. 20011

                             :

**SANDRA  MITCHNER**
1913 Varnum Street N.E.                  :
Washington, D.C. 20018

                             :

**WILLIAM WORKCUFF**
1345 Howard Road S.E. # 102         :
Washington, D.C. 20020

                             :

**EDWARD CLARK**
214 Kenilworth Avenue N.E. #C       :
Washington, D.C. 20019

                             :

**SLATEL DILLON**
13238 Prim Road                       :
King George, VA 22485

                             :

**AUDREY TUCKER**
903 25th Street N.W.                  :
Washington, D.C. 20037

                             :

**ARZELLA SMITH**
7 Daimler Drive                       :
Capital Heights, MD  20743

1

:

**GERALDINE TALLEY HOBBY**
P.O. Box 441972 **[HOMELESS]**                :
Fort Washington, MD 20019

**ERWIN DIGGS**                               :
14131 Spring Branch Drive
Upper Marlboro, MD  20772                     :

**JOHN LEWIS**                                :
1510 Warren Avenue
Landover, MD  20785                           :

**VELERIE JONES  COE**                        :
1875 Savannah Place S.E.
Washington, D.C. 20020                        :

**FLETCHER SCOTT**                            :
2225 R Street S.E.
Washington, D.C.  20020                       :

**RONALD MINOR**                              :
6911 Walker Mill Road
Capitol Heights, MD  20743-4630              :

**OTIS R. MAHONEY, Sr.**                      :
4327 Ponds Street  N.E.
Washington, DC  20019                         :

v.                                            :

**DISTRICT OF COLUMBIA GOVERNMENT**           :
(A Municipal Corporation)
                                              :
Serve:
**Honorable Adrian Fenty**                    :
District of Columbia Government
1350 Pennsylvania Avenue N.W.                 :

Washington, D.C. 20004

:

Serve:
**Office of the Attorney General**    :
For the District of Columbia
444 4th Street N.W.    :
6th Floor South
Washington, D.C. 20001    :


**AFSCME**    :
**DISTRICT COUNCIL 20, AFL-CIO**
1724 Kalorama Road, NW    :
Suite200
Washington, DC 20009    :

**AMERICAN FEDERATION OF**    :
**GOVERNMENTAL EMPLOYEES**
80 F Street N.W.    :
Washington, DC - 20001
    :
**INTERNATIONAL BROTHERHOOD OF**
**TEAMSTERS LOCAL UNION NO. 639**    :
3100 Ames pl NE
Washington, DC 20018    :

**WASHINGTON TEACHERS UNION**    :
1717 K Street, N.W. Suite 902
Washington, D.C. 20036    :

**DOC/FOP**    :
**DC Department of Corrections/Fraternal**
**Order of Police)**    :
711 4th Street N.W.
Washington, DC 20001    :

**CONCENTRA INCORPORATED**    :
Serve:
Corporation Service Company    :

3

1090 Vermont Ave., N.W.
Washington, DC 20005                                    :

**CORVEL HEALTHCARE**                                   :
Serve
Prentice Hall Corporation System                        :
1090 Vermont Ave., N.W.
Washington, DC 20005                                    :

**CLW/CDM**
4720-F-Boston Way                                       :
Lanham, MD. 20706
                                                        :

**AON RISK SERVICES INCORPORATED**
1120 20th St, NW., Suite 600                            :
Washington, DC. 20036
                                                        :

**CMI/SEGWICK**
1212 New York Ave, NW                                   :
Washington, DC 20005
                                                        :

**GENEX SERVICES INCORPORATED**
**SUBSIDIARY OF UNUM PROVIDENT**                        :
6810 Deerpath Rd, Suite 401
Elkridge, MD 21075                                      :


**UNUM GROUP, a.k.a.**
**UNUM PROVIDENT INSURANCE COMPANY** :
1 Fountain Square
Chattanooga, TN, 37402                                  :


**ROBERT A. SMITH, MD, PC**                             :
4701 Randolph Rd., Suite 209B
Rockville MD, 20852                                     :
_____


## COMPLAINT
## <u>WITH REQUEST FOR INJUNCTIVE & DECLARATORY RELIEF</u>

COMES NOW THE PLAINTIFF(S) EDNA McMANUS, GAYNELL NIXON, SHIRLEY MASSEY SANDRA MITCHNER, WILLIAM WORKCUFF, EDWARD CLARK, SLATEL DILLON, AUDREY TUCKER, ARZELLA SMITH, GERALDINE TALLEY HOBBY, ERWIN DIGGS, JOHN LEWIS, VELERIE JONES COE, FLETCHER SCOTT, RONALD MINOR and OTIS MAHONEY, Sr, by and through counsel, James Quincy Butler, Esq, Managing Partner of the Butler Legal Group, P.L.L.P., in Washington, D.C. and sues the Defendant(s) named supra and infra, and in support of their complaint hereby states as follows:

## JURISDICTION

1.      This cause of action arose in the District of Columbia and is brought pursuant to 42 U.S.C. ss: 1981, 1983, 1986, 1988, 2000(e), the Fourteenth Amendment to the United States Constitution, and the laws of the District of Columbia in that the Defendants based upon information and belief engaged in a conspiracy, combination and agreement to discriminate against these 13 Plaintiffs, and to deprive these 13 Plaintiffs of their constitutional rights under color of law. The State claims are proper in this Honorable Court based upon Supplemental Jurisdiction. Venue is proper in that the acts set forth herein occurred or had their genesis within the District of Columbia.

