IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDNA MCMANUS *et al.*

    Plaintiffs,

vs.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Case No: 1:07-cv-00252 (CKK)

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

Defendant District of Columbia (hereinafter the 'District'), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Honorable Court to dismiss plaintiffs' Complaint because plaintiffs failed to comply with the mandatory requirements of Fed. R. Civ. P. 8 and 9. In further support of its Motion, the District respectfully refers the Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

/s/ Rachel R. Hranitzky
RACHEL R. HRANITZKY
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, D.C. 20001
Telephone: 202.442.9754; 202.727.6295
rachel.hranitzky@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDNA MCMANUS *et al.*

    Plaintiffs,

vs.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Case No: 1:07-cv-00252 (CKK)

**DEFENDANT DISTRICT OF COLUMBIA'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTION TO DISMISS**

Defendant District of Columbia (hereinafter the 'District'), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Honorable Court to dismiss the plaintiffs' Complaint.

**I.    PRELIMINARY STATEMENT**

On February 1, 2007, the plaintiffs instituted this lawsuit against multiple defendants. Plaintiffs allege breach of an employment contract, breach of a collective bargaining agreement, violation of due process against the District, and request a declaratory ruling to determine the respective contractual and constitutional rights and obligations of the parties, as well as unidentified injunctive relief. *See* Complaint, at ¶¶ 57, 58, 60, 61, 75, 79, 81, 82, 83 and 100. Additionally, plaintiffs seek punitive damages against the District. *See* Complaint p. 35, subsection E.

The thirty-six page Complaint does not include any dates or places of events and does not place the District on fair notice of plaintiffs' claims against it. As set forth below, the Court must dismiss the Complaint.

II.     **STANDARD OF REVIEW**

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957) and *citing Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172, 8 S. Ct. 1526, 1529 (1967)). The court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). The motion can be granted, and the complaint dismissed, only if no relief could be granted upon those facts. *See, Id.*

III.    **FED R. CIV. P. 8 AND 9 REQUIRE DISMISSAL OF PLAINTIFFS' COMPLAINT.**

Fed. R. Civ. P. 8(a) governs the content and format of a plaintiff's complaint. Rule 8 require that the Complaint contain (1) the grounds for jurisdiction, (2) a short and plain statement of the claim, and (3) a demand for relief. Fed. R. Civ. P. 9(f) supplements Rule 8. It provides that: [f]or the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

Plaintiffs' Complaint fails to provide a short and plain statement of the claim. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002) (explaining that Rule 8(a) is intended to give notice to defendants of plaintiff's claim and the grounds on which it rests); *see also U.S. v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 240 (1st Cir. 2004), *cert. denied,* 543 U.S. 820, 125 S. Ct. 59 (2004) (a complaint must allege a factual allegation, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable

legal theory. Simply parroting the language of a statutory cause of action, without providing some factual support, is not sufficient to state a claim.) Additionally, pursuant to Fed. R. Civ. P. 8(e), each averment of a pleading shall be simple, concise and direct. Plaintiffs' Complaint is extremely voluminous. However, it fails to identify: (1) when any of the alleged misconduct occurred; (2) to which plaintiffs and defendants each count applies; (3) what administrative remedies have been exhausted by each of the plaintiffs; (4) what contract existed between the District and any of the plaintiffs; (5) how any of the plaintiffs have been denied due process; and (6) how any of the plaintiffs have been unlawfully discriminated against. See Complaint, generally. Plaintiffs' Complaint also fails to reference a date or a place with respect to any incident that is the subject of this litigation. See Complaint, generally. Accordingly, the Amended Complaint must be dismissed for insufficiency. *See McManus v. Williams*, 2007 U.S. Dist. LEXIS 15592 (D.D.C. Feb. 22, 2007) (When a complaint fails to comply with the requirements [of Fed. R. Civ. P. 8], the District Court has the power, on motion or *sua sponte*, to dismiss the complaint.) Plaintiffs' failure to include material information in the Complaint does not place the District on fair notice of their claim, and hinders the District's ability to respond to their averments. Therefore, dismissal is appropriate.

IV.   **PLAINTIFFS ARE NOT ENTITLED TO PUNITIVE DAMAGES AGAINST THE DISTRICT.**

Plaintiffs seek punitive damages against the District of Columbia. See Complaint, p. 35, subsection E. However, punitive damages may not be awarded against the District of Columbia. *See Finkelstein v. District of Columbia*, 593 A.2d 591, 599 (D.C. 1991) ('. . . punitive damages may not be awarded against the District of Columbia') (citing *Smith v. District of Columbia*, 336 A.2d 831, 832 (D.C. 1975); *see also Ramos v. District of Columbia Dep't of Consumer and Regulatory Affairs*, 601 A.2d 1069, 1074, n.9 (D.C. 1992). Both the U.S. Supreme Court and the

4

District Courts in this jurisdiction have determined that, absent an express statutory mandate, punitive damages are not recoverable against municipalities such as the District.  *See City of Newport v. Fact Concerts*, 453 U.S. 247, 260, n.21; *Smith*, 336 A.2d at 832; *Teart v. Washington Metropolitan Area Transit Authority*, 686 F. Supp. 12 (D.D.C. 1988)[1]; *see also Excavation Construction, Inc. v. Washington Metropolitan Area Transit Authority*, 624 F. Supp. 582, 588 (D.D.C. 1984) (D.C. law does not authorize award of punitive damages against a governmental entity in absence of statute).

In 1975, the D.C. Court of Appeals observed that there was no statute expressly authorizing an award of punitive damages against the District.  In fact, the D.C. Council has legislated to protect the District from punitive awards, even where the tortious conduct may be outrageous and very harmful.  *See* D.C. Official Code § 2-423 (2001 ed.) (holding punitive damages may not be awarded for unjust criminal imprisonment).)  Accordingly, plaintiffs' punitive damages claim against the District must be dismissed as a matter of law.

## V.    CONCLUSION

Plaintiffs' Complaint fails to comply with Fed. R. Civ. P. 8 and 9.  As such, this court must dismiss plaintiffs' lawsuit as a matter of law.

>Respectfully submitted,
>
>LINDA SINGER
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division

---

[1]  The District Court noted that the 'exceptional circumstances' language in *Smith* was mere <u>dicta</u>, not binding upon the Court.  That Court further observed, however, that no case had determined the 'exceptional circumstances' threshold to have been satisfied and went on to state that it would not set the baseline.

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/ Rachel R. Hranitzky
RACHEL R. HRANITZKY
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
rachel.hranitzky@dc.gov

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EDNA MCMANUS *et al.*

    Plaintiffs,

vs.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Case No: 1:07-cv-00252 (CKK)

## **ORDER**

Upon consideration of the defendant District of Columbia's Motion to Dismiss, any opposition thereto, and the entire record herein, it is this _____ day of _____, 2007, hereby,

    **ORDERED:** that the District's Motion is GRANTED for the reasons set forth in its motion; and it is,

    **FURTHER ORDERED:** that Plaintiffs' Complaint is hereby DISMISSED.

    _____
    Judge Colleen Kollar-Kotelly
    United States District Court for the District of Columbia