# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

EDNA MCMANUS, *et al*         )
                                      )
              Plaintiffs,    )
    v.                      )
                                      )    Civil Action No. 07-252-CKK
DISTRICT OF COLUMBIA, *et al*,   )    Judge Colleen Kollar-Kotelly
                                      )
            Defendants.    )
_____)

## DEFENDANT AFGE'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12 (b) (1), (5) and (6), defendant American Federation of Government Employees (AFGE) hereby respectfully moves to dismiss the above-captioned case for lack of jurisdiction, insufficient service of process, and failure to state a claim upon which relief may be granted. As grounds for this request, AFGE relies on the points and authorities set forth in the memorandum accompanying this motion.  Pursuant to paragraph 9 of the Court's March 6, 2007, order, a proposed order does not accompany this motion.

Respectfully submitted,

/s/Mark D. Roth_____
Mark D. Roth (D.C. Bar. No. 235473)
General Counsel

/s/Andres M. Grajales_____
 Andres M. Grajales (D.C. Bar No. 476894)
Staff Counsel, AFGE
 80 F Street, NW
Washington, D.C. 20001
 Tel.:  (202) 639-6426
agrajales@afge.org
Attorney of Record

Counsel for AFGE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

EDNA MCMANUS, *et al*           )
                                )
            Plaintiffs,         )
    v.                          )
                                )        Civil Action No. 07-252-CKK
DISTRICT OF COLUMBIA, *et al*,  )        Judge Colleen Kollar-Kotelly
                                )
            Defendants.         )
_____)

## DEFENDANT AFGE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

## INTRODUCTION

The complaint in the above-captioned case lists sixteen plaintiffs who, through their counsel James Q. Butler, allege multiple claims against the American Federation of Government Employees ("AFGE") and thirteen other defendants.[1]  Compl., *passim*. AFGE hereby moves to dismiss, in its entirety, plaintiffs' complaint against AFGE on three grounds.  First, AFGE moves to dismiss with prejudice plaintiffs' complaint for lack of subject matter jurisdiction pursuant to F.R.C.P. 12 (b) (1).  Second, AFGE moves to dismiss plaintiffs' complaint for failure to state a claim upon which relief may be

_____

[1] More specifically the complaint lists the following plaintiffs: Edna McManus, Gaynell Nixon, Shirley Massey, Sandra Mitchner, William Workcuff, Edward Clark, Slatel Dillon, Audrey Tucker, Arzella Smith, Geraldine Talley Hobby, Erwin Diggs, John Lewis, Velerie Jones Coe, Fletcher Scott, Ronald Minor, and Otis Mahoney, Sr.  Further, as defendants the complaint lists: District of Columbia Government, AFSCME District Council 20, American Federation of Government Employees, International Brotherhood of Teamsters Local Union 639, Washington Teachers Union, DOC/FOP, Concerta Inc., Corvel Healthcare, CLW/CDM, Aon Risk Services Inc., CMI/Segwick, Genex Services Inc., Unum Group, and Robert Smith M.D.

2

granted pursuant to F.R.C.P. 12 (b) (6). Third, AFGE moves to dismiss plaintiffs' complaint for insufficient service of process pursuant to F.R.C.P. 12 (b) (5).[2]

While AFGE believes that plaintiffs' complaint is, in the end, fatally imprecise, the gravamen of plaintiffs' complaint against AFGE appears to be that AFGE, in conjunction somehow with the other defendants, failed to adequately represent the plaintiffs in a variety of employment related actions.

More specifically, according to the complaint, all of the plaintiffs are current or former District of Columbia government employees, Compl., ¶¶ 2-17, who were either terminated from employment or otherwise denied, "benefits derived from the Plaintiffs [sic] employment." Compl., ¶ 33 [A] and [B].[3] The complaint also alleges (without specifying when, where, with whom or against whom they were filed) that all of the plaintiffs filed grievances that, against the plaintiffs' wishes, did not proceed to arbitration. Compl., ¶¶ 38-41.

Finally, the complaint seeks to lay the blame for the alleged failure of the plaintiffs' grievances to proceed to arbitration on the defendants' (in particular, the union defendants') purported failure to fulfill duties of fair representation that the defendants allegedly owed to the plaintiffs, and on the defendants' alleged participation in a conspiracy broadly aimed at preventing the plaintiffs from contesting the alleged employment actions taken against them by the District of Columbia government. Compl., ¶41, and *passim*. Notably, only four of the plaintiffs (Workcuff, Coe, Scott and

---

[2] By filing this Motion to Dismiss, AFGE does not waive service of process or its right to proper service of process. Moreover, by filing this Motion to Dismiss, and to the extent permitted by law, AFGE does not waive any defenses it may have in this case.

