IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDNA MCMANUS, *et al.*

    Plaintiffs,

vs.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Case No: 1:07-cv-00252 (CKK)

### DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO WITHHOLD RESPONSE IN ABEYANCE UNTIL ALL RESPONSES ARE RECEIVED

Defendant District of Columbia (hereinafter the 'District'), by and through undersigned counsel, responds to the plaintiffs' Motion for Leave to Withhold Response in Abeyance until all Responses are Received, and states as follows.

**I.    PRELIMINARY STATEMENT**

On February 1, 2007, the plaintiffs instituted this lawsuit against multiple defendants. Plaintiffs allege breach of an employment contract, breach of a collective bargaining agreement, violation of due process against the District, and request a declaratory ruling to determine the respective contractual and constitutional rights and obligations of the parties, as well as unidentified injunctive relief. *See* Complaint, at ¶¶ 57, 58, 60, 61, 75, 79, 81, 82, 83 and 100. Additionally, plaintiffs seek punitive damages against the District. *See* Complaint p. 35, subsection E.

On April 12, 2007, the District moved to dismiss the plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiffs failed to comply with the mandatory requirements of Fed. R. Civ. P. 8 and 9. Plaintiffs now ask this Court to order that the time for them to respond

to the District's Motion to Dismiss be held in abeyance until responsive pleadings have been received by all defendants in this matter. As set forth below, plaintiffs' motion should be summarily denied.

### II. PLAINTIFFS' FAILURE TO COMPLY WITH LCvR 7(m) REQUIRES DENIAL OF THEIR REQUESTED RELIEF.

Plaintiffs' failure to comply with LCvR 7(m)-I requires summary dismissal of this motion. Undersigned counsel did not receive any telephone calls, messages, or correspondence relating to this motion prior to the filing of this motion. *See Ellipso, Inc. v. Mann*, 460 F.Supp.2d 99 (D.D.C. 2006) (discovery motions denied for failure to comply with LCvR 7(m); *United States v. Grunley Constr.,* 433 F.Supp.2d 104 (D.D.C. 2006) (sanctions motion denied for failure to comply with LCvR 7(m).)

### III. PLAINTIFFS ARE ATTEMPTING TO MISUSE THE ABEYANCE PROCESS

The purpose of a Court holding a motion in abeyance is to postpone a ruling in a matter where the matter is not ripe for ruling. *See, e.g. Jones v. John W. Glen, Inc.*, 397 F.2d 714 (D.D.C. 1968) (Court held the defendant's motion to dismiss in abeyance due to the pendency of a related matter in General Sessions Court which could potentially have resolved the matter without the need for the District Court's intervention); *Mills v. Aetna Fire Underwriters Ins. Co.,* 511 A.2d 8 (D.C. 1985) (Court held motion to dismiss on forum non conveniens grounds in abeyance until it could be determined if limitations issues existed in the alternate forum.) In this case, there are no issues that need to be resolved before the District's motion is ripe. While plaintiffs claim that the other defendants are anticipated to file "canned motions" making repetitive arguments, there is no similarity between the arguments made by the defendants who have already responded to plaintiffs' Complaint. *Compare* Docket Entry #3 with Docket Entry #5. Local Civil Rule 7(b) provides that {w]ithin 11 days of the date of service or at such other

time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to [an opponents'] motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." Plaintiffs should be required to respond to the District's motion consistent with the requirements of LCvR 7(b), or the Court should treat the District's motion as conceded.

## IV.  CONCLUSION

Plaintiffs have offered no compelling reason why this Court should postpone ruling upon the District's pending Motion to Dismiss. As such, this court must deny plaintiffs' motion to withhold their response to the District's Motion to Dismiss.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/ Rachel R. Hranitzky
RACHEL R. HRANITZKY
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
rachel.hranitzky@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDNA MCMANUS *et al.*

    Plaintiffs,

vs.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Case No: 1:07-cv-00252 (CKK)

## ORDER

Upon consideration of the plaintiffs' motion to withhold their response to defendant District of Columbia's Motion to Dismiss until all responses are received (the "Motion"), any opposition thereto, and the entire record herein, it is this _____ day of _____, 2007, hereby,

**ORDERED:** that the plaintiffs' Motion is DENIED for the reasons set forth in the District's response to the Motion.

                                                                      _____
                                                                      Judge Colleen Kollar-Kotelly
                                                                      United States District Court for the District of Columbia