IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA McMANUS, *et al.*, ) | |
| ) | |
| Plaintiffs,) | |
| ) | |
| v. ) | Civil Action No. 07-CV-00252 (CKK) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants.) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS UNUM GROUP AND GENEX SERVICES, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### INTRODUCTION

There is no apparent basis for inclusion of Unum or Genex in this lawsuit. Plaintiffs plead no connection – at all – between themselves and either entity. Indeed, other than baldly stating that Unum and Genex have breached a settlement agreement with certain insurance regulators, Plaintiffs do not even allege any acts of wrongdoing by the companies. As a result of this complete lack of harm and causation, the entire Complaint should be dismissed as against Unum and Genex.[1]

---

[1] Counts 3 and 4 are not directed at Unum or Genex. Accordingly, Unum and Genex do not address those Counts in this memorandum. Counts 5, 6 and 8 seek only remedies and do not purport to state a substantive cause of action. Those Counts should be dismissed for that reason.

## ARGUMENT

I. **COUNT VII SHOULD BE DISMISSED BOTH BECAUSE IT DOES NOT EVEN PURPORT TO STATE A CAUSE OF ACTION AND BECAUSE PLAINTIFFS DO NOT HAVE ARTICLE III STANDING.**

    A. **Plaintiffs Do Not Plead Any Cause Of Action On Which To Base Their Request For Remedies.**

Plaintiffs caption Count 7 as a "Special Request for Judicial Notice, Injunctive Relief, Temporary Restraining Order and Pendant [sic] Jurisdictional Ruling over Defendant Unun [sic] Providents [sic] Failure to Comply with the New York Settlement Agreement Already in Place, with a Request for a Criminal Referral to the Individual Attorneys General who are Part of the Previous Settlement Referenced Herein." (Comp. at Count 7 Heading.) In the most literal sense, Count 7 fails to state a claim upon which relief can be granted. What Plaintiffs list in the heading are remedies, not causes of action. Plaintiffs have entirely failed to plead an underlying cause of action on which those remedies could be based. (*See* Comp. at ¶¶ 86-90.) For that simple reason, Count 7 should be dismissed.

    B. **Plaintiffs Fail To Plead The Requisite Harm Or Causation Necessary To Establish Article III Standing.**

Article III standing is a fundamental prerequisite to any exercise of the Court's jurisdiction. *Fla. Audubon Society v. Bentsen*, 94 F.3d 658, 663 (1996) (D.C. Cir. 2006) (*en banc*) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The requirement of standing…has a core component derived directly from the constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). "Constitutional standing requires that a plaintiff show 'injury in fact,' which the Supreme Court has defined as 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual

or imminent, not conjectural or hypothetical." *Nat'l Family Planning & Reproductive Health Assoc., Inc. v. Gonzales*, 468 F.3d 826, 828-29 (D.C. Cir. 2006). Plaintiffs do not even come close to pleading the requisite concrete injury or causal connection.

All Plaintiffs allege is that certain insurance regulators entered into a settlement agreement with Unum and several of its subsidiaries, (Comp. ¶¶ 44-54), and that it "is obvious these Defendants have breached the previous settlement." (Comp. at ¶ 88.) Other than baldly asserting that "they are suffering irreparable injury because of Defendants' failures to comply with the law and the applicable agreements and related obligations," (Comp. at ¶ 90), Plaintiffs do not allege any way in which they have been harmed by this supposed but unspecified breach. Nor do they allege any causal connection between the alleged breach and the alleged harm. The general and conclusory allegations of harm and causation are simply insufficient to satisfy Article III's standing requirements. *See, e.g., Int'l Brotherhood of Teamsters v. T.S.A.*, 429 F.3d 1130, 1136-37 (D.C. Cir. 2006) ("IBT could not have reasonably believed its representational standing was self-evident given the complete absence in the record of any evidence of the flight engineer's union membership or his employment disqualification.").

## II. IF COUNTS 1 AND 2 ARE DIRECTED AT UNUM OR GENEX, THOSE COUNTS SHOULD BE DISMISSED BECAUSE THEY DO NOT ALLEGE FACTS SHOWING ANY CONTROVERSY BETWEEN PLAINTIFFS AND THE COMPANIES.

In Count 1, Plaintiffs allege breaches of their respective employment contracts with the City related to the administrative process for grievance hearings. (Comp. ¶¶ 56-59.) In Count 2, Plaintiffs advance a related claim for breach of the collective bargaining agreement between the City and certain unions. (Comp. at ¶¶ 60-63.) Neither claim asserts that Unum or Genex were parties to any of the supposedly breached contracts. The only references to Unum or Genex in these Counts are that they, allegedly along with every other Defendant, (1) "fail[ed] to engage in

meaningful mediation, other dispute resolution efforts, or arbitration, and [denied] prompt grievance hearings…" (Comp. at ¶ 57), and (2) "conspired to violate the collective bargaining agreement…" (Comp. at ¶ 61.) As explained more fully below, the first allegation is insufficient because it does not identify any facts on which the Court could conclude that either Unum or Genex had a duty to engage in the actions identified by Plaintiffs, while the second allegation does not plead any facts on which the Court could conclude that conspirator liability existed.[2]

First, according to the Complaint, "Plaintiffs are all employees of the District of Columbia," which "has either terminated the Plaintiffs [sic] employment or denied the Plaintiffs benefits derived from the Plaintiffs [sic] employment." (Comp. at ¶ 33 [A&B].) Plaintiffs allege a number of complaints about the administrative process that is available to them following these adverse employment actions. (Comp. at ¶¶ 33-43.) If those allegations present a dispute at all, it is a dispute between the City and Plaintiffs. Plaintiffs do not allege any connection between Unum or Genex and the supposed breaches. Indeed, Plaintiffs do not explain how Unum or Genex is even connected to the allegations in these Counts. Accordingly, there are no facts on which this Court could conclude that either company owed Plaintiffs a duty (contractual or otherwise) to engage in any dispute resolution or to provide Plaintiffs with any sort of grievance process, much less that either company breached that duty.

