IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **EDNA McMANUS,** *et al.* | * | |
| **Plaintiffs** | * | |
| v. | * | **Civil Action No.: 07-252-CKK** |
| | | **Judge Colleen Kollar-Kotelly** |
| **DISTRICT OF COLUMBIA GOVERNMENT,** *et al.* | * | |
| | * | |
| **Defendants** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT CMI/SEDGWICK'S MOTION TO DISMISS

The Defendant, CMI/Sedgwick ("Defendant" or "Sedgwick"),[1] by its attorneys, Thomas V. McCarron and Semmes, Bowen & Semmes, pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, hereby files this Motion to Dismiss the Complaint, and with good cause states:

1.  This is an action filed by Plaintiffs, Edna McManus, Gaynell Nixon, Shirley Massey, Sandra Mitchner, William Workcuff, Edward Clark, Slatel Dillon, Audrey Tucker, Arzella Smith, Geraldine Tally Hobby, Erwin Diggs, John Lewis, Velerie Jones Coe, Fletcher Scott, Ronald Minor and Otis R. Mahoney, Sr. (collectively referred to herein as "Plaintiffs"), against Defendant CMI/Segwick, and 13 other Defendants seeking, *inter alia*, injunctive and declaratory relief arising out of alleged conspiracy and discrimination.

2.  Segwick is a corporation doing business in the District of Columbia. See Complaint, ¶ 28.

3.  Plaintiffs' Complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal

---

[1] Defendant was improperly identified in the Complaint as "CMI/Segwick." The proper name is CMI Octagon "A Sedgwick CMS Company."

Rules of Civil Procedure because this Court lacks subject matter jurisdiction in light of the District of Columbia Comprehensive Merit Personnel Act, D.C. Code Ann. §§ 1-601.01 *et seq.* (2001).

4. Plaintiffs' Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Complaint fails to state a claim upon which relief may be granted.

5. Plaintiffs' Complaint must be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because the Plaintiffs have failed to properly serve the Summons and Complaint upon Sedgwick.

6. Plaintiffs' Complaint must be dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure because it fails to provide a short and plain statement of the claim, and is not concise and direct with regard to the allegations against Sedgwick.

7. Defendant incorporates the attached Memorandum in Support of its Motion to Dismiss as if fully stated herein.

WHEREFORE, Defendant, Sedgwick, respectfully requests that this Honorable Court grant its Motion to Dismiss and dismiss Plaintiffs' Complaint against it, with prejudice.

Respectfully submitted,

_____/s/_____
Thomas V. McCarron, Bar No. 465948
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, Maryland 21201
(410) 539-5040

*Attorneys for Defendant*
*CMI Octagon "A Sedgwick CMS Company"*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May, 2007, a copy of the foregoing Motion to Dismiss, Memorandum in Support thereof, and proposed Order were served, via e-filing, on:

James Q. Butler, Esquire
Butler Legal Group, PLLP
818 18th Street, N.W.
Suite 1010
Washington, D.C. 20006
Attorneys for Plaintiffs

Martha J. Mullen, Esquire
Office of Corporation Counsel
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
Attorney for Defendant, District of Columbia Government

Rachel R. Hranitzky, Esquire
Office of the Attorney General
441 Fourth Street, N.W.
Sixth Floor North
Washington, D.C. 20001
Attorney for Defendant, District of Columbia Government

Brenda Catherine Zwack, Esquire
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, N.W.
Suite 1200
Washington, D.C. 20005
Attorneys for Defendants, AFSCME, District Council 20, AFL-CIO and Washington Teachers Union

Andres M. Grajales, Esquire
American Federation of Government Employees
80 F Street, N.W.
10th Floor
Washington, D.C. 20001
Attorneys for Defendant, American Federation of Government Employees

Frank Charles Morris, Jr., Esquire
Epstein, Becker & Green, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
Attorneys for Defendant, Corvel Healthcare

Brian Wayne Steinbach, Esquire
Epstein, Becker & Green, P.C.
150 North Michigan Avenue
35th Floor
Chicago, Illinois 60601
Attorneys for Defendant, Corvel Healthcare

John W. Bramlette, Esquire
Nixon Peabody, LLP
401 Nonth Street, N.W.
Suite 900
Washington, D.C. 20004
Attorneys for Defendants, Genex Services Incorporated Sudsidiary of UNUM Provident and UNUM Group a/k/a UNUM Provident Insurance Company


                                                      _____/s/_____
                                                    Thomas V. McCarron

B0710330.WPD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| **EDNA McMANUS,** *et al.* | * | |
| **Plaintiffs** | * | |
| v. | * | **Civil Action No.: 07-252-CKK** |
| | | **Judge Colleen Kollar-Kotelly** |
| **DISTRICT OF COLUMBIA GOVERNMENT,** *et al.* | * | |
| | * | |
| **Defendants** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### **ORDER**

