# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**EDNA McMANUS, ET AL.**

        Plaintiffs

v.

**DISTRICT OF COLUMBIA, ET AL**

        Defendants

CASE NO: 1:07 CV 00252 (CKK)

### PLAINTIFFS' MOTION TO AMEND COMPLAINT

Plaintiff hereby moves this Honorable Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for an order granting leave to Plaintiffs to Amend the Complaint, to provide the dates, etc. that Defendants is lacking certain degree of specificity . A memorandum in support is attached.

Respectfully submitted,

/s/ James Q. Butler
James Q. Butler
Attorney for Plaintiff
818 18th Street, N.W. - 10th Floor
Washington, D.C. 20006
Ph. 202-223-6767

### CERTIFICATE OF SERVICE

Plaintiff hereby certifies that each Defendant is hereby served with the foregoing Motion To Amend through this Court's electronic service.

/s/ James Q. Butler
James Q. Butler

-1-

# MEMORANDUM
## I. INTRODUCTION

The Complaint in this case was filed on February 1, 2007.  The several defendants have filed separate Motions To Dismiss, based upon Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief may be granted, on May 3, 2007.  Contrary to the positions of the moving Defendants, the claims alleged in the complaint may be the subject of relief on Plaintiff's federal and state law claims. The allegations that Plaintiffs raise  meet the standards required to state a claim under the several causes of action which have been alleged. Plaintiffs seek to amend their complaint at this time, in light of the decision of the U.S. Supreme Court released on May 21, 2007, in the case of *Bell Atlantic v. v. Twombly*, . ___U.S. ___ ( May 21, 2007).

Plaintiffs  brought this action against the named Defendants in this Court for the redress of the deprivation of their civil rights and related federal law claims. Plaintiffs have  stated basic constitutional deprivations that occurred under color of law, pursuant to  42 U.S.C. §§ 1981, 1983, 1986, 1988, 2000(e), the Fourteenth Amendment to the United States Constitution, and the laws of the United States and the District of Columbia in that the Defendants have engaged in a conspiracy, combination and agreement to discriminate against these thirteen Plaintiffs, and to deprive these thirteen Plaintiffs of their constitutional rights under color of law. Further state law claims are proper based upon supplemental jurisdiction.

Amending the complaint at this stage would not be prejudicial to any of the Defendants. Plaintiffs seek to amend the complaint at this time is to remove any alleged prejudice claimed by the Defendants as the result of an alleged lack of specificity in stating the causes of action. At

this time, Plaintiff seeks to provide each defendant with specificity.    There is no bad faith on the part of the Plaintiffs in amending at this time. The amended complaint would not be futile.

Defendant District of Columbia has moved to dismiss the complaint.  For the reasons that follow, this Honorable Court must overrule this motion to dismiss and permit Plaintiffs to amend their complaint to correct the deficiencies alleged in the motions and to allow discovery to proceed as  this case is  prepared for trial.

## II.  LAW AND ARGUMENT

In the case of  ***Hurson v. Glickman***, 229 F.3d 277 (D.C. Circuit, 2000), the defendants/ appellee did not submit an answer, and simply moved to dismiss. With the consent of both parties, the district court regarded Hurson's motion for injunctive relief and the defendants' motion to dismiss as motions for summary judgment. After the parties had fully briefed the issue, but before the court had ruled on their cross-motions for summary judgment, Hurson submitted an amended complaint (or, in the alternative, a motion seeking leave to amend its complaint). Hurson proposed to add new allegations.

Hurson attempted to amend its complaint to supplement its alleged claims with additional allegations that the defendants' arbitrary and capricious conduct violated the Constitution's Commerce Clause. The District Court disallowed the amendment, citing the fact that Hurson had not filed its motion until after the parties had fully briefed their cross-motions for summary judgment. The defendants proposed that the district court's refusal was within its discretion, and cites the appellate court's  pronouncement that, when a plaintiff seeks to amend "more than a year after the filing of [its] initial complaint and after dispositive motions had been filed and opposed," denying its motion "does not appear to be an abuse of discretion." ***Wilderness Soc'y v.***

*Griles*, 824 F.2d 4, 19 (D.C. Cir. 1987). The D.C. Circuit Court of Appeals held that, while the

decision whether to permit amendments ordinarily "is left to the discretion of the district court,"

*Gaubert v. Federal Home Loan Bank Bd.*, 863 F.2d 59, 69 (D.C. Cir. 1988), the district court

here erred because Hurson was entitled to amend its complaint as a matter of right.

      The Federal Rules of Civil Procedure guarantee a plaintiff an absolute right to amend its

complaint once at any time before the defendant has filed a responsive pleading. See Fed. R. Civ.

P. 15(a) which states that "A party may amend the party's pleading once as a matter of course at

any time before a responsive pleading is served...." . In the *Hurson* case, the defendant filed no

answer, but only a motion to dismiss. The appellate court stated in Hurson that, "We have

repeatedly clarified that a motion to dismiss is not a responsive pleading for the purposes of Rule

15."  That court cited its case of *Confederate Memorial Ass'n v. Hines*, 995 F.2d 295, 299 (D.C.

Cir. 1993) which stated that "As a motion to dismiss is not ordinarily considered a 'responsive

pleading' ... under Rule 15(a), appellants could have amended their complaint as of right prior to

the court's decision on the motions."   The court also cited its supporting case of *Bowden v.*

*United States*, 176 F.3d 552, 555 (D.C. Cir. 1999), where it stated that "At the time Bowden

sought to amend, the government had filed only a motion to dismiss or in the alternative for

summary judgment, which is not considered a responsive pleading."  The D.C. Circuit Court of

Appeals held that because Hurson was entitled as a matter of right to amend its complaint, it was

error for the district court to refuse to consider its added claims

      In *Gardner Bradley v. Steven A. Smith*, D.C. District of Columbia, case no. 05-1304 (ESH)

the court cited *Hurson v. Glickman*, supra, and permitted an amendment as of right prior to the

filing of a responsive pleading.

Rule 15(a) allows a plaintiff to amend the complaint without filing a motion once as a matter of right before the defendant files a responsive pleading. Because a motion to dismiss is not a responsive pleading, filing one does not terminate the right to amend without leave of court. Once the defendant answers the complaint, leave of court or written consent of the adverse party is necessary. Leave to amend should be freely given; outright refusal to grant leave to amend without justification is an abuse of discretion. See *Franks v. Ross*, 313 F.3d 184 (4th Cir. 2002); *YWCA v. Allstate Ins. Co.*, 214 F.R.D. 1 (D.D.C. 2003);

On May 21, 2007, the Supreme Court issued the decision in the case of *Bell Atlantic Corp. v. Twombly*, . ___U.S. ___ ( May 21, 2007). In that case, plaintiffs were a class of subscribers of local telephone and/or high speed internet services, suing petitioner for claimed violations of §1 of the Sherman Act. The district court dismissed the complaint, concluding that plaintiffs must allege additional facts. Reversing, the Second Circuit held that plaintiffs' allegations were sufficient to withstand a motion to dismiss. The Supreme Court reversed, and held that stating a §1 Sherman Act claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made to violate the Sherman Act. The allegations contained in the complaint would not suffice. The Court determined that the Bell Atlantic case presented the antecedent question of what a plaintiff must plead in order to state a Sherman Act §1 claim. Similarly, the Court's reasoning is instructive in the case at bar. For that reason, Plaintiff requests that this Honorable Court grant leave to amend the complaint to provide the alleged deficiencies.

