UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA McMANUS, et al., | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )    Case No. 1:07CV00252 (CKK) <br> ) |
| DISTRICT OF COLUMBIA GOVERNMENT, et al., | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

DEFENDANTS WASHINGTON TEACHERS' UNION, LOCAL #6,
AMERICAN FEDERATION OF TEACHERS, AFL-CIO
AND
AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL
EMPLOYEES, DISTRICT COUNCIL 20, AFL-CIO'S
<u>MOTION TO DISMISS AMENDED COMPLAINT</u>

In accordance with Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, defendants Washington Teachers Union, Local # 6, American Federation of Teachers, AFL-CIO ("WTU") and American Federation of State, County, and Municipal Employees, District Council 20, AFL-CIO ("AFSCME") ask the Court to dismiss the plaintiffs' amended complaint for lack of jurisdiction and failure to state a claim. The District of Columbia's Comprehensive Merit Personnel Act provides the exclusive statutory basis, forum, and remedy for the plaintiffs' claims against the WTU and AFSCME. However they are cast, the plaintiffs' complaints about the WTU and AFSCME's handling of grievances, contract negotiations, and administration of their collective bargaining agreements all describe conduct that can be addressed only by the D.C. Public Employee Relations Board. Accordingly, the WTU and AFSCME should be

dismissed from this lawsuit. A memorandum of points and authorities in support of the WTU and AFSCME's motion and a proposed order are attached.

June 20, 2007                          Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.


By: /s/ Lee W. Jackson
    Lee W. Jackson (D.C. Bar No. 436010)
    ljackson@odsalaw.com

By: /s/ Anton G. Hajjar
    Anton G. Hajjar (D.C. Bar No. 359267)
    ahajjar@odsalaw.com

By: /s/ Melinda K. Holmes
    Melinda K. Holmes (D.C. Bar No. 458043)
    mholmes@odsalaw.com

By: /s/ Brenda C. Zwack
    Brenda C. Zwack (D.C. Bar No. 482673)
    bzwack@odsalaw.com

1300 L Street N.W., Suite 1200
Washington, DC 20005
(202) 898-1707

Attorneys for Washington Teachers Union, Local #6,
American Federation of Teachers, AFL-CIO
and
American Federation of State, County and Municipal
Employees, District Council 20, AFL-CIO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDNA McMANUS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>GOVERNMENT, et al.,<br><br>    Defendants. | Case No. 1:07CV00252 (CKK) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS WASHINGTON TEACHERS' UNION, LOCAL #6,
AMERICAN FEDERATION OF TEACHERS, AFL-CIO
AND
AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL
EMPLOYEES, DISTRICT COUNCIL 20, AFL-CIO'S
<u>MOTION TO DISMISS AMENDED COMPLAINT</u>

This lawsuit against the Washington Teachers Union, Local # 6, American Federation of Teachers, AFL-CIO ("WTU") and American Federation of State, County and Municipal Employees, District Council 20, AFL-CIO ("AFSCME") is nothing more than a duty of fair representation case that, in addition to its lack of merit or coherence, is outside of the Court's jurisdiction to address. Public employees working for the District of Columbia government are confined to address complaints about their unions to the D.C. Public Employee Relations Board ("PERB"). All of the plaintiffs' claims here are in some way a complaint about how the WTU and AFSCME have served the plaintiffs in the unions' representational capacity. Such complaints perfectly describe allegations of a breach of duty of fair representation, and can be raised only

under one statute and only before one adjudicatory body, the PERB. Thus, because the PERB has exclusive original jurisdiction over such complaints, because there is simply no process by which a complaint to the PERB can ever be appealed to federal court, and because the plaintiffs' claims against the WTU and AFSCME arise under only state law and present no federal question, the plaintiffs' lawsuit against the WTU and AFSCME should be dismissed.

