IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EDNA McMANUS,** *et al.*
        **Plaintiffs,**

    *v.*                                 Civil Action No. 1:07cv00252 (CKK)

**DISTRICT OF COLUMBIA,** *et al.*
        **Defendants.**

### DEFENDANT CORVEL HEALTHCARE CORPORATION'S
### MOTION TO DISMISS AMENDED COMPLAINT

Defendant CorVel Healthcare Corporation ("CorVel") moves to dismiss the Amended Complaint as to CorVel with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) because Plaintiffs lack subject matter jurisdiction, have failed to satisfy necessary jurisdictional or administrative prerequisites, and fail to state a claim as to CorVel. In addition, the failure of the Amended Complaint to make any reasonably specific allegations as to CorVel fails to comport with the pleading prerequisites of Rules 8 and 9 and it should also be dismissed on this ground as well.

The reasons in support of CorVel's Motion to Dismiss Amended Complaint are set forth in the accompanying Memorandum of Points and Authorities and CorVel also adopts by reference the Motions to Dismiss and Memoranda of Points and Authorities filed by the other defendants as to any claims that include CorVel.[1]

---

[1] Should the Court not grant CorVel's motion as to all claims against it, CorVel expressly reserves the right to move to dismiss as to various Plaintiffs, as CorVel had nothing whatsoever to do with a substantial number of Plaintiffs.

Dated:  June 25, 2007						Respectfully submitted,


							EPSTEIN BECKER & GREEN, P.C.

							_____/s/____Frank C. Morris, Jr.___
							Frank C. Morris, Jr.
							Bar No. 211482

							_____/s/____Brian Steinbach_____
							Brian Steinbach
							Bar No. 256727
							1227 25th Street, N.W.
							Washington, D.C. 20037
							(202) 861-0900
							Attorneys for Defendant CorVel Healthcare Corporation

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Motion to Dismiss Amended Complaint was served this 25th day of June, 2007, by electronic service, on the following:

James Q. Butler, Esq.
Butler Law Firm
818 – 18th Street, Suite 1010
Washington, DC  20006

Attorney for Plaintiffs

Rachel R. Hranitzky
Martha J. Mullen
Office of the Attorney General
441 4th Street, N.W., 6th Floor North
Washington, D.C. 20001

Attorneys for the District of Columbia

Brenda Catherine Zwack
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, NW, Suite 1200
Washington, DC  20005

Attorney for AFSCME
District Council 20, AFL-CIO and
Washington Teachers Union

Andres M. Grajales
American Federation of Government Employees
80 F Street, NW, 10th Floor
Washington, DC  20001

Attorney for American Federation of Government
Employees

Alison N. Davis
Ford & Harrison LLP
1300 19th St., NW, Suite 700
Washington, DC 20036

Attorney for Concentra Incorporated

Laura E. Jordan
Law Offices of Laura E. Jordan, P.C.
4702 Wisconsin Avenue, NW
Washington, DC 20016

Attorney for CLW/CDM

Charles B. Wayne
DLA Piper US LLP
1200 Nineteenth Street, NW
Washington, DC 20036

Attorney for AON Risk Services Incorporated

Thomas V. McCarron
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, MD 21201

Attorney for CMI/Segwick

John W. Bramlette
Nixon Peabody, LLP
401 Ninth Street, NW, Suite 900
Washington, DC 20004

Attorney for Genex Services
Incorporated Subsidiary of Unum Provident and
Unum Group *also known as*
Unum Provident Insurance


        /s/    Frank C. Morris, Jr.
    Frank C. Morris, Jr.
    Bar No. 211482

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDNA McMANUS**, *et al.*        **Plaintiffs**,  *v.*  **DISTRICT OF COLUMBIA**, *et al.*        **Defendants.** | Civil Action No. 1:07cv00252 (CKK) |

### DEFENDANT CORVEL HEALTHCARE CORPORATION'S MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT

EPSTEIN BECKER & GREEN, P.C.

