## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDNA MCMANUS, *et al*

        Plaintiffs,

    v.

DISTRICT OF COLUMBIA, *et al*,

        Defendants.

CIVIL ACTION NO.: 1:07-CV-00252-CKK

### DEFENDANT CONCENTRA INC.'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12 (b) (1), (5) and (6), Defendant Concentra Inc. ("Concentra") hereby respectfully moves to dismiss the above-captioned case for the following reasons:

(1)    The claims against Concentra must be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiffs have failed to serve properly the Summons and Complaint upon Concentra.

(2)    The claims against Concentra must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks subject matter based on the vague factual allegations.

(3)    The claims against Concentra must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Plaintiffs have failed to state a claim upon which relief can be granted.

As grounds for this request, Concentra relies on the points and authorities set forth in the Memorandum accompanying this Motion.  Pursuant to paragraph 9 of the Court's March 6, 2007, order, a proposed order does not accompany this Motion.


Dated: June 25, 2007                          Respectfully submitted,


                                              By: /s/ Alison N. Davis
                                                  Alison N. Davis
                                                  D.C. Bar No. 429700

                                                  FORD & HARRISON LLP
                                                  1300 19th Street, N.W., Suite 700
                                                  Washington, DC  20036
                                                  (202) 719-2000
                                                  (202) 719-2077 (Fax)
                                                  adavis@fordharrison.com

                                                  Attorneys for Defendants CONCENTRA Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDNA MCMANUS, *et al* <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al*, <br><br> Defendants. | CIVIL ACTION NO.: 1:07-CV-00252-CKK |

**DEFENDANT CONCENTRA INC.'S MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO DISMISS**[1]

Defendant, Concentra Incorporated ("Concentra"), by its attorneys, Alison N. Davis and Ford & Harrison, LLP, hereby submits this Memorandum in Support of its Motion to Dismiss and states:

### I.    **FACTUAL STATEMENT**

On February 1, 2007, Plaintiffs Edna McManus, Gaynell Nixon, Shirley Massey, Sandra Mitchner, William Workcuff, Edward Clark, Slatel Dillon, Audrey Tucker, Arzella Smith, Geraldine Talley Hobby, Erwin Diggs, John Lewis, Veleria Jones Coe, Fletcher Scott, Ronald Minor, and Otis R. Mahoney, Sr. (collectively referred to herein as "Plaintiffs") brought this action in which they allege multiple claims against fourteen

---

[1] Plaintiffs assert in their Motion to Amend Complaint that a party can amend a pleading at any time prior to the filing of a responsive pleading. Document No. 23. Accordingly, Concentra will respond as though Plaintiffs simply filed an amended complaint. Should the Court disagree with Concentra's position, Concentra hereby requests that the Court treat this Memorandum as an opposition to Plaintiffs' Motion to Amend Complaint and deny Plaintiffs' Motion for the reasons set forth herein.

1

Defendants, including Concentra.[2]  On April 3, 2007, Plaintiffs had a process server

deliver to Corporation Service Company ("CSC"), a Summons directed to "Concentra

Incorporated" with a copy of the Complaint.  *See* Attachment 1 (Affidavit Eleanor J.

Thompson at ¶ 7).  CSC is not an authorized registered agent for Concentra in the District

of Columbia.  *Id.* at ¶ 6.  In fact, Concentra does not do business in the District of

Columbia.  *Id.* at ¶ 5.   For that reason, on April 5, 2007, CSC returned service of process

to Plaintiffs' attorney.  *Id.*  at ¶ 8 (Exhibit A).  CSC notified Plaintiffs that it was

returning service "because two different companies have very similar names, the name of

the company for whom service is directed MUST BE IDENTICAL to the company name

on file with the Secretary of State, or other appropriate state agency."  *Id.*  Despite this

notification, on April 23, 2007, Plaintiffs submitted to this Court documentation that the

Summons and Complaint in this matter had been served on Concentra on April 3, 2007.[3]

Document No. 9.

        After several of the Defendants filed Motions to Dismiss, Plaintiffs on June 11,

2007 filed an Amended Complaint.   Document No. 23.  While the Amended Complaint

adds some facts relating to Plaintiffs, it is virtually identical to the initial Complaint.  It

still names Concentra as a Defendant.

---

[2] In addition to Concentra, Plaintiffs have named the following entities in this action: the District of
Columbia Government; AFSCME District Council 20, AFL-CIO ("AFSCME"); American Federation of
Governmental Employees ("AFGE"); International Brotherhood of Teamsters Local Union No. 639;
Washington Teachers Union ("WTU"); Fraternal Order of Police; Corvel Healthcare ("Corvel"),
CLW/CDM; AON Risk Services Incorporated; CMI/Sedgewick; Genex Incorporated, subsidiary of UNUM
Provident ("Genex"); UNUM Group a.k.a UNUM Provident Insurance Company; and Robert A. Smith,
M.D., P.C.
[3] It should be noted that the return of service states that Concentra was served personally.

The Amended Complaint purports to assert eight causes of action.  Of the eight Counts, only five are directed at Concentra.[4]  Those five counts include the following:

    (1)      Breach of Employment Contract (Count 1)

    (2)      Breach of Collective Bargaining Agreement (Count 2);

    (3)      Declaratory Judgment Action (Count 5);

    (4)      Request for Injunctive Relief (Count 6); and

    (5)      Restraining Order as Applied to Retaliation (Count 8).

Of the five remaining Counts, only Counts 1 and 2 appear to allege substantive causes of action.  Counts 5, 6 and 8 are requests for equitable relief.[5]

**II.**    <u>**ARGUMENT**</u>

    A.    <u>The Court Should Dismiss The Claims Against Concentra Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure Because the Plaintiffs Have Failed to Serve Concentra In Accordance With Rule 4(h).</u>

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a court may dismiss a complaint without prejudice for ineffective service of process.  *See* Fed. R. Civ. P. 12 (b)(5)  "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law."  *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations and citations omitted).

Plaintiffs' claims against Concentra must be dismissed pursuant to Rule 12 (b)(5) because Plaintiffs have failed to notify Concentra properly of the existence of this

---

[4] Counts 3, 4, and 7 are not directed at Concentra.  Accordingly, Concentra does not address those Counts in its Motion.

[5] Counts 5, 6, and 8 should be dismissed for that reason since they do not purport to state a substantive cause of action.

lawsuit. Rule 4(h) of the Federal Rules of Civil Procedure, which controls service upon

corporations, requires that service of process be effected either in a manner prescribed for

individuals within the judicial district or "by delivering a copy of the summons and of the

complaint to an officer, a managing or general agent, or to any other agent authorized by

appointment or by law to receive service of process." Service upon an individual located

within a judicial district may be effected:

> (1) pursuant to the law of the state in which the district court is
> located, or in which service is effected, for the service of a
> summons upon the defendant in an action brought under the courts
> of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and the complaint to the
> individual personally or by leaving copies thereof at the
> individual's dwelling house or usual place of abode with some
> person of suitable age and discretion then residing therein or by
> delivering a copy of the summons and of the complaint to an agent
> authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Plaintiffs have failed to comply with Rule 4. Despite the proof of service which

Plaintiffs filed with the Court, Concentra was not personally served with the Complaint.[6]

Rather, Plaintiffs attempted service on Concentra by delivering a copy of the Summons

and Complaint to CSC. There, however, is no evidence that CSC was authorized by

appointment or law to accept service of process for Concentra. In fact, the evidence is to

the contrary.

