**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ | ) |
| EDNA MCMANUS, *et al.*, | ) |
| | ) |
|          Plaintiffs, | ) |
|   v. | ) |
| | )   Civil Action No.: 07-252-CKK |
| DISTRICT OF COLUMBIA, *et al.*, | )   Judge Colleen Kollar-Kotelly |
| | ) |
|          Defendants. | ) |
| _____ | ) |

**DEFENDANT AFGE'S MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12 (b) (1), (5) and (6), defendant American Federation of Government Employees ("AFGE") hereby respectfully moves to dismiss the above-captioned case for lack of jurisdiction, insufficient service of process, and failure to state a claim upon which relief may be granted.  As grounds for this request, AFGE relies on the points and authorities set forth in the memorandum accompanying this motion.  Pursuant to paragraphs 8 and 9 of the Court's March 6, 2007, order, neither a proposed order nor a certificate of service accompany this motion.

                                          Respectfully submitted,

                                          /s/Mark D. Roth_____
                                          Mark D. Roth (D.C. Bar. No. 235473)
                                          General Counsel

                                          /s/Andres M. Grajales*_____
                                          Andres M. Grajales (D.C. Bar No. 476894)
                                          Staff Counsel, AFGE
                                          80 F Street, NW
                                          Washington, D.C. 20001
                                          Tel.:  (202) 639-6426
                                          agrajales@afge.org
                                          *Attorney of Record

                                          Counsel for AFGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
EDNA MCMANUS, *et al.*,           )
                                  )
            Plaintiffs,           )
     v.                           )
                                  )   Civil Action No.: 07-252-CKK
DISTRICT OF COLUMBIA, *et al.*,   )   Judge Colleen Kollar-Kotelly
                                  )
            Defendants.           )
_____)

**DEFENDANT AFGE'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO
<u>DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>**

Defendant American Federation of Government Employees ("AFGE"), through the undersigned counsel, hereby submits this Memorandum in Support of its Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12 (b) (1), (5), and (6).

**I.     INTRODUCTION**

On or about February 1, 2007, Plaintiffs, through their counsel James Q. Butler, filed the original Complaint in this matter against the American Federation of Government Employees ("AFGE") and thirteen other defendants.[1] Although the original Complaint was never properly served on AFGE, or it appears on any of the other named

---

[1] The original complaint listed the following plaintiffs: Edna McManus, Gaynell Nixon, Shirley Massey, Sandra Mitchner, William Workcuff, Edward Clark, Slatel Dillon, Audrey Tucker, Arzella Smith, Geraldine Talley Hobby, Erwin Diggs, John Lewis, Velerie Jones Coe, Fletcher Scott, Ronald Minor, and Otis Mahoney, Sr.  Further, the original complaint listed the following defendants: District of Columbia Government, AFSCME District Council 20, American Federation of Government Employees, International Brotherhood of Teamsters Local Union 639, Washington Teachers Union, DOC/FOP, Concerta Inc., Corvel Healthcare, CLW/CDM, Aon Risk Services Inc., CMI/Segwick, Genex Services Inc., Unum Group, and Robert Smith M.D.

2

defendants, following the District of Columbia's April 12, 2007, Motion to Dismiss the Complaint, AFGE moved to dismiss Plaintiffs' Complaint on April 23, 2007.[2]

Thereafter, Defendants Unum Group, Genex Services, American Federation of State, County and Municipal Employees, District Council 20 ("AFSCME"), Washington Teachers' Union, Local 6 ("WTU"), AON Risk Services ("AON"), Corvel Healthcare Corp. ("Corvel"), and CMI/Sedgwick ("Sedgwick") also moved to dismiss Plaintiffs' Complaint.

Plaintiffs did not oppose any of Defendants' dismissal motions. Instead, on June 11, 2007, Plaintiffs moved to amend their complaint, and contemporaneously filed an Amended Complaint with the Court.[3] Other than adding a variety of dates in the Amended Complaint's recitation of the Parties, the Amended Complaint is identical to Plaintiffs' original complaint. *See Amend Compl.*, ¶¶ 2-17; *and compare Amend. Compl.*, ¶¶ 18-100, *with Compl*. ¶¶ 18-100.[4]

More specifically, as in the original Complaint, Plaintiffs' Amended Complaint seeks to raise a shotgun blast's worth of claims against Defendants, including: Breach of

---

[2] In fact, Plaintiffs' have failed to perfect service upon AFGE. Therefore, because the 120 day time-limit for perfecting service has lapsed, and because Plaintiffs' have never obtained a waiver of service from AFGE, Plaintiffs' complaints against AFGE must also be dismissed for lack of personal jurisdiction. *See*, Fed. R. Civ. P. 4 (m).

