UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA MCMANUS, *et al.,* : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 07-252 (CKK) |
| : | |
| DISTRICT OF COLUMBIA, *et al.* : | |
| : | |
| Defendants. : | |
| _____: | |

## DISTRICT DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) the District Defendants move to dismiss Plaintiffs' First Amended Complaint on the grounds that: (1) the Court does not have subject matter jurisdiction; (2) Plaintiffs do not have Article III standing to bring this lawsuit; and (3) there is no basis for this Court to exercise supplemental jurisdiction over Plaintiffs' state law claims. These grounds are more fully set forth in the accompanying memorandum of points and authorities incorporated by reference herein. A proposed Order is also attached for this Court's consideration.

Respectfully submitted,

LINDA SINGER,
Attorney General, DC

GEORGE C. VALENTINE
Deputy Attorney General, DC
Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I
441 Fourth Street, N.W., 6th Floor South

Washington, D.C. 20001
Telephone: (202) 442-9886
ellen.efros@dc.gov

/s/ Martha J. Mullen
MARTHA J. MULLEN [419036]
Senior Assistant Attorney General
Assistant Attorney General
Office of the Attorney General, DC
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6612
Facsimile: (202) 727-0431
martha.mullen@dc.gov

FILED: July 19, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA MCMANUS, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 07-252 (CKK) |
| : | |
| DISTRICT OF COLUMBIA, *et al.* : | |
| : | |
| Defendants. : | |
| _____: | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

### Introduction

Pursuant to Fed. R. Civ. P. 12(b) (1) and (6), and LCvR 7.1(m) the District Defendants move to dismiss Plaintiffs First Amended Complaint on the grounds that: (1) the Court does not have subject matter jurisdiction; (2) Plaintiffs do not have Article III standing to bring this lawsuit; and (3) there is no basis for this Court to exercise supplemental jurisdiction over Plaintiffs' state law claims.

### I. This Court does not have subject matter jurisdiction.

*A. Plaintiffs do not present a federal question.*

Although undersigned counsel's predecessor was correct that the original Complaint lacked merit or coherence and fell well below the pleading standards set forth in Fed. R. Civ. P. 8 and 9, Plaintiffs cannot cure their Complaint by providing greater specificity in their allegations because their allegations are outside of this Court's

3

jurisdiction to address. Thus the Court should not exercise supplemental jurisdiction over Plaintiffs' local law claims.[1]

A federal district court has original jurisdiction over civil actions if there is a federal question at issue, *see* 28 U.S.C. § 1331, or if there is a diversity of citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. A case arises under federal law only if a right created by federal law is an essential element of the cause of action. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974). Since diversity jurisdiction does not apply to the District of Columbia, a federal question must be presented. *See, e.g. Smith v. District of Columbia*, 474 F. Supp. 894 (D.D.C.1979) (the District is not citizen for purposes of Section 1332 (a) (1)). Moreover, a federal court presumptively lacks jurisdiction until a party demonstrates that federal question jurisdiction exists. *See, Mansfield, Coldwater Lake Michigan Railroad Co. v. Swan*, 111 U.S. 379, 382 (1884). Federal question jurisdiction does not exist here because Plaintiffs' Amended Complaint fails to articulate a due process claim.

B. *Plaintiffs' Due Process Claim*.

Plaintiffs' Amended Complaint fails to identify any substantive federal or constitutional right that supports their claim and that would provide grounds for subject matter jurisdiction.[2] As alleged, Plaintiffs claim of an unspecified property and liberty interest in public employment and worker's compensation benefits does not

---

[1] District Defendants note that Plaintiffs' Amended Complaint is no more lucid than the first, and fails to state a claim upon which relief can be granted, (Fed. R. Civ. P. 12 (b) (6) ), especially in light of the very recent United States Supreme Court case, Bell Atlantic Corp v. Twombly, 500 U.S. ___, 127 S, Ct, 1955 (May 21, 2007) which clarified how a complaint challenged by a Rule 12 (b)(6) motion must be evaluated.

[2] Although Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, it is well-established that § 1983 itself creates no substantive rights. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617 (1989).

