UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA McMANUS, et al., )<br> )<br>   Plaintiffs, )<br> )<br>v. )<br>DISTRICT OF COLUMBIA )<br>GOVERNMENT, et al., )<br>Defendants. ) | Case No. 1:07CV00252 (CKK) |

**TEAMSTERS' LOCAL UNION NO. 639 MOTION TO DISMISS**

Defendant Teamsters Local Union No. 639 ("Union" or "Local 639"), by and through its undersigned counsel, pursuant to Local Rule 7 and Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby submits this Motion to Dismiss. As established in the accompanying Memorandum of Law, Plaintiffs' claims should be dismissed because they are preempted by the District of Columbia's Comprehensive Merit Personnel Act, D.C. Code §§1-601.1 et seq. ("CMPA"). Inasmuch as the CMPA provides the exclusive statutory basis and forum for Plaintiffs' claims, this Court lacks jurisdiction over this matter. In addition, the Amended Complaint filed in this action fails to state a claim against Local 639 upon which relief can be granted.[1] Finally, Local 639 notes that it was never served with either the original Complaint nor the Amended Complaint. The Union learned of this matter when it received a

---

[1] Rather than burden the record in this matter, Local 639 adopts and incorporates the arguments raised in the dispositive motions filed by the District of Columbia Government, AFSCME District Council 20, AFL-CIO, American Federation of Governmental Employees and the Washington Teachers Union.

collateral pleading on July 23, 2007. Notwithstanding the lack of appropriate service, the Union will address the underlying lack of merit to the action.

                              Respectfully submitted,

                              _____/s/_____
                              John R. Mooney (DC Bar No. 375886)
                              Mark J. Murphy   (DC Bar No. 453060)
                              Mooney, Green, Baker & Saindon, P.C.
                              1920 L Street, N.W., Suite 400
                              Washington, D.C. 20036
                              (202) 783-0010

                              Counsel for Teamsters Local 639

July 25, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDNA McMANUS, et al., | ) | |
| | ) | |
|   Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:07CV00252 (CKK) |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| GOVERNMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF TEAMSTERS' LOCAL UNION NO. 639
MOTION TO DISMISS**

Defendant Teamsters Local Union No. 639 ("Union" or "Local 639"), by and through its undersigned counsel, pursuant to Local Rule 7 and Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby submits its memorandum in support of its Motion to Dismiss. As set forth below, because of the well-settled preemptive effect of the Comprehensive Merit Personnel Act, D.C. Code §§1-601.1 et seq.("CMPA"), this Court lacks jurisdiction over the claims in this matter. In addition, given the lack of any specific allegations, most particularly the complete lack of any fact detailing the Union's involvement in the bizarre conspiracy claims raised in the Amended Complaint, Plaintiffs have failed to state a claim upon which relief can be granted against Local 639.[2]

---

[2] As noted in the instant motion, Local 639 adopts and incorporates the arguments raised in the dispositive motions filed by the District of Columbia Government, AFSCME District Council 20, AFL-CIO, American Federation of Governmental Employees and the Washington Teachers Union.

    Local 639 also notes that it was never served with either the original Complaint nor the Amended Complaint. The Union learned of this matter when it received a collateral pleading on July 23, 2007. Notwithstanding the lack of appropriate service, the Union will address the

I.     **PLAINTIFFS' CLAIMS ARE PREEMPTED BY THE CMPA.**

As succinctly established by the other union defendants in this action, this case is nothing more than a duty of fair representation case that is beyond the scope of this Court's jurisdiction. By operation of the CMPA, claims raising a breach of the duty of fair representation in the public employment context are within the exclusive original jurisdiction of the District of Columbia Public Employee Relations Board ("PERB"). Public employees cannot avoid PERB simply by cloaking their claims in the garb of a different D.C. or federal statute or bringing legal actions based upon common law. Rather, if an individual seeks to raise a question with respect to a union's duty of fair representation they are compelled to bring their complaints to PERB. Indeed, the courts of the District of Columbia have recognized that any alleged breach of a union's duty of fair representation in the context of public employment is a matter within the exclusive jurisdiction of PERB. Fraternal Order of Police v. Public Employees Relations Board, 516 A.2d 501, 504 (D.C. 1986); Hawkins v. Hall, 537 A.2d 571, 576 (D.C. 1988); District of Columbia v. Thompson, 593 A.2d 621, 626-627 (D.C. 1991); Hoggard v. Public Employee Relations Board, 655 A.2d 320, 325 (D.C. 1995).

In addition to courts of the District of Columbia, this Court has recognized that the CMPA establishes a comprehensive administrative scheme for the resolution of public employment matters, see Holman v. Williams, 436 F.Supp.2d 68, 74 (D.D.C.2006); Council of School Officers v. District of Columbia, 136 L.R.R.M. 2572, 2575, 1991 U.S. Dist. LEXIS 10440 (D.D.C. 1991) (text of oral opinion), and that the CMPA provides the exclusive mechanism for resolution of disputes arising from public employment. Indeed, in Jackson v.

---

underlying lack of merit to the action.

2

District of Columbia Dept. of Health, 2007 U.S. Dist. LEXIS 32562 (D.D.C. 2007) , Judge Sullivan recently conducted a thorough review of the preemptive scope of the CMPA. In concluding that this Court lacked jurisdiction over the public employee plaintiff's claims, he stated:

> [b]oth defendants argue that the Court lacks subject matter jurisdiction and should dismiss the case under rule 12 (b)(1) because plaintiff's claims can only be pursued under the Comprehensive Merit Personnel Act ("CMPA"). As the plaintiff is pro se and unsophisticated in the law, the Court has made a concerted effort to discern any possible counter argument to defendants' contentions, but to no avail.

