IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA McMANUS, *et al.*, ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:07cv00252 (CKK) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT CLW/CDM S MOTION TO DISMISS
PLAINTIFFS  AMENDED COMPLAINT**

CLW/CDM, by and through undersigned counsel, hereby moves this honorable Court pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) to dismiss Plaintiffs  amended complaint, in that this Court lacks subject matter jurisdiction over Plaintiffs  claims, and that Plaintiffs  amended complaint fails to state a claim on which relief may be granted.  This motion is accompanied by a memorandum of supporting points and authorities, which is incorporated as if fully set forth herein.  This motion is not accompanied by a proposed order per the Court s order.

Respectfully submitted,

_____/s/  Laura E. Jordan_____
Laura E. Jordan, D.C. Bar No. 416707
Law Offices of Laura E. Jordan, P.C.
4702 Wisconsin Ave., N.W.
Washington, D.C.  20016
202-244-4600
facsimile:  202-244-4657

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA McMANUS, *et al.*,<br>　　Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br>　　Defendants. | )<br>)<br>)<br>)　Civil Action No. 1:07cv00252 (CKK)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CLW/CDM S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT**

CLW/CDM, by and through undersigned counsel, hereby submits its memorandum in support of its motion to dismiss Plaintiffs amended complaint, and in support thereof, states as follows:

**Background**

Plaintiffs amended complaint, while difficult to decipher, seems to allege that a conspiracy exists among the named defendants to abrogate plaintiffs rights under their respective collective bargaining agreements. Paragraph 55 of the complaint calls this conspiracy staggering. CLW/CDM respectfully suggests that plaintiffs lawsuit is staggering. Despite suing 14 defendants on behalf of 16 plaintiffs, setting forth eight claims (three of which are actually requests for relief), and having now had two cracks at it, plaintiffs have failed to draft a complaint that even comes close to articulating cognizable claims. Plaintiffs have asserted claims over which this Court has no jurisdiction, failed to allege facts pertinent to a large number of defendants, styled requests for relief as claims, and generally failed to present their claims in a coherent fashion.

The many infirmities of plaintiffs amended complaint are amply detailed in the motions

to dismiss the amended complaint filed by CLW/CDM s co-defendants. Dismissal of plaintiffs complaint would be appropriate for a plethora of reasons, only two of which are addressed herein: lack of subject matter jurisdiction because of the preemption of the District of Columbia Comprehensive Merit Personnel Act ( CMPA ), and the failure to state a cognizable claim against CLW/CDM. Therefore, CLW/CDM adopts and incorporates by reference the arguments supporting dismissal set forth in the briefs of its co-defendants.

## Argument

I. **Standard of Review**

With respect to CLW/CDM, plaintiffs have failed to allege even a single fact to bring CLW/CDM within the purview of their tortured theories. Counts 3,4 and 7 are not directed at CLW/CDM and therefore are not addressed herein. Counts 5, 6 and 8 are styled as causes of action but are actually requests for relief. Therefore, only counts 1 and 2, which purport to allege substantive claims against CLW/CDM, are addressed herein.

Addressing only the counts against CLW/CDM, Count 1 alleges  violation of [plaintiffs ] express and implied contracts of employment  with defendant District of Columbia. Complaint ¶ 59. Count 2 alleges  violation of the express terms of the collective bargaining agreement between the City and the Unions.  Complaint ¶ 62. Both counts fail under Rule 12(b)(1) in that this Court lacks subject matter jurisdiction over these claims, and under Rule 12(b)(6) in that the counts both fail to state a claim on which relief can be granted as to CLW/CDM.

The burden of proving jurisdiction rests on plaintiffs. *Vanover v. Hantman*, 77 F.Supp.2d 91 (D.D.C. 1999) ¶ 34 (citing *Pitney Bowes Inc. v. U.S. Postal Service*, 27 F. Supp.2d 15, 19 (D.D.C. 1998). When considering a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6),

the standard of review is essentially the same: a court must dismiss the complaint when it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief, *Tele-Communications of Key West, Inc. v. U.S.*, 757 F.2d 1330, 1334 (D.C.Cir. 1985), accept[ing] as true all well-pleaded factual allegations and draw[ing] all reasonable inferences in favor of the plaintiff. *Id.* (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996)).

II. **Plaintiffs Claims Against CLW/CDM Must Be Dismissed for Lack of Jurisdiction, and For Failure To State A Claim Upon Which Relief May Be Granted**

    A. **Plaintiffs Claims Are Preempted by the CMPA**

Inasmuch as plaintiffs first two claims allege violations of a duty of fair representation, plaintiffs exclusive relief for these purported violations lies with the Public Employees Relations Board ( PERB ). This Court has recognized that the CMPA provides District employees with their exclusive remedies for claims arising out of employer conduct in handling personnel ratings, employee grievances and adverse actions. *Alexis v. District of Columbia*, 44 F.Supp.2d 331, ¶ 96 (D.D.C. 1999) (citing *District of Columbia v. Thompson*, 593 A.2d 621, 632-635 (D.C. 1991)). A grievance is broadly defined as any matter under the control of the District Government which impairs or adversely affects the interest, concern, or welfare of employees. *Id.* n.17 (citing D.C. Code Ann. § 1-603.1). The court is not an alternate forum, but rather, performs a reviewing role as a last resort. *Id.*

Counts 1 and 2 allege violations of plaintiffs employment agreements, thrusting these claims, no matter how cloaked, into the exclusive jurisdiction of the PERB. Accordingly, under Rule 12(b)(1), Counts 1 and 2 against CLW/CDM must fail.

### B. Plaintiffs Claims Fail To State a Claim Upon Which Relief May Be Granted

Assuming *arguendo* plaintiffs averments live up to the well-pled standard, counts 1 and 2 as to CLW/CDM must nonetheless fail under Rule 12(b)(6) as well. Plaintiffs have not alleged that CLW/CDM is a party to either of the agreements referenced in those counts. It is axiomatic that an entity cannot breach a contract to which it is not a party. Moreover, plaintiffs allege no facts imposing an extra-contractual obligation on CLW/CDM. Accordingly, the contracts and agreement referenced in counts 1 and 2 impose no obligation on CLW/CDM. For this reason, it is impossible for CLW/CDM to have breached the agreements, and these claims must therefore be dismissed.

### Conclusion

For the foregoing reasons, CLW/CDM respectfully requests that plaintiffs complaint against it be dismissed.

Respectfully submitted,

_____/s/ Laura E. Jordan_____
Laura E. Jordan, D.C. Bar No. 416707
Law Offices of Laura E. Jordan, P.C.
4702 Wisconsin Ave., N.W.
Washington, D.C. 20016
202-244-4600
facsimile: 202-244-4657
counsel@JordansLaw.com

### Certificate of Service

I hereby certify that a copy of the foregoing was served via ECF to all counsel of record this July 27, 2007.

___/s/ Laura E. Jordan_____
Laura E. Jordan