UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA MCMANUS, *et al* <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al*, <br><br> Defendants. | CIVIL ACTION NO.: 1:07-CV-00252-CKK |

### **DEFENDANT CONCENTRA INC.'S SUPPLEMENTAL MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12 (b)(6), Defendant Concentra Inc. ("Concentra") hereby respectfully moves to dismiss the above-captioned case for the following reasons:

1.    Plaintiffs' Amended Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the allegations against Concentra fail to state a claim upon which relief may be granted;

2.    Plaintiffs' claims of breach of employment contract and breach of collective bargaining agreement should be dismissed because they are unsupported in fact and law;

3.    To the extent Plaintiffs are attempting to assert a civil conspiracy claim, the claim must fail as a matter of law;

4.    This Court lacks subject matter jurisdiction over Plaintiffs' request for declaratory relief; and

5. Plaintiffs' request for a restraining order must also fail because Plaintiffs fail to demonstrate that they are entitled to equitable relief.

As grounds for this request, Concentra relies on the points and authorities set forth in the Memorandum accompanying this Motion and its June 25, 2007 Memorandum in Support. Pursuant to paragraph 9 of the Court's March 6, 2007, order, a proposed order does not accompany this Motion.

Dated: June 27, 2007
Respectfully submitted,

By: /s/ Alison N. Davis
Alison N. Davis
D.C. Bar No. 429700

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC 20036
(202) 719-2000
(202) 719-2077 (Fax)
adavis@fordharrison.com

Attorneys for Defendant CONCENTRA Inc.

DC:67440.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA MCMANUS, *et al*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al*,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 1:07-CV-00252-CKK |

## DEFENDANT CONCENTRA INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, Concentra Incorporated ("Concentra"), by its attorneys, Alison N. Davis and Ford & Harrison, LLP, pursuant to Local Rule 7(a) and this Court's July 3, 2007 Minute Order, hereby supplements its June 25, 2007 Memorandum in Support of its Motion to Dismiss Plaintiffs' Amended Complaint, and states as follows:[1]

I.  **PROCEDURAL BACKGROUND**

On February 1, 2007, Plaintiffs Edna McManus, Gaynell Nixon, Shirley Massey, Sandra Mitchner, William Workcuff, Edward Clark, Slatel Dillon, Audrey Tucker, Arzella Smith, Geraldine Talley Hobby, Erwin Diggs, John Lewis, Veleria Jones Coe, Fletcher Scott, Ronald Minor, and Otis R. Mahoney, Sr. (collectively referred to herein as

---

[1] Concentra incorporates its initial Memorandum in Support of its Motion to Dismiss as if set forth fully herein. Document No. 32.

1

"Plaintiffs") filed their original Complaint in which they alleged multiple claims against fourteen Defendants, including Concentra.[2]

After several of the Defendants filed Motions to Dismiss, Plaintiffs on June 11, 2007 requested leave to amend their Complaint. Document No. 23. This Court granted Plaintiffs' Motion on July 2, 2007. Document No. 36. Plaintiffs filed their Amended Complaint on July 3, 2007. Document No. 37.

While the Amended Complaint adds some facts relating to Plaintiffs, it is virtually identical to the initial Complaint. It is devoid of factual allegations specifically relating to Concentra. Instead, it rests on legal conclusions. Moreover, Concentra still has not been properly served in this case. Accordingly, even if this Court had jurisdiction over Concentra, which Concentra denies, Plaintiffs have failed to plead sufficiently causes of action which demonstrate that this Court has subject matter jurisdiction or state a claim upon which relief can be granted. For those reasons, it is appropriate to dismiss this action against Concentra immediately.

II.   **ARGUMENT**

    A.   **Plaintiffs' Amended Complaint Must be Dismissed Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Because the Allegations Against Concentra Fail to State a Claim Upon Which Relief May Be Granted.**

Plaintiffs' Amended Complaint must be dismissed with regard to Concentra because Plaintiffs have failed to state a claim. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court can dismiss a complaint where the plaintiff fails to set

---

[2] In addition to Concentra, Plaintiffs have named the following entities in this action: the District of Columbia Government; AFSCME District Council 20, AFL-CIO; American Federation of Governmental Employees; International Brotherhood of Teamsters Local Union No. 639; Washington Teachers Union; Fraternal Order of Police; Corvel Healthcare; CLW/CDM; AON Risk Services Incorporated; CMI/Sedgewick; Genex Incorporated, subsidiary of UNUM Provident; UNUM Group a.k.a UNUM Provident Insurance Company; and Robert A. Smith, M.D., P.C.

forth claims upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6) (2007).