## PARTIES

2.      Plaintiff, EDNA McMANUS, is based upon information and belief, a resident of Washington, D.C., and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Department of Corrections as a Correctional Officer. This Plaintiff was a member of one of the locals affiliated with Union Defendant Fraternal Order of Police.

3.      Plaintiff, GAYNELL NIXON, is based upon information and belief, a resident of the State of Maryland, and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies.  At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Housing Authority as an Assistant Housing Manager. This Plaintiff was a member of one of the locals affiliated with Union Defendant American Federation of Government Employee's [AFGE].

4.      Plaintiff, SHIRLEY MASSEY is based upon information and belief, a resident of Washington, D.C., and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the University of the District of Columbia, as a Secretary/Administrative Assistant.  This Plaintiff was a member of one of the

locals affiliated with Union Defendant, American Federation of State County and Municipal Employee's [AFSCME].

5.    Plaintiff, SANDRA MITCHNER, is based upon information and belief, a resident of Washington, D.C., and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Office of Personnel, as a Position Classification Specialist. This Plaintiff was "NOT" a member of the Union Defendants.

6.    Plaintiff, WILLIAM WORKCUFF, is based upon information and belief, a resident of Washington, D.C., and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Housing Authority as a Maintenance Mechanic. This Plaintiff was a member of one of the locals affiliated with Union Defendant, American Federation of Government Employee's [AFGE].

7.    Plaintiff, EDWARD CLARK, is based upon information and belief, a resident of Washington, D.C., and was at all times set forth herein an employee of an agency of the District

7

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Public

Schools as a School Bus Driver. This Plaintiff was a member of one of the locals affiliated with

Union Defendant, American Federation of State County and Municipal Employee's [AFSCME].

. 8.    Plaintiff, SLATEL DILLON, is based upon information and belief, a resident of

the Commonwealth of Virginia, and was at all times set forth herein an employee of an agency of

the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of

claim at various times, with the appropriate agencies during the events of this matter, and has

exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the

Plaintiff was an employee of the District of Columbia working for the District of Columbia,

Water and Sewer authority as an Electrical Repair Mechanic. This Plaintiff was a member of one

of the locals affiliated with Union Defendant American Federation of State County and

Municipal Employee's [AFSCME].

9.    Plaintiff, AUDREY TUCKER, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Public

Schools, as a School Bus Attendant. This Plaintiff was a member of one of the locals affiliated

with Union Defendant, International Brotherhood of Teamsters.

10.     Plaintiff, ARZELLA SMITH, is based upon information and belief, a resident of

the State of Maryland, and was at all times set forth herein an employee of an agency of the

District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim

at various times, with the appropriate agencies during the events of this matter, and has

exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the

Plaintiff was an employee of the District of Columbia working for the District of Columbia,

Public Schools, as a School Bus Driver. This Plaintiff was a member of one of the locals

affiliated with Union Defendant, American Federation of State County and Municipal

Employee's [AFSCME].

11.     Plaintiff, GERALDINE TALLEY HOBBY, is based upon information and belief,

a resident of Washington, D.C., [BELIEVED TO BE HOMELESS AT THIS TIME] and was at

all times set forth herein an employee of an agency of the District of Columbia as further set forth

infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate

agencies during the events of this matter, and has exhausted all "KNOWN" administrative

remedies. At the time of the events described herein, the Plaintiff was an employee of the District

of Columbia working for the District of Columbia, Public Schools, as an Art Teacher. This

Plaintiff was a member of one of the locals affiliated with Union Defendant, Washington

9

Teachers Union.[WTU]

12.    Plaintiff, ERWIN DIGGS, is based upon information and belief, a resident of the State of Maryland, and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Public Schools, as a School Bus Driver.  This Plaintiff was a member of one of the locals affiliated with Union Defendant American Federation of State County and Municipal Employee's [AFSCME].

13.    Plaintiff, JOHN LEWIS, is based upon information and belief, a resident of the State of Maryland, and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Public Schools, as an Engineer. This Plaintiff was a member of one of the locals affiliated with Union Defendant, American Federation of State County and Municipal Employee's [AFSCME].

14.    Plaintiff, VELERIE JONES COE, is based upon information and belief, a resident of Washington, D.C., and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim

at various times, with the appropriate agencies during the events of this matter, and has

exhausted all "KNOWN" administrative remedies.  At the time of the events described herein,

the Plaintiff was an employee of the District of Columbia working for the District of Columbia,

Department of Mental Health, as a Staff Assistant.  This Plaintiff was a member of one of the

locals affiliated with Union Defendant American Federation of Government Employee's [AFGE].