[3] In the interest of consistency, this memorandum adopts the plaintiffs' citation format when referring to any subparagraphs contained in the complaint.

Mahoney) allege that they are or were members of AFGE at any time relevant to this complaint. Compl., ¶¶ 6, 14, 15, and 17.

From this general factual background, the complaint asserts eight titled counts against all of the defendants.[4] These eight counts are: Breach of Employment Contract (Count 1); Breach of Collective Bargaining Agreement (Count 2); Breach of Duty of Fair Representation (Count 3); Violation of Right to Due Process (Count 4); Declaratory Judgment Action (Count 5); Request for Injunctive Relief (Count 6); Special Request for Judicial Notice, etc. (Count 7); and Restraining Order as applied to Retaliation (Count 8). As mentioned above, the first four counts allege, in substance, that the defendants failed or refused to represent the plaintiffs in various District of Columbia administrative proceedings. Compl., ¶¶ 57 (Count 1), 62 (Count 2), 67 (Count 3), and 74 (Count 4). The remaining three counts appear to be best understood as prayers for relief, and as such do not make any legitimately ascertainable factual allegations. Compl., ¶¶ 77-100.

The complaint premises the eight counts above on seven alleged sources of authority, which may be broken down as follows: 1) 42 U.S.C. §§ 1981, 1983, 1986, 1988, and 2000(e); 2) Amendment XIV to the U.S. Constitution; and 3) the "Laws of the District of Columbia." Compl., ¶ 1.[5] The complaint also seeks to extend liability to all of

---

[4] The complaint also spends several pages describing what it calls the "Unum Provident Claim." Compl. ¶¶ 44-55. To the extent that the complaint's Unum Provident narrative asserts a cognizable allegation, it must nevertheless be dismissed for failure to state a claim pursuant to F.R.C.P. 12 (b) (6). This is so because the Unum Provident narrative fails to assert any connection between the alleged facts that comprise the narrative and either the District of Columbia, the plaintiffs or the defendants. In fact, the narrative does not mention either the plaintiffs or the defendants. Thus, because the Unum Provident narrative fails to even mention the defendants in this case, it cannot reasonably be read as asserting any type of claim against them. Therefore, the complaint's "Unum Provident Claim" must be dismissed.

[5] In addition to these 7 putative sources of legal authority throughout the complaint plaintiffs mention numerous other potential sources of legal authority. E.g. Compl. ¶¶ 94-98. To the extent that the complaint may be read as attempting to plead claims under any of these additional putative sources of legal authority, such claims must be dismissed pursuant to F.R.C.P. 12 (b) (6) because the complaint fail to assert the elements necessary to properly plead these claims. In particular, the complaint fails to describe any factual nexus between these putative authorities and the parties to the complaint. Further, to the extent that

the defendants (apparently jointly and severally) through the complaint's conspiracy allegation.

AFGE moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to F.R.C.P. 12 (b) (1) because the District of Columbia Comprehensive Merit Personnel Act (the "CMPA"), D.C. Code §1-601 *et seq*., which explicitly governs District of Columbia employment matters such as those raised by the plaintiffs in the complaint, preempts this Court's jurisdiction. *See e.g., Holman v. Williams*, 436 F. Supp.2d 68, 74 (D.D.C. 2006) (Friedman, J.) ("Preemption by the CMPA divests the trial court – whether it be the Superior Court or this [U.S. District] Court – of subject matter jurisdiction"); *see also Stockard v. Moss*, 706 A.2d 561, 567 (D.C. 1997) (**"[T]he CMPA provides the exclusive remedy for claims falling within its ambit**") (emphasis added).