Second, while Plaintiffs baldly assert that a conspiracy to violate the collective bargaining agreements exists, they do not plead even a single fact that would support a finding of

---

[2] Moreover, the underlying claims against the other Defendants are deficient, as explained in the motions to dismiss of those Defendants. Unum and Genex incorporate those arguments by reference. Any claims basing liability on the existence of a conspiracy should be dismissed for that additional reason.

conspirator liability. Such conclusory allegations alone are simply insufficient. *See Brady v. Livingood*, 360 F. Supp. 2d 94, 104 (D.D.C. 2004) ("A plaintiff must set forth more than just conclusory allegations of an agreement to sustain a claim of conspiracy against a motion to dismiss."); *see also Estate of Phillips v. District of Columbia*, 257 F. Supp. 2d 69, 83 *subsequent opinion rev'd on unrelated grounds at* 455 F.3d 397 (dismissing conspiracy claim where plaintiffs "fail[ed] to specify how the defendants conspired or what actions they took in furtherance of their plan"); *Graves v. U.S.*, 961 F. Supp. 314, 321 (D.D.C. 1997) (dismissing conspiracy claim where plaintiff advanced "conclusory allegation" of existence of a conspiracy but no underlying facts).

## CONCLUSION

Counts 5-8 should be dismissed because they do not even purport to state a substantive claim. Count 7 should be dismissed for the additional reason that Plaintiffs fail to plead the injury and causation necessary to establish Article III standing. Counts 1 and 2 should be dismissed because the conclusory allegations contained in those counts are insufficient to state a claim upon which relief can be granted against Unum or Genex. In short, the Complaint completely fails to state any sort of case or controversy between Plaintiffs and either Unum or Genex.

Based on the foregoing, Defendants Genex and Unum request that the claims made against them in Plaintiffs' Complaint be dismissed.

Dated: May 8, 2007                                  Respectfully submitted,

                                                    _____/s/_____
                                                    John W. Bramlette (Bar No. 499362)
                                                    NIXON PEABODY LLP
                                                    401 Ninth Street, N.W., Suite 900
                                                    Washington D.C. 20004
                                                    (202) 585-8198 (phone)
                                                    (202) 585-8080 (facsimile)
                                                    jbramlette@nixonpeabody.com

                                                    *Of Counsel:*

                                                    William J. Kayatta, Jr.
                                                    Gavin G. McCarthy
                                                    PIERCE ATWOOD LLP
                                                    One Monument Square
                                                    Portland, ME 04101
                                                    (207) 791-1100 (phone)
                                                    (207) 791-1350 (facsimile)
                                                    gmccarthy@pierceatwood.com

                                                    **Counsel for Defendants Unum Group
                                                    and Genex Services, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2007, I caused a copy of the foregoing Memorandum of Points and Authorities in Support of Defendants Unum Group and Genex Services, Inc's Motion to Dismiss Plaintiffs' Complaint to be filed with the Court, via the Court's ECF system, which will send copies to the following counsel of record:

James Q. Butler
Butler Law Firm
818 18th Street, N.W.
Washington D.C. 20006

*Counsel for Plaintiffs*

Brenda Zwack
O'Donnell Schwartz & Anderson
1300 L Street, N.W., Suite 1200
Washington, D.C. 20005

*Counsel for Defendants AFSCME
and Washington Teachers Union*

Franklin C. Morris, Jr.
Epstein, Becker and Green, P.C.
1227 25th Street, N.W. Suite 700
Washington D.C. 20037

*Counsel for Defendant
Corvel Healthcare*

Rachel Hranitsky
OFFICE OF ATTORNEY GENERAL
441 Fourth Street, NW, 6th Floor North
Washington, DC 20001

*Counsel for Defendant District of Columbia*

Andres M. Grajales
Am. Federation of Government Employees
80 F Street, N.W., 10th Floor
Washington D.C. 20001

*Counsel for Defendant American Federation
of Government Employees*

International Brotherhood of Teamsters
Local Union No. 639
3100 Ames Pl. NE
Washington D.C. 20018

I further certify on this 8th day of May, 2007, that I caused following parties, for whom no attorney has yet entered an appearance, to be served with the same materials via first class mail:

DOC/FOP
DC Department of Corrections/
Fraternal Order of Police
711 4th Street, NW
Washington D.C. 20001

Concentra Incorporated
Corporation Service Company
1090 Vermont Ave., NW
Washington D.C. 20005

Aon Risk Services Incorporated  
1120 20th Street, NW.  
Suite 600  
Washington D.C. 20036

CMI/SEGWICK  
1212 New York Ave.  
Washington D.C. 20005

Robert A. Smith, MD, PC  
4701 Randolph Rd.  
Suite 209B  
Rockville, MD 20852

CLW/CDM  
4720-F-Boston Way  
Lanham, MD 20746

_____/s/_____  
John W. Bramlette