Upon consideration of Defendant, CMI/Sedgwick's Motion to Dismiss, Memorandum in Support thereof, and any Opposition filed thereto, it is this _____ day of _____, 2007, hereby

**ORDERED**, that Defendant CMI/Sedgwick's Motion to Dismiss be and hereby is GRANTED, and it is

**FURTHER ORDERED** that Plaintiffs' Complaint be and is hereby dismissed, with prejudice, as to Defendant CMI/Sedgwick.

_____
JUDGE, United States District Court for the
District of Columbia

B0710333.WPD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **EDNA McMANUS,** *et al.* | * | |
| **Plaintiffs** | * | |
| v. | * | Civil Action No.: 07-252-CKK |
| | | Judge Colleen Kollar-Kotelly |
| **DISTRICT OF COLUMBIA GOVERNMENT,** *et al.* | * | |
| | * | |
| **Defendants** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT CMI/SEDGWICK'S MOTION TO DISMISS**

The Defendant, CMI/Sedgwick ("Defendant" or "Sedgwick"),[1] by its attorneys, Thomas V. McCarron and Semmes, Bowen & Semmes, hereby submits this Memorandum in support of its Motion to Dismiss and, in support thereof, states:

**I.   INTRODUCTION**

This is an action brought by Plaintiffs Edna McManus, Gaynell Nixon, Shirley Massey, Sandra Mitchner, William Workcuff, Edward Clark, Slatel Dillon, Audrey Tucker, Arzella Smith, Geraldine Tally Hobby, Erwin Diggs, John Lewis, Velerie Jones Coe, Fletcher Scott, Ronald Minor and Otis R. Mahoney, Sr. (collectively referred to herein as "Plaintiffs")[2] alleging

---

[1]   Defendant was improperly identified in the Complaint as "CMI/Segwick." The proper name is CMI Octagon "A Sedgwick CMS Company."

[2]   According to the Complaint, all of the Plaintiffs are current or former District of Columbia government employees, *see* Complaint, ¶¶ 2-17, who were either terminated from employment or otherwise denied "benefits derived from the Plaintiffs [sic] employment." Complaint, ¶ 33 [A] and [B].

multiple claims against Sedgwick, and 13 other Defendants.[3] Although the Complaint makes it virtually impossible to decipher the specific claims against Sedgwick, or any of the other Defendants for that matter, it appears that the gravamen of the Complaint is that Sedgwick, in conjunction with the other Defendants, failed to adequately represent the Plaintiffs in a variety of employment related actions.

Specifically, the Complaint alleges (without specifying when, where, with whom or against whom they were filed) that all of the Plaintiffs filed grievances that, against the Plaintiffs' wishes, did not proceed to arbitration. *See* Complaint, ¶¶ 38-41. The Complaint appears to lay blame for the alleged failure of the Plaintiffs' grievances to proceed to arbitration on the Defendants' (particularly the union defendants) purported failure to fulfill duties of fair representation that the defendants allegedly owed to the Plaintiffs, and on the Defendants' alleged participation in a conspiracy broadly aimed at preventing the Plaintiffs from contesting the alleged employment actions taken against them by the District of Columbia government. *See* Complaint, ¶¶ 32-55.

The Complaint alleges eight counts against the Defendants: (1) Breach of Employment Contract (Count 1); (2) Breach of Collective Bargaining Agreement (Count 2); (3) Breach of Duty of Fair Representation (Count 3); (4) Violation of Right to Due Process (Count 4); (5)

---

[3] In addition to Sedgwick, the Plaintiffs have also named as Defendants the following: District of Columbia Government, AFSCME District Council 20, AFL-CIO, American Federation of Governmental Employees, International Brotherhood of Teamsters Local Union No. 639, Washington Teachers Union, the District of Columbia Department of Corrections/Fraternal Order of Police, Concentra Incorporated, Corvel Healthcare, CLW/CDM, Aon Risk Services Incorporated, Genex Services Incorporated Subsidiary of UNUM Provident, UNUM Group a/k/a UNUM Provident Insurance Company and Robert A. Smith, M.D., P.C.

2

Declaratory Judgment Action (Count 5); Request for Injunctive Relief (Count 6); Special Request for Judicial Notice, etc. (Count 7); and Restraining Order as Applied to Retaliation (Count 8). Plaintiffs seek relief against Sedgwick in Counts 1, 2, 5, 6 and 8.

Sedgwick hereby moves to dismiss the Plaintiffs' Complaint, in its entirety on the following grounds. First, the Complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks subject matter jurisdiction in light of the District of Columbia Comprehensive Merit Personnel Act. Second, the Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Complaint fails to state a claim upon which relief may be granted. Third, the Complaint must be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because the Plaintiffs have failed to properly serve the Summons and Complaint upon Sedgwick. Finally, the Complaint must be dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure because it fails to provide a short and plain statement of the claim, and is not concise and direct with regard to the allegations against CMI/Sedgwick.