The Court found that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v.*

*Gibson*, 355 U. S. 41, 47. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.

Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. Applying these general standards ... stating a claim requires a complaint with enough factual matter to suggest an agreement to violate the Act. Asking for plausible grounds ... simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of an illegal agreement. The need at the pleading stage for allegations   plausibly suggesting (not merely consistent with) the violating agreement reflects Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief."

The ***Bell Atlantic*** Court stated that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," ***Conley v. Gibson***, 355 U. S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; ***Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.***, 40 F. 3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see ***Papasan v. Allain***, 478 U. S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

-6-

Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),3 on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., *Swierkiewicz v. Sorema N. A.*, 534 U. S. 506, 508, n. 1 (2002); *Neitzke v. Williams*, 490 U. S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U. S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

It simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." Ibid.

The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a §1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. An allegation of parallel conduct is thus much like a naked assertion of conspiracy in a §1 complaint: it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of "entitle[ment] to relief." Cf. *DM Research, Inc. v.*

***College of Am. Pathologists***, 170 F. 3d 53, 56 (CA1 1999)  ("[T]erms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation--for example, identifying a written agreement or even a basis for inferring a tacit agreement, ... but a court is not required to accept such terms as a sufficient basis for a complaint").

### III. CONCLUSION

Under the facts pleaded in Plaintiffs' complaint giving rise to this case, which will be supported at trial by competent evidence, Plaintiffs can provide these moving defendants with specific allegations containing facts, supported by dates, times pursuant to Civil Rules 9(f) and 10(c).  Based on these facts, a trier of fact could clearly conclude that these defendants have acted in concert to deprive these Plaintiffs of their rights pursuant to the Regulatory Settlement Agreement entered into in November, 2004, and that these defendants have acted unlawfully.

Based upon the authorities cited, and for the reasons fully stated above, Plaintiffs have stated several causes of action upon which relief can be granted.  Plaintiffs  have stated claims for violation of their rights.  Accordingly, Plaintiffs' Motion to Amend should be granted, and Defendants' Motions To Dismiss should be denied

Dated: May 21, 2007

Respectfully submitted,

/s/ James Q. Butler
James Q. Butler
Attorney for Plaintiff
818 18th Street - Suite 1010
Washington, D.C.  20006
Ph. 202-223-6767

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
**Civil Division**

<table>
<tr><td></td><td>:</td><td></td></tr>
<tr><td><b>EDNA McMANUS</b><br>3010  22nd Street  S.E<br>Washington, D.C. 20020</td><td>:</td><td></td></tr>
<tr><td>and</td><td></td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td><b>GAYNELL NIXON</b><br>13226 Brandywine Rd<br>Brandywine, MD  20613</td><td>:</td><td></td></tr>
<tr><td>and</td><td></td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td><b>SHIRLEY MASSEY</b><br>920 Madison St N.W. #302<br>Washington, D.C. 20011</td><td>:</td><td>CASE NO: No:1:07cv00252</td></tr>
<tr><td>and</td><td></td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td><b>SANDRA  MITCHNER</b><br>1913 Varnum Street N.E.<br>Washington, D.C. 20018</td><td>:</td><td></td></tr>
<tr><td>and</td><td></td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td><b>WILLIAM WORKCUFF</b><br>1345 Howard Road S.E. # 102<br>Washington, D.C. 20020</td><td>:</td><td></td></tr>
<tr><td>and</td><td></td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td><b>EDWARD CLARK</b><br>214 Kenilworth Avenue N.E. #C<br>Washington, D.C. 20019</td><td>:</td><td></td></tr>
<tr><td>and</td><td></td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td><b>SLATEL DILLON</b><br>13238 Prim Road<br>King George, VA 22485</td><td>:</td><td></td></tr>
</table>

1

and

                                                    :

**AUDREY TUCKER**
903 25th Street N.W.                                 :
Washington, D.C. 20037

and

                                                    :

**ARZELLA SMITH**
7 Daimler Drive                                      :
Capital Heights, MD  20743
                                                    :
and

**GERALDINE TALLEY HOBBY**
P.O. Box 441972 **[HOMELESS]**                       :
Fort Washington, MD 20019

and

**ERWIN DIGGS**                                      :
14131 Spring Branch Drive
Upper Marlboro, MD  20772                            :

and

**JOHN LEWIS**                                       :
1510 Warren Avenue
Landover, MD  20785                                  :

and

**VELERIE JONES  COE**                               :
1875 Savannah Place S.E.
Washington, D.C. 20020                               :

and

**FLETCHER SCOTT**                                   :
2225 R Street S.E.
Washington, D.C.  20020                              :

and

**RONALD MINOR**                    :
6911 Walker Mill Road
Capitol Heights, MD  20743-4630    :

and

**OTIS R. MAHONEY, Sr.**            :
4327 Ponds Street  N.E.
Washington, DC  20019              :

     Plaintiffs

v.                                 :


**DISTRICT OF COLUMBIA GOVERNMENT** :
(A Municipal Corporation)
                                   :
Serve:
**Honorable Adrian Fenty**          :
District of Columbia Government
1350 Pennsylvania Avenue N.W.      :
Washington, D.C. 20004
                                   :
Serve:
**Office of the Attorney General**  :
For the District of Columbia
444 4th Street N.W.                :
6th Floor South
Washington, D.C. 20001             :

and

**AFSCME**                          :
**DISTRICT COUNCIL 20, AFL-CIO**
1724 Kalorama Road, NW             :
Suite200
Washington, DC 20009               :

and

**AMERICAN FEDERATION OF**          :
**GOVERNMENTAL EMPLOYEES**
80 F Street N.W.                   :

3

Washington, DC - 20001

and

                                                                    :