The sixteen plaintiffs pursuing this matter are current or former employees of the District of Columbia government. One plaintiff claims to be a member of the WTU and several of the plaintiffs claim to be members of AFSCME. In their amended complaint, the plaintiffs describe numerous allegations against the WTU and AFSCME as well as other unions, the District of Columbia government, and various insurance companies.[1] As to the WTU and AFSCME, the plaintiffs complain that the two unions violated their respective collective bargaining agreements by failing to challenge D.C. government regulations establishing agency-specific administrative programs; collected union dues without providing adequate representation in return; denied the plaintiffs fair and competent union representation; rejected or settled grievances without justification; failed to investigate grievances; failed to follow the terms of their own collective bargaining agreements generally; treated grievances in a perfunctory manner; denied the plaintiffs prompt grievance hearings; and failed to adequately

---

[1] This case seems to be the next chapter in the lead plaintiff and her counsel's efforts to right a wrong she believes she was done concerning her abandonment of her position with the Department of Corrections. See McManus v. Williams, 2007 WL 744734 (D.D.C. 2007).

negotiate with the District in the interest of bargaining unit members. The plaintiffs contend that this conduct violates a plethora of federal statutes, federal common law, and the United States Constitution. The plaintiffs claims against the WTU and AFSCME have not changed even with the amendment of their complaint.

The plaintiffs' claims against the WTU and AFSCME still are wholly misplaced, and their amendment to their complaint does nothing to cure its fatal deficiencies. Although in many respects the plaintiffs' amended complaint continues to be a barely decipherable litany of broad allegations, sweeping legal conclusions, and no factual specifics, the common theme to all of the plaintiffs' complaints against the WTU and AFSCME are unmistakably allegations that the unions breached their duty of fair representation to the plaintiffs. By operation of the District's Comprehensive Merit Personnel Act ("CMPA"), D.C. Code §§1-601.1 et seq., such claims can be raised only as a breach of the duty of fair representation and only within the exclusive original jurisdiction of the PERB. D.C. public employees cannot avoid the PERB by casting their claims as a violation of any other D.C. or federal statute or common law. Needless to say, there is no provision in the CMPA for review of the PERB by the federal courts and this Court had already held that it should honor the statutory personnel system and processes established by the D.C. Council in the CMPA. The plaintiffs' claims against the WTU and AFSCME are therefore confined to the CMPA venue and process and are improperly raised in this Court. They must be dismissed.

I.   THE PLAINTIFFS' ALLEGATIONS AGAINST THE WTU AND AFSCME

The WTU and AFSCME understand that the plaintiffs are raising the following allegations against them:

1. The union defendants have violated their respective collective bargaining agreements by agreeing to and failing to challenge the District's design and implementation of agency-specific administrative programs at certain District agencies. (Am. Compl. at ¶34.)

2. The unions collected union dues without providing adequate representation in return. (Am. Compl. at ¶36.)

3. The unions denied the plaintiffs fair and competent union representation. (Am. Compl. at ¶37.)

4. The unions rejected or settled grievances without justification. (Am. Compl. at ¶38.)

5. The unions failed to investigate grievances. (Am. Compl. at ¶40.)

6. The unions failed to follow the terms of their own collective bargaining agreements. (Am. Compl. at ¶39.)

7. The unions treated grievances in a perfunctory and arbitrary manner. (Am. Compl. at ¶41.)

8. The unions denied the plaintiffs prompt grievance hearings. (Am. Compl. at ¶41.)

9. The unions failed to adequately negotiate with the District in the interest of bargaining unit members. (Am. Compl. at ¶35.)