Frank C. Morris, Jr.
Bar No. 211482

Brian Steinbach
Bar No. 256727
1227 25th Street, N.W.
Washington, D.C. 20037
(202) 861-0900
Attorneys for Defendant CorVel Healthcare Corporation

DC:1016477v2

# TABLE OF AUTHORITIES

## FEDERAL CASES

Baker v. Newspaper and Graphic Union, Local 6, 628 F.2d 156 (D.C. Cir. 1980)........... 6

Board of Regents v. Roth, 408 U.S. 564 (1971) ................................................................ 9

Brady v. Livingood, 360 F. Supp. 2d 94 (D.D.C. 2004) ..................................................... 7

Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961) .......................................... 8

Dickson v. U.S., 831 F. Supp. 893 (D.D.C. 1993) ............................................................. 9

Graves v. United States, 961 F. Supp. 314 (D.D.C. 1997) ............................................... 7

Halberstam v. Welch, 705 F.2d 472 (D.C. Cir. 1983) ....................................................... 7

Hoai v. Vo, 935 F.2d 308 (D.C. Cir. 1991) ........................................................................ 8

Holman v. Williams, 436 F. Supp. 2d 68 (D.D.C. 2006) .................................................... 5

Ledbetter v. Goodyear Tire & Rubber Co., Inc., __ U.S. __, 127 S.Ct. 2162 (2007) ........ 8

McCreary v. Heath, 2005 WL 3276257 (D.D.C. 2005) ..................................................... 7

McDonald v. Santa Fe Rail Transportation Co., 427 U.S. 273 (1976) .............................. 8

Estate of Phillips v. District of Columbia, 257 F. Supp. 2d 69 (D.D.C.2003) .................... 7

Runyon v. McCrary, 427 U.S. 160 (1976) ......................................................................... 8

United Airlines v. Evans, 431 U.S. 553 (1977) ................................................................. 8

## D.C. CASES

Jack Baker, Inc. v. Office Space Development Corp., 664 A.2d 1236 (D.C. 1995) ......... 7

Stockard v. Moss, 706 A.2d 561 (D.C. 1997) ................................................................... 5

## STATUTES

Fourteenth Amendment................................................................................................ 8, 9

42 U.S.C. §1981 ............................................................................................................... 8

42 U.S.C. § 1983 .............................................................................................................. 8

42 U.S.C. §1985 ............................................................................................................... 7

42 U.S.C. § 1986 .............................................................................................................. 8

42 U.S.C. § 1988 .............................................................................................................. 8

42 U.S.C. § 2000e, et seq. ............................................................................................... 8

42 U.S.C. § 2000e-5(e) .................................................................................................... 8

D.C. Code §1-601, et seq. ............................................................................................... 5

D.C. Code §12-301 .......................................................................................................... 4

ii

## I. Introduction

The Amended Complaint in this case is brought by sixteen individuals, by their counsel, against CorVel Healthcare Corporation ("CorVel") and thirteen other Defendants.[1] CorVel respectfully moves to dismiss the Amended Complaint with prejudice in its entirety as to CorVel. CorVel moves to dismiss on the basis of a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6). Although the Amended Complaint vaguely pleads eight causes of action, two are not really causes of action but are simply requests for specific relief (Count 6 – Request for Injunctive Relief and Count 8 – Restraining Order as to Retaliation). Of the remaining six counts, only three even mention CorVel.

The alleged actual causes of action are:

Count 1 – Breach of Employment Agreement (mentions CorVel)

Count 2 – Breach of Collective Bargaining Agreement (mentions CorVel)

Count 3 – Breach of Duty of Fair Representation (does not mention CorVel)

Count 4 – Violation of Right of Due Process (does not mention CorVel)

Count 5 – Declaratory Judgment Action (mentions CorVel)

Count 7 – Relates to Unum only (does not mention CorVel)

Thus, only three counts even mention CorVel. As we show below, none of these three claims survive even minimal scrutiny as to CorVel.

The first is Count 1, which is an alleged breach of employment contract

---

[1] On May 25, 2007, CorVel moved to dismiss the original Complaint on essentially the same grounds as stated herein. Rather than oppose that motion, Plaintiffs on June 11, 2007 filed a "Motion to Amend Complaint," along with a proposed Amended Complaint, which they could file as of right as no responsive pleading had yet been filed. Accordingly, this motion treats the Amended Complaint as already filed. As discussed below, however, as to CorVel, the Amended Complaint adds only one vague allegation that provides no basis for plaintiffs to avoid dismissal of all their claims against CorVel.