The Federal Rules of Civil Procedure also require that service must be made

within 120 days after the filing of the complaint or the complaint will be dismissed. *See*

Fed. R. Civ. P. 4(m) (stating that if service of the summons and complaint are not made

---

[6] Plaintiffs' process server, Tony Adolino, attempted to serve Concentra by serving CSC. This is not
personal service. Rule 4(d)(1) governs personal service. Leaving a copy of the Summons and Complaint
with someone other than an officer of a corporation is not personal service.

upon a defendant within 120 days after the filing of the complaint, the court, after notice

is given to the plaintiff, shall dismiss the action); *Dingwall v. Nat'l Inst. Of Health Police

*Dep't.*, 404 F. Supp. 2d 1, 2 (D.D.C. 2005) (dismissing cause of action against one

defendant because plaintiff did not serve the defendant within the requisite 120-day time

period). Since Plaintiffs filed their Complaint on February 1, 2007, service of process

should have been completed by June 1, 2007. Although Plaintiffs were notified over two

months ago that service was not proper, Plaintiffs still have not properly served

Concentra.[7] Plaintiffs therefore have not met the 120-day service of process time

requirement.

As Plaintiffs have failed to service Concentra in a manner for which Rule 4

provides in a timely fashion, Plaintiffs' claims against Concentra must be dismissed

because the Court lacks personal jurisdiction. *Baade v. Price*, 175 FRD 403, 405 (D.D.C.

1997) (stating that "the law is clear and mandating that there be strict compliance to Rule

4(h) and it is irrelevant whether or not defendant . . . had actual notice of the lawsuit" and

finding service on non-registered agent as being insufficient service of process).

B.    Plaintiff Has Failed To Prove That The Court Has Subject Matter
      Jurisdiction Over Claims In Which Concentra Is Named.

Assuming the Court finds service on Concentra was effective, the Court lacks

subject matter jurisdiction over Plaintiffs' claims against Concentra because there is

neither a substantial federal question nor complete diversity present. "Federal courts are

courts of limited jurisdiction, possessing only the power conferred by the Constitution

and statutes." *Anderson v. Wiggins*, 460 F. Supp. 2d 1, 6 (D.D.C. 2006) (citing *Logan v.

*Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 152 (D.D.C. 2004) (quoting *Kokkonen v.*

---

[7] Concentra only learned of the Amended Complaint because it appeared on the docket.

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). There is a presumption against federal court jurisdiction, and the burden is on Plaintiffs to prove subject matter jurisdiction by a preponderance of the evidence. *See Id.*; *Shafi v. Flowers-Hinnant*, Civil Action No. 05-0592(RWR), 2006 U.S. Dist. LEXIS 41469, *3(D.D.C. June 21, 2006).

Generally, the bases for subject matter jurisdiction are federal questions under 28 U.S.C. § 1331 and diversity under 28 U.S.C. § 1332. The federal question jurisdiction statute provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* (quoting 28 U.S.C. § 1331). Section 1332 provides that a district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

Plaintiffs attempt to invoke federal question jurisdiction by alleging causes of action arising under the Constitution and federal laws. Specifically, Plaintiffs assert:

> [t]his cause of action arose in the District of Columbia and is brought pursuant to 42 U.S.C. ss:[sic] 1981, 1983, 1986, 1988, 2000(e), the Fourteenth Amendment to the United States Constitution, and the laws of the District of Columbia in that the Defendants based upon information and belief engaged in a conspiracy, combination and agreement to discriminate against these 13 Plaintiffs, and to deprive these 13 Plaintiffs of their constitutional rights under color of law.

Amended Complaint at ¶ 1. While Plaintiffs refer to several federal statutes and the Constitution in the Amended Complaint, the two counts in which Concentra is named all are grounded in state common law.[8] Count 1 refers to an alleged breach of their employment contract. Count 2 alleges breach of a collective bargaining agreement. Noticeably absent from the Amended Complaint is an allegation that Concentra was a

---

[8] Any constitutional claims which could be gleaned from Plaintiffs' Complaint could not be against Concentra, which is a private entity.

party to an employment contract with Plaintiffs or that Concentra was a union representing Plaintiffs. Rather, the dispute appears to arise out of a dispute between Plaintiffs and their employer and union representatives. Accordingly, for the reasons set forth in WTU and AFSCME's Motions to Dismiss, Document Nos. 7 and 25, any claim is properly brought before the D.C. Public Employee Relations Board against their employer and the union.[9]

Further, assuming the Court determines that Plaintiffs have asserted a state law claim against Concentra, diversity of citizenship also is not a proper jurisdictional basis for Plaintiffs' claims against Concentra. There is not complete diversity between Plaintiffs and Defendants. More than one of the Plaintiffs is alleged to reside in the District of Columbia[10] and the District of Columbia is a named Defendant.

C.    The Complaint Must Be Dismissed Pursuant to Rule 12(b)(6) Of the Federal Rules of Civil Procedure Because the Allegations Against Concentra Fail to State A Claim Upon Which Relief May Be Granted.

Should the Court find that service on Concentra was effective, it should dismiss all claims against Concentra because Plaintiffs have failed to state a claim. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court can dismiss a complaint where the complaint fails to set forth claims upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal of a complaint under Rule 12(b)(6) is proper if:

> after construing the complaint liberally in [the plaintiff's] favor and granting [the plaintiff] the benefit of all reasonable inferences to be derived from the facts alleged, [the plaintiff can] prove no set of facts in support of his claim that would entitle him to relief.

---

[9] Concentra incorporates herein as if fully set forth WTU and AFSCME's Motions to Dismiss.
[10] Edna McManus, Shirley Massey, Sandra Mitchner, William Workcuff, Edward Clark, Audrey Tucker, Velerie Jones Coe, Fletcher Scott, and Otis R. Mahoney, Sr.

*Henthorn v. Dept. of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994). Despite the liberal pleading standards permitted by federal procedural rules, a court is not bound to accept inferences which are not supported by facts alleged in the complaint, and is not required to accept legal conclusions alleged in the complaint as factual assertions. *Id.*

Plaintiffs' Amended Complaint is based purely on conclusory factual allegations and unsupported legal conclusions. There is no allegation that Concentra was a party to a contract with Plaintiffs. There also is no allegation sufficient to show that Concentra was a party to a conspiracy. Finally, despite Plaintiff's acknowledgement of the U.S. Supreme Court's recent pronouncement on the minimum pleading standard in *Bell Atl. Corp. v. Twombly*, No. 05-1126, 500 U.S. _____ (May 21, 2007), Plaintiffs have not sufficiently pled facts which make their right to relief from Concentra more than speculative. Indeed, Plaintiffs' Amended Complaint does not even cure the deficiencies enumerated in the Motions to Dismiss which AFGE, UNUM Group, Genex, Corvel, and CMI/Sedgewick have filed.[11] Document Nos. 5, 13, 15, 19 and 21. Accordingly, the Court should dismiss Plaintiffs' claims against Concentra.

III.    **CONCLUSION**

For all of the reasons stated above, Concentra respectfully requests that this Court dismiss with prejudice Plaintiffs' Complaint as to all claims which are raised against Concentra. Concentra further requests that the Court award its attorneys' fees and costs for responding to this frivolous lawsuit.

---

[11] Concentra adopts these Motions and incorporates them herein as if fully set forth.

Dated: June 25, 2007

Respectfully submitted,

By: /s/ Alison N. Davis
_____
    Alison N. Davis
    D.C. Bar No. 429700

    FORD & HARRISON LLP
    1300 19th Street, N.W., Suite 700
    Washington, DC  20036
    (202) 719-2000
    (202) 719-2077 (Fax)
    adavis@fordharrison.com

    Attorneys for Defendants CONCENTRA, Inc.

DC:66833.1

9

**1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDNA MCMANUS, *et al*,

       Plaintiffs,

    v.

DISTRICT OF COLUMBIA, *et al*,

       Defendants.

CIVIL ACTION NO.: 1:07-CV-00252-CKK

## DECLARATION OF ELEANOR J. THOMPSON

    Pursuant to 28 U.S.C. § 1746, I, Eleanor J. Thompson, being over eighteen (18) years of age and competent to testify as a witness and having personal knowledge of the facts set forth below, do hereby make oath in due form as follows:

    2.     I am an officer of Concentra Inc. ("Concentra"), holding the title of Assistant Corporate Secretary.

    3.     Concentra is a holding company incorporated in the State of Delaware. Concentra strictly maintains the separation of parent from its wholly-owned subsidiaries.