[3] To the extent that Plaintiffs' amendment of their original Complaint is not as of right pursuant to Fed. R. Civ. P. 15 (a), AFGE opposes Plaintiffs' Motion to Amend the Complaint. Plaintiffs' Amended Complaint does not, and for the reasons discussed herein cannot, cure the fatal deficiencies present in Plaintiffs' Complaint. Therefore, and for the same reasons that the Complaint (and, if Plaintiffs are amending as of right, the Amended Complaint) must be dismissed for lack of subject matter jurisdiction and for failure to state a claim, Plaintiffs' Motion to Amend the Complaint should be denied as futile. Further, if the Court denies Plaintiffs' Motion to Amend, the Court should treat Defendants' Motions to Dismiss as conceded based on Plaintiffs' failure to oppose them.

[4] AFGE does not waive any available statute of limitations defense in this matter. Based on the dates supplied in the Amended Complaint, any putative claims that might be brought by plaintiffs Nixon, ¶ 3, Workcuff, ¶ 6, Coe, ¶ 14, Scott, ¶ 15, and Mahoney, ¶ 17, (the only plaintiffs who assert any arguable connection with AFGE) appear to be outside all potentially applicable statutes of limitations. Likewise, AFGE reserves the right to move to dismiss as to various individual plaintiffs who do not assert any putative connection with AFGE.

Employment Contract (Count 1, ¶¶ 56-59), Breach of Collective Bargaining Agreement (Count 2, ¶¶ 60-63), Breach of Duty of Fair Representation (Count 3, ¶¶ 64-72), Violation of Right of Due Process (Count 4, ¶¶ 73-76), Declaratory Judgment Action (Count 5, ¶¶ 77-79), Request for Injunctive Relief (Count 6, ¶¶ 80-85), Special Request for Judicial Notice, etc. (Count 7, ¶¶ 86-90), and Restraining Order, etc. (Count 8, ¶¶ 91-100).[5]

Also as in the original Complaint, Plaintiffs' Amended Complaint alleges that Defendants have, or are, engaged in a sweeping conspiracy against Plaintiffs, and that Defendants have violated the Fourteenth Amendment, the "laws of the District of Columbia," and sections 1981, 1983, 1986, 1988, and 2000(e) of Title 42 of the United States Code. *See Amend. Compl.* ¶ 1, ¶¶ 32-42.

Moreover, precisely as in the original Complaint, the Amended Complaint: 1) does not identify which District of Columbia laws it refers to; 2) proceeds in ignorance of the fact that sections 1986 and 1988 of Title 42 do not provide for independent causes of action; 3) fails to identify any protected classes relevant to the Amended Complaint's allegations; 4) fails to demonstrate that any Plaintiffs have previously filed claims with either the Equal Employment Opportunity Commission or the District of Columbia Public Employee Relations Board; 5) fails to allege any specific act or omission committed by any particular officer or member of an AFGE local; 6) fails to allege any specific act or omission committed by any particular officer or employee of AFGE National, thereby failing to assert any conceivable factual nexus between Plaintiffs, their alleged claims, and AFGE National (who is the named defendant in this action); 7) fails

---

[5] Once again, based on their substance Counts 5-8 do not actually constitute "counts." Rather, these four "counts" are requests for relief and should, therefore, be dismissed for failure to state a cognizable claim

4

to identify any particular AFGE local; and 8) fails to identify any specific collective bargaining agreement or contract relevant to this case. *See AFGE Mot. To Dismiss*, *passim*. Following Plaintiffs' filing of their Amended Complaint, Defendants AFSCME, WTU, Sedgwick, Corvel, Concerta, Genex, Unum, and the District of Columbia either opposed Plaintiffs' Motion to Amend or Moved to Dismiss the Amended Complaint.