4

provide grounds for subject matter jurisdiction.³ "Due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place, and circumstances; due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). Without any reference to time, place or circumstances, Plaintiffs' Amended Complaint has not given the District "fair notice of what the . . . claim is and grounds upon which it rests. *Bell Atlantic Corp.* v. *Twombly* , Slip Op. at 8.

Plaintiffs simply have ignored the crucial first step in any due process analysis which is "to determine whether constitutional safeguards apply at all, *i.e.*, whether a private party has a property or liberty interest that triggers Fifth Amendment due process protection." *Reeve Aleutian Airways, Inc. vs. U.S.* 982 F.2d 594 (D.C. Cir. 1993) (citing *Cleveland Bd. of Educ. V. Loudermill*, 470 U.S. 532, 538 – 541 (1985). *See also Bloch v. Powell*, 348 F.3d 1060, 1068 (D.C. Cir. 2003) (to have a property interest in a government benefit, " a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must instead have legitimate claim of entitlement to it.") (*quoting Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972).

While Plaintiffs state they have a right to procedural and substantive due process, they fail to allege any facts that are tied to those rights in a cognizable fashion. They simply claim that the District and the unions have conspired – without explaining how – to deprive public employees of "property" without procedural *due process.* Plaintiffs do not state what *process* was denied, claiming only that were denied worker's

---

³ Plaintiffs invoke the 14th Amendment which does not apply to the District of Columbia. *Bolling v. Sharpe,* 347 U.S. 497 (1954). See Complaint at ¶ 1.

5

compensation benefits and/or continued employment based on "fathom [sic] reasoning without due process." Amended Complaint at ¶ 38.

Plaintiffs fail to show an entitlement to relief because their Amended Complaint provides only "labels and conclusions," which, even if accepted as true, fail to state a claim upon which relief can be granted. *Bell Atlantic Corp.*, ("Factual allegations must be enough to raise a right to relief above the speculative level."). Slip. Op. at 8.

The gravamen of Plaintiffs' Complaint appears to be that the City and the other Defendants engaged in a "conspiracy, combination and agreement" that violated their due process rights. Amended Complaint at ¶ 1. But the Amended Complaint does not provide enough "factual matter (taken as true)" to suggest that an agreement was struck, much less contemplated by the District and the other Defendants. *Id.*

Plaintiffs contend that "evidence" of this conspiracy lies within the allegedly labyrinthine administrative procedures that did not produce decisions favorable to Plaintiffs' continued employment and/or claims for worker's compensation benefits. Amended Complaint at ¶¶ 32-37. In any event, because all Plaintiffs claim that they exhausted their administrative remedies regardless of the "fathom [sic] reasoning" in a "faux system", Amended Complaint at ¶ 42, then it must be presumed that procedural due process was provided, regardless of Plaintiffs' disagreement with the final decisions. It is unnecessary to decide whether there is a constitutionally-protected interest, where even assuming such an interest, adequate due process was provided. *UDC Chairs Chapter, American Association of University Professors v. Board of Trustees of the University of the District of Columbia,* 56 F.3d 1469 (D.C. Cir. 1995). Having failed to demonstrate or describe the process that they were allegedly due, Plaintiffs cannot

6

show that they have been deprived of a property interest protected by the Due Process clause.

Nor is there a liberty interest at stake in this litigation. A liberty interest may arise if employees are terminated in a manner that stigmatizes them by impugning their reputation, such as when charges of unprofessional conduct and dishonesty are disseminated to potential employers. *See Orange v. District of Columbia*, 59 F.3d 1267, 1274, 1275 (D.C. Cir. 1995). Plaintiffs have not alleged any stigma or diminished reputation and have pleaded no facts demonstrating they have been deprived of a liberty interest protected by the Due Process Clause.

## II. Plaintiffs do not have Article III standing.

For the reasons already noted in Part I A & B of this submission, Plaintiffs lack standing because their allegations are "purely speculative[, which is] the ultimate label for injuries too implausible to support standing." *Tozzi v. Dep't of Health & Human Servs.*, 271 F.3d 301, 307 (D.C. Cir. 2001). A federal court's jurisdiction can only be invoked when a plaintiff has suffered some threatened or actual injury resulting from a defendant's putatively illegal action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). *See also Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact.") (*quoting Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)).