See Jackson, 2007 U.S. Dist. LEXIS 32562, at *4.

In light of the above, it is clear that this Court lacks jurisdiction over this matter.

**II.    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

In addition to the lack of jurisdiction over this case, Plaintiffs' Amended Complaint must also be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) because it fails to state a claim upon which relief may be granted. A fair reading of Plaintiffs' Amended Complaint reveals that it consists solely of conclusory factual allegations and unsupported legal conclusions drawn from those allegations. Such conclusory statements and unsupported factual allegations cannot be relied upon to oppose a motion to dismiss. See National Treasury Employees Union v. United States., 101 F.3d 1423, 1430 (D.C. Cir. 1996) (federal courts considering 12 (b)(6) motions are not obligated to accept a plaintiff's unsupported legal conclusions or factual inferences).

In order to survive a 12(b)(6) motion to dismiss, the Complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The

court must accept as true only well-pleaded factual allegations and grant plaintiff the benefit of all reasonable inferences that can be derived from the alleged facts. Chandamuri v. Georgetown University, 274 F. Supp. 2d 71, 77 (D.D.C. 2003). Accordingly, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Id. citing Conley, 355 U.S. at 45-46. See also Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); Judicial Watch, Inc. v. Clinton, 880 F. Supp. 1, 7 (D.D.C. 1995). A Complaint will be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Here, Plaintiffs contend that Local 639 participated in a far reaching conspiracy to deprive them of their rights to union representation and certain unspecified benefits. A *prima facie* showing of a civil conspiracy in the District of Columbia requires satisfaction of four elements: "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." Halberstam v. Welch, 705 F.2d 472, 477 (D.C. Cir. 1983). Moreover, the conspiracy must be pled with specificity and mere speculation or "conclusory statements" that defendants are part of a conspiracy is not sufficient to meet plaintiff's burden. See, e.g., Jung v. Ass. of Am. Med. Colls., 300 F. Supp. 2d 119, 141 (D.D.C. 2004); Dooley v. United Techs. Corp., 786 F. Supp. 65, 78 (D.D.C. 1992); see also Naartex Consulting Corp. v. Watt, 722 F.2d 779, 787 (D.C. Cir. 1983), cert. denied, 467 U.S. 1210 (1984). A plaintiff must plead with particularity both the conspiracy and the overt acts in furtherance of the conspiracy. See, e.g., Jung, 300 F. Supp. 2d at 141; U.S.A. v. Philip Morris Inc., 116 F. Supp. 2d at 116, 122 (D.D.C.

4

2000); Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1031 (D.C. Cir. 1997).

Despite this well-settled pleading requirement, the Amended Complaint fails to allege any discrete facts supporting Plaintiffs' contention that Local 639 participated in the absurd conspiracy theory. Indeed, the Amended Complaint is totally devoid of any specific allegation involving Local 639 and fails to specify any individual, specific act or document that is attributable to the Union. Instead, the Amended Complaint attempts to paint a bizarre conspiracy with a broad brush. The conspiracy claims contained in the Amended Complaint completely fail to satisfy the most basic pleading requirements and, therefore, must be dismissed. See, e.g., Richards v. Duke University, et al, 480 F. Supp. 2d 222, 232-33 (D.D.C. 2007)(Claims that are essentially fictitious or other fanciful claims such as those that allege bizarre conspiracy theories . . . warrant dismissal).[3]

---

[3] Once the conspiracy claim is dismissed, the allegations regarding the Fourteenth Amendment and 42 U.S.C. Section1983 also fail because there is a complete absence of any of the requisite state action. See Hoai, et al v. Vo, et al., 935 F.2d 308, 312 (D.C. Cir. 1991) (state action is a necessary element of section 1983 claim). Similarly, the claims under 42 U.S.C. Sections 1981 and 2000e should be dismissed because the Plaintiffs fail to allege membership in a protected status. See Mastro v. Potomac Electric Power Co., 447 F.3d 843 (D.C. Cir. 2006) (membership in protected class is prima facie element of Title VII claims); Carter v. George Washington University, 387 F.3d 872 (D.C. Cir. 2004).

**III. CONCLUSION.**

  For the reasons set forth above, the Court should dismiss all of the Plaintiffs' claims against the Union with prejudice.

                   Respectfully submitted,

                   _____/s/_____
                   John R. Mooney (D.C. Bar 375886)
                   Mark J. Murphy (D.C. Bar 453060)
                   Mooney, Green, Baker & Saindon, P.C.
                   1920 L Street, N.W., Suite 400
                   Washington, D.C.  20036
                   (202) 783-0010

July 25, 2007               Counsel for Teamsters Local 639

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA McMANUS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:07CV00252 (CKK) |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| GOVERNMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER</u>**

Upon consideration of the motion to dismiss filed by Defendant Teamsters Local Union No. 639, the supporting legal memorandum, as well as any opposition thereto and reply in support of the relief requested, it is hereby ORDERED on this the _____ day of _____, 2007 that:

The motion to dismiss is GRANTED and it is further ORDERED that the claims against Teamsters Local Union No. 639 are DISMISSED with prejudice.

So ordered,

_____
Judge
United States District Court
 for the District of Columbia