Dismissal of a complaint under Rule 12(b)(6) is proper if:

> [A]fter construing the complaint liberally in [the plaintiff's] favor and granting [the plaintiff] the benefit of all reasonable inferences to be derived from the facts alleged, [the plaintiff can] prove no set of facts in support of his claim that would entitle him to relief.

*Henthorn v. Dept. of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994). Despite the liberal pleading standards permitted by federal procedural rules, a court is not bound to accept inferences which are not supported by facts alleged in the complaint, and is not required to accept legal conclusions alleged in the complaint as factual assertions. *Id.*

When a plaintiff fails to state a claim upon which relief can be granted, this basic deficiency should "be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, No. 05-1126, 2007 U.S. LEXIS 5901, *27-28 (U.S. May 21, 2007) (internal quotations omitted) (upholding district court's dismissal for failure to state a claim). Otherwise, a groundless claim would be allowed to "take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 27 (internal quotations omitted). Consistent with the Supreme Court's directive, now is the time to dismiss Plaintiffs' claims before Concentra is forced to waste needlessly additional time and expense defending these vague, meritless claims.

### B. Plaintiffs' Breach of Employment Contract (Count 1) and Breach of Collective Bargaining Agreement (Count 2) Claims Should be Dismissed Because They are Unsupported in Fact and Law.

Plaintiffs' first two Counts are based purely on conclusory factual allegations and unsupported legal conclusions, and must be dismissed. In Count 1, Plaintiffs allege

3

breaches of their respective employment contracts with the District of Columbia ("City") related to the administrative process for grievance hearings. In Count 2, Plaintiffs allege a related claim for breach of the collective bargaining agreement ("CBA") between the City and Defendant Unions. The only allegations which suggest that Concentra engaged in wrongful conduct state: (1) that along with every other Defendant, Concentra "fail[ed] to engage in meaningful mediation, other dispute resolution efforts, or arbitration, and [denied] prompt grievance hearings," Amended Complaint ("Am. Compl.") ¶ 57, and (2) Concentra "conspired to violate the [CBA] in violation of the law," Am. Compl. ¶ 61.

However, Plaintiffs make no allegation that Concentra was a party to a contract or CBA with Plaintiffs, which obligated Concentra to facilitate Plaintiffs' use of mediation, arbitration or other forms of dispute resolution, or to schedule grievance hearings. In fact, Plaintiffs only assert the existence of an employment contract between the City and the Plaintiff employees, and that there were CBAs solely between the City and the Defendant Unions. Am. Compl. ¶¶ 57 and 61. Accordingly, Plaintiffs neither allege facts which show that Concentra could have breached either an employment contract or a CBA pertinent to Plaintiffs' claims nor assert a plausible basis for claiming relief from Concentra for these alleged breaches.

Plaintiffs, at the very least, need to assert facts that show Concentra was a party to an applicable employment contract and/or CBA. *Malone v. Saxony Coop. Apts. Inc.*, 763 A.2d 725, 728-29 (D.C. 2000) (stating that for an enforceable agreement to exist there must be mutual assent of each party to all the material terms); *Jack Baker, Inc. v. Office Space Dev. Corp.*, 664 A.2d 1236, 1238-40 (D.C. 1995) (stating that the plaintiff must first establish an agreement to all material terms and an intent to be bound). Plaintiffs

4

have not, and cannot, assert such facts. Consequently, these claims are insufficient because Plaintiffs do not aver any facts from which this Court could conclude that Concentra is a party to an employment contract and/or CBA with Plaintiffs.

### C. To the Extent Plaintiffs are Attempting to Assert a Civil Conspiracy Claim, the Claim Must Fail as a Matter of Law.

Assuming that Plaintiffs are attempting to assert a claim that Concentra was part of a civil conspiracy, this claim must also fail. Plaintiffs' Amended Complaint does not formally list conspiracy in its "claims for relief."[3] Instead, Plaintiffs merely assert that Concentra, along with the other Defendants, allegedly "conspired to violate the [CBA] in violation of the law"[4] Am. Compl. ¶ 61. If Plaintiffs are attempting to bring a conspiracy claim, that potential cause of action, just like Plaintiffs' formally pled breach of employment contract and breach of the CBA causes of action, must be dismissed.