 15. Plaintiff, FLETCHER SCOTT, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies.  At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Public

Schools as an Industrial Arts Teacher.  This Plaintiff was a member of one of the locals affiliated

with Union Defendant American Federation of Government Employee's [AFGE].

 16. Plaintiff, RONALD MINOR, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies.  At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Attorney

General, as an Investigator.  This Plaintiff was a member of one of the locals affiliated with

Union Defendant American Federation of State County and Municipal Employee's [AFSCME].

17.    Plaintiff, Otis Mahoney, Sr, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies.  At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Housing

Authority, as a Maintenance Mechanic/Laborer.  This Plaintiff was a member of one of the locals

affiliated with Union Defendant American Federation of Government Employee's [AFGE].

18.    Defendant, The DISTRICT OF COLUMBIA GOVERNMENT, is a

Municipal Corporation, located within the jurisdiction of this Court, in the District of

Columbia.

19.    Defendant, AFSCME DISTRICT COUNCIL 20, AFL-CIO, is a labor Union,

licensed to transact business within the jurisdiction of this Court, and is located in the District of

Columbia, involved in claims and actions which are a part of the foundational elements of the

conspiracy pled herein.

20.    Defendant, AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES

is a labor Union, licensed to transact business within the jurisdiction of this Court, and is located

in the District of Columbia, involved in claims and actions which are a part of the foundational

elements of the conspiracy pled herein.

21.     Defendant, INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL
UNION NO. 639 is a labor Union, licensed to transact business within the jurisdiction of this
Court, and is located in the District of Columbia, involved in claims and actions which are a part
of the foundational elements of the conspiracy pled herein.

22.     Defendant, WASHINGTON TEACHERS UNION is a labor Union, licensed to
transact business within the jurisdiction of this Court, and is located in the District of Columbia,
involved in claims and actions which are a part of the foundational elements of the conspiracy
pled herein.

23.     Defendant, FRATERNAL ORDER OF POLICE is a labor Union, licensed to
transact business within the jurisdiction of this Court, and is located in the District of Columbia,
involved in claims and actions which are a part of the foundational elements of the conspiracy
pled herein.

24.     Defendant, CONCENTRA INCORPORATED is a corporation, licensed to
transact business within the jurisdiction of this Court, and is believed to have offices and/or
agents located in the District of Columbia, or have employees who carry on transactions within
the District of Columbia, involved in claims and actions which are a part of the foundational
elements of the conspiracy pled herein.

25.     Defendant, CORVEL HEALTHCARE is a corporation, licensed to transact
business within the jurisdiction of this Court, and is believed to have offices and/or agents
located in the District of Columbia, or have employees who carry on transactions within the

District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

26.    Defendant, **CLW/CDM,** is a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to have offices and/or agents located in the District of Columbia, or have employees who carry on transactions within the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

27.    Defendant, **AON RISK SERVICES INCORPORATED** is a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to have offices and/or agents located in the District of Columbia, or have employees who carry on transactions within the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

28.    Defendant, **CMI-SEDGEWICK** is a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to be located in the District of Columbia, or have employees who carry on transactions within the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

**29.**    Defendant, **GENEX INCORPORATED** is a subcontractor, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein and is a **SUBSIDIARY OF UNUM PROVIDENT** a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to be located in the District of Columbia, or have

14

employees who carry on transactions within the District of Columbia.

30.    Defendant, **UNUM Group, a.k.a. UNUM PROVIDENT INSURANCE COMPANY** is a Tennessee corporation, licensed to transact business within the jurisdiction of this Court, and/or is believed to have offices in and/or employees engaged in business within the confines of the District of Columbia. This Defendant is involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein, **AND...** (emphasis added) is a party to actions in other States of the United States, further pled infra, wherein injunctions and settlement decrees, have been entered into with various States Attorney's General, which called for cessation of illegal activities, which are the same as the facts pled in this complaint. In doing, the acts herein this Defendant has violated the consent decrees and settlement agreements previously entered into with the States Attorney's General, in furtherance of the conspiracy, combination and agreement pled herein.

31.    Defendant, **ROBERT A. SMITH, MD, PC** is a physician, licensed to practice medicine in the State of Maryland, and engaged in transacting business within the jurisdiction of this Court, as a physician consulting with various agencies of the District of Columbia, as an agent of the District of Columbia and or in association with the various Defendants pled herein and is a pivotal player in the conspiracy pled in this case. Smith is a leading conspirator in that when Smith was employed as claimants [Plaintiffs] consulting physician, he would certify injuries, certify surgical necessity, and certify continuing care to enrich himself.  Thereafter, there came a time when Smith changed sides and began working for the Defendants. Smith, in his own

written reports, had the utter audacity to completely alter the previous diagnosis, which Smith

himself had made, and state in writing that the very people he had certified as having been

injured and requiring surgery, did in fact not have any injury or need for such surgery and

continuing care, and that the [Plaintiffs] claims should now be denied, thus further enriching

himself at the suffering of the Plaintiffs.  Smiths' actions are **"CRIMINAL"** in nature.