Although plaintiffs cite to a variety of legal authorities and assert numerous claims, all of plaintiffs assertions amount to no more than a single repetitive allegation that AFGE (along with the other defendants) failed or refused to represent the plaintiffs in employment actions taken against them by their employer, the District of Columbia Government.  Such an allegation (whether cast as a breach of contract, a breach of the duty of fair representation, or a denial of due process), falls squarely within the scope of the CMPA.  *Cf. Ivey v. Nat'l Treasury Employees Union*, Slip Copy, 2007 WL 915229 at *2 (D.D.C. 2007) (Sullivan, J.) ("A claim that a union has acted arbitrarily or in bad faith amounts to a claim of a breach of the union's duty to represent bargaining unit members fairly").  More specifically, the CMPA makes it an unfair labor practice for a union to

---

the complaint may be read as attempting to assert any criminal claims against the defendants, such putative claims must be dismissed pursuant to F.R.C.P. 12 (b) (6) because none of the authorities cited by the plaintiffs provide a private right of criminal action.  *See e.g.* 42 U.S.C. §§ 1981, 1983, 1986, 1988.

breach its duty of fair representation, or to otherwise discriminate against the District of

Columbia employees that it represents.  *See* D.C. Code §§ 1-617.04 (b) (1), 1-617.11 (a).

Therefore, this Court lacks jurisdiction over the complaint and it must be dismissed with

prejudice.

Alternatively, and assuming *arguendo* that this Court finds that it has jurisdiction

to hear plaintiffs' claims, the complaint must nevertheless be dismissed pursuant to

F.R.C.P. 12 (b) (6) because it fails to state any claims upon which relief may be granted.

Specifically, the complaint fails to allege any of the elements necessary to support its

claims against AFGE.

Finally, the complaint must also be dismissed pursuant to F.R.C.P. 12 (b) (5) for

insufficient service of process.  The plaintiffs have failed to allege service upon any

appropriate officer or agent of AFGE, and have in fact failed to file a return of service

with the Court.

## I.    THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE PURSUANT TO F.R.C.P. 12 (b) (1) BECAUSE THE CMPA PREEMPTS THIS COURT'S JURISDICTION OVER THE COMPLAINT.

As indicated above, the complaint must be dismissed with prejudice pursuant to

F.R.C.P. 12 (b) (1) because the CMPA completely preempts this Court's jurisdiction over

plaintiffs' claims, and instead vests exclusive jurisdiction over plaintiffs' claims with the

District of Columbia Public Employee Relations Board (the "PERB").

It is settled law that the CMPA was enacted as "a mechanism for addressing

virtually every conceivable personnel issue among the District, its employees, and their

unions."  *District of Columbia v. Thompson*, 593 A.2d 621, 634 (D.C. 1991) *cert. denied*,

502 U.S. 942 (1991) (finding CMPA barred employee's common law claims from Superior Court). In accordance with this purpose, the District of Columbia Court of Appeals has consistently reinforced the CMPA's broad preemptive scope. *See Baker v. District of Columbia*, 785 A.2d 696, 697-98 (D.C. 2001) (CMPA is exclusive remedy for District of Columbia; "the Superior Court is not an alternative forum …, but rather serves as a last resort for reviewing decisions generated by CMPA procedures"); *see also Lattisaw, et al v. District of Columbia*, 905 A.2d 790, 793 (D.C. 2006) (affirming dismissal of plaintiff's defamation suit based on CMPA preemption). In fact, the District's Court of Appeals has found the CMPA's preemptive scope to be so broad that even when a substantial question exists as to whether the CMPA applies (for example, if it is unclear whether the CMPA embraces a particular type of claim) an aggrieved employee must nevertheless follow the CMPA's procedures. *See White v. D.C., et al.*, 852 A.2d 922, 926-927 (D.C. 2004) (dismissing plaintiff's fraudulent misrepresentation claim based on CMPA preemption).

To advance its preemptive purpose even further, the CMPA establishes the PERB, and grants the PERB exclusive jurisdiction to decide all unfair labor practice allegations involving District employees. *See* D.C. Code §§ 1-605.01 (a), 1-605.02 (3); *see also Hawkins v. Hall*, 537 A.2d 571, 575 (D.C. 1988) ("[P]rimary jurisdiction to determine unfair labor practice claims lies with the PERB"). In this same vein, the CMPA also grants the PERB exclusive jurisdiction to decide all allegations that a District labor union failed to comply with the standards of conduct for labor organizations. *See* D.C. Code § 1-605.02 (9).

Moreover, the CMPA mandates that District labor unions fairly represent all employees who are members of the union's bargaining unit, and makes it an unfair labor practice for a union to breach this duty of fair representation. *See* D.C. Code §§ 1-617.04 (b)(1), 1-617.11(a); *see also, Hoggard v. District of Columbia Public Employee Relations Bd.*, 655 A.2d 320, 321, n. 2 (D.C. 1995) ("breach of an employee's right to be fairly represented by the labor organization certified as the exclusive representative for the employee's collective bargaining unit is an unfair labor practice"). Likewise, the CMPA mandates that District labor unions be free from corrupt influences, and makes it a CMPA violation for a union to fail to comply with this standard of conduct. D.C. Code § 1-605.02 (9).