II.     **STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is warranted only if it appears beyond doubt that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The threshold determination in resolving a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support his or her claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1984), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984).

When challenging the sufficiency of a pleading's allegations of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the standard of review is substantially the same as that used to evaluate Rule 12(b)(6) motions. *See Vanover v. Hantman*, 77 F.Supp.2d 91, 98 (D.D.C. 1999). The court must accept as true all of plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff; however, the court does not need to accept as true the plaintiff's legal conclusions. *See Alexis v. District of Columbia*, 44 F.Supp.2d 331, 336-37 (D.D.C. 1999).

**III.     ARGUMENT**

    **A.** *The Complaint Must Be Dismissed With Prejudice Pursuant To Rule 12(b)(1) Of The Federal Rules Of Civil Procedure Because This Court Lacks Subject Matter Jurisdiction In Light Of The District Of Columbia Comprehensive Merit Personnel Act.*

By virtue of the District of Columbia Comprehensive Merit Personnel Act ("CMPA"), D.C. Code Ann. §§ 1- 601.01 *et seq.* (2001), this Court has no jurisdiction over Plaintiffs' claims. Rather, exclusive jurisdiction over Plaintiffs' claims vests with the District of Columbia Public Employee Relations Board ("PERB"). In further support thereof, Defendant hereby adopts and incorporates by reference as if fully set forth herein Defendant American Federation of Government Employees' ("AFGE") Motion to Dismiss and Memorandum of Points and Authorities in Support of its Motion to Dismiss, as well as Defendants Washington Teachers Union, Local #6, American Federation of Teachers, AFL-CIO and American Federation of State, County, and Municipal Employees, District Council 20, AFL-CIO's ("AFSCME") Motion to Dismiss and Memorandum of Points and Authorities in Support of Their Motion to Dismiss.

    **B.** *The Complaint Must Be Dismissed Pursuant To Rule 12(b)(6) Of The Federal Rules Of Civil Procedure Because The Complaint Fails To State A Claim Upon Which Relief May Be Granted.*

Plaintiffs' Complaint consists solely of unsupported legal conclusions and conclusory factual allegations, and fails to state a claim upon which relief may be granted. Plaintiffs merely group Sedgwick with all of the other Defendants in making their bald and factually unsupported allegations. Plaintiffs' Complaint fails to describe how Sedgwick has anything to do with the claims asserted against it. For example, Count 1 of the Complaint, alleging Breach of Employment Contract, alleges that the District of Columbia and the Plaintiffs entered into an employment contract. *See* Complaint, ¶ 57. However, there is no allegation that Sedgwick was a party to any such contract. Furthermore, Count 2 of the Complaint, alleging Breach of Collective Bargaining Agreement, alleges that the Plaintiffs were "third-party beneficiaries of the Collective Bargaining Agreement and other agreements and understandings between the City and the Unions." Complaint, ¶ 61. However, again, there is no allegation that Sedgwick was a party to the Collective Bargaining Agreement. It is fundamental contract law that in order to make a claim for breach of contract against a particular party, the plaintiff is required to establish the existence of a valid contract between him and that party. *Accord In re Papandreou*, 139 F.3d 247, 252 (D.C. Cir. 1998) (stating that the elements of a breach of contract action are "formation of the contract and its breach").

Moreover, the Complaint merely states that Sedgwick was "involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein." Complaint, ¶ 28. Yet, the Complaint fails to assert any claim for any type of conspiracy against Sedgwick.

In addition to the aforementioned arguments, Sedgwick hereby adopts and incorporates by reference as if fully set forth herein Defendant American Federation of Government Employees' ("AFGE") Motion to Dismiss and Memorandum of Points and Authorities in Support of its Motion to Dismiss.

5

      **C.**    <u>*The Complaint Must Be Dismissed Pursuant To Rule 12(b)(5) Of The Federal Rules Of Civil Procedure Because The Plaintiffs Have Failed To Properly Serve The Summons And Complaint Upon Sedgwick.*</u>

Plaintiffs' Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(5) because the Plaintiffs have failed to serve the Complaint in compliance with Rule 4(h)(1) of the Federal Rules of Civil Procedure.

As Plaintiffs' Complaint asserts, Sedgwick is a corporation in the District of Columbia. *See* Complaint, ¶ 28. Accordingly, Rule 4(h)(1) of the Federal Rules of Civil Procedure controls the manner in which service is to be effected on Sedgwick. This Rule provides:

> **(h) Service Upon Corporations and Associations.**
> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
>     **(1)** in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or *by delivering a copy of the summons and of the complaint to an officers, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process* and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, . . . .