**INTERNATIONAL BROTHERHOOD OF**
**TEAMSTERS LOCAL UNION NO. 639**              :
3100 Ames pl NE
Washington, DC 20018                                     :

and

**WASHINGTON TEACHERS UNION**                 :
1717 K Street, N.W. Suite 902
Washington, D.C. 20036                                   :

and

**DOC/FOP**                                                       :
**DC Department of Corrections/Fraternal**
**Order of Police)**                                          :
711 4th Street N.W.
Washington, DC 20001                                     :

and

**CONCENTRA INCORPORATED**                      :
Serve:
Corporation Service Company                          :
1090 Vermont Ave., N.W.
Washington, DC 20005                                     :

and

**CORVEL HEALTHCARE**                                 :
Serve
Prentice Hall Corporation System                    :
1090 Vermont Ave., N.W.
Washington, DC 20005                                     :

and

**CLW/CDM**
4720-F-Boston Way                                           :
Lanham, MD. 20706

and
                                                  :
**AON RISK SERVICES INCORPORATED**
1120 20th St, NW., Suite 600                      :
Washington, DC. 20036

and
                                                  :

**CMI/SEGWICK**
1212 New York Ave, NW                             :
Washington, DC 20005

and
                                                  :

**GENEX SERVICES INCORPORATED**
**SUBSIDIARY OF UNUM PROVIDENT**                  :
6810 Deerpath Rd, Suite 401
Elkridge, MD 21075                                :

and

**UNUM GROUP, a.k.a.**
**UNUM PROVIDENT INSURANCE COMPANY :**
1 Fountain Square
Chattanooga, TN, 37402                            :

and

**ROBERT A. SMITH, MD, PC**                       :
4701 Randolph Rd., Suite 209B
Rockville MD, 20852                               :

            Defendants
_____


## AMENDED   COMPLAINT
## WITH REQUEST FOR INJUNCTIVE & DECLARATORY RELIEF

COMES NOW THE PLAINTIFF(S) EDNA McMANUS, GAYNELL NIXON,

SHIRLEY MASSEY SANDRA  MITCHNER, WILLIAM WORKCUFF, EDWARD CLARK,

SLATEL DILLON, AUDREY TUCKER, ARZELLA SMITH, GERALDINE TALLEY

HOBBY, ERWIN DIGGS, JOHN LEWIS, VELERIE JONES COE, FLETCHER SCOTT,

RONALD MINOR and OTIS MAHONEY, Sr, by and through counsel, James Quincy Butler,

Esq, Managing Partner of the Butler Legal Group, P.L.L.P., in Washington, D.C. and sues the

Defendant(s) named supra and infra, and in support of their **AMENDED** complaint hereby states

as follows:

## JURISDICTION

1.    This cause of action arose in the District of Columbia and is brought pursuant to

42 U.S.C. ss: 1981, 1983, 1986, 1988, 2000(e), the Fourteenth Amendment to the United States

Constitution, and the laws of the District of Columbia in that the Defendants based upon

information and belief engaged in a conspiracy, combination and agreement to discriminate

against these 13 Plaintiffs, and to deprive these 13 Plaintiffs of their constitutional rights under

color of law. The State claims are proper in this Honorable Court based upon Supplemental

Jurisdiction. Venue is proper in that the acts set forth herein occurred or had their genesis within

the District of Columbia.

## PARTIES

2.    Plaintiff, EDNA McMANUS, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Department

of Corrections as a Correctional Officer. This Plaintiff was a member of the local union affiliated

with Union Defendant Fraternal Order of Police. Plaintiff McManus suffered a work-related job

injury on February 26, 2002. McManus' treating physicians Dr. R Mauwwad and Dr. D. Ignacio

diagnosed Left/Right Bi-Lateral Carpal Tunnel Syndrome, and as a result, filed DC Workers'

Compensation Program Claim #761032-0002-2002-0002 on March 27, 2002 as a job injury. On

April 8, 2002, this claim was improperly denied. On January 30, 2006 Plaintiff was denied

monetary, medical, Cost of Living Adjustments (2003, 2004, 2005, 2006), transportation

mileage, medical prescriptions, and life insurance benefits. On July 27, 2006, Plaintiff was

denied medical expenses for injury 2/26/02 April 8, 2002- Job Injury 2/26/02 (L/H) D.C.

Workers' Compensation Program Claim# M5-DOC 00275 and Reoccurrence 11/29/95 (RH)

Claim # LT5-DOC002683 January 30, 2006- Job Injury 2/26/02 L/R CTS D.C/ WCP #761032-

0002-2002-0002. The D.C. Department of Corrections (DOC) Independent Medical Doctors,

and the Office of Risk Management (ORM) CLW/CDM Claims Examiner Zee Cabbagestalk,

CLW/CDM Program Gwen Tolbert July 25, 2002, ORM Claims Bureau Manager, Phyllis

Dailey, stated as their reason for the denial of McManus' claims that no injury existed. The

injury from this claim has been exacerbated repeatedly, and each related claim has been

sequentially denied on April 8, 2002; April 5, 2005; January 30, 2006;  July 25, 2006; January 3,

2007; March 6, 2007; and,  March 29, 2007.

    3.  Plaintiff, GAYNELL NIXON, is based upon information and belief, a resident of the

State of Maryland, and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies.  At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Housing

Authority as an Assistant Housing Manager. This Plaintiff was at all times material hereto a

member of the local union affiliated with Union Defendant American Federation of Government

Employee's [AFGE].

 Nixon initially filed a claim for an work related injury on January 23, 1996, and was issued

Claim no. 363-016.  This related to an injury to Nixons' right foot and ankle (Tarsal Tunnel

Syndrome).  The Claim was denied on or about October 31, 1996, and this denial was signed by

Alice Goldring, claims examiner and John Fitzhugh, MD Assistant Director. The denial was

subsequently reversed on October 8, 1997 by Administrative Law Judge, Robert Middleton.

The claim was denied again, on September 28, 1998, under the new assigned claim number

2847, claim by Jane Silver, claims examiner for Cor Vel Corp.   This claim was the subject of a

further denial on September 2, 2004, under claim number LTUNK000909.   A second claim was

submitted on March 5, 2001, relating to an injury on or about February 21, 2001.  No claim

number was ever issued, and this claim was denied on October 4, 2005, and again on January 6,

2006, and again on January 23, 2006.

        4.      Plaintiff, SHIRLEY MASSEY is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the University of the District of

Columbia, as a Secretary/Administrative Assistant.  This Plaintiff was a at all times material hereto a member of the local union affiliated with Union Defendant, American Federation of State County and Municipal Employee's [AFSCME].

5.    Plaintiff, SANDRA MITCHNER, is based upon information and belief, a resident of Washington, D.C., and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Office of Personnel, as a Position Classification Specialist. This Plaintiff was not a member of the Union Defendants.  Plaintiff had incurred an injury on February 12, 1990, from inhaling an undetermined mist which was in the air near her desk on the fourth floor of the Reeves Center. Unable to breath, Plaintiff was taken to Providence Hospital.  After filing claims, and suffering a series of denials, Plaintiff was terminated in 2004.

6.    Plaintiff, WILLIAM WORKCUFF, is based upon information and belief, a resident of Washington, D.C., and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Housing Authority as a Maintenance Mechanic. This Plaintiff was a member of **one of the locals** affiliated with Union Defendant, American Federation of Government Employee's [AFGE].