II.  LEGAL STANDARD FOR MOTIONS TO DISMISS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to state the grounds upon which the federal court's jurisdiction depends. A plaintiff has the burden of establishing grounds for jurisdiction by showing either diversity of citizenship or that a federal question exists. Nihiser v. White, 211 F.Supp.2d. 125, 128 (D.D.C. 2002)(citing District of Columbia Ret. Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987)). When reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12 (b)(1) of the Federal Rules of Civil Procedure, the Court employs "no presumption of truthfulness" as to the factual allegations. Richards v. Duke University, 2007 WL 942070 at *5 (D.D.C. 2007)(quoting Ohio Nat'l Life Insurance Co. v. United States, 922 F.2d 320, 325 (6th Cir.1990)). Conversely, the standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is more narrow, and "a district court should dismiss a complaint for failure to state a claim upon which relief can be granted when it is clear that no relief could result under any facts consistent with the complaint's allegations." Black v. District of Columbia, 466 F.Supp.2d 177, 179 (D.D.C. 2006). The court must assume the truth of all the allegations set out in the plaintiff's complaint and liberally construe the complaint to allow the plaintiff to enjoy the benefit of any inferences that may be drawn. Id. (citing Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)). Nevertheless, "a court ruling on a motion to dismiss for failure to state a claim does not have to accept asserted inferences or conclusory allegations that are unsupported by facts set forth in plaintiff's complaint." Richards v. Duke University, 2007 WL 942070 at *5.

III.  ARGUMENT

<u>This Court Does Not Have Jurisdiction Over the Plaintiffs' Allegations That WTU and AFSCME Failed to Adequately and Fairly Represent Them.</u>

This Court does not have jurisdiction over the plaintiffs' claims against the WTU and AFSCME. The plaintiffs' claims are actionable only under the CMPA and are therefore within the exclusive jurisdiction of the PERB to address. The federal and common law causes of action the plaintiffs assert are inapplicable because the CMPA supercedes all other causes of action, and do not divest the PERB of its exclusive original jurisdiction. Because all of the plaintiffs' claims concern the WTU and AFSCME's conduct as their representatives, and because those claims are properly raised only under the CMPA and lodged before only the PERB as breach of the duty of fair representation claims, this lawsuit must be dismissed as to the WTU and AFSCME.

The right of employees of the District of Columbia to engage in collective bargaining with the D.C. government is rooted in the D.C. Comprehensive Merit Personnel Act. D.C. Code §§1-601.1 et seq. As its title conveys, the purpose of the CMPA is to set out a <u>comprehensive</u> system of public personnel administration that will "provide for a policy of labor-management relations including collective bargaining between the District of Columbia government and its employees." D.C. Code §1-601.02(a). In furtherance of this purpose, the D.C. Council established an agency to implement the policies and principles set forth in the CMPA. D.C. Code §1-605.02. This agency, the Public Employees Relations Board (PERB), is entrusted with exclusive original jurisdiction to resolve, among other things, unfair labor practices and failures

6

of unions to comply with statutory standards of conduct. D.C. Code §1-605.02(9); see generally, §1-605.02 (Powers of the Board); §1-617.13 (Remedies; enforcement; judicial review; payment of costs). Thus, as this Court has noted:

> The CMPA was enacted to provide employees of the District of Columbia an impartial and comprehensive administrative scheme for resolving employee grievances. Holman v. Williams, 436 F.Supp.2d 68, 74 (D.D.C.2006). The District of Columbia Court of Appeals has consistently held that, with only one exception, the CMPA is the exclusive avenue for aggrieved employees of the District of Columbia to pursue work-related complaints. Id.; see Baker v. Dist. of Columbia, 785 A.2d 696, 697-98 (D.C.2001) (holding that CMPA is exclusive remedy for D.C. employees and that 'the Superior Court is not an alternative forum …, but rather serves as a last resort for reviewing decisions generated by CMPA procedures"); Robinson v. Dist. of Columbia, 748 A.2d 409, 411-12 (D.C.2000) (holding that the only exception is for torts based on a claim of sexual harassment). Under the CMPA, an employee must bring an employee grievance to the District of Columbia Public Employee Relations Board ("PERB"). Lightfoot v. Dist. of Columbia, 2006 WL 54430, at *8 (D.D.C. Jan. 10, 2006).

Jackson v. District of Columbia Dept. of Health, 2007 WL 1307891 at *2 (D.D.C. 2007).