(Complaint paragraph 57). Plaintiffs, however, do not allege that CorVel is a party to the alleged contract referred to in Count 1. Plaintiffs' claim references only a "collective bargaining agreement between the city and the unions" (Amended Complaint paragraph 57). CorVel was neither the employer of any Plaintiff, nor the union representing any employee, nor a party to any agreement, and the Amended Complaint does not claim to the contrary.

Count 2 concerns an alleged breach of collective bargaining agreement (Amended Complaint paragraphs 61-63). Although CorVel's name is mentioned in paragraph 61 of the Complaint, Plaintiffs do not allege that CorVel is a party to the collective bargaining agreement at issue, which is apparently between the City and various of the union Defendants.

Count 5 seeks a declaratory judgment (paragraphs 78-79). There are no specific allegations as to any conduct by CorVel, and Plaintiffs merely allege that CorVel and the other Defendants "are engaging in [unspecified] criminal and civil wrongdoing" that amounts to a "conspiracy" (Amended Complaint paragraphs 32-33, 78). Plaintiffs' vague reference to a conspiracy involving many entities, however, does not suffice to state a claim.

In short, the Amended Complaint, like the original complaint, fails to satisfy basic pleading requirements as set forth under Rules 8 and 9 of the Federal Rules of Civil Procedure, as it does not provide a defendant with a short and plain statement of a claim that provides fair notice to the defendant. Even more importantly, the three claims that arguably attempt to embrace CorVel fail for want of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## II.  Factual Background

The Amended Complaint alleges that the Plaintiffs are current or former District of Columbia government employees (Amended Complaint paragraphs 2-17) who either were terminated from employment or allegedly otherwise were denied benefits from their employment (Amended Complaint paragraphs 33(A) and (B)).  Without identifying the parties actually involved in the alleged employment contract as to any particular plaintiff, the Amended Complaint claims that the Plaintiffs filed grievances that were not pursued to arbitration against the desires of the Plaintiffs (Amended Complaint paragraphs 38-41).  There is no allegation, however, that CorVel in any way had anything to do with the processing of any grievance filed by any Plaintiff.  This, of course, follows from the fact the CorVel was neither a union representing any of the Plaintiffs nor the employer of any of the Plaintiffs.  CorVel is a provider of healthcare management services.

The Amended Complaint also asserts that the failure of the Plaintiffs' grievances to proceed to arbitration and [some] unions' alleged failure to fulfill their duties of fair representation as to the Plaintiffs was part of a conspiracy supposedly aimed at preventing the Plaintiffs from contesting alleged employment actions taken against them by the District of Columbia government (Amended Complaint paragraph 41 and passim).  As noted above, only Counts 1, 2 and 5 even mention CorVel.  The other counts of the Amended Complaint plainly may not lie against CorVel as there is no relationship pleaded to provide a basis for those causes of action.  Counts 3 and 4 concerning alleged breach of the duty of fair representation and violation of right to due process, respectively, and each recite allegations concerning only the various union

3

Defendants. Count 7 is addressed solely to alleged actions by Genex Services, a subsidiary of Unum Group, with no mention whatsoever of CorVel. Count 6, a request for injunctive relief, and Count 8, which is captioned as "a restraining order as applied to retaliation," also do not recite any specific allegations as to CorVel. To the extent these counts seek injunctive relief, they fail to provide a predicate for the awarding of injunctive relief. Indeed as CorVel was never the employer of any of the employees involved, none of the several statutes mentioned in Count 8 would afford any rights under any set of facts against CorVel.

Thus, in short, the Amended Complaint, like the original Complaint, is remarkably vague and fatally deficient, failing to identify specific actions as to most of the Defendants and most explicitly failing to identify any improper actions by Defendant CorVel. Indeed, the only allegation remotely referring to any action by CorVel is an allegation added by the Amended Complaint that a claims examiner for CorVel on September 28, 1998 denied an injury claim made by Plaintiff Gaynell Nixon. (Amended Complaint, paragraph 3.) Notably, there is no allegation that this denial was improper, nor does Plaintiff Nixon seek to challenge or reverse the denial.[2] As shown in the next section, therefore, the three counts which arguably attempt to include CorVel (Counts 1, 2 and 5) should all be dismissed with prejudice by the Court and CorVel awarded its attorneys' fees and costs for defending against this vexatious action which is continued and exacerbated by the Amended Complaint.