    4.     Concentra's principal place of business is in the State of Texas.

    5.     Concentra cannot be found within the federal judicial district of the District of Columbia. Concentra does not transact business in Washington, D.C., and has not entered into any contracts to supply services in the District of Columbia. Concentra does not have a license to do business in the District of Columbia. Concentra does not hold or own property in the District of Columbia. Concentra does not have any employees in the District of Columbia.

1

6.     Concentra does not have an appointed registered agent for acceptance of service of process in the District of Columbia. Corporation Service Company ("CSC") is not Concentra's authorized agent for service of process in the District of Columbia.

7.     When CSC advised Concentra that Plaintiffs had attempted to serve a Summons and Complaint in the above captioned case on Concentra in Washington, D.C. through CSC, Concentra informed CSC that it was not authorized to accept service on behalf of Concentra.

8.     CSC immediately thereafter advised Plaintiffs that CSC was not authorized to accept service for Concentra and rejected service. (Exhibit A, letter to Plaintiffs' counsel dated April 5, 2007).


I HEREBY DECLARE UNDER PENALTY OR PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

Eleanor J. Thompson                                             June 25, 2007
                                                                Date

DC:66906.1

2





CORPORATION SERVICE COMPANY®

# Return of Service of Process

**JUT**
**Transmittal Number: 5083536**

**Return to Sender Information:**

James Q Butler
Butler Law Group, PLLP
818 18th Street
Suite 1010
Washington, DC 20006

| | |
|---|---|
| **Date:** | 04/05/2007 |
| **Entity:** | Concentra Incorporated |
| **Title of Action:** | Edna McManus vs. District of Columbia Government |
| **Court:** | United States District Court, District Of Columbia |
| **Case Number:** | 1:07CV00252 |

Service of Process has been received from you on behalf of one of the defendants named in the above action.

The service of process received from you is being returned. We cannot receive this service as registered agent due to the reason(s) listed below.

Because two different companies can have very similar names, the name of the company for whom service is directed MUST BE IDENTICAL to the company name on file with the Secretary of State, or other appropriate state agency.

Our client records are confidential. We do not release any information on our clients, agent representation or service received. We suggest you contact the Secretary of State, or other appropriate agency, for more information.

2711 Centerville Road   Wilmington, DE 19808
(888) 690-2882   |   sop@cscinfo.com



AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Edna McManus, et al.

Plaintiffs,

**SUMMONS IN A CIVIL CASE**

V.

Concentra Incorporated, et al.

CASE NUMBER 1:07CV00252

Defendants.

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Employment Discrimination

DATE STAMP: 02/01/2007    JURY ACTION

TO: (Name and address of Defendant)

Concentra Incorporated
Corporation Service Company
1090 Vermont Ave., N.W.    #430
Washington, DC 20005

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

James Q. Butler, Esq.
Butler Legal Group, PLLP
818 18th St. N.W. Ste. 1010
Washington, DC 20006

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON    FEB - 1 2007

CLERK    DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

G    Served personally upon the defendant.  Place where served:

_____

_____

G    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G    Returned unexecuted: _____

_____

_____

G    Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                        Date                        *Signature of Server*

                                _____
                                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Nancy M. Mayer-Whittington
Clerk

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P.73 and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

## WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are not foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

## WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

CO-942A
Rev 3/95
Rev 7/99

Rev. 4/06

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

# INITIAL ELECTRONIC CASE FILING
## ORDER

Subsequent filings in this case must be made electronically using the Court's Electronic Case Filing System (ECF) pursuant to Local Rule 5.4.

ORDERED that counsel shall:

- Submit in paper, the original and copy of the complaint/notice of removal/petitions for habeas corpus and any accompanying papers (**not including summons and civil cover sheets**). Additionally, litigants are hereby required to provide those filings in PDF Format on a floppy disk or CD-Rom compact disk. The disk should be clearly labeled with the case number (if known) and the name of the parties. If unable to deliver the filing on a disk at the time of the new case filing, counsel should e-mail the initiating document and accompanying papers to dcd_cmecf@dcd.uscourts.gov by the close of business the day the new case was filed. Failure to supply electronic copies of the new case in a timely manner, will result in the attorney's name being added to the attorney non-compliant list and shared with the Court's ECF Judge's Committee. **Regardless of what option counsel chooses, the complaint/notice** of removal and accompanying papers must come to the Court as PDF documents. Each exhibit to the new case shall be in a separate PDF file. Failure to submit PDF versions of the complaint/notice of removal and other documents will delay the opening of the case in ECF.

- Register, if not previously registered, to become an electronic filer by completing and returning the enclosed ECF Registration Form found on the Court's Website at (www.dcd.uscourts.gov). The login and password are case specific and can be used for all cases.

- **Make all subsequent filings electronically. This is mandatory.**

- Have a PACER (Public Access to Court Electronic Records) account, in order to view dockets and documents. Call 1-800-676-6856 or visit www.pacer.psc.uscourts.gov for additional information.

- Schedule a training class at the Courthouse by going to the Court's ECF Internet Website (www.dcd.uscourts.gov/ecf.html). Also, filing instructions and an interactive tutorial can be found at this Internet Website.



KOLLAR-KOTELLY J.C.K.K.
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### ELECTRONIC CASE FILES
### Attorney/Participant Registration Form

## LIVE SYSTEM

This form shall be used to register for an account on the Court's Electronic Case Files (ECF) system and to subscribe to the ECF EMail (Listserver) notification service. Registered attorneys and other participants will have privileges both to electronically submit documents, and to view and retrieve electronic docket sheets and documents for all cases assigned to the Electronic Case Files system. Listserver subscribers receive email messages whenever the Court wishes to electronically notify ECF registrants of pertinent ECF information.

The following information is required for registration:

If you are appointed pro bono or pro hac vice, please provide the case number: _____

First Name/Middle Initial/Last Name _____ ___ _____

Last four digits of Social Security Number _____

DC Bar ID#: _____

Firm Name _____

Firm Address _____

_____

_____

Voice Phone Number _____

FAX Phone Number _____

Internet E-Mail Address _____

By submitting this registration form, the undersigned agrees to abide by the following rules:

1.    This system is for use only in cases permitted by the *U.S. District Court for the District of Columbia.* It may be used to file and view electronic documents, docket sheets, and notices. Please visit the Court's ECF Internet, www.dcd.uscourts.gov, website to schedule training.

2.    Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion, and other paper (except list, schedules, statements or amendments thereto) shall be signed by at least one attorney of record or, if the party is not represented by an attorney, all papers shall be signed by the party. An attorney's/participant's password issued by the court combined with the user's identification, serves as and constitutes the attorney's/participant's signature. Therefore, an attorney/participant must protect and secure the password issued by the court.

If there is any reason to suspect the password has been compromised in any way, it is the duty and responsibility of the attorney/participant to immediately notify the court. This should include the resignation or reassignment of the person with authority to use the password. The Court will immediately delete that password from the electronic filing system and issue a new password.

3.    An attorney's/participant's registration will not waive conventional service of a summons and complaint, subpoena, or other judicial process; submit the client to the jurisdiction of the Court; or operate as a consent to accept service of pleadings, documents, and orders in actions in which such attorney/participant has not entered an appearance. An attorney's/participant's registration will constitute a waiver in law only of conventional service of other non-process pleadings, documents, and orders in the case. The attorney/participant agrees to accept, on behalf of the client, service of notice of the electronic filing by hand, facsimile or authorized e-mail.