## II.    ARGUMENT

As discussed above, Plaintiffs' Amended Complaint is substantively identical to Plaintiffs' original Complaint. Thus, the Amended Complaint's addition of dates notwithstanding, the Amended Complaint fails to cure the fatal deficiencies of Plaintiff's original Complaint.[6] Accordingly, AFGE adopts and incorporates by reference its previously filed Motion to Dismiss and Memorandum in Support thereof as if fully stated herein. AFGE also adopts and incorporates herein by reference all of the arguments in favor of dismissal raised by AFGE's co-defendants in their motions to dismiss the original and amended Complaints, and in their supporting memoranda.

Plaintiffs' Amended Complaint must be dismissed because this Court lacks subject matter jurisdiction over Plaintiffs' claims, and because Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.[7]

     A.     <u>Plaintiffs' Amended Complaint Must Be Dismissed With Prejudice Pursuant to Fed. R. Civ. P. 12 (b) (1)</u>

To begin with, as explained by AFGE in its original Motion to Dismiss, and as discussed at length by Defendants AFSCME and WTU in their Motion to Dismiss

---

upon which relief may be granted. Fed. R. Civ. P. 12 (b) (6).
[6] Additionally, to the extent that the Amended Complaint may be read as pleading ignorance of the law to support its assertions, this plea is preposterous. All of the statutes and regulations conceivably at issue in this case are published, *see* D.C. Code, and Plaintiffs are represented by counsel.

5

Plaintiffs' Amended Complaint, Plaintiffs' entire suit against AFGE is nothing more than a thinly disguised claim that AFGE breached a duty of fair representation that Plaintiffs' assert AFGE, like AFSCME and WTU, owed to them. *See WTU/AFSCME Mot. To Dismiss Amend. Compl.*, pg. 6 *et seq.*

In the District of Columbia, claims that a union breached a duty of fair representation allegedly owed to a bargaining unit employee (i.e. claims that a union failed to represent an employee in some fashion) are governed by the District of Columbia Comprehensive Merit Personnel Act (the "CMPA"). D.C. Code § 1-601.01, *et seq.* (2001 Ed.). Specifically, the CMPA makes a union's breach of its duty of fair representation (a duty which the CMPA imposes upon the union in the first instance by virtue of the union's status as a labor union) an unfair labor practice, and grants the District of Columbia Public Employee Relations Board ("PERB") exclusive jurisdiction over unfair labor practices. *See* D.C. Code §§ 1-617.04 (b)(1), 1-617.11(a); *Hoggard v. District of Columbia Public Employee Relations Bd.*, 655 A.2d 320, 321, n. 2 (D.C. 1995) ("breach of an employee's right to be fairly represented by the labor organization certified as the exclusive representative for the employee's collective bargaining unit is an unfair labor practice."); *see also* D.C. Code §§ 1-605.01 (a), 1-605.02 (3); *Hawkins v. Hall*, 537 A.2d 571, 575 (D.C. 1988) ("[P]rimary jurisdiction to determine unfair labor practice claims lies with the PERB.")

Moreover, the CMPA is so comprehensive, and PERB's jurisdiction over unfair labor practice claims so exclusive, that the CMPA completely preempts court jurisdiction over all unfair labor practice claims. *See Holman v. Williams*, 436 F. Supp.2d 68, 74

---

[7] Plaintiffs' Amended Complaint must also be dismissed pursuant to Fed. R. Civ. P. 5., but, because, AFGE believes this argument is adequately discussed in its earlier Motion to Dismiss, AFGE will not discuss this

(D.D.C. 2006) (Friedman, J.) ("Preemption by the CMPA divests the trial court – whether it be the Superior Court or this [U.S. District] Court – of subject matter jurisdiction"); *Jackson v. D.C. Dep't of Health*, 2007 WL 13078891 at *2 (D.D.C. 2007) (Sullivan, J.); *see also Baker v. District of Columbia*, 785 A.2d 696, 697-98 (D.C. 2001) (CMPA is exclusive remedy for District of Columbia; "the Superior Court is not an alternative forum …, but rather serves as a last resort for reviewing decisions generated by CMPA procedures"); *Stockard v. Moss*, 706 A.2d 561, 567 (D.C. 1997) **("[T]he CMPA provides the exclusive remedy for claims falling within its ambit**") (emphasis added); *District of Columbia v. Thompson*, 593 A.2d 621, 634 (D.C. 1991) *cert. denied*, 502 U.S. 942 (1991) (finding CMPA barred employee's common law claims from Superior Court).