Plaintiffs here have set forth collective and generalized injuries such as poverty, homelessness, economic disadvantage and emotional and physical suffering, all of which sound harrowing, but none of which have been plead with even modest detail,

or an attempt to show a causal connection between the alleged illegal activity and the injuries Plaintiffs summarize. See Amended Complaint at ¶ 43.

Under the principles of prudential standing, "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Plaintiffs allegations here are a textbook example of a generalized grievance, suffered if at all by a large class of persons, and are not personal to any particular Plaintiff and are insufficient for standing. *See Warth*, 422 U.S. at 499.

> [W]e have . . . held that an injury amounting only to the alleged violation of a right to have the Government act in accordance with law was not judicially cognizable because assertion of a right to a particular kind of Government conduct, which the Government has violated by acting . . . — differently, cannot alone satisfy the requirements of Art. III without draining those requirements of meaning.

*Id.* (*quoting Lujan*, 504 U.S. at 575–576).

To have standing, a plaintiff must plead and prove *specifics*. "To meet the injury in fact requirement, the plaintiffs must demonstrate a concrete, actual, or imminent injury." *Autozone Dev. Corp. v. D.C.*, 484 F. Supp. 2d 24, 30 (D.D.C. 2007) (citing *Byrd v. EPA*, 174 F.3d 239, 243 (D.C. Cir. 1999)). *See also Advanced Mgmt. Tech., Inc. v. FAA*, 211 F.3d 633, 636 (D.C. Cir. 2000) ("[s]tanding cannot be 'inferred argumentatively' but rather 'must affirmatively appear in the record'") (quoting *Spencer v. Kemma*, 523 U.S. 1, 10–11 (1998)). A plaintiff bears the burden of establishing its standing to sue, and, if unclear, it must prove standing by a "substantial probability . . . ." *Nat'l Assn. of Home Builders v. Army Corps of Engineers*, 417 F.3d 1272, 1286 (D.C. Cir. 2005) (*citing Sierra Club v. EPA*, 292 F.2d 895, 899 (D.C. Cir. 2002)). *See also, e.g., American Coalition for*

*Competitive Trade v. Clinton*, 128 F.3d 761, 764 (D.C. Cir. 1997) (a party that seeks to invoke a court's jurisdiction "is required to 'clearly . . . allege facts' demonstrating its standing under Article III.") (*quoting United States v. Hays*, 515 U.S. 737, 742 (1995)). Plaintiffs have not met their burden here.

### III. The is no basis for this Court to exercise supplemental jurisdiction.

"A necessary condition for the exercise of supplemental jurisdiction is the substantiality of the federal claims." *Decatur Liquors, Inc. v. District of Columbia*, 478 F.3d 360, 363 (D.C. Cir 2007). Plaintiffs have failed to raise any federal question sufficient to confer jurisdiction on this Court. "If the federal claims are 'obviously frivolous' or 'so attenuated and unsubstantial as to be absolutely devoid of merit', a federal court lacks subject matter jurisdiction over those claims and consequently, any local law claims." *Id.* Having no basis to assert any federal claim, this Court should not exercise supplemental jurisdiction over plaintiffs' claims brought pursuant to the District of Columbia Code. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1996).

To wit: Most of Plaintiffs' claims are based on employment-related actions by the District, for which the Comprehensive Merit Personnel Act (the CMPA or Act), D.C. Official Code §§ 1-601.1 *et seq.* provides the exclusive remedy. The CMPA was enacted in 1979 to establish a comprehensive, merit-based personnel system for District government employees. *See, generally, Stokes v. District of Columbia,* 502 A.2d 1006, 1009 (D.C. 1985); *District of Columbia v. Thompson,* 593 A.2d 621, 631 (D.C. 1991). The Act provides for a comprehensive system of administrative review of D.C. government employment actions, subject to District of Columbia Court of Appeals. *Thompson,* 593 A.2d at 633. The CMPA created a "mechanism for addressing virtually every conceivable personnel issue among

9

the District, its employees, and their unions—with a reviewing role for the courts as a last resort, not a supplementary role for the courts as an alternative forum." *Id.* at 634. The D.C. Court of Appeals could not be clearer on this point:

> [T]he Council intended CMPA to provide District employees with their exclusive remedies for claims arising out of employer conduct . . . . [Plaintiff's tort claims] clearly fall within the scope of CMPA . . . . We hold, accordingly, that these provisions preclude litigation of [plaintiff's tort claims], in the first instance, in Superior Court.