In the District of Columbia, there is no recognized independent tort action for civil conspiracy. *Waldon v. Covington*, 415 A.2d 1070, 1074 n.14 (D.C. 1980); *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C. 2000). Civil conspiracy is a form of vicarious liability. *Executive Sandwich Shoppe, Inc.*, 749 A.2d at 738. Plaintiff must allege the performance of an underlying tortious act to survive a motion to dismiss. *Id.* Moreover, the District of Columbia has not recognized the tort of conspiracy to breach a CBA. *Metro D.C. Paving, Highway and Const.*

---

[3] Plaintiffs assert eight Counts: breach of employment contract (Count 1); breach of CBA (Count 2); breach of duty to fair representation (Count 3); violation of right to due process (Count 4); declaratory judgment action (Count 5); request for injunctive relief (Count 6); requests for an assortment of equitable relief against Defendant Unum (Count 7); and restraining order as applied to retaliation (Count 8). Am. Compl. at 27-36.

[4] Plaintiffs also aver in the "Facts" section of their Amended Complaint a number of concerns about the administrative process that is (or was) available to them as employees of the City. Am. Compl. ¶¶ 33-36. It is not clear what legal infirmities Plaintiffs are attempting to allege. Even if these facts did present a cause of action at all, it would be a dispute between the City and Plaintiffs because, as set forth above, Plaintiffs allege only that the City was a party to the employment contract.

*Council, AFL-CIO v. Roubin & Janeiro Inc.*, No. 80-699, 1981 U.S. Dist. LEXIS 10118 (D.D.C. May 26, 1981) (J. Sirica) (dismissing the plaintiff's conspiracy to breach a collective bargaining claim). Hence, this claim must be dismissed.

Even if the District of Columbia did recognize the underlying tort of conspiracy to breach a CBA, Plaintiffs' conspiracy claim is still insufficient. A civil conspiracy is a "combination of two or more persons acting in concert to commit an unlawful act, or to commit lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in those damages." *Graves v. United States*, 961 F. Supp. 314, 320 (D.D.C. 1997) (internal quotations and citations omitted). At the pleading stage, the plaintiff must allege overt acts, a connection between the overt acts, the furtherance of the conspiracy, and the plaintiff's ensuing injury. *Graves*, 961 F. Supp. at 321. Plaintiffs' simple statement that Concentra and the other Defendants allegedly "conspired to violate the [CBA] in violation of the law" does not meet any of these requirements.

In addition, a plaintiff must set forth more than conclusory allegations of an agreement to sustain a claim of conspiracy. *Bell Atl. Corp.*, 2007 U.S. LEXIS, at *17 (upholding district court's dismissal of a civil conspiracy claim); *Graves*, 961 F. Supp. at 321 (dismissing claim where plaintiff merely stated that his former employer "colluded" with the Department of Education, without putting forth "any facts showing the existence or establishment of an agreement"); *Estate of Phillips v. District of Columbia*, 257 F. Supp.2d 69, 83 (D.D.C. 2003) (dismissing claim where plaintiffs failed to identify how defendants "acted in concert"). Moreover, according to the Supreme Court, although a complaint on its face may make a few stray remarks regarding an agreement to commit a

conspiracy, the courts should closely scrutinize these assertions to determine whether these remarks are merely legal conclusions resting on prior allegations. *Bell Atl. Corp.*, 2007 U.S. LEXIS, at *37. In this case, Plaintiffs' sole allegation - that Defendants "conspired to violate the [CBA] in violation of the law" - is merely an unsubstantiated legal conclusion. It is not enough to establish the existence of an agreement or how Concentra acted in concert with the other Defendants. Consequently, to the extent that Plaintiffs are attempting to bring a conspiracy claim, it must be dismissed.

### D.  The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Request for Declaratory Relief.[5]

In Count 5 of the Amended Complaint, Plaintiffs seek a declaratory judgment. Specifically, Plaintiffs seek "declaratory rulings to determine the respective contractual and constitutional rights and obligations of the parties." Am. Compl. at ¶ 79. The Court should dismiss this claim because Plaintiffs have failed to demonstrate that there is an actual controversy at this time which warrants a declaratory judgment.

Under the Declaratory Judgment Act, a federal court may exercise jurisdiction over a declaratory judgment only when there is an actual controversy between the parties. *Becker v. Weinberg Group, Inc. Pension Trust*, 473 F. Supp. 2d 48, 54 (D.D.C. 2007). Section 2201(a) provides:

> In a case of **actual controversy** within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United

---

[5] Regardless, this Count should be dismissed. It is a claim for equitable relief and, for that reason, it does not purport to state an independent substantive cause of action. *See Bridges v. Blue Cross & Blue Shield Ass'n*, 935 F. Supp. 37, 40, 45 (D.D.C. 1996) (stating a claim for a declaratory judgment is properly brought as part of plaintiffs' prayer for relief, not as a separate cause of action).

>States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought . . . .

28 U.S.C. § 2201(a) (2007) (emphasis added). An "actual controversy" exists where the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties, having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Atlas Air, Inc. v. Air Line Pilots Ass'n*, 69 F. Supp. 2d 155, 162 (D.D.C. 1999) (citing *Md. Cas. Co. v. Pac. Coal & Co.*, 312 U.S. 270, 273 (1941)). The dispute cannot be nebulous, but must have taken on a fixed and final shape. *Atlas Air, Inc. v. Air Line Pilots Ass'n*, 232 F.3d 218, 227 (D.C. Cir. 2000) (citing *Danville Tobacco Ass'n v. Freeman*, 351 F.2d 832, 833-34 (D.C. Cir. 1965)).

Plaintiffs' conclusory allegations are not sufficient to establish a contractual dispute with Concentra that is ripe for determination. Notably, there is no allegation in the Amended Complaint that a contract exists between Plaintiffs and Concentra. Plaintiffs' sole assertion is that there was an employment contract between the City and Plaintiffs. Without a contract between Concentra and Plaintiffs, there is no legal right between Concentra and Plaintiffs for this Court to adjudicate. *See Superlease Rent-A-Car, Inc. v. Budget Rent-A-Car of Md., Inc.*, Civil Action No. 89-0300, 1989 U.S. Dist. LEXIS 19115, at *8 (D.D.C. April 13, 1989) (citing *Young Am. for Freedom, Inc. v. Rusk*, 205 F. Supp. 603 (D.D.C. 1962), aff'd 303 F.2d 771 (D.C. Cir. 1962)) (stating plaintiff must have a cognizable cause of action under the contracts). Finally, there is no allegation that Concentra's conduct constituted state action, and thus there cannot be a dispute regarding constitutional rights and obligations between Concentra and Plaintiffs.

Accordingly, the Court must dismiss Plaintiffs' request for declaratory relief for lack of subject matter jurisdiction.

### E. Plaintiffs' Request for a Restraining Order (Count 8) Must Also Fail Because Plaintiffs Fail to Demonstrate that They are Entitled to Equitable Relief.

Plaintiffs lack standing to seek a restraining order against Concentra because they fail to allege both an injury and a real and immediate threat of future injury. *Fla. Family Ass'n, Inc. v. Sch. Bd. of Hillsborough County*, No. 8:05-cv-2045-T-24, 2006 U.S. Dist. LEXIS 22043, at *10 (M.D. Fl. April 21, 2006). To assert a claim for equitable relief, Plaintiffs must establish 1) that they would suffer irreparable injury if the injunction is not granted, 2) that, considering the balance of the hardships between Plaintiffs and Concentra, a remedy in equity is warranted, 3) that remedies available at law, such as money damages, are inadequate to compensate for the injury, and 4) that there would not be a disservice to the public interest if the restraining order is granted. *eBay Inc. v. MercExchange L.L.C.*, 126 S. Ct. 1837, 1839 (2006) (citing *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-13 (1982)). In the federal courts, the key element of this four-prong test is irreparable harm. *CityFed Fin. Corp. v. OTS*, 58 F.3d 738, 746 (D.C. Cir. 1995) (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)).

In the present case, Plaintiffs have not alleged any facts which establish irreparable harm. Plaintiffs also have not explained why, or even argued that remedies available at law, such as monetary damages, are inadequate to compensate them for their supposed injury. In addition, Plaintiffs have failed to establish any of the other remaining elements for equitable relief. Plaintiffs continue to only make conclusory statements

regarding why they should be entitled to injunctive relief. This is insufficient to entitle them to equitable relief. *Bell Atl. Corp.*, 2007 U.S. LEXIS, at *21-22 (stating that there must be an actual showing, rather than a general assertion of entitlement for relief). Therefore, Plaintiffs' request for a restraining order must also fail.

### III. CONCLUSION

For all of the reasons stated above and in Concentra's initial Memorandum in Support of its Motion to Dismiss, Concentra respectfully requests that this Court dismiss with prejudice Plaintiffs' Amended Complaint as to all claims which are raised against Concentra. Concentra further requests that the Court award its attorneys' fees and costs for responding to this frivolous lawsuit.

Dated: July 27, 2007                    Respectfully submitted,


                                        By: /s/ Alison N. Davis
                                            Alison N. Davis
                                            D.C. Bar No. 429700

                                            FORD & HARRISON LLP
                                            1300 19th Street, N.W., Suite 700
                                            Washington, DC 20036
                                            (202) 719-2000
                                            (202) 719-2077 (Fax)
                                            adavis@fordharrison.com

                                            Attorneys for Defendant CONCENTRA, Inc.

DC:67421.3