<u>FACTS</u>

32.    Based upon information and belief, Defendant(s) DISTRICT OF COLUMBIA;

AFSCME DISTRICT COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF

GOVERNMENTAL EMPLOYEES; TEAMSTERS LOCAL UNION NO. 639; WASHINGTON

TEACHERS UNION; FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED;

CORVEL HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED;

CMI/SEGWICK; GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM

PROVIDENT; UNUM GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY

and ROBERT A. SMITH, MD, PC (hereinafter referred to collectively as the "DEFENDANTS"

except wherein a particular Defendant is pled individually in an allegation infra) have  and are

engaging in a conspiracy, combination and agreement, wherein the rights of the Plaintiffs set

forth supra have been and continue to be, violated.

33.    The methods employed by the Defendants in furtherance of the conspiracy,

combination and agreement, centers around the following set of operative facts.

[A] The Plaintiffs are all employees of the District of Columbia.

[B] The District of Columbia has either terminated the Plaintiffs employment or denied the Plaintiffs benefits derived from the Plaintiffs employment.

[C] The Plaintiffs were and are entitled to administrative remedies and notice as to what administrative remedies are available to the Plaintiffs.

[D] The Plaintiffs have been denied the benefit of cognizable administrative relief as the Defendants have engaged in a pattern and practice, wherein a singular city wide formal administrative remedy has been abolished and a series of agency controlled administrative remedy procedures for each individual agency have allegedly been set in place.

[E] The agencies have failed to inform the Plaintiffs in writing as to what the administrative remedy process is.

[F] The Plaintiff's allege and believe that this fiat style administrative remedy concept has been purposely designed to create a catch 22, wherein remedy must be exhausted, but the remedy process is administered in a non-uniform fashion.

[G] The Plaintiffs are subject to an administrative remedy procedure, that is altered by fiat as it relates to each agency.

[H] The Defendants have essentially created a system wherein the administrative remedies can never be exhausted.

[I] Under the fiat administrative remedy system of the Defendants, the grieving party has no idea of what the totality of the administrative remedy process is. In essence, the Defendants morph the administrative remedy process by fiat on a daily basis, so that when it appears the

17

process has reached a conclusion, the Defendants re-commence the process, add new layers of required remedy or simply ignore all previous remedy applications.

[J] The Plaintiffs have had no indication as to what, if any steps are required to exhaust administrative remedy.

[K] The Plaintiffs have had no indication as to what time frames are applied to filing for the administrative remedy.

[L] The Plaintiffs have had no indication as to what response time frames are controlling the response by the individual agency wherein the grieving party was employed.

[M] When administrative law judges or judges of the Superior Court of the District of Columbia or United States District Court Judges, enter orders or take actions that are adverse to these Defendants, the Defendants simply ignore the orders, as if the courts lack any power of enforcement.

[N] The primary reasoning for the implementation of the confusing morass of non-existent and faux administrative remedy is a plan created by the Defendants to circumvent judicial scrutiny and review by the Attorney Generals of the States that Defendant Unum Provident has already agreed to cease and desist in, as pled infra under the Unum Provident Criminal Enterprise claim.

34.    Based upon information and belief, the Plaintiffs allege that the Defendants in furtherance of the conspiracy, combination and agreement have agreed that the maze of unpublished regulations will not be challenged by the Union Defendants in violation of the

collective bargaining agreement between the Union Defendants and the city.

35.    Based upon information and belief, the Plaintiffs allege that the Defendants in furtherance of the conspiracy, combination and agreement have agreed to employ the health care Defendants as third parties, who will create policies and procedures, which are impossible to comply with, and that the Defendants in employing the third party health care administrators, knew or should have known they were violating the civil rights and due process rights of the Plaintiffs.

36.    Based upon information and belief, the Plaintiffs allege that the Defendants in furtherance of the conspiracy, combination and agreement have engaged in criminal activity, wherein Union dues are collected for Union representation which does not exist. The activities set forth in this complaint have already been alleged and conceded to, by affiliates of the health care Defendants named herein, in the State of New York.  The health care Defendants named herein are engaged in a fraud wherein the health care Defendants' randomly change corporate names and transfer assets of one another to other third parties to avoid  a Federal Court order issued in the State of New York.

37.    All except one Plaintiff [MITCHNER] named herein Members of the Union Defendants bargaining units and are required to either pay Union dues or pay a "fair share" of the purported costs of their representation by the Union. Plaintiffs are entitled to fair, competent representation in all matters relating to their employment with the City, which is being denied by the Union Defendants who have shut their collective eyes to the city's tampering with the

administrative and benefit systems which have been previously agreed to regarding denial of benefits, denial of earned base and overtime pay and disciplinary related grievances, suspension, demotion, and termination.

38.    All named Plaintiffs have  filed timely grievances, requested arbitration hearings in accordance with set policy and  have been subjected to  denials based upon fathom reasoning, without due process of law.