Thus, under the CMPA's statutory scheme, District employees who claim that their union failed or refused to assist them in challenging an employment action, such as a termination, are in reality alleging that their union breached its duty of fair representation owed to them. This allegation is in turn an allegation that the union committed an unfair labor practice; which, by virtue of the CMPA, may only be pursued before the PERB. *See Thompson*, 593 A.2d at 626 ("[e]mployees dissatisfied with their union's representation may appeal to PERB").

Further, the District of Columbia Court of Appeals has repeatedly found that District employees may not evade the CMPA's mandatory scheme by mere artful pleading. In other words, District employees may not evade the CMPA's broad preemptive scope by labeling their preempted claims as common law causes of action, or by reference to unrelated statutes. *See e.g. Cooper v. AFSCME, Local 1033*, 656 A.2d 1141 (D.C. 1995). In *Cooper* the plaintiff was a District of Columbia employee who

appealed the District of Columbia Superior Court's dismissal of his complaint for lack of subject matter jurisdiction. The plaintiff had brought suit against his union, the American Federation of State, County and Municipal employees (AFSCME), alleging that AFSCME had breached both a contract with the plaintiff and its duty of fair representation owed to him by failing to assist him in contesting the District of Columbia General Hospital's termination of his employment. *Id* at 1142. The Superior Court dismissed the plaintiff's complaint finding that, "under well –established District caselaw, the Public Employee Relations Board has exclusive, original jurisdiction over claims that a union has breached its duty of fair representation." *Id*. The Superior Court also found that the plaintiff, "could not defeat PERB's jurisdiction over the claim by alleging the same conduct constituted a breach of contract under the common law." *Id*.

In affirming the lower court's dismissal of Cooper's complaint, the Court of Appeals reiterated that the PERB retains, "exclusive, original jurisdiction to determine 'whether a particular breach (or alleged breach) of the duty of fair representation is also an unfair labor practice.'" *Id* at 1142-1143, *quoting Hawkins*, 537 A.2d at 575 n.8.

The *Cooper* court also emphasized the settled rule that, "where PERB has jurisdiction over a claim, a litigant cannot bypass PERB's jurisdiction by bringing the same action as a common law claim." *Cooper*, 656 A.2d at 1144. Moreover, the court specifically held that a plaintiff, "cannot defeat the exclusive jurisdiction in PERB by casting his complaint against the union for breach of duty of fair representation in the form of a common law breach of contract." *Id.* Thus, no amount of creative labeling will carry the day when the substance of a plaintiff's claim falls within the scope of the CMPA.

Further, the CMPA provides the only avenue for judicial review of unfair labor practice or standards of conduct violation claims. Specifically, the CMPA allows judicial review of unfair labor practice claims or standards of conduct violation claims only after a plaintiff has obtained a final order from the PERB; in which case the plaintiff may seek judicial review of that final order. This judicial review, however, may not be sought in federal court, but must instead be initiated in the Superior Court for the District of Columbia. *See* D.C. Code § 1-617.13 (c) (judicial review of final PERB orders may only be sought in D.C. Superior Court); *see also Feaster v. Vance*, 832 A.2d 1277, 1982 (Superior Court of the District of Columbia is proper forum for judicial review of final PERB orders); *accord Lightfoot v. District of Columbia*, 2006 WL 54430 at *8 (D.D.C. 2006) (Walton, J.) (judicial review of final PERB orders must commence in Superior Court of the District of Columbia); *Lytes v. D.C. Water and Sewer Authority*, 2006 WL 890005 at *7 (D.D.C. 2006) (Collyer, J.) (PERB has exclusive jurisdiction over claims alleging breach of a collective bargaining agreement).

Here, the complaint leaves no room for doubt that the true substance of all of plaintiffs' claims against AFGE is that AFGE failed to represent the plaintiffs (the complaint does not specify which plaintiffs) in contesting employment actions allegedly taken against them by the District of Columbia. *See* Compl., ¶ 33 (all plaintiffs had employment actions taken against them).