Fed.R.Civ.P. 4(h)(1) (2007) (emphasis added).

Further, Rule 4(e)(1) of the Federal Rules of Civil Procedure provides:

> **(e) Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
>     **(1)** *pursuant to the law of the state in which the district court is located, or in which service is effected*, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; . . . .

Fed.R.Civ.P. 4(e)(1) (2007) (emphasis added).

Because this Court is located in the judicial district for the District of Columbia, and as provided above in Fed.R.Civ.P. 4(e)(1), the question of whether service has been properly effected must also be decided by reference to District of Columbia Superior Court Civil Rule 4(h), which controls service upon corporations and associations within the District of Columbia. This Rule, almost identical to Fed.R.Civ.P. 4(h), provides:

> (h) *Service upon corporations and associations*. Unless otherwise provided by applicable law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which an acknowledgment of service has not been obtained and filed, shall be effected:
> (1) within the United States in the manner prescribed for individuals by subdivision (e)(1), or by *delivering a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process* and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, . . . .

Superior Court Rule 4(h)(1) (2007) (emphasis added). Rule 4(e)(1) of the Superior Court Rules of Civil Procedure further provides that a corporation may be served upon "an agent authorized by appointment or by law to receive service of process." Superior Court Rule 4(e)(1) (2007).

In this case, the Summons and Complaint was left with Diane Wilkins ("Ms. Wilkins"), a Customer Service Representative for CMI Octagon "A Sedgwick CMS Company," by an unknown male who handed them to her at the Defendant's reception desk on April 3, 2007. *See* Affidavit of Diane Wilkins, ¶¶ 2, 4, attached hereto as *Exhibit 1*. As Ms. Wilkins states in her Affidavit, she is not, nor has she ever been, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process on behalf of the Defendant. *Id.*, ¶ 5. Accordingly, Plaintiffs' Complaint must also be dismissed due to insufficient service of process.

    **D.**    ***The Complaint Must Be Dismissed Pursuant To Rule 8 Of The Federal Rules***

*Of Civil Procedure As It Fails To Provide A Short And Plain Statement Of The Claim And Is not Concise And Direct With Regard To The Allegations Against CMI/Sedgwick.*

Rule 8 of the Federal Rules of Civil Procedure governs the content and format of a plaintiff's complaint. This Rule provides, in pertinent part:

> **(a) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdictions and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed.R.Civ.P. 8(a) (2007). Fed.R.Civ.P. 8(e) further requires that each averment of a pleading be "simple, concise and direct." Fed.R.Civ.P. 8(e) (2007).

For the reasons more fully set forth in Defendant District of Columbia's Motion to Dismiss and Memorandum of Points and Authorities in Support of its Motion to Dismiss, which is fully adopted and incorporated by reference as if fully set forth herein, Plaintiffs' Complaint fails to provide a short and plain statement of the claim, and is not concise and direct with regard to the allegations against Sedgwick. Accordingly, Plaintiffs' Complaint must be dismissed.

**IV.  CONCLUSION**

For the foregoing reasons, Defendant, Sedgwick, respectfully requests that this Honorable Court grant its Motion to Dismiss and dismiss the Plaintiffs' Complaint against it with prejudice.

Respectfully submitted,

_____/s/_____
Thomas V. McCarron, Bar No. 465948
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, Maryland 21201
(410) 539-5040

*Attorneys for Defendant*
*CMI Octagon "A Sedgwick CMS Company"*

B0710334.WPD

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

EDNA McMANUS, *et al.*   *

      Plaintiffs   *

v.   *   Civil Action No.: 07-252-CKK
                             Judge Colleen Kollar-Kotelly

DISTRICT OF COLUMBIA   *
GOVERNMENT, *et al.*
                             *

      Defendants
*   *   *   *   *   *   *   *   *   *   *   *   *

## AFFIDAVIT OF DIANE WILKINS

Pursuant to 28 U.S.C. § 1746, I, Diane Wilkins, being over eighteen (18) years of age and competent to testify as a witness and having personal knowledge of the facts set forth below, do hereby make oath in due form as follows:

1.    My name is Diane Wilkins.

2.    I am employed by CMI Octagon "A Sedgwick CMS Company" as a Customer Service Representative.

3.    I have been employed in this capacity since March 19, 2007.

4.    On April 3, 2007, inside the District of Columbia, an unknown male handed me a document at the reception desk, which I later learned to be a copy of the Summons and Complaint in the United States District Court for the District of Columbia, Civil Action No. 07-252-CKK.

5.    I am not, nor have I ever been, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process on behalf of my employer.

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Diane Wilkins

Executed On: May 17, 2007

B0708708.WPD; 22928-1