Willaim Workcuff was injured on the job on February 21, 2002, he duly filed an authorized

claim, having been assigned Claim no. M3-HCD002589.  Willaim Workcuff was treated by Dr.

Alan Schrieber on March 13, 2002.  This claim was improperly denied by Defendants, acting

through Dr. Steven Hughes, at Providence Hospital, on or about June 13, 2002, based upon an

unsubstantiated determination that the subjective complaints of Workcuff were not causally

related to the work-related accident.

       7.    Plaintiff, EDWARD CLARK, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Public

Schools as a School Bus Driver. This Plaintiff was a member of one of the locals affiliated with

Union Defendant, American Federation of State County and Municipal Employee's [AFSCME].

Mr. Clark was employed with D.C.P.S approximately 10 years.  On June 23, 2005, Mr. Clark

was terminated for allegedly having residue of illegal drugs in a urine test.  Plaintiff  attempted

to appeal his termination decision.  On October 19, 2006 Mr. Clark was denied to be heard and

never received any termination papers.

       8.    Plaintiff, SLATEL DILLON, is based upon information and belief, a resident of

the Commonwealth of Virginia, and was at all times set forth herein an employee of an agency

of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of

claim at various times, with the appropriate agencies during the events of this matter, and has

exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Water and Sewer authority as an Electrical Repair Mechanic. This Plaintiff was a member of the local union affiliated with Union Defendant American Federation of State County and Municipal Employee's [AFSCME].  After 18 years of employment, Plaintiff was terminated. Plaintiff incurred injury to his lower back during his employment on or about September 16, 2003.  In a medical report dated February 3, 2006, Dr. Peter Trent determined that Plaintiff had suffered injury to his lower back and required vocational rehabilitation.  Notwithstanding this medical determination, Plaintiff's claim was denied, and Plaintiff was terminated.  Plaintiff was also previously injured in June 27, 2002, and filed claim no. W9102-01920.  Each of these claims were unjustifiably denied.

9.     Plaintiff, AUDREY TUCKER, is based upon information and belief, a resident of Washington, D.C., and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Public Schools, as a School Bus Attendant. This Plaintiff was a current dues paying member of Teamster Local 639,  affiliated with Union Defendant, International Brotherhood of Teamsters. Tucker's Union records have been destroyed, and the Union has denied Tucker representation. Tucker has been repeatedly denied employee benefits for injuries suffered and incurred related to employment.

10.     Plaintiff, ARZELLA SMITH, is based upon information and belief, a resident of the State of Maryland, and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Public Schools, as a School Bus Driver. This Plaintiff was a member of the local union affiliated with Union Defendant, American Federation of State County and Municipal Employee's [AFSCME].  She was served with a traffic citation on March 20, 2006, for being involved in a traffic accident. She was terminated on April 5, 2006.  She had previously been suspended based upon an allegation which physically could not have occurred, as she was not present, on October 3, 2005.  Her union representatives had abandoned her, in violation of her union contract.

11.     Plaintiff, GERALDINE TALLEY HOBBY, is based upon information and belief, a resident of Washington, D.C., [BELIEVED TO BE HOMELESS AT THIS TIME] and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Public Schools, as an Art Teacher. This Plaintiff was a member of the local union affiliated with Union Defendant, Washington Teachers Union.[WTU].  On March 1, 1997, Plaintiff Hobby filed claim no. 337-470.

12.    Plaintiff, ERWIN DIGGS, is based upon information and belief, a resident of the State of Maryland, and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Public Schools, as a School Bus Driver. This Plaintiff was a member of the local union affiliated with Union Defendant American Federation of State County and Municipal Employee's [AFSCME]. Plaintiff Diggs filed a disability claim in May, 2000 and in April, 2006. Each claim was denied. He was then subjected to a wrongful termination and his medical and dental benefits were extinguished. The local union failed to represent him.

13. Plaintiff, JOHN LEWIS, is based upon information and belief, a resident of the State of Maryland, and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Public Schools, as an Engineer. This Plaintiff was a member of the local union affiliated with Union Defendant, American Federation of State County and Municipal Employee's [AFSCME]. Plaintiff Lewis filed claim no. 100049, as the result of the initial injury of August 26, 1998. Lewis had initially been injured in his employment on October 1, 1975 when he stepped into an open floor drain. Since that time, the symptoms have remained, and his claim(s) and requests for

benefits have been denied.

14.     Plaintiff, VELERIE JONES COE, is based upon information and belief, a resident of Washington, D.C., and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies.  At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Department of Mental Health, as a Staff Assistant.  This Plaintiff was a member of the local union affiliated with Union Defendant American Federation of Government Employee's [AFGE].  On or about August 14, 1989, Plaintiff suffered  injury to Plaintiff's  neck and upper thoracic area.  This claim, no. 335-094, was denied Plaintiff had incurred a left shoulder strain and carpal tunnel of the left wrist and hand, on or about August 30, 1996.   Claim no. 364-789, LT5PD000405, which was systematically denied on December 11, 1997.  Plaintiff had additional claims denied, without justification, on May 29, 1998.  Plaintiff was denied again on January 6, 2003, as it was again determined that this injury was not caused, nor related to, Plaintiff's employment.  Further, Plaintiff was determined to have fully recovered from this injury and was able to return to work.

15.     Plaintiff, FLETCHER SCOTT, is based upon information and belief, a resident of Washington, D.C., and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies.  At the time of the events described herein, the Plaintiff

14

was an employee of the District of Columbia working for the District of Columbia, Public

Schools as an Industrial Arts Teacher.  This Plaintiff was a member of **one of the locals**

affiliated with Union Defendant American Federation of Government Employee's [AFGE].

Plaintiff Scott's claim no. has not been provided as of this time. Nonetheless, he had filed

claims, which are based upon work related injuries, and which claims are in the possession of the

Defendants.  His claims have been systematically and unjustifiably denied.

      16.     Plaintiff, RONALD MINOR, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies.  At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Attorney

General, as an Investigator.  This Plaintiff was a member the local union affiliated with

Union Defendant American Federation of State County and Municipal Employee's [AFSCME].

Plaintiff Minor had filed claims based upon work related injuries. The information relating to

each specific claims are in the possession of the Defendants.  His claims have been

systematically and unjustifiably denied.

      17.     Plaintiff, Otis Mahoney, Sr, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies.  At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Housing

Authority, as a Maintenance Mechanic/Laborer.  This Plaintiff was a member of the local union

affiliated with Union Defendant American Federation of Government Employee's [AFGE].   As

part of his duties, he was paid less than the wages of a person in his position, and is due and

owing back pay.  Forms have been allegedly lost which document his improper pay checks.