The CMPA specifically imposes a duty of fair representation on unions representing DC government employees, and exclusive jurisdiction over claims of a breach of this duty rests with the PERB. D.C. Code §1-617.11(a) and 1-617.04.(b)(1). The plaintiffs' allegations here undisputedly fall into the category of duty of fair representation claims given that they all specifically concern the quality and motivation of the WTU and AFSCME's conduct in administrating and enforcing their collective bargaining agreements, handling grievances, providing representation to bargaining unit members, and negotiating agreements with the District of Columbia government, and thus are duty of fair representation claims. The plaintiffs allege, for example, that the WTU and AFSCME "failed to engage in meaningful mediation, other

7

dispute resolution efforts, or arbitration," conspired to deny "prompt disciplinary and contract grievance hearings," and failed to "take meritorious grievances to arbitration hearings." Am. Compl. at ¶¶ 57, 62, 67. The plaintiffs go on to allege that the WTU and AFSCME violated their collective bargaining agreements by failing to challenge agency regulations and collected dues without providing competent representation. In one instance, a plaintiff specifically alleges that "union representatives had abandoned her, in violation of her union contract." Am. Compl. at ¶10. Every one of the plaintiffs' complaints about the WTU and AFSCME's conduct describes alleged violations of the duty of fair representation, to wit, a failure to represent the interests of all employees in a bargaining unit fairly, without discrimination, and without regard to membership in the union. See e.g. Board of Trustees, UDC v. Myers, 652 A.2d 642, 646 (D.C. 1995)(refusal to take grievance to arbitration, duty to investigate a grievance, and perfunctory treatment of a grievance are part of the duty of fair representation).

The PERB is the exclusive forum for D.C. government employees' duty of fair representation claims. The D.C. Court of Appeals has consistently held that any breach of a union's duty of fair representation is a matter within the exclusive jurisdiction of the PERB. Fraternal Order of Police v. Public Employees Relations Board, 516 A.2d 501, 504 (D.C. 1986); Hawkins v. Hall, 537 A.2d 571, 576 (D.C. 1988); District of Columbia v. Thompson, 593 A.2d 621, 626-627 (D.C. 1991); Hoggard v. Public Employee Relations Board, 655 A.2d 320, 325 (D.C. 1995); Cooper, 656 A.2d at 1144 (D.C. 1995).

8

This Court has also recognized PERB's exclusive jurisdiction over claims raised in federal court. As this Court very recently held,

> under the CMPA, the PERB has exclusive jurisdiction over disputes involving grievances under a collective bargaining agreement, regardless of whether claims against a union allege a breach of the duty of fair representation or breach of contract…As all of plaintiff's claims are preempted by the CMPA, this Court lacks subject matter jurisdiction over them.

Jackson, 2007 WL 1307891 at *3 (D.D.C.,2007)(citing Holman, 436 F.Supp.2d at 74 ("Preemption by the CMPA divests the trial court-whether it be the Superior Court or this Court-of subject matter jurisdiction.")). Even the intellectual question of whether this rule of law (arising under a state law in state court) is applicable in federal court has been answered in the affirmative. As this Court has noted:

> …the D.C. Courts' application of the CMPA's exhaustion requirement as a jurisdictional rule militates strongly in favor of strictly enforcing that requirement here.  If the Court were not inclined to do so, it would do more than disregard a mere judge-made rule of non-jurisdictional exhaustion-the Court would trample on the clearly expressed will of the Council of the District of Columbia, which, for this analysis, is the equivalent of a state legislature.  To ignore the express intention of a state legislature regarding the proper application of its enactments would do violence to the principles of federalism and comity that maintain the balance of power between the state and federal governments.  For all these reasons, then, the Court will apply the CMPA's exhaustion requirement strictly in this case.

Johnson v. District of Columbia, 368 F.Supp.2d 30, 43 (D.D.C. 2005).