---

[2] Further, as this event is alleged to have occurred over seven years ago, any action challenging it on its face is barred by statute of limitations. See, e.g., D.C. Code §12-301 (three year limitation for actions for which a specific limitation is no prescribed).

4

### III. Argument

A. Counts 1, 2, 3, and 4 should be dismissed as the allegations fail to establish subject matter jurisdiction as to CorVel, a private entity, and in any event, Plaintiffs' claims are barred by DC Comprehensive Merit Personnel Act.

To the extent any of the claims in the Amended Complaint address rights founded upon a collective bargaining agreement between the District of Columbia and Plaintiffs or their unions, these claims fail for lack of subject jurisdiction under FRCP 12(b)(1). This result is compelled by the District of Columbia Comprehensive Merit Personnel Act (the "CMPA") D.C. Code §1-601, et seq. The CMPA directly addresses and controls District of Columbia employment matters for D.C. employees such as those apparently attempted to be raised by Plaintiffs in this case. The CMPA, therefore, pre-empts this Court's jurisdiction, as this Court previously held in Holman v. Williams, 436 F. Supp. 2d 68, 74 (D.D.C. 2006) (Friedman, J.). "Preemption by the CMPA divests the trial court – whether it be the Superior Court or this Court – of subject matter jurisdiction." Id. Also relevant is Stockard v. Moss, 706 A.2d 561, 567 (D.C. 1997), holding that the "CMPA provides the exclusive remedy for claims falling within its ambit."

Plaintiffs' Counts 1, 2, and 3 refer to an alleged breach of their employment contract or to an alleged failure or refusal of the union Defendants to represent Plaintiffs in employment actions allegedly taken against them by their employer, the District of Columbia government. In these circumstances, the various allegations, whether they are pled as breach of the duty of fair representation, breach of contract or denial of due process (Count 4[3]) are all controlled by the CMPA.

---

[3] As a private entity, CorVel cannot be sued for any alleged due process rights of D.C. employees.

Even if the Plaintiffs' Amended Complaint could avoid the CMPA as to any claims for breach of contract, breach of the duty of fair representation[4] or the denial of due process, those claims could only lie as to a union representing a given Plaintiff and the District of Columbia government, their current or former employer. In no sense can these claims provide a cause of action against a private entity which is not the employer or the union representative of Plaintiffs. Baker v. Newspaper and Graphic Union, Local 6, 628 F.2d at 165. Plaintiffs' Amended Complaint does not allege that CorVel was a party to any contract with any plaintiff. See also infra, immediately below. Accordingly, it is clear that the Amended Complaint should be dismissed under F.R.Civ.P. Rule 12(b)(1) for want of jurisdiction as to CorVel.

      B.    In addition, any counts attempting to embrace CorVel should be dismissed for failure to state a claim under F.R.Civ.P. Rule 12(b)(6).

           1.    There are no allegations showing CorVel was a party to a contract with Plaintiffs.

The Amended Complaint should also be dismissed as to CorVel pursuant to FRCP Rule 12(b)(6) because the Amended Complaint fails to state a claim upon which relief can be granted. The total factual insufficiency of the Amended Complaint in this matter is not surprising as there is no basis upon which Plaintiffs may state a claim against CorVel. As to Count 1, the alleged breach of employment contract, Plaintiffs' claim fails, among other reasons, because there are no factual allegations showing the existence of a contract between Plaintiffs and CorVel. It is necessary, of course, for Plaintiffs to be able to make good faith allegations of the existence of such a contract to

---

[4] A duty of fair representation claim may only be pursued against a party to the applicable collective bargaining agreement. See, e.g., Baker v. Newspaper and Graphic Union, Local 6, 628 F.2d 156, 165 (D.C. Cir. 1980) (fair representation claim could not be brought by Teamster locals against Teamster Conference because Conference was not a party to the contract). Thus such a claim may not be pursued against CorVel.

assert a contract breach.  <u>Jack Baker, Inc. v. Office Space Development Corp.</u>, 664 A.2d 1236, 1240 (D.C. 1995).  Plaintiffs' claim in Count 2 similarly fails for lack of any allegations that CorVel was a party regarding any collective bargaining agreement.