4.    Upon receipt of your login and password, you are strongly encouraged to change your password, which may be done through the Utilities function, to a name easily recalled. **You may be subjected to a fee, should the Clerk's Office have to create a new password for you, or alternatively, you may be required to appear in person to receive your new password.**

5.    Attorneys who are active members of the bar of this Court, or government attorneys who are employed or retained by the United States, or who have been permitted to proceed *pro hac vice*, must file pleadings electronically.

| | |
|---|---|
| Please return this form to: | U.S. District Court for the District of Columbia<br>Attn:   Attorney Admissions<br>333 Constitution Avenue NW, Room 1825<br>Washington, DC  20001 |
| Or FAX to: | Peggy Trainum<br>U.S. District Court for the District of Columbia<br>(202) 354-3023 |

Applicant's Signature  _____


| Full Last Name | Initial of<br>First Name | Last 4 Digits SS# |
|---|---|---|
| _____ | _____ | _____ |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

**EDNA McMANUS**
3010  22nd Street  S.E
Washington, D.C. 20020                                        :

**GAYNELL NIXON**
13226 Brandywine Rd                          CASE NUMBER  1:07CV00252
Brandywine, MD  20613
                                             JUDGE: Colleen Kollar-Kotelly
**SHIRLEY MASSEY**
920 Madison St N.W. #302                     DECK TYPE: Employment Discrimination
Washington, D.C. 20011
                                             DATE STAMP: 02/01/2007
**SANDRA  MITCHNER**
1913 Varnum Street N.E.                                        :
Washington, D.C. 20018
                                                              :
**WILLIAM WORKCUFF**
1345 Howard Road S.E. # 102                                   :
Washington, D.C. 20020
                                                              :
**EDWARD CLARK**
214 Kenilworth Avenue N.E. #C                                 :
Washington, D.C. 20019
                                                              :
**SLATEL DILLON**
13238 Prim Road                                               :
King George, VA 22485
                                                              :
**AUDREY TUCKER**
903 25th Street N.W.                                          :
Washington, D.C. 20037
                                                              :
**ARZELLA SMITH**
7 Daimler Drive                                               :
Capital Heights, MD  20743
                                                              :

**GERALDINE TALLEY HOBBY**

1

P.O. Box 441972 **[HOMELESS]**                :
Fort Washington, MD 20019

**ERWIN DIGGS**                                       :
14131 Spring Branch Drive
Upper Marlboro, MD  20772                   :

**JOHN LEWIS**                                        :
1510 Warren Avenue
Landover, MD  20785                             :

**VELERIE JONES  COE**                       :
1875 Savannah Place S.E.
Washington, D.C. 20020                         :

**FLETCHER SCOTT**                            :
2225 R Street S.E.
Washington, D.C.  20020                        :

**RONALD MINOR**                              :
6911 Walker Mill Road
Capitol Heights, MD  20743-4630         :

**OTIS R. MAHONEY, Sr.**                    :
4327 Ponds Street  N.E.
Washington, DC  20019                          :

v.                                                             :

**DISTRICT OF COLUMBIA GOVERNMENT**  :
(A Municipal Corporation)
                                                               :
Serve:
**Honorable Adrian Fenty**                    :
District of Columbia Government
1350 Pennsylvania Avenue N.W.          :
Washington, D.C. 20004
                                                               :
Serve:
**Office of the Attorney General**          :
For the District of Columbia
444 4th Street N.W.                               :
6th Floor South
Washington, D.C. 20001                        :

2

**AFSCME**                                          :
**DISTRICT COUNCIL 20, AFL-CIO**
1724 Kalorama Road, NW                              :
Suite200
Washington, DC 20009                                :


**AMERICAN FEDERATION OF**                          :
**GOVERNMENTAL EMPLOYEES**
80 F Street N.W.                                    :
Washington, DC - 20001
                                                    :

**INTERNATIONAL BROTHERHOOD OF**
**TEAMSTERS LOCAL UNION NO. 639**                   :
3100 Ames pl NE
Washington, DC 20018                                :


**WASHINGTON TEACHERS UNION**                       :
1717 K Street, N.W. Suite 902
Washington, D.C. 20036                              :


**DOC/FOP**                                         :
**DC Department of Corrections/Fraternal**
**Order of Police)**                                :
711 4th Street N.W.
Washington, DC 20001                                :


**CONCENTRA INCORPORATED**                          :
Serve:
Corporation Service Company                         :
1090 Vermont Ave., N.W.
Washington, DC 20005                                :


**CORVEL HEALTHCARE**                               :
Serve
Prentice Hall Corporation System                    :
1090 Vermont Ave., N.W.
Washington, DC 20005                                :


**CLW/CDM**                                         :
4720-F-Boston Way
Lanham, MD. 20706

3

**AON RISK SERVICES INCORPORATED**                  :
1120 20th St, NW., Suite 600                        :
Washington, DC. 20036
                                                    :
**CMI/SEGWICK**
1212 New York Ave, NW                               :
Washington, DC 20005
                                                    :
**GENEX SERVICES INCORPORATED**
**SUBSIDIARY OF UNUM PROVIDENT**                    :
6810 Deerpath Rd, Suite 401
Elkridge, MD 21075                                  :

**UNUM GROUP, a.k.a.**
**UNUM PROVIDENT INSURANCE COMPANY :**
1 Fountain Square
Chattanooga, TN, 37402                              :

**ROBERT A. SMITH, MD, PC**                         :
4701 Randolph Rd., Suite 209B
Rockville MD, 20852                                 :

---

## COMPLAINT
## WITH REQUEST FOR INJUNCTIVE & DECLARATORY RELIEF

COMES NOW THE PLAINTIFF(S) EDNA McMANUS, GAYNELL NIXON,

SHIRLEY MASSEY SANDRA  MITCHNER, WILLIAM WORKCUFF, EDWARD CLARK,

SLATEL DILLON, AUDREY TUCKER, ARZELLA SMITH, GERALDINE TALLEY

HOBBY, ERWIN DIGGS, JOHN LEWIS, VELERIE JONES COE, FLETCHER SCOTT,

RONALD MINOR and OTIS MAHONEY, Sr, by and through counsel, James Quincy Butler,

Esq, Managing Partner of the Butler Legal Group, P.L.L.P., in Washington, D.C. and sues the

Defendant(s) named supra and infra, and in support of their complaint hereby states as follows:

## JURISDICTION

4

1.      This cause of action arose in the District of Columbia and is brought pursuant to

42 U.S.C. ss: 1981, 1983, 1986, 1988, 2000(e), the Fourteenth Amendment to the United States

Constitution, and the laws of the District of Columbia in that the Defendants based upon

information and belief engaged in a conspiracy, combination and agreement to discriminate

against these 13 Plaintiffs, and to deprive these 13 Plaintiffs of their constitutional rights under

color of law. The State claims are proper in this Honorable Court based upon Supplemental

Jurisdiction. Venue is proper in that the acts set forth herein occurred or had their genesis within

the District of Columbia.

## PARTIES

2.      Plaintiff, EDNA McMANUS, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Department

of Corrections as a Correctional Officer. This Plaintiff was a member of one of the locals

affiliated with Union Defendant Fraternal Order of Police.

3.      Plaintiff, GAYNELL NIXON, is based upon information and belief, a resident of

the State of Maryland, and was at all times set forth herein an employee of an agency of the

District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim

at various times, with the appropriate agencies during the events of this matter, and has

exhausted all "KNOWN" administrative remedies. At the time of the events described herein,

5

the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Housing Authority as an Assistant Housing Manager. This Plaintiff was a member of one of the locals affiliated with Union Defendant American Federation of Government Employee's [AFGE].

4.    Plaintiff, SHIRLEY MASSEY is based upon information and belief, a resident of Washington, D.C., and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the University of the District of Columbia, as a Secretary/Administrative Assistant. This Plaintiff was a member of one of the locals affiliated with Union Defendant, American Federation of State County and Municipal Employee's [AFSCME].

5.    Plaintiff, SANDRA MITCHNER, is based upon information and belief, a resident of Washington, D.C., and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Office of Personnel, as a Position Classification Specialist. This Plaintiff was "NOT" a member of the Union Defendants.