Further, while the well-pleaded complaint rule ordinarily provides that a plaintiff is master of her complaint, this rule is limited by the artful pleading doctrine. The artful pleading doctrine provides that when a statute completely preempts court jurisdiction over certain claims, it is the substance of a plaintiff's claims and not the label that she affixes to them that must determine whether her claims are among the group of claims completely preempted by the statute.

As applied to the instant matter, this means that because the CMPA completely preempts court jurisdiction over all unfair labor practice claims, no amount of artful pleading or creative labeling will allow Plaintiffs to escape the CMPA's preemptive effect if their claims are in reality unfair labor practice claims. *See Lytes v. D.C. Water and Sewer Authority*, 2006 WL 890005 at *7 (D.D.C. 2006) (Collyer, J.) (PERB's exclusive jurisdiction may not be evaded by bringing unfair labor practice as a breach of collective bargaining agreement allegation); *Lattisaw, et al v. District of Columbia*, 905

---

argument here. Instead, AFGE respectfully directs the Court to pages 17-18 of its earlier motion.

A.2d 790, 793 (D.C. 2006) (affirming dismissal of plaintiff's defamation suit based on CMPA preemption); *Cooper v. AFSCME, Local 1033*, 656 A.2d 1141, 1144 (D.C. 1995) (litigants may not evade PERB's exclusive jurisdiction over unfair labor practice claims, "by bringing the same action as a common law claim"); *Board of Trustees, University of the District of Columbia v. Myers*, 652 A.2d 642, 646 (D.C. 1995) (allegations that a union refused to investigate or arbitrate a grievance are allegations that union breached its duty of fair representation); *Wilson v. District of Columbia*, 608 A.2d. 161 (D.C. 1992) (PERB's exclusive jurisdiction may not be evaded by bringing unfair labor practice claim as a breach of contract allegation); *see also Rivet, et al., v. Regions Bank of Lousiana,et al.*, 522 U.S. 470, 475-476, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998) (discussing application of the artful pleading doctrine to the well-pleaded complaint rule in complete preemption cases); *Int'l Brotherhood of Teamsters, Chauffeurs, Warehouseman, and Helpers of America v. Association of Flight Attendants*, 663 F.Supp. 847, 851 (D.D.C. 1987) (complete preemption of claims may not be evaded through artful pleading).

Here, not only does the Amended Complaint expressly allege counts that are affirmatively and completely preempted by the CMPA (Breach of Employment Contract, Breach of Collective Bargaining Agreement, and Breach of Duty of Fair Representation), what substance there is to Plaintiffs' Amended Complaint conclusively demonstrates that, regardless of their labeling, all of Plaintiffs' claims against AFGE (and for that matter the other Defendants) are in truth unfair labor practice claims. Specifically, the entire Amended Complaint is nothing more than a single repetitive allegation that AFGE breached a duty of fair representation allegedly owed to Plaintiffs.

The Amended Complaint provides overwhelming evidence in support of this conclusion. For example, the Amended Complaint is riddled with specific assertions that AFGE, as well as the other Defendants, failed to represent Plaintiffs in some fashion. *See Amend. Compl.*, ¶ 17 ("The local Union, of which he [Mahoney] was a current dues paying member, ignore his complaints and abandoned representation of Plaintiff. Since that time, **the Union [AFGE] has failed to represent him**.") (emphasis added); ¶ 41 (" . . .the Unions and the City have treated employee claims in a perfunctory manner, acted arbitrarily, negligently, incompetently, and **have willfully delayed and/or failed to provide fair, prompt, and effective representation and hearings")** (emphasis added); ¶ 62 ("The denial of prompt disciplinary and contract grievance hearings is a violation of the express terms of the Collective bargaining Agreements between the City and the Unions"); ¶ 67 (". . . the Union [sic] has denied employees' contractual and constitutional rights to be heard, to be competently represented, to be disciplined only for cause, and to be treated fairly"); ¶ 68 ("By delaying or failing to investigate, mediate, or arbitrate the Plaintiffs rights and grievances, including both contract and disciplinary rights and grievances, **the Union has acted arbitrarily, willfully, perfunctorily, and in violation of the Union's [sic] duty of good fair representation**") (emphasis added.)