*Thompson*, 593 A.2d at 635; *see also Board of Trustees v. Myers*, 652 A.2d 642, 644-645 (D.C. 1995) (trial court without authority to entertain claim). Initially, employee complaints go to the Office of Employee Appeals, or to PERB if the employee is a union member subject to a collective bargaining unit. *Thompson*, 593 A.2d at 633. The statutes set out the entire legal structure for the resolution of labor disputes between the City and its various municipal unions. PERB itself, its jurisdiction, and the tasks that Congress and the City Council have given to PERB are analogous to the entity of the National Labor Relations Board. It seems logical that the law of preemption as developed under the National Labor Relations Act is a guide for disposition of this case. This dispute is clearly within the ambit of PERB because PERB covers collective bargaining between the City and the unions dealing with the City. D.C. Code, 2001 Ed. § 1-617.02 and 1-617.17. PERB has exclusive original jurisdiction to resolve the allegations in Counts One through Three of Plaintiffs' proposed Amended Complaint.

Since Plaintiffs have no legitimate federal question before the Court, it should not exercise supplemental jurisdiction over Plaintiffs local law claims. Plaintiffs' claims are essentially "state law claim[s] in federal garb." *Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 294 (D.C. Cir. 2000). Plaintiffs' claims here do not present a question of

constitutional import and their claims and their resolution "is best left to the local courts." *American Tower v. Williams,* 146 F. Supp. 2d 27, 31 (D.D.C. 2001).

Further, it appears that plaintiffs have failed to exhaust their administrative remedies. Plaintiffs admit that they have filed administrative actions with PERB and the Mayor's Office, which have not been resolved, but conclude that their mere attempt to pursue these administrative avenues is sufficient. Amended Complaint at ¶ 42. Plaintiffs are wrong. The exhaustion requirement may be waived in only the most exceptional circumstances. The mere presumption that pursuit of these administrative remedies would not result in a favorable outcome is insufficient to satisfy the requirement to exhaust administrative remedies. *UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Board of Trustees*, 56 F.3d 1469 (D.C. Cir. 1995).

Nonetheless, if Plaintiffs contend that they have exhausted their administrative remedies, then they should appeal to the D.C. Court of Appeals, instead of bringing a lawsuit in district court. *See Lightfoot v. District of Columbia*, 448 F.3d 392,399(D.C. Cir. 2006) (the District's Administrative Procedures Act's judicial review provision places exclusive jurisdiction with the D.C. Court of Appeals).

## Conclusion

For the foregoing reasons, it is appropriate for this Court to dismiss Plaintiffs' Amended Complaint as to the District Defendants.

        Respectfully submitted,

        LINDA SINGER,
        Attorney General, DC

        GEORGE C. VALENTINE
        Deputy Attorney General, DC
        Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886
ellen.efros@dc.gov

/s/ Martha J. Mullen
MARTHA J. MULLEN [419036]
Senior Assistant Attorney General
Assistant Attorney General
Office of the Attorney General, DC
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6612
Facsimile: (202) 727-0431
martha.mullen@dc.gov

FILED: July 19, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA MCMANUS, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 07-252 (CKK) |
| : | |
| DISTRICT OF COLUMBIA, *et al.* : | |
| : | |
| Defendants. : | |
| _____: | |

## ORDER

**UPON CONSIDERATION** of the District Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, the memorandum of points and authorities in support thereof, the opposition thereto, and the entire record in this case, it is hereby

**ORDERED** on this _____ day _____, 2007, that Plaintiffs' First Amended Complaint is Dismissed with Prejudice.

_____
UNITED STATES DISTRICT COURT JUDGE