39.    With respect to the employee disciplinary process to which these Plaintiffs are entitled, neither the Unions nor the City have been complying with either the Collective Bargaining Agreements or the Personnel Rules and Regulations.

40. Both the City and the Unions have failed to investigate employee grievance claims in a timely manner, nor have they kept adequate records, with the result that several years or more often pass before the claim is even considered ready for arbitration. Without considering the interests or rights of the affected employees, the Union and the City have been collaborating to dismiss or "settle" pending contract and disciplinary grievance cases, usually without the knowledge or approval of the concerned employees. In many cases the Defendants insert forged documents into the Plaintiffs file, or remove favorable documents form the Plaintiffs file at will. In the matter of Defendant Robert A. Smith, Smith engaged in activities wherein when Smith was representing the injured party he would write reports stating the injured party required surgery and rehabilitation. When Smith changed sides and began working with the Defendants Smith would rewrite the reports for the very same injured party stating that there was no surgery

or rehabilitation required, thus invalidating the claims that he himself had previously validated.

41.     Despite the Union Defendants obligation to fully and fairly represent bargaining unit employees and the City's obligation to treat its employees fairly and comply with contractual and constitutional obligations, the Unions and the City have treated employee claims in a perfunctory manner, acted arbitrarily, negligently, incompetently, and have willfully delayed and/or failed to provide fair, prompt, and effective representation and hearings.

42.     Plaintiffs have attempted to raise their claims and concerns before the City's Personnel Board and the City's Labor Board and have exhausted such claims as the faux system set in place by the Defendants permits.

43.     The situation facing these Plaintiffs in some cases is 20 years of arguing for these rights, which has resulted in poverty, homelessness, economic disadvantage and suffering both emotionally and physically based upon unlawful termination, unlawful transfer, unlawful demotion, unlawful denial of benefits and unlawful cancellation of benefits.

## Unum Provident Criminal Enterprise Claim

44.     On November 12th and 18th, 2004, the following announcements were made by New York Attorney General, Elliott Spitzer..

45.     New York State Attorney General, Eliot Spitzer and New York State Insurance Superintendent, Gregory V. Serio, today announced that their offices, together with other state insurance regulators, reached a landmark settlement with Unum Provident Corporation ("Unum

Provident") and five of its subsidiaries.

46.     The settlement resolves issues relating to investigations into Unum Provident's claims handling practices, conducted by the New York State Attorney General's Office, the New York State Insurance Department, state insurance regulators conducting a multi-state examination led by Massachusetts, Maine and Tennessee on behalf of all the other states, and the United States Department of Labor.

47.     The investigations focused on assertions that Unum Provident had inappropriately denied claims for benefits under individual and group long-term disability insurance policies. These investigations and the resulting settlement are unrelated to the separate investigations into the payment of contingent commissions, steering and bid-rigging in the insurance industry.

48.     The settlement announced today requires Unum Provident and its subsidiaries: (1) to reassess approximately 200,000 claims that previously had been denied; (2) to completely restructure their claim handling procedures to ensure objectivity and fairness; and (3) to pay a $15 million fine. An outline of the specific terms of the settlement is attached.

 "This settlement sends a strong message to disability insurance companies that improper denials of disability claims will not be tolerated," said Attorney General Spitzer. "These claim denials involved vulnerable workers – those whose illnesses and injuries prevented them from continuing their employment. I am very pleased that these individuals will have their claims reviewed, and that Unum Provident will now implement the structural reforms necessary to ensure that future claims are handled appropriately."

49.     "This settlement agreement gives thousands of current and former policyholders an opportunity to have their denied claims reassessed as part of a process over which regulatory authorities will have strict oversight," Superintendent Serio said. "Today's agreement also requires the parent company and its subsidiaries to implement the management and corporate reforms necessary to ensure that future disability claims are handled properly."

50.     The reassessment process covers a review process and restitution payments will provide claimants with a more expedient method of obtaining recoveries, and simultaneously will reduce the companies' exposure to litigation judgments and other costs.

51.     If Unum Provident fails to implement the required changes in a timely manner as stipulated by the agreement, it will be subject to penalties of $100,000 per day until compliance is achieved. In addition, failure to meet acceptable levels of accuracy in making disability claim determinations will result in a penalty of $145 million.

52.     The Attorney General's investigation was handled by Deputy Attorney General Dan Feldman, Assistant Attorney General Joy Feigenbaum and Assistant Attorney General Mel Goldberg, under the direction of Consumer Bureau Chief Thomas Conway.

53.     The New York State Insurance Department's investigation was handled by Deputy Superintendent and General Counsel, Audrey Samers, Deputy General Counsel, Susan Donnellan, Assistant Deputy Superintendent and Chief Examiner Life Bureau, Jeffrey Angelo and Deputy Chief Life Bureau, Gail Keren.