This is so for two reasons. First, although the complaint does not offer any supporting facts, the complaint repeatedly asserts the legal conclusion that AFGE failed to adequately represent the plaintiffs in contesting employment actions taken against them by the District of Columbia. In other words, throughout the complaint, the

plaintiffs concede that this is the thrust of their case. For example, not only does the complaint title its third count as "Breach of the Duty of Fair Representation", the complaint specifically asserts that:

> Plaintiffs are entitled to fair, competent representation in all matters relating to their employment with the City, which is being denied by the Union Defendants . . .

Compl., ¶ 37. The complaint goes on to assert that, "neither the Unions nor the City have been complying with either the Collective Bargaining Agreements or the Personnel Rules and Regulations." Compl., ¶ 39. Indeed, the complaint also explicitly asserts that:

> Despite the Union Defendants obligation to fully and fairly represent bargaining unit employees and the City's obligation to treat its employees fairly and comply with contractual and constitutional obligations, **the Unions and the City have treated employee claims in a perfunctory manner, acted arbitrarily, negligently, incompetently, and have willfully delayed and/or failed to provide fair, prompt, and effective representation and hearings.** (emphasis added).

Compl., ¶ 41; *see also* Compl., ¶ 62 ("The denial of prompt disciplinary and contract grievance hearings is a violation of the express terms of the Collective bargaining Agreements between the City and the Unions"; and ¶ 67 ("By delaying, ignoring and/or dismissing Plaintiffs [sic] legitimate disciplinary and contract grievance, and by failing to take meritorious grievances to arbitration hearings, the Union [sic] has denied employees' contractual and constitutional rights to be heard, to be competently represented, to be disciplined only for cause, and to be treated fairly"). The clear import of these assertions is that, at its heart, the complaint seeks redress for AFGE's alleged failure to represent the plaintiffs.

Second, that the complaint concerns only AFGE's alleged failure to represent the plaintiffs is further demonstrated by the fact that, while the complaint mentions federal

law, the complaint does not actually plead any causes of action arising under federal law. Put another way, the complaint rests on its CMPA-based assertions and does not allege any of the factual elements necessary to adequately plead a cause of action under the Fourteenth Amendment, or under sections 1981, 1983, 1986, and 1988 of Title 42 of the United States Code.[6]  For example, and as will be discussed more fully below, the complaint cannot reasonably be read to allege that AFGE took any action under "color of law" so as to trigger the protections guaranteed by the statutes listed above.

Thus, in the end, what little substance there is in plaintiffs' complaint compels the conclusion that the entirety of plaintiffs' claims against AFGE are no more than a single assertion that AFGE failed or refused to represent the plaintiffs in contesting employment actions allegedly taken against them by the District of Columbia.  Because, as explained above, this assertion is, in reality, an assertion that AFGE allegedly committed an unfair labor practice against the plaintiffs by breaching its duty of fair representation, the CMPA completely preempts this Court's jurisdiction over the complaint.  Therefore, the complaint must be dismissed pursuant F.R.C.P. 12 (b) (1).

Further, the complaint must be dismissed with prejudice because there is no court that has jurisdiction over plaintiffs' unfair labor practice claims as a matter of first impression.  In particular, the complaint must be dismissed with prejudice because even following a final order of the PERB federal courts will never have jurisdiction over unfair labor practice claims arising in the District of Columbia, and involving solely District of

---

[6] In fact, AFGE believes that the complaint's mention of federal law can only be read as a transparent and unsupported attempt to obtain federal jurisdiction over plaintiff's undeniably state-based claims. Therefore, AFGE believes that the complaint must also be dismissed with prejudice pursuant to F.R.C.P. 12 (b) (1) because the complaint fails to establish federal question jurisdiction under 28 U.S.C. § 1331.  *See Herero People's Reparation Corp., et al v. Deutche Bank, A.G., et al*, 370 F.3d 1192, 1194 (D.C. Cir. 2004), *quoting Bell v. Hood*, 327 U.S. 678, 682-83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

Columbia employees and District of Columbia labor unions.  *See*, *Lightfoot*, *supra*.  The

CMPA mandates that judicial review of such unfair labor practice claims may only be

pursued in the District of Columbia Superior Court following a final order of the PERB.[7]

D.C. Code § 1-617.13 (c).

Therefore, and for all of the reasons above, the complaint must be dismissed with

prejudice for lack of subject matter jurisdiction pursuant to F.R.C.P. 12 (b) (1).