When Plaintiff complained, he was fired on August 29, 2003.  The local Union, of which he was

a current dues paying member, ignored his complaints and abandoned representation of Plaintiff.

Since that time, the Union has failed to represent him.

18.    Defendant, The DISTRICT OF COLUMBIA GOVERNMENT, is a

Municipal Corporation, located within the jurisdiction of this Court, in the District of Columbia.

19.    Defendant, AFSCME DISTRICT COUNCIL 20, AFL-CIO, is a labor Union,

licensed to transact business within the jurisdiction of this Court, and is located in the District of

Columbia, involved in claims and actions which are a part of the foundational elements of the

conspiracy pled herein.

20.    Defendant, AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES

is a labor Union, licensed to transact business within the jurisdiction of this Court, and is located

in the District of Columbia, involved in claims and actions which are a part of the foundational

elements of the conspiracy pled herein.

21.    Defendant, INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL

UNION NO. 639 is a labor Union, licensed to transact business within the jurisdiction of this

Court, and is located in the District of Columbia, involved in claims and actions which are a part

of the foundational elements of the conspiracy pled herein.

16

22.    Defendant, WASHINGTON TEACHERS UNION is a labor Union, licensed to transact business within the jurisdiction of this Court, and is located in the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

23.    Defendant, FRATERNAL ORDER OF POLICE is a labor Union, licensed to transact business within the jurisdiction of this Court, and is located in the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

24.    Defendant, CONCENTRA INCORPORATED is a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to have offices and/or agents located in the District of Columbia, or have employees who carry on transactions within the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

25.    Defendant, CORVEL HEALTHCARE is a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to have offices and/or agents located in the District of Columbia, or have employees who carry on transactions within the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

26.    Defendant, **CLW/CDM,** is a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to have offices and/or agents located in the District of Columbia, or have employees who carry on transactions within the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy

pled herein.

27.    Defendant, **AON RISK SERVICES INCORPORATED** is a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to have offices and/or agents located in the District of Columbia, or have employees who carry on transactions within the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

28.    Defendant, **CMI-SEDGEWICK** is a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to be located in the District of Columbia, or have employees who carry on transactions within the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

**29.**    Defendant, **GENEX INCORPORATED** is a subcontractor, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein and is a **SUBSIDIARY OF UNUM PROVIDENT** a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to be located in the District of Columbia, or have employees who carry on transactions within the District of Columbia.

**30.**    Defendant, **UNUM Group, a.k.a. UNUM PROVIDENT INSURANCE COMPANY** is a Tennessee corporation, licensed to transact business within the jurisdiction of this Court, and/or is believed to have offices in and/or employees engaged in business within the confines of the District of Columbia. This Defendant is involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein, **AND...** (emphasis added) is a party to actions in other States of the United States, further pled infra, wherein injunctions and settlement decrees, have been entered into with various States Attorney's General, which called

18

for cessation of illegal activities, which are the same as the facts pled in this complaint. In doing, the acts herein this Defendant has violated the consent decrees and settlement agreements previously entered into with the States Attorney's General, in furtherance of the conspiracy, combination and agreement pled herein.

31.    Defendant, **ROBERT A. SMITH, MD, PC** is a physician, licensed to practice medicine in the State of Maryland, and engaged in transacting business within the jurisdiction of this Court, as a physician consulting with various agencies of the District of Columbia, as an agent of the District of Columbia and or in association with the various Defendants pled herein and is a pivotal player in the conspiracy pled in this case. Smith is a leading conspirator in that when Smith was employed as claimants [Plaintiffs] consulting physician, he would certify injuries, certify surgical necessity, and certify continuing care to enrich himself.  Thereafter, there came a time when Smith changed sides and began working for the Defendants. Smith, in his own written reports, had the utter audacity to completely alter the previous diagnosis, which Smith himself had made, and state in writing that the very people he had certified as having been injured and requiring surgery, did in fact not have any injury or need for such surgery and continuing care, and that the [Plaintiffs] claims should now be denied, thus further enriching himself at the suffering of the Plaintiffs.  Smiths' actions are **"CRIMINAL"** in nature.

## FACTS

32.    Based upon information and belief, Defendant(s) DISTRICT OF COLUMBIA; AFSCME DISTRICT COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES; TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION; FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED;

CORVEL HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED;

CMI/SEGWICK; GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM

PROVIDENT; UNUM GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY

and ROBERT A. SMITH, MD, PC (hereinafter referred to collectively as the "DEFENDANTS"

except wherein a particular Defendant is pled individually in an allegation infra) have  and are

engaging in a conspiracy, combination and agreement, wherein the rights of the Plaintiffs set

forth supra have been and continue to be, violated.

33.     The methods employed by the Defendants in furtherance of the conspiracy,

combination and agreement, centers around the following set of operative facts.

[A] The Plaintiffs are all employees of the District of Columbia.

[B] The District of Columbia has either terminated the Plaintiffs employment or denied

the Plaintiffs benefits derived from the Plaintiffs employment.

[C] The Plaintiffs were and are entitled to administrative remedies and  notice as to what

administrative remedies are available to the Plaintiffs.

[D] The Plaintiffs have been denied the benefit of cognizable administrative relief as the

Defendants have engaged in a pattern and practice, wherein a singular city wide formal

administrative remedy has been abolished and a series of agency controlled administrative

remedy procedures for each individual agency have allegedly been set in place.

[E] The agencies have failed to inform the Plaintiffs in writing as to what the

administrative remedy process is.

[F] The Plaintiff's allege and believe that this fiat style administrative remedy concept

has been purposely designed to create a catch 22, wherein remedy must be exhausted, but the

remedy process is administered in a non-uniform fashion.

[G] The Plaintiffs are subject to an administrative remedy procedure, that is altered by fiat as it relates to each agency.

[H] The Defendants have essentially created a system wherein the administrative remedies can never be exhausted.

[I] Under the fiat administrative remedy system of the Defendants, the grieving party has no idea of what the totality of the administrative remedy process is.  In essence, the Defendants morph the administrative remedy process by fiat on a daily basis, so that when it appears the process has reached a conclusion, the Defendants re-commence the process, add new layers of required remedy or simply ignore all previous remedy applications.

[J] The Plaintiffs have had no indication as to what, if any steps are required to exhaust administrative remedy.

[K] The Plaintiffs have had no indication as to what time frames are applied to filing for the administrative remedy.

[L] The Plaintiffs have had no indication as to what response time frames are controlling the response by the individual agency wherein the grieving party was employed.

[M] When administrative law judges or judges of the Superior Court of  the District of Columbia or  United States District Court Judges, enter orders or take actions that are adverse to these Defendants, the Defendants simply ignore the orders, as if the courts lack any power of enforcement.