Although the Court in Johnson did not reach the question of whether PERB exhaustion deprived this Court of subject matter jurisdiction, we think the CMPA clearly does. It is understood that there is no concurrent jurisdiction between the PERB and the courts, Hawkins, 537 A.2d at 574, and the PERB process limits court review to that of the D.C. courts and then only to give appellate review. D.C. Code §1-617.13

9

(c). And significant to the analysis applied by the Court in Johnson, it bears consideration that the CMPA, although enacted by the D.C. Council, was approved by Congress like all other laws in the District of Columbia. See Washington Teachers Union, Local No. 6, AFL-CIO v. The Board of Education of the District of Columbia, 109 F.3d 774 (D.C. Cir. 1997). It is no stretch, therefore, to conclude that the exhaustion required by the CMPA is jurisdictional in the federal courts. Johnson, 368 F.Supp.2d at 41 n.3 ("Because federal court jurisdiction is subject to expansion or curtailment by Congress, the argument goes, an express congressional provision that completion of administrative review is a prerequisite to judicial consideration of a claim is tantamount to a congressional limitation on federal court jurisdiction, rendering the particular exhaustion requirement at issue jurisdictional in a direct sense.") But even if it were not, non-jurisdictional exhaustion still results in dismissal of the complaint against the WTU and AFSCME in order to effectuate the CMPA's requirement that duty of fair representation claims must be brought to the PERB. Id. at 51-52.

Whether considered clever or confused, no amount of recitation of alleged violations of other federal or D.C. laws can subvert the exclusive jurisdiction of the PERB. As with the federal common law on the duty of fair representation for private sector employees, the duty of fair representation supercedes and replaces all other common law claims. Cooper v. AFSCME, Local 1033, 656 A.2d 1141, 1144 (D.C. 1995). As the DC Court of Appeals has noted in this same scenario, "where the PERB has jurisdiction over a claim a litigant cannot bypass PERB's jurisdiction by bringing the same action as a common law claim." Id.; District of Columbia v. Thompson, 593 A.2d

10

621, 634-635 (DC 1991)(tort claim does not divest PERB of exclusive jurisdiction); Wilson v. District of Columbia, 608 A.2d 161(DC 1992)(extending Thompson to prohibit bypassing PERB by alleging breach of a contract); see generally International Brotherhood of Teamsters Chauffeurs, Warehousemen, and Helpers of America v. Association of Flight Attendants, 663 F.Supp. 847 (D.D.C. 1987)(party cannot avoid Congressional intent to preempt a particular area through "artful pleading").

This same rule applies to the plaintiffs' claims made under federal statutes. As with common law claims, the exclusive original jurisdiction of the PERB to address the plaintiffs' complaints is not limited or replaced by federal discrimination statutes. The plaintiffs are still required to exhaust their administrative remedies before the PERB. Johnson, 368 F.Supp.2d at 44-48. As the Court in Johnson held, given the express breadth of the CMPA, claims that are arguably cognizable under the CMPA must be brought through its processes. Id. This is true, too, for Constitutional claims. Id. at 44. Ultimately, it is an easier analysis in the instant matter because all of the plaintiffs' claims are so obviously breach of the duty of fair representation claims; as this Court in Johnson has held, such claims must be brought to the PERB, not to this Court.

It is also no excuse that the plaintiffs vaguely claim to have exhausted the PERB process. It is abundantly clear that D.C. government employees must first exhaust all administrative remedies with the PERB before proceeding to D.C. Superior Court, which itself is limited to acting as a court of appeals to the PERB's final agency decision. Hawkins, 537 A.2d at 573. But as described in Hawkins and as expressly set out in the CMPA, the D.C. Council's process for adjudication of D.C. government employees duty of fair representation claims resides only in the D.C. court system, not

federal court. Even if the plaintiffs did exhaust the PERB process, therefore, their next step was to go to D.C. Superior Court, not federal court. In other words, the act of exhausting their administrative remedies does not create jurisdiction in the federal courts. At most it puts an even more stark requirement on the plaintiffs to proceed with their claims in D.C. court as specifically prescribed by the CMPA.