       2.       There are no allegations showing CorVel was party to any alleged conspiracy.

The failure of the Amended Complaint to allege any reasonably specific facts as to improper alleged actions by CorVel, in light of the imprecise, overbroad and completely nebulous conspiracy claim underlying this Amended Complaint, shows the utter meritlessness of the conspiracy claim underpinning as to CorVel.  The conspiracy assertions are a red herring to divert attention from the lack of the ability to plead predicate acts to establish a conspiracy.

The law is plain that one must allege, as an essential element of the conspiracy, the existence of an actual conspiracy (<u>see</u> 42 U.S.C. §1985; <u>Halberstam v. Welch</u>, 705 F.2d. 472, 477 (D.C. Cir. 1983) (outlining necessary elements of a civil conspiracy claim); and <u>Graves v. United States</u>, 961 F.Supp. 314, 319-320 (D.D.C. 1997).

As Judge Friedman of this Court explained in <u>McCreary v. Heath</u>, No. Civ.A. 04-0623 PLF, 2005 WL 3276257 (D.D.C. Sept. 26 2005), as to the requirements for a conspiracy claim in general and a predicate agreement in particular:

> In the civil context, a conspiracy is a " 'combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an *agreement* between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." ' <u>Brady v. Livingood</u>, 360 F.Supp.2d 94, 104 (D.D.C. 2004) (quoting <u>Graves v. United States</u>, 961 F.Supp. at 320 (emphasis in original). **To survive a motion to dismiss, a plaintiff must set forth more than just conclusory allegations of an agreement.** *See* <u>Brady v. Livingood</u>, 360 F.Supp.2d at 104 (citing <u>Graves v. United States</u>, 961 F.Supp. at 321 (dismissing claim where plaintiff merely alleged that his former employer "colluded" with the Department of Education to keep him underemployed, without putting forth "any facts showing the existence

7

>or establishment of any agreement") and <u>Estate of Phillips v. District of Columbia</u>, 257 F.Supp.2d 69, 83 (D.D.C.2003) (dismissing conspiracy claim where plaintiffs failed to specify how the defendants "acted in concert")).

2005 WL 3276257 at *5 (emphasis added). There are no allegations of CorVel being party to any agreement that could provide the basis for good faith allegations of a conspiracy in which CorVel was involved.

>3. There is no basis for a claim against CorVel under any of the statutes mentioned in the Amended Complaint.

Further, there can be no claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et seq.</u>, as CorVel was not the employer of any plaintiff, nor is there any allegation of discrimination on the basis of any of the categories prohibited by Title VII. There is also no allegation that a timely charge was filed with the EEOC as required by Title VII, 42 U.S.C. § 2000e-5(e). <u>United Airlines v. Evans</u>, 431 U.S. 553 (1977); <u>Ledbetter v. Goodyear Tire & Rubber Co., Inc.</u>, __ U.S. __, 127 S.Ct. 2162 (2007).

Plaintiffs' reliance on 42 U.S.C. §§1981, 1983, 1986, 1988, and the Fourteenth Amendment, and the laws of the District of Columbia are all unavailing. Because the Amended Complaint fails to state a claim for conspiracy, it may not survive to allege a claim under 42 U.S.C. 1981 or the Fourteenth Amendment. Moreover, there are no allegations in the Amended Complaint regarding discrimination on the basis of race, color, or aleinage which would be required to sustain a claim under 42 U.S.C. 1981. <u>Runyon v. McCrary</u>, 427 U.S. 160 (1976); <u>McDonald v. Santa Fe Rail Transportation Co.</u>, 427 U.S. 273 (1976). Similarly, and particularly as to a private party defendant such as CorVel, there is no state action by CorVel pleaded and pleading of state action as to a private party is required under 42 U.S.C. § 1983 or the Fourteenth Amendment.