6.    Plaintiff, WILLIAM WORKCUFF, is based upon information and belief, a

6

resident of Washington, D.C., and was at all times set forth herein an employee of an agency of

the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of

claim at various times, with the appropriate agencies during the events of this matter, and has

exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the

Plaintiff was an employee of the District of Columbia working for the District of Columbia,

Housing Authority as a Maintenance Mechanic. This Plaintiff was a member of one of the locals

affiliated with Union Defendant, American Federation of Government Employee's [AFGE].

      7.     Plaintiff, EDWARD CLARK, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Public

Schools as a School Bus Driver. This Plaintiff was a member of one of the locals affiliated with

Union Defendant, American Federation of State County and Municipal Employee's [AFSCME].

      8.     Plaintiff, SLATEL DILLON, is based upon information and belief, a resident of

the Commonwealth of Virginia, and was at all times set forth herein an employee of an agency of

the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of

claim at various times, with the appropriate agencies during the events of this matter, and has

exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the

Plaintiff was an employee of the District of Columbia working for the District of Columbia,

Water and Sewer authority as an Electrical Repair Mechanic. This Plaintiff was a member of one

of the locals affiliated with Union Defendant American Federation of State County and

Municipal Employee's [AFSCME].

     9.    Plaintiff, AUDREY TUCKER, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Public

Schools, as a School Bus Attendant. This Plaintiff was a member of one of the locals affiliated

with Union Defendant, International Brotherhood of Teamsters.

     10.    Plaintiff, ARZELLA SMITH, is based upon information and belief, a resident of

the State of Maryland, and was at all times set forth herein an employee of an agency of the

District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim

at various times, with the appropriate agencies during the events of this matter, and has

exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the

Plaintiff was an employee of the District of Columbia working for the District of Columbia,

Public Schools, as a School Bus Driver. This Plaintiff was a member of one of the locals

affiliated with Union Defendant, American Federation of State County and Municipal

Employee's [AFSCME].

     11.    Plaintiff, GERALDINE TALLEY HOBBY, is based upon information and belief,

a resident of Washington, D.C., [BELIEVED TO BE HOMELESS AT THIS TIME] and was at

all times set forth herein an employee of an agency of the District of Columbia as further set

8

forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Public Schools, as an Art Teacher. This Plaintiff was a member of one of the locals affiliated with Union Defendant, Washington Teachers Union.[WTU]

12.    Plaintiff, ERWIN DIGGS, is based upon information and belief, a resident of the State of Maryland, and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Public Schools, as a School Bus Driver. This Plaintiff was a member of one of the locals affiliated with Union Defendant American Federation of State County and Municipal Employee's [AFSCME].

13.    Plaintiff, JOHN LEWIS, is based upon information and belief, a resident of the State of Maryland, and was at all times set forth herein an employee of an agency of the District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at various times, with the appropriate agencies during the events of this matter, and has exhausted all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff was an employee of the District of Columbia working for the District of Columbia, Public Schools, as an Engineer. This Plaintiff was a member of one of the locals affiliated with Union Defendant, American Federation of State County and Municipal Employee's [AFSCME].

14.    Plaintiff, VELERIE JONES COE, is based upon information and belief, a resident

of Washington, D.C., and was at all times set forth herein an employee of an agency of the

District of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim

at various times, with the appropriate agencies during the events of this matter, and has

exhausted all "KNOWN" administrative remedies. At the time of the events described herein,

the Plaintiff was an employee of the District of Columbia working for the District of Columbia,

Department of Mental Health, as a Staff Assistant. This Plaintiff was a member of one of the

locals affiliated with Union Defendant American Federation of Government Employee's

[AFGE].

15.    Plaintiff, FLETCHER SCOTT, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Public

Schools as an Industrial Arts Teacher. This Plaintiff was a member of one of the locals affiliated

with Union Defendant American Federation of Government Employee's [AFGE].

16.    Plaintiff, RONALD MINOR, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff

10

was an employee of the District of Columbia working for the District of Columbia, Attorney

General, as an Investigator. This Plaintiff was a member of one of the locals affiliated with

Union Defendant American Federation of State County and Municipal Employee's [AFSCME].

17.    Plaintiff, Otis Mahoney, Sr, is based upon information and belief, a resident of

Washington, D.C., and was at all times set forth herein an employee of an agency of the District

of Columbia as further set forth infra. This Plaintiff has filed appropriate notice of claim at

various times, with the appropriate agencies during the events of this matter, and has exhausted

all "KNOWN" administrative remedies. At the time of the events described herein, the Plaintiff

was an employee of the District of Columbia working for the District of Columbia, Housing

Authority, as a Maintenance Mechanic/Laborer. This Plaintiff was a member of one of the locals

affiliated with Union Defendant American Federation of Government Employee's [AFGE].

18.    Defendant, The DISTRICT OF COLUMBIA GOVERNMENT, is a

Municipal Corporation, located within the jurisdiction of this Court, in the District of

Columbia.

19.    Defendant, AFSCME DISTRICT COUNCIL 20, AFL-CIO, is a labor Union,

licensed to transact business within the jurisdiction of this Court, and is located in the District of

Columbia, involved in claims and actions which are a part of the foundational elements of the

conspiracy pled herein.

20.    Defendant, AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES

is a labor Union, licensed to transact business within the jurisdiction of this Court, and is located

in the District of Columbia, involved in claims and actions which are a part of the foundational

elements of the conspiracy pled herein.

11

21.    Defendant, INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL UNION NO. 639 is a labor Union, licensed to transact business within the jurisdiction of this Court, and is located in the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

22.    Defendant, WASHINGTON TEACHERS UNION is a labor Union, licensed to transact business within the jurisdiction of this Court, and is located in the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

23.    Defendant, FRATERNAL ORDER OF POLICE is a labor Union, licensed to transact business within the jurisdiction of this Court, and is located in the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

24.    Defendant, CONCENTRA INCORPORATED is a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to have offices and/or agents located in the District of Columbia, or have employees who carry on transactions within the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

25.    Defendant, CORVEL HEALTHCARE is a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to have offices and/or agents located in the District of Columbia, or have employees who carry on transactions within the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

12

26.    Defendant, **CLW/CDM,** is a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to have offices and/or agents located in the District of Columbia, or have employees who carry on transactions within the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

27.    Defendant, **AON RISK SERVICES INCORPORATED** is a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to have offices and/or agents located in the District of Columbia, or have employees who carry on transactions within the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

28.    Defendant, **CMI-SEDGEWICK** is a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to be located in the District of Columbia, or have employees who carry on transactions within the District of Columbia, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein.

29.    Defendant, **GENEX INCORPORATED** is a subcontractor, involved in claims and actions which are a part of the foundational elements of the conspiracy pled herein and is a **SUBSIDIARY OF UNUM PROVIDENT** a corporation, licensed to transact business within the jurisdiction of this Court, and is believed to be located in the District of Columbia, or have employees who carry on transactions within the District of Columbia.

30.    Defendant, **UNUM Group, a.k.a. UNUM PROVIDENT INSURANCE COMPANY** is a Tennessee corporation, licensed to transact business within the jurisdiction of this Court, and/or is believed to have offices in and/or employees engaged in business within the

13

confines of the District of Columbia. This Defendant is involved in claims and actions which are

a part of the foundational elements of the conspiracy pled herein, **AND...** (emphasis added) is a

party to actions in other States of the United States, further pled infra, wherein injunctions and

settlement decrees, have been entered into with various States Attorney's General, which called

for cessation of illegal activities, which are the same as the facts pled in this complaint. In doing,

the acts herein this Defendant has violated the consent decrees and settlement agreements

previously entered into with the States Attorney's General, in furtherance of the conspiracy,

combination and agreement pled herein.