When Plaintiffs' Amended Complaint is read as a whole, Plaintiffs' assertions lead to only one reasonable conclusion. This conclusion is that Plaintiffs' Amended Complaint raises a single allegation against AFGE; to wit, that AFGE breached a duty of fair representation allegedly owed to Plaintiffs. Because, as discussed above, allegations that a District of Columbia employees union (i.e. AFGE) breached its duty of fair representation are in reality unfair labor practice claims that may only be pursued before

PERB, this Court lacks subject matter jurisdiction over Plaintiffs' Amended Complaint. Therefore, and for the reasons explained in AFGE's earlier Motion to Dismiss, Plaintiffs' Amended Complaint must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12 (b) (1).

   B.  <u>Alternatively, Plaintiffs' Amended Complaint Must Be Dismissed Pursuant to Fed. R. Civ. P. 12 (b) (6)</u>

Next, assuming *arguendo* that the Court finds that Plaintiffs' claims, or elements thereof, are not precluded by the CMPA, Plaintiffs' Amended Complaint must also be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6) because it fails to state a claim upon which relief may be granted. Specifically, Plaintiffs' Amended Complaint consists solely of conclusory factual allegations and Plaintiffs' unsupported legal conclusions drawn from those allegations. *See National Treasury Employees Union v. U.S.*, 101 F.3d 1423, 1430 (D.C. Cir. 1996) (federal courts considering 12 (b) (6) motions are not obligated to accept a plaintiff's unsupported legal conclusions or factual inferences); s*ee also Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004) (courts need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations).

For example, Plaintiffs' Amended Complaint fails to allege any concrete facts (such as specific conversations, identifiable participants, or pertinent documents) sufficient to sustain the Amended Complaint's conspiracy claim. In fact, AFGE believes that the only reasonable reading of Plaintiffs' conspiracy claim is that it is nothing more than a smokescreen, behind which Plaintiffs seek to camouflage the inadequacy of their unfair labor practice claims. Frankly, Plaintiffs' conspiracy claim makes no sense (for example, it is predicated on the utterly implausible marriage of the District of Columbia

and its constituent labor unions), and should be dismissed not only because it fails to reach the pleading threshold necessary to bring a conspiracy action, but also because it is so implausible as to be genuinely bizarre. *See McCreary v. Heath*, 2005 WL 3276257 at *5 (D.D.C. 2005) (Friedman, J.); *see also Richards v. Duke University, et al*, 2007 WL 942070 at *5 (D.D.C. 2007) (Lamberth, J.) (Claims that are essentially fictitious or other fanciful claims such as those that allege bizarre conspiracy theories . . . warrant dismissal).

The failure of Plaintiffs' conspiracy claim also topples Plaintiffs' (already insufficiently articulated) claims under the Fourteenth Amendment and under section 1983 of Title 42 of the United States Code because it forecloses the possibility of any state action being imputed to AFGE National, a non-governmental entity. *See e.g. Hoai, et al v. Vo, et al.*, 935 F.2d 308, 312 (D.C. Cir. 1991) (state action is a necessary element of section 1983 claim).

Likewise, Plaintiffs' failure to plead membership in any protected class, or to explain on what basis they were allegedly discriminated against, invalidates Plaintiffs' putative claims under sections 1981 and 2000e of Title 42 of the United States Code, and at the same time (in conjunction with the failure of Plaintiffs' section 1983 and Fourteenth Amendment claims) works to vitiate Plaintiffs' invocation of federal question jurisdiction in this matter. *See Mastro v. Potomac Electric Power Co.*, 447 F.3d 843 (D.C. Cir. 2006) (membership in protected class is prima facie element of Title VII claims); *Carter v. George Washington University*, 387 F.3d 872 (D.C. Cir. 2004) (prima facie elements for section 1981 claims are identical to elements for section 2000e claims); *see also Mayers v. Laborers' Health and Safety Fund of North America*, 478

F.3d 364, 368 (D.C. Cir. 2007) (offering an additional basis for dismissal of Plaintiffs' Amended Complaint, and reiterating that filing with the U.S. Equal Employment Opportunity Commission is a necessary prerequisite to Title VII suits).