**<u>Outline of Unum Provident Settlement Agreement</u>**

54.    Under the terms of the settlement, Unum Provident and its subsidiaries have agreed to:

- reassess the claims of approximately 200,000 individuals whose claims for group or individual long-term disability benefits were denied;

- restructure their claim handling procedures to ensure that all future claims are reviewed in a fair and objective manner, including an agreement to:

  - select medical examiners based solely on merit, and ensure that those examiners review all relevant records before reaching a determination;

  - require personnel making impairment determinations to certify that their determinations were based upon a review of all the relevant evidence;

  - prohibit company personnel from trying to influence the outcome of disability claim appeals; and

  - grant significant weight to findings of disability by the United States Social Security Administration;

- improve employee training;

- create a new Regulatory Compliance Unit to monitor the companies' compliance with applicable laws and regulations;

- conduct periodic audits of the new claim reassessment process, to ensure compliance with the terms of the settlement;

- create a toll-free confidential hotline through which company employees can report concerns about claims handling processes;

- appoint three new independent members to the Board of Directors of Unum Provident, add one new independent member to the Audit Committee, and create a new Regulatory Compliance Committee of the board;

- permit enhanced monitoring and examinations by state insurance regulators, paid for by the companies; and

- pay a $15 million fine to be divided among participating states.

55.    The conspiracy in this case is staggering. The sums involved are overwhelming. The premises alleged herein require expensive discovery and depositions whereupon the Plaintiffs are of the opinion this complaint will be amended to add additional Defendants and counts. It is anticipated that a criminal referral will be requested as the Defendants, in light of the New York companion matter, are violating a federal court consent decree.

### CLAIMS FOR RELIEF
**Based on the foregoing factual allegations,**
**Plaintiffs present the following claims for relief:**

COUNT 1
BREACH OF EMPLOYMENT CONTRACT

56.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

57.    The City and its employees have an employment contract, consisting in part of a Collective Bargaining Agreement between the City and the Unions, and present and past employment practices.  Defendants' DISTRICT OF COLUMBIA; AFSCME DISTRICT COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES; TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION; FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED; CORVEL HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED; CMI/SEGWICK; GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM PROVIDENT; UNUM

GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY and ROBERT A. SMITH, MD, PC failures to engage in meaningful mediation, other dispute resolution efforts, or arbitration, and the denial of prompt grievance hearings violate the employment contracts. The City's failures to apply, utilize, and comply with the collective bargaining agreements provisions relating to disciplinary grievances, failure to maintain and comply with a valid remedy procedure, and failure to comply with generally accepted Labor-Management rules of the National Labor Relations Board constitute violation of the employment contract and collective bargaining agreement.

58. By their acts and omissions described above, Defendants have breached the employment contract and their duties of good faith and fair dealing and Plaintiffs are entitled to relief for those denials and breaches of duties.

59. Plaintiffs are entitled to declaratory, compensatory, and injunctive relief for violation of their express and implied contracts of employment.

COUNT 2
BREACH OF COLLECTIVE BARGAINING AGREEMENT

60.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

61.    The named Plaintiffs are third party beneficiaries of the Collective Bargaining Agreement and other agreements and understandings between the City and the Unions. In doing

the acts pled herein Defendants DISTRICT OF COLUMBIA; AFSCME DISTRICT COUNCIL

20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES;

TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION;

FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED; CORVEL

HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED; CMI/SEGWICK;

GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM PROVIDENT; UNUM

GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY and ROBERT A. SMITH,

MD, PC, conspired to violate the collective bargaining agreement in violation of the law.

62.    The denial of prompt disciplinary and contract grievance hearings is a violation of

the express terms of the Collective Bargaining Agreements between the City and the Unions.

63. Plaintiffs are entitled to declaratory, compensatory, and injunctive relief for violation

of the Collective Bargaining Agreement between the City and the Unions.

COUNT 3
BREACH OF DUTY OF FAIR REPRESENTATION

64.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55

supra.

65.    The Union Defendants AFSCME DISTRICT COUNCIL 20, AFL-CIO;

AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES; TEAMSTERS LOCAL

UNION NO. 639; WASHINGTON TEACHERS UNION; and FRATERNAL ORDER OF

POLICE; had a duty to represent the Plaintiffs  in the bargaining unit, in particular a duty to

engage in negotiations in good faith and to represent and advance the rights and interests of the

27

Plaintiffs in meritorious grievance claims.

66.     A Union breaches its duty of fair representation when its conduct with regard to one or more members of the bargaining unit represented by that Union is arbitrary, discriminatory, or in bad faith, or when the Union treats negotiations and bargaining unit grievances and complaints in an arbitrary or perfunctory manner.

67.      By delaying, ignoring and/or dismissing Plaintiffs legitimate disciplinary and contract grievances, and by failing to take meritorious grievances to arbitration hearings, the Union has denied employees' contractual and constitutional rights to be heard, to be competently represented, to be disciplined only for cause, and to be treated fairly.