II.    **THE COMPLAINT MUST BE DISMISSED PURSUANT TO F.R.C.P. 12 (b) (6) BECAUSE THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

While the legal standard for dismissal under F.R.C.P. 12 (b) (6) is ordinarily

favorable to plaintiffs, it is settled law that courts analyzing a complaint pursuant to a

motion to dismiss for failure to state a claim need not accept legal conclusions or factual

inferences that are unsupported by the complaint.  *See National Treasury Employees*

*Union v. U.S.*, 101 F.3d 1423, 1430 (D.C. Cir. 1996) (federal courts considering 12 (b)(6)

motions are not obligated to accept a plaintiff's unsupported legal conclusions or factual

inferences).  Put another way, courts need not accept as true inferences unsupported by

facts set out in the complaint or legal conclusions cast as factual allegations.  *See Warren*

*v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004).

---

[7] Thus, to the extent the complaint may be read as asserting that the plaintiffs have exhausted their administrative remedies, such an assertion is irrelevant to the disposition of this motion.  Further, even if such an assertion were relevant here, the complaint's statements regarding exhaustion are nothing more than the plaintiffs' legal conclusions; which are unsupported by any predicate facts (such as time, place, nature of claim, name of the appropriate administrative agency, outcome of the claim, etc.) sufficient to raise even a reasonable inference of exhaustion. *Cf. UDC Chairs Chapter, American Association of University Professors, et al v. Board of Trustees of the University of Columbia, et al*, 56 F.2d 1469, 1475-1476 (D.C. Cir. 1995).

Here, the complaint consists solely of unsupported legal conclusions and conclusory factual allegations.  For example, the complaint does not provide a single date on which the events described in the complaint are alleged to have occurred, thus making it impossible to determine when, if ever, the events occurred.  In fact, the complaint fails to describe with any particularity the alleged events themselves.  For example, the complaint fails to describe: 1) any individuals, other than the plaintiffs, who engaged in any conduct relevant to the complaint; 2) any conversations or statements relevant to the claims asserted in the complaint; 3) any specific documents relevant to the claims asserted in the complaint (such as which particular contracts or collective bargaining agreements were breached); 4) any particular AFGE locals that might be relevant to the claims asserted complaint; and 5) whether the plaintiffs are members of any legally protected class.

Without any of the factual allegations listed above, the complaint is simply deficient and must be dismissed.  *See e.g. Jack Baker, Inc. v. Office Space Development Corp.*, 664 A.2d 1236, 1240 (D.C. 1995) (before the question of a contract's breach may even be reached plaintiff must first show existence of a valid contract); *Department of Public Works and AFGE, Local 631, 872, 2553, and 1975,* PERB Case No. 84-R-08 (1984) (duty of fair representation inures to the union that it is certified as the exclusive bargaining unit representative of the employee); *Sparrow v. United Airlines, Inc.*, 216 F.3d 111 (D.C. Cir. 2000) (complaints brought under 42 U.S.C. §§ 1983 and 2000e must allege basis of discrimination in order to state cognizable claim).

Moreover, the complaint's failure to allege any genuine facts that might be germane to this case particularly destroys the complaint's sweeping (and quite frankly implausible) conspiracy claim. This is so because it is settled law, that:

> [a]n essential element of any conspiracy claim is the existence of some actual conspiracy. *See* 42 U.S.C. § 1985; *Halberstam v. Welch,* 705 F.2d 472, 477 (D.C.Cir.1983) (describing elements of civil conspiracy claim); *Graves v. United States,* 961 F.Supp. 314, 319-20 (D.D.C.1997) (enumerating elements of various types conspiracy claims under 42 U.S.C. § 1985). In the civil context, a conspiracy is a " 'combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an *agreement* between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." ' *Brady v. Livingood,* 360 F.Supp.2d 94, 104 (D.D.C.2004) (quoting *Graves v. United States,* 961 F.Supp. at 320) (emphasis in original). **To survive a motion to dismiss, a plaintiff must set forth more than just conclusory allegations of an agreement**. *See Brady v. Livingood,* 360 F.Supp.2d at 104 (citing *Graves v. United States,* 961 F.Supp. at 321 (dismissing claim where plaintiff merely alleged that his former employer "colluded" with the Department of Education to keep him underemployed, without putting forth "any facts showing the existence or establishment of an agreement") and *Estate of Phillips v. District of Columbia,* 257 F.Supp.2d 69, 83 (D.D.C.2003) (dismissing conspiracy claim where plaintiffs failed to specify how the defendants "acted in concert").