[N] The primary reasoning for the implementation of the confusing morass of non-existent and faux administrative remedy is a plan created by the Defendants to circumvent

judicial scrutiny and review by the Attorney Generals of the States that Defendant Unum Provident has already agreed to cease and desist in, as pled infra under the Unum Provident Criminal Enterprise claim.

34.    Based upon information and belief, the Plaintiffs allege that the Defendants in furtherance of the conspiracy, combination and agreement have agreed that the maze of unpublished regulations will not be challenged by the Union Defendants in violation of the collective bargaining agreement between the Union Defendants and the city.

35.    Based upon information and belief, the Plaintiffs allege that the Defendants in furtherance of the conspiracy, combination and agreement have agreed to employ the health care Defendants as third parties, who will create policies and procedures, which are impossible to comply with, and that the Defendants in employing the third party health care administrators, knew or should have known they were violating the civil rights and due process rights of the Plaintiffs.

36.    Based upon information and belief, the Plaintiffs allege that the Defendants in furtherance of the conspiracy, combination and agreement have engaged in criminal activity, wherein Union dues are collected for Union representation which does not exist. The activities set forth in this complaint have already been alleged and conceded to, by affiliates of the health care Defendants named herein, in the State of New York.  The health care Defendants named herein are engaged in a fraud wherein the health care Defendants' randomly change corporate names and transfer assets of one another to other third parties to avoid  a Federal Court order issued in the State of New York.

37.    All except one Plaintiff [MITCHNER] named herein Members of the Union

Defendants bargaining units and are required to either pay Union dues or pay a "fair share" of the purported costs of their representation by the Union. Plaintiffs are entitled to fair, competent representation in all matters relating to their employment with the City, which is being denied by the Union Defendants who have shut their collective eyes to the city's tampering with the administrative and benefit systems which have been previously agreed to regarding denial of benefits, denial of earned base and overtime pay and disciplinary related grievances, suspension, demotion, and termination.

38.    All named Plaintiffs have  filed timely grievances, requested arbitration hearings in accordance with set policy and  have been subjected to  denials based upon fathom reasoning, without due process of law.

39.    With respect to the employee disciplinary process to which these Plaintiffs are entitled, neither the Unions nor the City have been complying with either the Collective Bargaining Agreements or the Personnel Rules and Regulations.

40. Both the City and the Unions have failed to investigate employee grievance claims in a timely manner, nor have they kept adequate records, with the result that several years or more often pass before the claim is even considered ready for arbitration. Without considering the interests or rights of the affected employees, the Union and the City have been collaborating to dismiss or "settle" pending contract and disciplinary grievance cases, usually without the knowledge or approval of the concerned employees. In many cases the Defendants insert forged documents into the Plaintiffs file, or remove favorable documents form the Plaintiffs file at will. In the matter of Defendant Robert A. Smith, Smith engaged in activities wherein when Smith was representing the injured party he would write reports stating the injured party required

surgery and rehabilitation. When Smith changed sides and began working with the Defendants Smith would rewrite the reports for the very same injured party stating that there was no surgery or rehabilitation required, thus invalidating the claims that he himself had previously validated.

41.     Despite the Union Defendants obligation to fully and fairly represent bargaining unit employees and the City's obligation to treat its employees fairly and comply with contractual and constitutional obligations, the Unions and the City have treated employee claims in a perfunctory manner, acted arbitrarily, negligently, incompetently, and have willfully delayed and/or failed to provide fair, prompt, and effective representation and hearings.

42.     Plaintiffs have attempted to raise their claims and concerns before the City's Personnel Board and the City's Labor Board and have exhausted such claims as the faux system set in place by the Defendants permits.

43.     The situation facing these Plaintiffs in some cases is 20 years of arguing for these rights, which has resulted in poverty, homelessness, economic disadvantage and suffering both emotionally and physically based upon unlawful termination, unlawful transfer, unlawful demotion, unlawful denial of benefits and unlawful cancellation of benefits.

## Unum Provident Criminal Enterprise Claim

44.     On November 12th and 18th, 2004, the following announcements were made by New York Attorney General, Elliott Spitzer..

45.     New York State Attorney General, Eliot Spitzer and New York State Insurance Superintendent, Gregory V. Serio, today announced that their offices, together with other state insurance regulators, reached a landmark settlement with Unum Provident Corporation ("Unum Provident") and five of its subsidiaries.

46.     The settlement resolves issues relating to investigations into Unum Provident's claims handling practices, conducted by the New York State Attorney General's Office, the New York State Insurance Department, state insurance regulators conducting a multi-state examination led by Massachusetts, Maine and Tennessee on behalf of all the other states, and the United States Department of Labor.

47.     The investigations focused on assertions that Unum Provident had inappropriately denied claims for benefits under individual and group long-term disability insurance policies. These investigations and the resulting settlement are unrelated to the separate investigations into the payment of contingent commissions, steering and bid-rigging in the insurance industry.

48.     The settlement announced today requires Unum Provident and its subsidiaries: (1) to reassess approximately 200,000 claims that previously had been denied; (2) to completely restructure their claim handling procedures to ensure objectivity and fairness; and (3) to pay a $15 million fine. An outline of the specific terms of the settlement is attached. "This settlement sends a strong message to disability insurance companies that improper denials of disability claims will not be tolerated," said Attorney General Spitzer. "These claim denials involved vulnerable workers – those whose illnesses and injuries prevented them from continuing their employment. I am very pleased that these individuals will have their claims reviewed, and that Unum Provident will now implement the structural reforms necessary to ensure that future claims are handled appropriately."

49.     "This settlement agreement gives thousands of current and former policyholders an opportunity to have their denied claims reassessed as part of a process over which regulatory authorities will have strict oversight," Superintendent Serio said. "Today's agreement also

requires the parent company and its subsidiaries to implement the management and corporate reforms necessary to ensure that future disability claims are handled properly."

50.    The reassessment process covers a review process and restitution payments will provide claimants with a more expedient method of obtaining recoveries, and simultaneously will reduce the companies' exposure to litigation judgments and other costs.

51.    If Unum Provident fails to implement the required changes in a timely manner as stipulated by the agreement, it will be subject to penalties of $100,000 per day until compliance is achieved. In addition, failure to meet acceptable levels of accuracy in making disability claim determinations will result in a penalty of $145 million.

52.    The Attorney General's investigation was handled by Deputy Attorney General Dan Feldman, Assistant Attorney General Joy Feigenbaum and Assistant Attorney General Mel Goldberg, under the direction of Consumer Bureau Chief Thomas Conway.

53.    The New York State Insurance Department's investigation was handled by Deputy Superintendent and General Counsel, Audrey Samers, Deputy General Counsel, Susan Donnellan, Assistant Deputy Superintendent and Chief Examiner Life Bureau, Jeffrey Angelo and Deputy Chief Life Bureau, Gail Keren.