The Court does not, therefore, have jurisdiction over the plaintiffs' claims which allege a breach of the duty of fair representation. Neither a forum nor a remedy for such alleged violations exist in this Court. The District's comprehensive statutory scheme of labor and employment rights for DC government employees provides the only forum and remedy for the plaintiffs' allegations. The plaintiffs' impatience with or ignorance of this process does not create jurisdiction in this Court, nor does their vague and imprecise claim of exhaustion of the PERB processes. Having bypassed or ignored the PERB, the plaintiffs' claims in this Court must fail. The plaintiffs' lawsuit against the WTU and AFSCME should therefore be dismissed.

III.   CONCLUSION

For the reasons set forth above, the Court should dismiss all of the plaintiffs' claims against the WTU and AFSCME with prejudice.

June 20, 2007                         Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By:  /s/ Lee W. Jackson
   Lee W. Jackson (D.C. Bar No. 436010)
      ljackson@odsalaw.com

By:  /s/ Anton G. Hajjar
   Anton G. Hajjar (D.C. Bar No. 359267)
      ahajjar@odsalaw.com

By:  /s/ Melinda K. Holmes
   Melinda K. Holmes (D.C. Bar No. 458043)
      mholmes@odsalaw.com

By:  /s/ Brenda C. Zwack
   Brenda C. Zwack (D.C. Bar No. 482673)
      bzwack@odsalaw.com

   1300 L Street N.W., Suite 1200
   Washington, DC 20005
   (202) 898-1707

   Attorneys for Washington Teachers Union, Local #6, American Federation of Teachers, AFL-CIO
   and
   American Federation of State, County and Municipal Employees, District Council 20, AFL-CIO

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Defendants Washington Teachers Union, Local #6, American Federation of Teachers, AFL-CIO and American Federation of State, County and Municipal Employees, District Council 20, AFL-CIO's Motion to Dismiss Amended Complaint; Memorandum in Support of the Motion and proposed order were sent through the court's electronic case filing system to:

>John W. Bramlette
>jbramlette@nixonpeabody.com
>
>James Quincy Butler
>jqbutler1@hotmail.com
>
>Andres M. Grajales
>agrajales@afge.org
>
>Rachel R. Hranitzky
>rachel.hranitzky@dc.gov
>
>Thomas V. McCarron
>tmccarron@semmes.com, jjoseph@semmes.com
>
>Frank Charles Morris, Jr.
>Fmorris@ebglaw.com
>
>Martha J. Mullen
>martha.mullen@dc.gov; and richard.love@dc.gov
>
>Brian Wayne Steinbach
>bsteinbach@ebglaw.com
>
>Charles B. Wayne
>charles.wayne@dlapiper.com

June 20, 2007                                             /s/ Brenda C. Zwack

_____ Brenda C. Zwack

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA McMANUS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:07CV00252 (CKK) |
| DISTRICT OF COLUMBIA GOVERNMENT, et al., | ) |
| Defendants. | ) |

## ORDER

Upon consideration of the Motion to Dismiss Amended Complaint of the defendants Washington Teachers Union, Local #6, American Federation of Teachers, AFL-CIO and American Federation of State, County and Municipal Employees, District Council 20, AFL-CIO, and the entire record herein, it is this _____ day of _____, 2007, hereby

**ORDERED** that the Motion to Dismiss of the defendants Washington Teachers Union, Local #6, American Federation of Teachers, AFL-CIO and American Federation of State, County and Municipal Employees, District Council 20, AFL-CIO is **GRANTED**. The plaintiffs' amended complaint against Washington Teachers Union, Local #6, American Federation of Teachers, AFL-CIO and American Federation of State, County and Municipal Employees, District Council 20, AFL-CIO is hereby dismissed with prejudice.

_____
United States District Court Judge