8

Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961); Hoai v. Vo, 935 F.2d. 308, 312 (D.C. Cir. 1991). Without good faith specifics in support of their conspiracy claim, the Plaintiffs may not sue CorVel for supposedly having acted under color of law. No such allegations have or could be made.

Plaintiffs' Fourteenth Amendment claim, if in fact there is one, should also be dismissed because Plaintiffs have failed to plead the requisite property interest to entitle them to such a claim. This Court has held "property interests in employment are created by non-constitutional independent sources, such as statutes or existing understandings." Dickson v. U.S., 831 F. Supp. 893, 898 (D.D.C. 1993) (Richey, J.), citing Board of Regents v. Roth, 408 U.S. 564, 577 (1971). As the Supreme Court held in Roth, "property interests, of course, are not created by the Constitution." Id. The Amended Complaint utterly fails to identify any non-constitutional legal basis for an alleged property interest in continued employment. Moreover, even if such an interest had been alleged, that claim could lie only as to the District of Columbia government and possibly a union representing a particular employee. It cannot lie as to CorVel, and there are no allegations to support such a claim. Thus, it becomes clear that the Amended Complaint also should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted as to CorVel.

## Conclusion

For all of the reasons stated above, and in the motions to dismiss and memoranda in support filed by the other Defendants, which are adopted herein by reference, CorVel respectfully requests that this Court dismiss with prejudice Plaintiffs' Amended Complaint as to any claims it may attempt to state against CorVel and award

9

CorVel its attorneys' fees and costs for having to respond to a plainly frivolous and vexatious Complaint and Amended Complaint.

Dated:  June 25, 2007  Respectfully submitted,

                                        EPSTEIN BECKER & GREEN, P.C.

                                          /s/   Frank C. Morris, Jr.
Frank C. Morris, Jr.
Bar No. 211482

                                          /s/   Brian Steinbach
Brian Steinbach
Bar No. 256727
1227 25th Street, N.W.
Washington, D.C. 20037
(202) 861-0900
Attorneys for Defendant CorVel Healthcare Corporation

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Memorandum of Points and Authorities in Support of CorVel's Motion to Dismiss Amended Complaint was served this 25th day of June, 2007, by electronic service, on the following:

>James Q. Butler, Esq.
>Butler Law Firm
>818 – 18th Street, Suite 1010
>Washington, DC  20006
>
>Attorney for Plaintiffs
>
>Rachel R. Hranitzky
>Martha J. Mullen
>Office of the Attorney General
>441 4th Street, N.W., 6th Floor North
>Washington, D.C. 20001
>
>Attorneys for the District of Columbia
>
>Brenda Catherine Zwack
>O'Donnell, Schwartz & Anderson, P.C.
>1300 L Street, NW, Suite 1200
>Washington, DC  20005
>
>Attorney for AFSCME
>District Council 20, AFL-CIO and
>Washington Teachers Union
>
>Andres M. Grajales
>
>American Federation of Government Employees
>80 F Street, NW, 10th Floor
>Washington, DC  20001
>
>Attorney for American Federation of Government Employees
>
>Alison N. Davis
>Ford & Harrison LLP
>1300 19th St., NW, Suite 700
>Washington, DC 20036
>
>Attorney for Concentra Incorporated

11

Laura E. Jordan
Law Offices of Laura E. Jordan, P.C.
4702 Wisconsin Avenue, NW
Washington, DC 20016

Attorney for CLW/CDM

Charles B. Wayne
DLA Piper US LLP
1200 Nineteenth Street, NW
Washington, DC 20036

Attorney for AON Risk Services Incorporated

Thomas V. McCarron
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, MD  21201

Attorney for CMI/Segwick

John W. Bramlette
Nixon Peabody, LLP
401 Ninth Street, NW, Suite 900
Washington, DC  20004

Attorney for Genex Services
Incorporated Subsidiary of Unum Provident and
Unum Group *also known as*
Unum Provident Insurance


        /s/   Frank C. Morris, Jr.
Frank C. Morris, Jr.
Bar No. 211482

12