    31.    Defendant, **ROBERT A. SMITH, MD, PC** is a physician, licensed to practice

medicine in the State of Maryland, and engaged in transacting business within the jurisdiction of

this Court, as a physician consulting with various agencies of the District of Columbia, as an

agent of the District of Columbia and or in association with the various Defendants pled herein

and is a pivotal player in the conspiracy pled in this case. Smith is a leading conspirator in that

when Smith was employed as claimants [Plaintiffs] consulting physician, he would certify

injuries, certify surgical necessity, and certify continuing care to enrich himself. Thereafter,

there came a time when Smith changed sides and began working for the Defendants. Smith, in

his own written reports, had the utter audacity to completely alter the previous diagnosis, which

Smith himself had made, and state in writing that the very people he had certified as having been

injured and requiring surgery, did in fact not have any injury or need for such surgery and

continuing care, and that the [Plaintiffs] claims should now be denied, thus further enriching

himself at the suffering of the Plaintiffs. Smiths' actions are **"CRIMINAL"** in nature.

## FACTS

14

32. Based upon information and belief, Defendant(s) DISTRICT OF COLUMBIA;

AFSCME DISTRICT COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF

GOVERNMENTAL EMPLOYEES; TEAMSTERS LOCAL UNION NO. 639; WASHINGTON

TEACHERS UNION; FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED;

CORVEL HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED;

CMI/SEGWICK; GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM

PROVIDENT; UNUM GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY

and ROBERT A. SMITH, MD, PC (hereinafter referred to collectively as the "DEFENDANTS"

except wherein a particular Defendant is pled individually in an allegation infra) have and are

engaging in a conspiracy, combination and agreement, wherein the rights of the Plaintiffs set

forth supra have been and continue to be, violated.

33. The methods employed by the Defendants in furtherance of the conspiracy,

combination and agreement, centers around the following set of operative facts.

[A] The Plaintiffs are all employees of the District of Columbia.

[B] The District of Columbia has either terminated the Plaintiffs employment or denied

the Plaintiffs benefits derived from the Plaintiffs employment.

[C] The Plaintiffs were and are entitled to administrative remedies and notice as to what

administrative remedies are available to the Plaintiffs.

[D] The Plaintiffs have been denied the benefit of cognizable administrative relief as the

Defendants have engaged in a pattern and practice, wherein a singular city wide formal

administrative remedy has been abolished and a series of agency controlled administrative

remedy procedures for each individual agency have allegedly been set in place.

[E] The agencies have failed to inform the Plaintiffs in writing as to what the administrative remedy process is.

[F] The Plaintiffs allege and believe that this fiat style administrative remedy concept has been purposely designed to create a catch 22, wherein remedy must be exhausted, but the remedy process is administered in a non-uniform fashion.

[G] The Plaintiffs are subject to an administrative remedy procedure, that is altered by fiat as it relates to each agency.

[H] The Defendants have essentially created a system wherein the administrative remedies can never be exhausted.

[I] Under the fiat administrative remedy system of the Defendants, the grieving party has no idea of what the totality of the administrative remedy process is. In essence, the Defendants morph the administrative remedy process by fiat on a daily basis, so that when it appears the process has reached a conclusion, the Defendants re-commence the process, add new layers of required remedy or simply ignore all previous remedy applications.

[J] The Plaintiffs have had no indication as to what, if any steps are required to exhaust administrative remedy.

[K] The Plaintiffs have had no indication as to what time frames are applied to filing for the administrative remedy.

[L] The Plaintiffs have had no indication as to what response time frames are controlling the response by the individual agency wherein the grieving party was employed.

[M] When administrative law judges or judges of the Superior Court of the District of Columbia or United States District Court Judges, enter orders or take actions that are adverse to

16

these Defendants, the Defendants simply ignore the orders, as if the courts lack any power of enforcement.

[N] The primary reasoning for the implementation of the confusing morass of non-existent and faux administrative remedy is a plan created by the Defendants to circumvent judicial scrutiny and review by the Attorney Generals of the States that Defendant Unum Provident has already agreed to cease and desist in, as pled infra under the Unum Provident Criminal Enterprise claim.

34.    Based upon information and belief, the Plaintiffs allege that the Defendants in furtherance of the conspiracy, combination and agreement have agreed that the maze of unpublished regulations will not be challenged by the Union Defendants in violation of the collective bargaining agreement between the Union Defendants and the city.

35.    Based upon information and belief, the Plaintiffs allege that the Defendants in furtherance of the conspiracy, combination and agreement have agreed to employ the health care Defendants as third parties, who will create policies and procedures, which are impossible to comply with, and that the Defendants in employing the third party health care administrators, knew or should have known they were violating the civil rights and due process rights of the Plaintiffs.

36.    Based upon information and belief, the Plaintiffs allege that the Defendants in furtherance of the conspiracy, combination and agreement have engaged in criminal activity, wherein Union dues are collected for Union representation which does not exist. The activities set forth in this complaint have already been alleged and conceded to, by affiliates of the health care Defendants named herein, in the State of New York. The health care Defendants named

17

herein are engaged in a fraud wherein the health care Defendants' randomly change corporate names and transfer assets of one another to other third parties to avoid a Federal Court order issued in the State of New York.

37.    All except one Plaintiff [MITCHNER] named herein Members of the Union Defendants bargaining units and are required to either pay Union dues or pay a "fair share" of the purported costs of their representation by the Union. Plaintiffs are entitled to fair, competent representation in all matters relating to their employment with the City, which is being denied by the Union Defendants who have shut their collective eyes to the city's tampering with the administrative and benefit systems which have been previously agreed to regarding denial of benefits, denial of earned base and overtime pay and disciplinary related grievances, suspension, demotion, and termination.

38.    All named Plaintiffs have filed timely grievances, requested arbitration hearings in accordance with set policy and have been subjected to denials based upon fathom reasoning, without due process of law.

39.    With respect to the employee disciplinary process to which these Plaintiffs are entitled, neither the Unions nor the City have been complying with either the Collective Bargaining Agreements or the Personnel Rules and Regulations.

40. Both the City and the Unions have failed to investigate employee grievance claims in a timely manner, nor have they kept adequate records, with the result that several years or more often pass before the claim is even considered ready for arbitration. Without considering the interests or rights of the affected employees, the Union and the City have been collaborating to dismiss or "settle" pending contract and disciplinary grievance cases, usually without the

knowledge or approval of the concerned employees. In many cases the Defendants insert forged documents into the Plaintiffs file, or remove favorable documents form the Plaintiffs file at will. In the matter of Defendant Robert A. Smith, Smith engaged in activities wherein when Smith was representing the injured party he would write reports stating the injured party required surgery and rehabilitation. When Smith changed sides and began working with the Defendants Smith would rewrite the reports for the very same injured party stating that there was no surgery or rehabilitation required, thus invalidating the claims that he himself had previously validated.

41.    Despite the Union Defendants obligation to fully and fairly represent bargaining unit employees and the City's obligation to treat its employees fairly and comply with contractual and constitutional obligations, the Unions and the City have treated employee claims in a perfunctory manner, acted arbitrarily, negligently, incompetently, and have willfully delayed and/or failed to provide fair, prompt, and effective representation and hearings.

42.    Plaintiffs have attempted to raise their claims and concerns before the City's Personnel Board and the City's Labor Board and have exhausted such claims as the faux system set in place by the Defendants permits.

43.    The situation facing these Plaintiffs in some cases is 20 years of arguing for these rights, which has resulted in poverty, homelessness, economic disadvantage and suffering both emotionally and physically based upon unlawful termination, unlawful transfer, unlawful demotion, unlawful denial of benefits and unlawful cancellation of benefits.

### Unum Provident Criminal Enterprise Claim

44.    On November 12th and 18th, 2004, the following announcements were made by

19

New York Attorney General, Elliott Spitzer..

45.    New York State Attorney General, Eliot Spitzer and New York State Insurance

Superintendent, Gregory V. Serio, today announced that their offices, together with other state

insurance regulators, reached a landmark settlement with Unum Provident Corporation ("Unum

Provident") and five of its subsidiaries.

46.    The settlement resolves issues relating to investigations into Unum Provident's

claims handling practices, conducted by the New York State Attorney General's Office, the New

York State Insurance Department, state insurance regulators conducting a multi-state

examination led by Massachusetts, Maine and Tennessee on behalf of all the other states, and the

United States Department of Labor.