Further, Plaintiffs' Amended Complaint fails to provide any specificity regarding their common law claims against AFGE (for example, which particular locals or contracts are allegedly implicated). Even assuming *arguendo* that these claims are not precluded by the CMPA (which they are), their lack of specificity requires their dismissal for failure to state a claim upon which relief may be granted.

Finally, Plaintiffs' Amended Complaint must also be dismissed because there is no conceivable reading of the Amended Complaint under which Plaintiffs assert a claim against AFGE National. More specifically, while the Amended Complaint fails to identify which particular AFGE local unions might be relevant to this case, the Amended Complaint does specify that it is AFGE locals, and only AFGE locals, that are the subject of Plaintiffs' myriad assertions. *See Amend. Compl.*, ¶ 3 ("This Plaintiff was at all times material hereto a member of the local union affiliated with Union Defendant American Federation of Government Employee's [sic] [AFGE]"); ¶ 6 ("This Plaintiff was a member of **one of the locals** affiliated with Union Defendant, American Federation of Government Employee's [sic] [AFGE]") (emphasis in original); ¶ 14 ("This Plaintiff was at all times material hereto a member of the local union affiliated with Union Defendant American Federation of Government Employee's [sic] [AFGE]"; ¶ 15 ("This Plaintiff was a member of **one of the locals** affiliated with Union Defendant, American Federation of Government Employee's [sic] [AFGE]") (emphasis in original); ¶ 17 ("This Plaintiff

was at all times material hereto a member of the local union affiliated with Union Defendant American Federation of Government Employee's [sic] [AFGE].")

Although AFGE locals are indeed affiliated with AFGE National as part of AFGE National's federation structure, Plaintiffs' Amended Complaint fails to grasp that these locals are nevertheless legally distinct from AFGE National.  *Cf. AFGE, Nat'l Border Patrol Council, Local 2366, v. FLRA*, 114 F.3d 1214, 1218 (D.C. Cir. 1997) (upholding FLRA decision that agency had not committed unfair labor practice based on separate nature of AFGE National and affiliated local).  Plaintiffs' failure to grasp this fact is significant because, by virtue of AFGE National's legal distinction from its affiliated locals, AFGE National and its locals are separate entities whose legal rights, obligations, and liabilities may not be conveniently mixed and matched as Plaintiffs desire.  *See, e.g., Carbon Fuel Co. v. United Mine Workers,* 444 U.S. 212, 217-218, 100 S.Ct. 410, 414, 62 L.Ed.2d 394 (1979) ("In the face of Congress' clear statement of the limits of an international union's legal responsibility for the acts of one of its local unions, it would be anomalous to hold that an international is nonetheless liable for its failure to take certain steps in response to the actions of the local"); *United Mine Workers v. Coronado Coal Co.*, 259 U.S. 344, 395-396, 42 S.Ct. 570, 578, 66 L.Ed. 975 (1922).

Thus, because AFGE National and its locals are legally separate entities, and because the Amended Complaint fails to allege that AFGE National did anything relevant to the Amended Complaint's allegations, the Amended Complaint cannot be read as raising claims against AFGE National.  Therefore, and for the reasons above, Plaintiffs' Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For all of the foregoing reasons, AFGE respectfully requests that this Court grant AFGE's Motion to Dismiss Plaintiffs' Amended Complaint, and dismiss Plaintiffs' Amended Complaint against AFGE with prejudice.

Respectfully submitted,

/s/ Mark D. Roth
Mark D. Roth (D.C. Bar No. 235473)
General Counsel


/s/ Andres M. Grajales*
Andres M. Grajales (D.C. Bar No. 476894)
Staff Counsel
American Federation of Government
Employees, AFL- CIO
80 F Street, NW
Washington, D.C. 20001
Tel.: (202) 639-6426
Agrajales@afge.org

*Attorney of Record

Counsel for AFGE