68.     By delaying or failing to investigate, mediate, or arbitrate the Plaintiffs rights and grievances, including both contract and disciplinary rights and grievances, the Union has acted arbitrarily, willfully, perfunctorily, and in violation of the Union's duty of good fair representation.

69. By agreeing with the City, without consent or knowledge of the Plaintiffs the Union purports to represent, that employee disciplinary and contract grievances, including those of the named Plaintiffs, have been compromised, handled as group actions, "settled," dismissed, or denied as "without merit," the Union Defendants have breached their duty of fair representation.

70. By failing to provide competent legal representation to the members of the bargaining unit it represents, the Union Defendants  have breached  the duty of good faith and fair representation.

28

71.    By failing to answer telephone calls and letters from the Plaintiffs or to staff  local

offices with employees willing to serve the Union members needs the Union Defendants have

breached  their duties regarding fair representation of the Plaintiffs and fraudulently taken dues

the Unions knew they had not earned.

72.    Plaintiffs are entitled to declaratory, compensatory, and injunctive relief for the

Union Defendants breaches of their duties of fair representation.

## COUNT 4
## VIOLATION OF RIGHT TO DUE PROCESS

73.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55

supra.

74.    Plaintiffs are classified City employees who have a property interest in their

employment, who can only be disciplined, refused benefits and/or fired for good cause, and who

are entitled to pre-termination and post-termination hearings and process.

75.    Based upon Defendants DISTRICT OF COLUMBIA; AFSCME DISTRICT

COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES;

TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION; and

FRATERNAL ORDER OF POLICE; acts and omissions described herein, the Plaintiffs have

been denied their constitutional rights to substantive and procedural due process of law.

76.    Plaintiffs are entitled to declaratory, compensatory, and injunctive relief for the

Defendants' violations of their rights to due process of law.

## COUNT 5

DECLARATORY JUDGMENT ACTION

77.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55

supra.

78.    These Defendants DISTRICT OF COLUMBIA; AFSCME DISTRICT COUNCIL

20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES;

TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION;

FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED; CORVEL

HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED; CMI/SEGWICK;

GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM PROVIDENT; UNUM

GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY

and ROBERT A. SMITH, MD, PC  are engaging in criminal and civil wrongdoing which is a

matter of substantial public importance; the controversy involves the rights and legal relations of

the parties seeking declaratory relief; the interests of the parties are real and adverse, and the

issues are ripe for judicial determination.

79.    Plaintiffs request declaratory rulings to determine the respective contractual and

constitutional rights and obligations of the parties.

COUNT 6
REQUEST FOR INJUNCTIVE RELIEF

80. Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

81.    Defendants, DISTRICT OF COLUMBIA; AFSCME DISTRICT COUNCIL 20,

AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES; TEAMSTERS

LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION; FRATERNAL ORDER OF

POLICE; CONCENTRA INCORPORATED; CORVEL HEALTHCARE; CLW/CDM; AON

RISK SERVICES INCORPORATED; CMI/SEGWICK; GENEX SERVCIES

INCORPORATED SUBSIDIARY OF UNUM PROVIDENT; UNUM GROUP, a.k.a. UNUM

PROVIDENT INSURANCE COMPANY and ROBERT A. SMITH, MD, PC are engaged in a

pattern of civil and criminal wrongdoing which requires the intervention of this Court.

82. The City Defendants and other City employees and officials are charged with the duty

and obligation to establish, maintain, and protect a performance-based merit system and a fair

and effective Labor-Management relations system.

83. The City Defendants have a mandatory, non-discretionary duty to comply with the

provisions of the City Charter, City Ordinances, and City Rules and Regulations concerning

employment, mediation, performance evaluations, and disciplinary procedures.

84. Without issuance of an injunctive order and/or a Writ of Mandamus, Defendants will

continue to refuse or delay compliance with the law, and will continue to deny and compromise

Plaintiffs' rights and interests.

85. Plaintiffs have a likelihood of success on the merits, they are suffering irreparable

injury because of Defendants' failures to comply with the law and the applicable agreements and

related obligations, and they have no other plain, speedy, or effective remedy outside of this

lawsuit.

COUNT 7

**SPECIAL REQUEST FOR JUDICIAL NOTICE, INJUNCTIVE RELIEF,TEMPORARY RESTRAINING ORDER AND PENDANT JURISIDICTIONAL RULING OVER DEFENDANT UNUN PROVIDENTS FAILURE TO COMPLY WITH THE NEW YORK SETTLEMENT AGREEMENT ALREADY IN PLACE, WITH A REQUEST FOR A CRIMINAL REFERRAL TO THE INDIVIDUAL ATTORNEYS GENERAL WHO ARE PART OF THE PREVIOUS SETTLEMENT REFERENCED HEREIN.**

86.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

87.    Defendant, GENEX SERVCIES INCORPORATED  as a SUBSIDIARY OF UNUM PROVIDENT; UNUM GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY  are engaged in a pattern of civil and criminal wrongdoing as pled at paragraphs 44 to 54 supra which requires the intervention of this Court.