*McCreary v. Heath*, 2005 WL 3276257 at *5 (D.D.C. 2005) (Friedman, J.) (emphasis added); *see also Richards v. Duke University, et al*, 2007 WL 942070 at *5 (D.D.C. 2007) (Lamberth, J.) (Claims that are essentially fictitious or other fanciful claims such as those that allege bizarre conspiracy theories . . . warrant dismissal).

Here, as discussed above, the complaint fails to allege any facts that might provide insight into the parameters of the alleged conspiracy, the individual participants in the conspiracy, or the basis for the conspiracy (i.e. the complaint fails to allege why the plaintiffs were allegedly conspired against). Instead, the complaint merely asserts the

existence of a conspiracy.  Thus, the complaint utterly fails to state a sustainable claim for conspiracy.

In turn, because the complaint fails to state a claim for conspiracy, the complaint also fails to allege any state action so as to activate 42 U.S.C. § 1981 or the Fourteenth Amendment.[8]  *See e.g. Hoai, et al v. Vo, et al.*, 935 F.2d 308, 312 (D.C. Cir. 1991) (state action is a necessary element of section 1983 claim).  In other words, plaintiffs' conspiracy claim was the glue by which plaintiffs attempted to stick AFGE (a non-governmental entity) with liability for having acted under "color of law".  Absent this glue, plaintiffs' state action claims fall apart.

Finally, even if the complaint asserted state action, plaintiffs Fourteenth Amendment claim (to the extent that it is expressed) must nevertheless be dismissed because plaintiffs fail to adequately plead any type of property interest sufficient to entitle them to due process in this case.  It is settled law that, "[p]roperty interests in employment are created by non-constitutional independent sources, such as statute or existing understandings." *Dickson v. U.S., et al.*, 831 F. Supp. 893, 898-899 (D.D.C. 1993) (Richey, J.), *citing Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1971) ("Property interests, of course, are not created by the Constitution").  Here, the complaint does not identify any non-Constitutional legal basis for the plaintiffs' alleged property interest in continued employment.  *Cf.* Compl., ¶¶ 1 and 73-76.

---

[8] While the complaint cites 42 U.S.C. §§ 1986, and 1988, these two sections have no application here. Section 1986 only applies where there is a connected claim alleged under 42 U.S.C. § 1985.  There is no section 1985 claim asserted in this case.  Likewise, section 1988 does not apply because it does not create an independent cause of action. *See McCreary* at *2, n. 3.

Therefore, and for all the reasons discussed above, the complaint must be dismissed in its entirety pursuant to F.R.C.P. 12 (b) (6) for failure to state a claim upon which relief may be granted.

### III.    THE COMPLAINT MUST BE DISMISSED PURSUANT TO F.R.C.P. 12 (b) (5) BECAUSE THE PLAINTIFFS HAVE FAILED TO PROPERLY SERVE THE COMPLAINT UPON AFGE.

The complaint must be dismissed pursuant to F.R.C.P. 12 (b) (5) because the plaintiffs have failed to serve the complaint upon any officer, agent, or employee of AFGE who is authorized to accept service for AFGE.

As plaintiffs admit, AFGE is a labor union. Compl. ¶ 20. Under the Federal Rules of Civil Procedure, labor unions are considered unincorporated associations. In turn, F.R.C.P. (4) (h) controls service of process upon unincorporated associations, and requires that service of process upon such an association be effected either in a manner prescribed for individuals, or,

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process….

Further, pursuant to F.R.C.P. 4 (e), service upon an individual in any judicial district of the United States may be effected:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought under the courts of general jurisdiction of the State; or
> (2) By delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the

complaint to an agent authorized by appointment or law to receive service of process.

Because this Court is located in the judicial district for the District of Columbia, and as provided above in F.R.C.P. (e) (1), the question of whether service has been properly effected must also be decided by reference to District of Columbia Superior Court Civil Rule 4, which controls service within the District of Columbia.  This rule, however adds little to the mix here because it is, for all relevant intents and purposes, identical to F.R.C.P. 4.  Thus, taken together F.R.C.P. 4 (h) and 4 (e) provide the only methods by which service may be properly effected upon a labor union located within the District of Columbia (e.g. AFGE).