**Outline of Unum Provident Settlement Agreement**

54.    Under the terms of the settlement, Unum Provident and its subsidiaries have agreed to:

reassess the claims of approximately 200,000 individuals whose claims for group or individual long-term disability benefits were denied;

restructure their claim handling procedures to ensure that all future claims are reviewed in a fair and objective manner, including an agreement to:

select medical examiners based solely on merit, and ensure that those examiners review all relevant records before reaching a determination;

require personnel making impairment determinations to certify that their determinations were based upon a review of all the relevant evidence;

prohibit company personnel from trying to influence the outcome of disability claim appeals; and

grant significant weight to findings of disability by the United States Social Security Administration;

improve employee training;

create a new Regulatory Compliance Unit to monitor the companies' compliance with applicable laws and regulations;

conduct periodic audits of the new claim reassessment process, to ensure compliance with the terms of the settlement;

create a toll-free confidential hotline through which company employees can report concerns about claims handling processes;

appoint three new independent members to the Board of Directors of Unum Provident, add one new independent member to the Audit Committee, and create a new Regulatory Compliance Committee of the board;

permit enhanced monitoring and examinations by state insurance regulators, paid for by the companies; and

pay a $15 million fine to be divided among participating states.

55.    The conspiracy in this case is staggering. The sums involved are overwhelming. The premises alleged herein require expensive discovery and depositions whereupon the Plaintiffs are of the opinion this complaint will be amended to add additional Defendants and counts. It is anticipated that a criminal referral will be requested as the Defendants, in light of the New York companion matter, are violating a federal court consent decree.

## CLAIMS FOR RELIEF

27

**Based on the foregoing factual allegations,**
**Plaintiffs present the following claims for relief:**

COUNT 1
BREACH OF EMPLOYMENT CONTRACT

56.     Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

57.     The City and its employees have an employment contract, consisting in part of a Collective Bargaining Agreement between the City and the Unions, and present and past employment practices.  Defendants' DISTRICT OF COLUMBIA; AFSCME DISTRICT COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES; TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION; FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED; CORVEL HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED; CMI/SEGWICK; GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM PROVIDENT; UNUM GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY and ROBERT A. SMITH, MD, PC failures to engage in meaningful mediation, other dispute resolution efforts, or arbitration, and the denial of prompt grievance hearings violate the employment contracts. The City's failures to apply, utilize, and comply with the collective bargaining agreements provisions relating to disciplinary grievances, failure to maintain and comply with a valid remedy procedure, and failure to comply with generally accepted Labor-Management rules of the National Labor Relations Board constitute violation of the employment contract and collective bargaining agreement.

28

58. By their acts and omissions described above, Defendants have breached the employment contract and their duties of good faith and fair dealing and Plaintiffs are entitled to relief for those denials and breaches of duties.

59. Plaintiffs are entitled to declaratory, compensatory, and injunctive relief for violation of their express and implied contracts of employment.

COUNT 2
BREACH OF COLLECTIVE BARGAINING AGREEMENT

60.     Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

61.     The named Plaintiffs are third party beneficiaries of the Collective Bargaining Agreement and other agreements and understandings between the City and the Unions. In doing the acts pled herein Defendants DISTRICT OF COLUMBIA; AFSCME DISTRICT COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES; TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION; FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED; CORVEL HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED; CMI/SEGWICK; GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM PROVIDENT; UNUM GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY and ROBERT A. SMITH, MD, PC, conspired to violate the collective bargaining agreement in violation of the law.

62.     The denial of prompt disciplinary and contract grievance hearings is a violation of the express terms of the Collective Bargaining Agreements between the City and the Unions.

63. Plaintiffs are entitled to declaratory, compensatory, and injunctive relief for violation of the Collective Bargaining Agreement between the City and the Unions.

COUNT 3
BREACH OF DUTY OF FAIR REPRESENTATION

64.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

65.    The Union Defendants AFSCME DISTRICT COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES; TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION; and FRATERNAL ORDER OF POLICE; had a duty to represent the Plaintiffs  in the bargaining unit, in particular a duty to engage in negotiations in good faith and to represent and advance the rights and interests of the Plaintiffs in meritorious grievance claims.

66.    A Union breaches its duty of fair representation when its conduct with regard to one or more members of the bargaining unit represented by that Union is arbitrary, discriminatory, or in bad faith, or when the Union treats negotiations and bargaining unit grievances and complaints in an arbitrary or perfunctory manner.

67.    By delaying, ignoring and/or dismissing Plaintiffs legitimate disciplinary and contract grievances, and by failing to take meritorious grievances to arbitration hearings, the Union has denied employees' contractual and constitutional rights to be heard, to be competently represented, to be disciplined only for cause, and to be treated fairly.

68.    By delaying or failing to investigate, mediate, or arbitrate the Plaintiffs rights and grievances, including both contract and disciplinary rights and grievances, the Union has acted

arbitrarily, willfully, perfunctorily, and in violation of the Union's duty of good fair representation.

69. By agreeing with the City, without consent or knowledge of the Plaintiffs the Union purports to represent, that employee disciplinary and contract grievances, including those of the named Plaintiffs, have been compromised, handled as group actions, "settled," dismissed, or denied as "without merit," the Union Defendants have breached their duty of fair representation.

70. By failing to provide competent legal representation to the members of the bargaining unit it represents, the Union Defendants have breached the duty of good faith and fair representation.

71.     By failing to answer telephone calls and letters from the Plaintiffs or to staff local offices with employees willing to serve the Union members needs the Union Defendants have breached their duties regarding fair representation of the Plaintiffs and fraudulently taken dues the Unions knew they had not earned.

72.     Plaintiffs are entitled to declaratory, compensatory, and injunctive relief for the Union Defendants breaches of their duties of fair representation.

COUNT 4
VIOLATION OF RIGHT TO DUE PROCESS

73.     Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

74.     Plaintiffs are classified City employees who have a property interest in their employment, who can only be disciplined, refused benefits and/or fired for good cause, and who are entitled to pre-termination and post-termination hearings and process.

75.    Based upon Defendants DISTRICT OF COLUMBIA; AFSCME DISTRICT

COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES;

TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION; and

FRATERNAL ORDER OF POLICE; acts and omissions described herein, the Plaintiffs have

been denied their constitutional rights to substantive and procedural due process of law.

76.    Plaintiffs are entitled to declaratory, compensatory, and injunctive relief for the

Defendants' violations of their rights to due process of law.

COUNT 5
DECLARATORY JUDGMENT ACTION

77.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55

supra.

78.    These Defendants DISTRICT OF COLUMBIA; AFSCME DISTRICT COUNCIL

20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES;

TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION;

FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED; CORVEL

HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED; CMI/SEGWICK;

GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM PROVIDENT; UNUM

GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY

and ROBERT A. SMITH, MD, PC  are engaging in criminal and civil wrongdoing which is a

matter of substantial public importance; the controversy involves the rights and legal relations of

the parties seeking declaratory relief; the interests of the parties are real and adverse, and the

issues are ripe for judicial determination.