47.    The investigations focused on assertions that Unum Provident had inappropriately

denied claims for benefits under individual and group long-term disability insurance policies.

These investigations and the resulting settlement are unrelated to the separate investigations into

the payment of contingent commissions, steering and bid-rigging in the insurance industry.

48.    The settlement announced today requires Unum Provident and its subsidiaries: (1)

to reassess approximately 200,000 claims that previously had been denied; (2) to completely

restructure their claim handling procedures to ensure objectivity and fairness; and (3) to pay a

$15 million fine. An outline of the specific terms of the settlement is attached.

"This settlement sends a strong message to disability insurance companies that improper denials

of disability claims will not be tolerated," said Attorney General Spitzer. "These claim denials

involved vulnerable workers – those whose illnesses and injuries prevented them from

continuing their employment. I am very pleased that these individuals will have their claims

20

reviewed, and that Unum Provident will now implement the structural reforms necessary to ensure that future claims are handled appropriately."

49.    "This settlement agreement gives thousands of current and former policyholders an opportunity to have their denied claims reassessed as part of a process over which regulatory authorities will have strict oversight," Superintendent Serio said. "Today's agreement also requires the parent company and its subsidiaries to implement the management and corporate reforms necessary to ensure that future disability claims are handled properly."

50.    The reassessment process covers a review process and restitution payments will provide claimants with a more expedient method of obtaining recoveries, and simultaneously will reduce the companies' exposure to litigation judgments and other costs.

51.    If Unum Provident fails to implement the required changes in a timely manner as stipulated by the agreement, it will be subject to penalties of $100,000 per day until compliance is achieved. In addition, failure to meet acceptable levels of accuracy in making disability claim determinations will result in a penalty of $145 million.

52.    The Attorney General's investigation was handled by Deputy Attorney General Dan Feldman, Assistant Attorney General Joy Feigenbaum and Assistant Attorney General Mel Goldberg, under the direction of Consumer Bureau Chief Thomas Conway.

53.    The New York State Insurance Department's investigation was handled by Deputy Superintendent and General Counsel, Audrey Samers, Deputy General Counsel, Susan Donnellan, Assistant Deputy Superintendent and Chief Examiner Life Bureau, Jeffrey Angelo and Deputy Chief Life Bureau, Gail Keren.

**Outline of Unum Provident Settlement Agreement**

54. Under the terms of the settlement, Unum Provident and its subsidiaries have agreed to:

- reassess the claims of approximately 200,000 individuals whose claims for group or individual long-term disability benefits were denied;

- restructure their claim handling procedures to ensure that all future claims are reviewed in a fair and objective manner, including an agreement to:

  - select medical examiners based solely on merit, and ensure that those examiners review all relevant records before reaching a determination;

  - require personnel making impairment determinations to certify that their determinations were based upon a review of all the relevant evidence;

  - prohibit company personnel from trying to influence the outcome of disability claim appeals; and

  - grant significant weight to findings of disability by the United States Social Security Administration;

- improve employee training;

- create a new Regulatory Compliance Unit to monitor the companies' compliance with applicable laws and regulations;

- conduct periodic audits of the new claim reassessment process, to ensure compliance with the terms of the settlement;

- create a toll-free confidential hotline through which company employees can report concerns about claims handling processes;

- appoint three new independent members to the Board of Directors of Unum Provident, add one new independent member to the Audit Committee, and create a new Regulatory Compliance Committee of the board;

- permit enhanced monitoring and examinations by state insurance regulators, paid for by the companies; and

- pay a $15 million fine to be divided among participating states.

55. The conspiracy in this case is staggering. The sums involved are overwhelming.

22

The premises alleged herein require expensive discovery and depositions whereupon the

Plaintiffs are of the opinion this complaint will be amended to add additional Defendants and

counts. It is anticipated that a criminal referral will be requested as the Defendants, in light of the

New York companion matter, are violating a federal court consent decree.

### CLAIMS FOR RELIEF
**Based on the foregoing factual allegations,**
**Plaintiffs present the following claims for relief:**

### COUNT 1
### BREACH OF EMPLOYMENT CONTRACT

56.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55

supra.

57.    The City and its employees have an employment contract, consisting in part of a

Collective Bargaining Agreement between the City and the Unions, and present and past

employment practices. Defendants' DISTRICT OF COLUMBIA; AFSCME DISTRICT

COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL

EMPLOYEES; TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS

UNION; FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED; CORVEL

HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED; CMI/SEGWICK;

GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM PROVIDENT; UNUM

GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY and ROBERT A. SMITH,

MD, PC failures to engage in meaningful mediation, other dispute resolution efforts, or

arbitration, and the denial of prompt grievance hearings violate the employment contracts. The

City's failures to apply, utilize, and comply with the collective bargaining agreements provisions

relating to disciplinary grievances, failure to maintain and comply with a valid remedy

23

procedure, and failure to comply with generally accepted Labor-Management rules of the

National Labor Relations Board constitute violation of the employment contract and collective

bargaining agreement.

58. By their acts and omissions described above, Defendants have breached the

employment contract and their duties of good faith and fair dealing and Plaintiffs are entitled to

relief for those denials and breaches of duties.

59. Plaintiffs are entitled to declaratory, compensatory, and injunctive relief for violation

of their express and implied contracts of employment.


COUNT 2
BREACH OF COLLECTIVE BARGAINING AGREEMENT

60.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55

supra.

61.    The named Plaintiffs are third party beneficiaries of the Collective Bargaining

Agreement and other agreements and understandings between the City and the Unions. In doing

the acts pled herein Defendants DISTRICT OF COLUMBIA; AFSCME DISTRICT COUNCIL

20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES;

TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION;

FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED; CORVEL

HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED; CMI/SEGWICK;

GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM PROVIDENT; UNUM

GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY and ROBERT A. SMITH,

24

MD, PC, conspired to violate the collective bargaining agreement in violation of the law.

62.    The denial of prompt disciplinary and contract grievance hearings is a violation of the express terms of the Collective Bargaining Agreements between the City and the Unions.

63. Plaintiffs are entitled to declaratory, compensatory, and injunctive relief for violation of the Collective Bargaining Agreement between the City and the Unions.

COUNT 3<br>BREACH OF DUTY OF FAIR REPRESENTATION

64.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

65.    The Union Defendants AFSCME DISTRICT COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES; TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION; and FRATERNAL ORDER OF POLICE; had a duty to represent the Plaintiffs in the bargaining unit, in particular a duty to engage in negotiations in good faith and to represent and advance the rights and interests of the Plaintiffs in meritorious grievance claims.

66.    A Union breaches its duty of fair representation when its conduct with regard to one or more members of the bargaining unit represented by that Union is arbitrary, discriminatory, or in bad faith, or when the Union treats negotiations and bargaining unit grievances and complaints in an arbitrary or perfunctory manner.

67.    By delaying, ignoring and/or dismissing Plaintiffs legitimate disciplinary and contract grievances, and by failing to take meritorious grievances to arbitration hearings, the Union has denied employees' contractual and constitutional rights to be heard, to be competently represented, to be disciplined only for cause, and to be treated fairly.

25

68.    By delaying or failing to investigate, mediate, or arbitrate the Plaintiffs rights and grievances, including both contract and disciplinary rights and grievances, the Union has acted arbitrarily, willfully, perfunctorily, and in violation of the Union's duty of good fair representation.

69. By agreeing with the City, without consent or knowledge of the Plaintiffs the Union purports to represent, that employee disciplinary and contract grievances, including those of the named Plaintiffs, have been compromised, handled as group actions, "settled," dismissed, or denied as "without merit," the Union Defendants have breached their duty of fair representation.

70. By failing to provide competent legal representation to the members of the bargaining unit it represents, the Union Defendants have breached the duty of good faith and fair representation.