88.    These Defendants are already  conclusively shown to be part of a previous settlement agreement wherein they agreed to cease and desist from such criminal and civil wrongdoing as pled supra. It is obvious these Defendants have breached the previous settlement.

89.    Without issuance of an injunctive order and criminal referral from this court these Defendants will be free to continue to defraud U.S. Citizens nationwide.

90.    Plaintiffs have a likelihood of success on the merits, they are suffering irreparable injury because of Defendants' failures to comply with the law and the applicable agreements and related obligations, and they have no other plain, speedy, or effective remedy outside of this lawsuit, and the requests for relief prayed herein.

COUNT 8

32

RESTRAINING ORDER AS APPLIED TO RETALIATION

91.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

92.    The Defendants have a history of retaliatory conduct wherein whistleblowers are subject to actions which include but are not limited to,  termination of employment, reduction in wages, shift changes, job demotions, re-consideration of previous benefits and compensation awards and destruction of files and documents.

93.    Constitutional Protection under the First and Fourteenth Amendments to the U.S. Constitution, state and local government officials are prohibited from retaliating against whistleblowers.

94. Conspiracies to Intimidate Witnesses and Obstruct Justice in Federal Court Proceedings [42 U.S.C. 1985(2)]-This clause, which was passed as part of the Reconstruction era, anti-Ku Klux Klan civil rights legislation, contains very broad provisions prohibiting conspiracies to intimidate parties or witnesses in proceedings before courts of the United States.

95. False Claims Act- The whistleblower protection provision of the False Claims Act [33 U.S.C. 3730(h)] protects "any employee" who is discharged or discriminated against on the basis of assisting in the preparation of litigation or in filing an action under this Act.

96. Occupational Safety and Health Act- OSHA [29 U.S.C. 660(c)] protects employees from any form of retaliation for raising complaints concerning workplace health and safety. This has been interpreted to include a right to refuse hazardous work under certain specified and

limited circumstances.

97. National Labor Relations Act- The NLRA , 29 U.S.C. 158(a)(4), protects from retaliation employees who testify or file charges alleging a violation of the Act.

98. Other Statutory Protections- Other employee whistleblower protection provision can be found in the Civil Rights Act of 1871 [42 U.S.C. 1983]; Fair Labor Standards Act [29 U.S.C. 215]; Civil Service Reform Act [5 U.S.C. 2302]; and Title VII of the Civil Rights Act of 1964 [42 U.S.C. 2000e, et. seq.] (administered by the Equal Employment Opportunity Commission).

99.    The Plaintiffs anticipate the Defendants or parties affiliated with the Defendants will seek retribution and punish these Plaintiffs for their assistance in this litigation.

100.    The Plaintiffs seek a protective order under the Whistle Blower Act to prevent such retaliation against the Plaintiffs by the Defendants named herein or any party who may be associated with these Defendants who is not named herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray they be awarded compensatory, exemplary, and injunctive relief requiring Defendants to:

A.) Promptly implement a valid and effective hearing process for hearing  employees' benefits, contract and disciplinary grievances.

B) Require adherence to principles and rules contained in the City rules and regulations and generally accepted Labor-Management Relations Ordinances.

C.) Reinstate each and every Plaintiff employee or former-employee who has been denied

lawful process and/or whose property interest in his or her employment has been denied or compromised.

D.) Pay to Plaintiffs the damages proximately resulting from Defendants' unlawful conduct and violations of legal or contractual and/or constitutional rights, including but not limited to back pay, benefits, reinstatement, and other appropriate relief, together with costs, including reasonable attorneys' fees.

E.) Award punitive and/or exemplary damages in an appropriate amount against the Defendants.

F.) Award such other and further legal and equitable relief as the court deems just and reasonable.

G.) Criminal referral of all Defendants to the appropriate State and Federal authorities.

H.) Criminal referral to the applicable Attorneys General of the states wherein UNUM GROUP, a.k.a. UNUM PROVIDENT violated the consent decree stated supra.

I.) Protection from retaliation under the applicable Whistle Blower provisions of prevailing federal law.

J.) Such other and further relief as to this Honorable Court may appear to be just and proper.

The foregoing has been signed and dated this 1st day of February, 2007.

By: /s/ JAMES Q. BUTLER____

James Q. Butler, Esq.  #490014
Butler Law Firm
818 18th Street, Ste. 1010
Washington, D.C.  20006
Telephone: (202) 223-6767

07-252
CKK

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Edna McManus, et al.

## DEFENDANTS

UNUM Group, a.k.a UNUM Provident Insurance Company, et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF       11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT       88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James Q. Butler, Esq.
Butler Legal Group, PLLP
818 18th St. N.W. Ste. 1010
Washington, DC 20006

CASE NUMBER   1:07CV00252

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Employment Discrimination

DATE STAMP: 02/01/2007

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⦿ Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZ
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ **E. General Civil (Other)**        **OR**        ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ⊙ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C :ss: 1983

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 2/1/07 ✓   SIGNATURE OF ATTORNEY OF RECORD _Jame Q. Britt_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.