Turning to the instant case, AFGE received the summons and complaint in this matter on April 2, 2007, when an unknown male personally delivered a copy of the summons and complaint to AFGE employee Carolyn Williams.  As Ms. Williams states in her Affidavit, attached to this motion as Exhibit 1, however, she is not authorized to accept service of process on behalf of AFGE.  Therefore, and because the plaintiffs have not filed a return of service in this case or served AFGE in any other manner, the complaint must be dismissed pursuant to F.R.C.P. 12 (b) (5).  *Cf. Tafler v. District of Columbia, et al.*, Slip Copy, 2006 WL 3254491 at *5 (D.D.C. 2006) (Freidman, J.) (dismissing complaint against individual defendant when plaintiff failed to properly serve defendant).

**IV.    CONCLUSION**

For all of the reasons stated above, AFGE respectfully requests that this Court dismiss Plaintiffs complaint against AFGE with prejudice.

Respectfully submitted,

/s/ Mark D. Roth
Mark D. Roth (D.C. Bar No. 235473)
    General Counsel

/s/ Andres M. Grajales
 Andres M. Grajales (D.C. Bar No. 476894)
Staff Counsel
American Federation of Government
Employees, AFL- CIO
 80 F Street, NW
Washington, D.C. 20001
 Tel.:  (202) 639-6426
Agrajales@afge.org

Attorney of Record

Counsel for AFGE

## CERTIFICATE OF SERVICE

I hereby affirm and certify that complete copies of the DEFENDANT AFGE'S

MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF in

*McManus, et al v. District of Columbia, et al*, Civil Action No. 07-252-CKK, were served

this 23rd day of April 2007, via electronic case filing, on the following:

> James Q. Butler, Esq.
> Butler Law Firm
> 818 18th Street, Ste. 1010
> Washington, D.C. 20006

Additionally, complete copies of the aforementioned motion and memorandum

were served via United States Postal Service certified mail on the following:

> 1.    District of Columbia
>       Office of the Attorney General
>       444 4th Street, NW
>       6th Flr. South
>       Washington, DC 20001
>
> 2.    AFSCME, District Council 20, AFL-CIO
>       1724 Kalorama Road, NW
>       Suite 200
>       Washington, DC 20009
>
> 3.    Int'l Brotherhood of Teamsters Local Union No. 639
>       3100 Ames Pl., NE
>       Washington, DC 20018
>
> 4.    Washington Teachers Union
>       1717 K. Street, NW Suite 902
>       Washington, DC 20036
>
> 5.    DOC/FOP
>       711 4th St., NW
>       Washington, DC 20001
>
> 6.    Concerta, Inc.
>       Corporation Service Company
>       1090 Vermont Avenue, NW

Washington, DC 20005

7.    Corvel Healthcare
      Prentice Hall Corporation System
      1090 Vermont Avenue, NW
      Washington, DC 20005

8.    CLW/CDM
      4720-F-Boston Way
      Lanham, MD 20706

9.    AON Risk Services, Inc.
      1120 20th St., NW Suite 600
      Washington, DC 20036

10.   CMI/Segwick
      1212 New York Avenue, NW
      Washington, DC 20005

11.   Genex Services, Inc.
      6810 Deerpath Rd., Suite 401
      Elkridge, MD 21075

12.   Unum Group
      1 Fountain Square
      Chattanooga, TN 37402

13.   Robert Smith, MD
      4701 Randolph Rd., Suite 209B
      Rockville, MD 20852

The above parties are also entitled to be served with any future pleadings or

orders in this matter.

   /s/Andres M. Grajales
Andres M. Grajales (D.C. Bar No. 476894)
American Federation of Government Employees, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
(202) 639-6426

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

EDNA MCMANUS, *et al*    )
            )
    Plaintiffs,   )
            )
 v.          )
            )  Civil Action No. 07-252-CKK
DISTRICT OF COLUMBIA, *et al*,  )  Judge Colleen Kollar-Kotelly
            )
    Defendants.  )
            )

### AFFIDAVIT OF CAROLYN WILLIAMS

Pursuant to 28 U.S.C. § 1746, I, Carolyn Williams, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. My name is Carolyn Williams.

2. I am over the age of 18 and am competent to render testimony.

3. I am employed by the American Federation of Government Employees as a Labor Relations Assistant.

4. I have been employed in this capacity since approximately 2003.

5. On April 2, 2007, inside the District of Columbia, an unknown male handed me a document, which I later learned to be a copy of the summons and complaint in United States District Court for the District of Columbia civil action number 07-252 CKK.

6. I am not, nor have I ever been, authorized to receive service of process on behalf of the American Federation of Government Employees.

*Carolyn Williams*    *4/23/07*
Carolyn Williams    Date of Execution

**EXHIBIT**
# 1