32

79.     Plaintiffs request declaratory rulings to determine the respective contractual and constitutional rights and obligations of the parties.

COUNT 6
REQUEST FOR INJUNCTIVE RELIEF

80. Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

81.     Defendants, DISTRICT OF COLUMBIA; AFSCME DISTRICT COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES; TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION; FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED; CORVEL HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED; CMI/SEGWICK; GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM PROVIDENT; UNUM GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY and ROBERT A. SMITH, MD, PC are engaged in a pattern of civil and criminal wrongdoing which requires the intervention of this Court.

82. The City Defendants and other City employees and officials are charged with the duty and obligation to establish, maintain, and protect a performance-based merit system and a fair and effective Labor-Management relations system.

83. The City Defendants have a mandatory, non-discretionary duty to comply with the provisions of the City Charter, City Ordinances, and City Rules and Regulations concerning employment, mediation, performance evaluations, and disciplinary procedures.

84. Without issuance of an injunctive order and/or a Writ of Mandamus, Defendants will continue to refuse or delay compliance with the law, and will continue to deny and compromise Plaintiffs' rights and interests.

85. Plaintiffs have a likelihood of success on the merits, they are suffering irreparable injury because of Defendants' failures to comply with the law and the applicable agreements and related obligations, and they have no other plain, speedy, or effective remedy outside of this lawsuit.

COUNT 7

**SPECIAL REQUEST FOR JUDICIAL NOTICE, INJUNCTIVE RELIEF,TEMPORARY RESTRAINING ORDER AND PENDANT JURISDICTIONAL RULING OVER DEFENDANT UNUM PROVIDENTS FAILURE TO COMPLY WITH THE NEW YORK SETTLEMENT AGREEMENT ALREADY IN PLACE, WITH A REQUEST FOR A CRIMINAL REFERRAL TO THE INDIVIDUAL ATTORNEYS GENERAL WHO ARE PART OF THE PREVIOUS SETTLEMENT REFERENCED HEREIN.**

86.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

87.    Defendant, GENEX SERVCIES INCORPORATED  as a SUBSIDIARY OF UNUM PROVIDENT; UNUM GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY  are engaged in a pattern of civil and criminal wrongdoing as pled at paragraphs 44 to 54 supra which requires the intervention of this Court.

88.    These Defendants are already  conclusively shown to be part of a previous settlement agreement wherein they agreed to cease and desist from such criminal and civil wrongdoing as pled supra. It is obvious these Defendants have breached the previous settlement.

89.    Without issuance of an injunctive order and criminal referral from this court these Defendants will be free to continue to defraud U.S. Citizens nationwide.

90.    Plaintiffs have a likelihood of success on the merits, they are suffering irreparable injury because of Defendants' failures to comply with the law and the applicable agreements and

related obligations, and they have no other plain, speedy, or effective remedy outside of this

lawsuit, and the requests for relief prayed herein.

COUNT 8

RESTRAINING ORDER AS APPLIED TO RETALIATION

91.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55

supra.

92.    The Defendants have a history of retaliatory conduct wherein whistleblowers are

subject to actions which include but are not limited to,  termination of employment, reduction in

wages, shift changes, job demotions, re-consideration of previous benefits and compensation

awards and destruction of files and documents.

93.    Constitutional Protection under the First and Fourteenth Amendments to the U.S.

Constitution, state and local government officials are prohibited from retaliating against

whistleblowers.

94. Conspiracies to Intimidate Witnesses and Obstruct Justice in Federal Court

Proceedings [42 U.S.C. 1985(2)]-This clause, which was passed as part of the Reconstruction

era, anti-Ku Klux Klan civil rights legislation, contains very broad provisions prohibiting

conspiracies to intimidate parties or witnesses in proceedings before courts of the United States.

95. False Claims Act- The whistleblower protection provision of the False Claims Act

[33 U.S.C. 3730(h)] protects "any employee" who is discharged or discriminated against on the

basis of assisting in the preparation of litigation or in filing an action under this Act.

96. Occupational Safety and Health Act- OSHA [29 U.S.C. 660(c)] protects employees

from any form of retaliation for raising complaints concerning workplace health and safety. This

35

has been interpreted to include a right to refuse hazardous work under certain specified and limited circumstances.

97. National Labor Relations Act- The NLRA , 29 U.S.C. 158(a)(4), protects from retaliation employees who testify or file charges alleging a violation of the Act.

98. Other Statutory Protections- Other employee whistleblower protection provision can be found in the Civil Rights Act of 1871 [42 U.S.C. 1983]; Fair Labor Standards Act [29 U.S.C. 215]; Civil Service Reform Act [5 U.S.C. 2302]; and Title VII of the Civil Rights Act of 1964 [42 U.S.C. 2000e, et. seq.] (administered by the Equal Employment Opportunity Commission).

99.     The Plaintiffs anticipate the Defendants or parties affiliated with the Defendants will seek retribution and punish these Plaintiffs for their assistance in this litigation.

100.     The Plaintiffs seek a protective order under the Whistle Blower Act to prevent such retaliation against the Plaintiffs by the Defendants named herein or any party who may be associated with these Defendants who is not named herein.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs pray they be awarded compensatory, exemplary, and injunctive relief requiring Defendants to:

A.) Promptly implement a valid and effective hearing process for hearing  employees' benefits, contract and disciplinary grievances.

B) Require adherence to principles and rules contained in the City rules and regulations and generally accepted Labor-Management Relations Ordinances.

C.) Reinstate each and every Plaintiff employee or former-employee who has been denied lawful process and/or whose property interest in his or her employment has been denied

or compromised.

D.) Pay to Plaintiffs the damages proximately resulting from Defendants' unlawful conduct and violations of legal or contractual and/or constitutional rights, including but not limited to back pay, benefits, reinstatement, and other appropriate relief, together with costs, including reasonable attorneys' fees.

E.) Award punitive and/or exemplary damages in an appropriate amount against the Defendants.

F.) Award such other and further legal and equitable relief as the court deems just and reasonable.

G.) Criminal referral of all Defendants to the appropriate State and Federal authorities.

H.) Criminal referral to the applicable Attorneys General of the states wherein UNUM GROUP, a.k.a. UNUM PROVIDENT violated the consent decree stated supra.

I.) Protection from retaliation under the applicable Whistle Blower provisions of prevailing federal law.

J.) Such other and further relief as to this Honorable Court may appear to be just and proper.


The foregoing has been signed and dated this 1st day of February, 2007.


By: /s/ JAMES Q. BUTLER
James Q. Butler, Esq.  #490014
Butler Law Firm
818 18th Street, Ste. 1010
Washington, D.C.  20006
Telephone: (202) 223-6767