71.    By failing to answer telephone calls and letters from the Plaintiffs or to staff local offices with employees willing to serve the Union members needs the Union Defendants have breached their duties regarding fair representation of the Plaintiffs and fraudulently taken dues the Unions knew they had not earned.

72.    Plaintiffs are entitled to declaratory, compensatory, and injunctive relief for the Union Defendants breaches of their duties of fair representation.

COUNT 4
VIOLATION OF RIGHT TO DUE PROCESS

73.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

74.    Plaintiffs are classified City employees who have a property interest in their employment, who can only be disciplined, refused benefits and/or fired for good cause, and who

26

are entitled to pre-termination and post-termination hearings and process.

75.     Based upon Defendants DISTRICT OF COLUMBIA; AFSCME DISTRICT

COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL

EMPLOYEES; TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS

UNION; and FRATERNAL ORDER OF POLICE; acts and omissions described herein, the

Plaintiffs have been denied their constitutional rights to substantive and procedural due process

of law.

76.     Plaintiffs are entitled to declaratory, compensatory, and injunctive relief for the

Defendants' violations of their rights to due process of law.

COUNT 5

DECLARATORY JUDGMENT ACTION

77.     Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55

supra.

78.     These Defendants DISTRICT OF COLUMBIA; AFSCME DISTRICT

COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL

EMPLOYEES; TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS

UNION; FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED; CORVEL

HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED; CMI/SEGWICK;

GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM PROVIDENT; UNUM

GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY

and ROBERT A. SMITH, MD, PC  are engaging in criminal and civil wrongdoing which is a

matter of substantial public importance; the controversy involves the rights and legal relations of

the parties seeking declaratory relief; the interests of the parties are real and adverse, and the

27

issues are ripe for judicial determination.

79.  Plaintiffs request declaratory rulings to determine the respective contractual and constitutional rights and obligations of the parties.

COUNT 6
REQUEST FOR INJUNCTIVE RELIEF

80. Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

81.  Defendants, DISTRICT OF COLUMBIA; AFSCME DISTRICT COUNCIL 20, AFL-CIO; AMERICAN FEDERATION OF GOVERNMENTAL EMPLOYEES; TEAMSTERS LOCAL UNION NO. 639; WASHINGTON TEACHERS UNION; FRATERNAL ORDER OF POLICE; CONCENTRA INCORPORATED; CORVEL HEALTHCARE; CLW/CDM; AON RISK SERVICES INCORPORATED; CMI/SEGWICK; GENEX SERVCIES INCORPORATED SUBSIDIARY OF UNUM PROVIDENT; UNUM GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY and ROBERT A. SMITH, MD, PC are engaged in a pattern of civil and criminal wrongdoing which requires the intervention of this Court.

82. The City Defendants and other City employees and officials are charged with the duty and obligation to establish, maintain, and protect a performance-based merit system and a fair and effective Labor-Management relations system.

83. The City Defendants have a mandatory, non-discretionary duty to comply with the provisions of the City Charter, City Ordinances, and City Rules and Regulations concerning employment, mediation, performance evaluations, and disciplinary procedures.

84. Without issuance of an injunctive order and/or a Writ of Mandamus, Defendants will continue to refuse or delay compliance with the law, and will continue to deny and compromise Plaintiffs' rights and interests.

28

85. Plaintiffs have a likelihood of success on the merits, they are suffering irreparable injury because of Defendants' failures to comply with the law and the applicable agreements and related obligations, and they have no other plain, speedy, or effective remedy outside of this lawsuit.

## COUNT 7

**SPECIAL REQUEST FOR JUDICIAL NOTICE, INJUNCTIVE RELIEF, TEMPORARY RESTRAINING ORDER AND PENDANT JURISIDICTIONAL RULING OVER DEFENDANT UNUN PROVIDENTS FAILURE TO COMPLY WITH THE NEW YORK SETTLEMENT AGREEMENT ALREADY IN PLACE, WITH A REQUEST FOR A CRIMINAL REFERRAL TO THE INDIVIDUAL ATTORNEYS GENERAL WHO ARE PART OF THE PREVIOUS SETTLEMENT REFERENCED HEREIN.**

86. Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55 supra.

87. Defendant, GENEX SERVCIES INCORPORATED as a SUBSIDIARY OF UNUM PROVIDENT; UNUM GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY are engaged in a pattern of civil and criminal wrongdoing as pled at paragraphs 44 to 54 supra which requires the intervention of this Court.

88. These Defendants are already conclusively shown to be part of a previous settlement agreement wherein they agreed to cease and desist from such criminal and civil wrongdoing as pled supra. It is obvious these Defendants have breached the previous settlement.

89. Without issuance of an injunctive order and criminal referral from this court these Defendants will be free to continue to defraud U.S. Citizens nationwide.

90. Plaintiffs have a likelihood of success on the merits, they are suffering irreparable injury because of Defendants' failures to comply with the law and the applicable agreements and

29

related obligations, and they have no other plain, speedy, or effective remedy outside of this

lawsuit, and the requests for relief prayed herein.

COUNT 8

RESTRAINING ORDER AS APPLIED TO RETALIATION

91.    Plaintiffs fully incorporate the allegations contained in paragraphs 1 through 55

supra.

92.    The Defendants have a history of retaliatory conduct wherein whistleblowers are

subject to actions which include but are not limited to, termination of employment, reduction in

wages, shift changes, job demotions, re-consideration of previous benefits and compensation

awards and destruction of files and documents.

93.    Constitutional Protection under the First and Fourteenth Amendments to the U.S.

Constitution, state and local government officials are prohibited from retaliating against

· whistleblowers.

94. Conspiracies to Intimidate Witnesses and Obstruct Justice in Federal Court

Proceedings [42 U.S.C. 1985(2)]-This clause, which was passed as part of the Reconstruction

era, anti-Ku Klux Klan civil rights legislation, contains very broad provisions prohibiting

conspiracies to intimidate parties or witnesses in proceedings before courts of the United States.

95. False Claims Act- The whistleblower protection provision of the False Claims Act

[33 U.S.C. 3730(h)] protects "any employee" who is discharged or discriminated against on the

basis of assisting in the preparation of litigation or in filing an action under this Act.

96. Occupational Safety and Health Act- OSHA [29 U.S.C. 660(c)] protects employees

from any form of retaliation for raising complaints concerning workplace health and safety. This

30

has been interpreted to include a right to refuse hazardous work under certain specified and limited circumstances.

97. National Labor Relations Act- The NLRA , 29 U.S.C. 158(a)(4), protects from retaliation employees who testify or file charges alleging a violation of the Act.

98. Other Statutory Protections- Other employee whistleblower protection provision can be found in the Civil Rights Act of 1871 [42 U.S.C. 1983]; Fair Labor Standards Act [29 U.S.C. 215]; Civil Service Reform Act [5 U.S.C. 2302]; and Title VII of the Civil Rights Act of 1964 [42 U.S.C. 2000e, et. seq.] (administered by the Equal Employment Opportunity Commission).

99.    The Plaintiffs anticipate the Defendants or parties affiliated with the Defendants will seek retribution and punish these Plaintiffs for their assistance in this litigation.

100.    The Plaintiffs seek a protective order under the Whistle Blower Act to prevent such retaliation against the Plaintiffs by the Defendants named herein or any party who may be associated with these Defendants who is not named herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray they be awarded compensatory, exemplary, and injunctive relief requiring Defendants to:

A.) Promptly implement a valid and effective hearing process for hearing  employees' benefits, contract and disciplinary grievances.

B) Require adherence to principles and rules contained in the City rules and regulations and generally accepted Labor-Management Relations Ordinances.

C.) Reinstate each and every Plaintiff employee or former-employee who has been denied lawful process and/or whose property interest in his or her employment has been denied

The foregoing has been signed and dated this 1st day of February, 2007.

By
James Q. Butler, Esq.  #490014
Butler Law Firm
818 18th Street, Ste. 1010
Washington, D.C.  20006
Telephone: (202) 223-6767

36