# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDNA McMANUS, ET AL** | CASE NO: 1:07CV00252 (CKK) |
| Plaintiff | |
| v. | |
| **DISTRICT OF COLUMBIA GOVERNMENT, ET AL.** | PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS |
| Defendants | |

Plaintiff hereby opposes the Motions to Dismiss filed by Defendant District of Columbia pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A memorandum in opposition is attached.

Respectfully submitted,

/s/ James Q. Butler
James Q. Butler
Attorney for Plaintiff
818 18th Street, N.W. - 10th Floor
Washington, D.C. 20006
Ph. 202-223-6767

### CERTIFICATE OF SERVICE
Plaintiff hereby certifies that each Defendant is hereby served with the foregoing Opposition to Defendants' Motions To Dismiss through this Court's electronic service.

/s/ James Q. Butler
James Q. Butler

## MEMORANDUM
## I. INTRODUCTION

The Amended Complaint in this case was filed February 1, 2007, and the collective Defendants filed again several Motions To Dismiss, based upon Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief may be granted, in July, 2007.

Contrary to the positions of the Defendants, the claims alleged in the complaint may be the subject of relief on Plaintiff's Complaint, Amended Complaint, based upon federal and state law claims. The allegations that Plaintiff raises meet the constitutional standards required to state a claim under 42 U.S.C. § 1983, and further state law claims. At paragraphs two through seventeen, each Plaintiff states in detail, the claims filed, and the date of each improper denial of their respective valid claims. It is disingenuous to claim that based upon the Amended Complaint, Plaintiffs have stated claims which lack the detail and specificity to withstand a motion to dismiss. In fact, if Defendants truly believed that the Amended complaint is insufficient, Defendants should move for a more definite statement.

Plaintiffs brought this action against the named Defendants in this Court for the arbitrary and capricious denial of their disability claims, even though pursuant to an agreement voluntarily entered into, Defendants are under a duty to reexamine each and every claim that had been previously denied. Plaintiffs' claims are part of those claims that must be reviewed and reexamined.

Defendants each have moved to dismiss the complaint. For the reasons that follow, this Honorable Court must overrule this motion to dismiss and permit discovery as this case is prepared for trial.

The Amended Complaint states that the government of the District of Columbia carries on business within the District of Columbia. At ¶ 30, the Amended Complaint states that UNUM

Provident carries on business within the District of Columbia. Thus, jurisdiction and venue is proper.
.

## II. LAW AND ARGUMENT

The District of Columbia claims that it can not be a defendant in this case. There is no basis in law or fact for such a claim. In the case of ***USA v. Cintolo*** 818 F.2d 980, (1st Cir. 1987), the court explained at page 997-998:

> It is settled law, however, that one who joins an ongoing conspiracy is deemed to have adopted the prior acts and declarations of coconspirators, made after the formation and in furtherance of the conspiracy. See ***United States v. Baines***, 812 F.2d 41, 42 (1st Cir.1987)
>
> ("[A] conspiracy is like a train. When a party knowingly steps aboard, he is part of the crew, and assumes conspirator's responsibility for the existing freight -- or conduct -- regardless of whether he is aware of just what it is composed."). See also ***United States v. United States Gypsum Co.***, 333 U.S. 364, 393, 92 L. Ed. 746, 68 S. Ct. 525 (1948); ***United States v. Masse***, 816 F.2d 805, slip. op. at 13-14 (1st Cir. 1987); ***United States v. Sarno***, 456 F.2d 875, 878 (1st Cir. 1972).

As the Fifth Circuit observed in the case of ***United States v. Brasseaux,*** 509 F.2d 157, 161 (5th Cir. 1975), "once having entered into a common scheme with the other conspirators, appellant is bound by all acts committed by them in furtherance thereof, including those acts committed without his knowledge before he joined the conspiracy."

A claim of criminal enterprise is similar to a RICO, which claim is not limited to those engaged in organized crime. It makes unlawful the activities described in the Act, no matter who engages in them. ***U.S. v. Campanale***, 518 F.2d 353 (9thCir. 1975) cert den. 423 U.S. 1050, rehearing den. 424 U.S. 950. ***U.S. v. Sisk***, 476 F. Supp.1061 (M.D. Tenn. 1979) held that a political entity or government agency may constitute an "enterprise" under RICO; the state governor's office was an "enterprise" under the statute. In ***U.S. v. Grubb***, 11 F.3d 426 (4th Cir.1993), the office of the Judge of the Seventh Judicial Circuit was held an "enterprise" for RICO purposes. A county circuit court was an "enterprise" under RICO in ***U.S. v. Blackwood***,

768 F.2d 131 (7th Circ. 1985), cert. den. 474 U.S. 1020.  In **U. S. v. Sutherland**, 656 F.2d 1181 (5th Cir. 1981), rehearing den. 663 F.2d 101, cert. den. 455 U.S. 949, a municipal court was held to be a RICO enterprise. In **DeFalco v. Dirie**, 978 F.Supp 491 (S.D.N.Y. 1997), aff'd, 244 F. 3d 286 (2nd Cir. 2001) the town of Sullivan, New York, was held to be an "enterprise" under the RICO act.

 Operation Greylord was a Cook County, Illinois, ninety-two people were indicted, including 17 judges, 48 lawyers, 8 policemen, 10 deputy sheriffs, 8 court officials, and 1 state legislator.

Federal Rule of Civil Procedure 12(b)(6), which restricts the district court from dismissing a complaint under a very strict standard.   When this court reviews the sufficiency of a complaint, before the reception of any evidence . . . its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Id.

The court's function is  not to weigh evidence or evaluate the credibility of witnesses, **Cameron v. Seitz**, 38 F.3d 264 (6thCir. 1994) but to deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Id., **Marks v. Newcourt Credit Group, Inc**., 342 F.3d 444, 451-452 (6th Cir. 2003).  Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow plaintiff to develop her case at this stage of the proceedings. **U. S. v. City of Redwood City**, 640 F.2d 963, 966 (9th Cir. 1981).  Plaintiff only seeks the chance to develop his case at this stage of the proceedings.  In examining the face of the pleadings, all of the allegations must be taken in a

light MOST favorable to Plaintiff. When this standard is complied with, there is no legal basis upon which the district court could dismiss the complaint.

"To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" **Glassner v. R.J. Reynolds Tobacco Co.**, 223 F.3d 343, 346 (6th Cir. 2000). Plaintiff complied with this requisite by alleging such facts.

In Plaintiff's Amended Complaint, each Plaintiff alleges the facts, which must be accepted as true for purposes of reviewing a dismissal under Fed. R. Civ. P. 12(b)(6); **Mylan Labs., Inc. v. Matkari**, 7 F.3d 1130, 1134 (4th Cir. 1993).

By stating that the Defendants, including The District of Columbia's and UNUM Provident, have violated the subject Settlement Agreement (Amended Complaint, ¶ 45, et seq.). That entire Settlement Agreement is incorporated by reference into the Complaint and Amended Complaint. Plaintiff asks that this Court follow the "incessant command of the court's conscience that justice be done in light of all the facts." **Griffin v. Swim-Tech Corp.**, 722 F.2d 677, 680 (11th Cir. 1984). Plaintiff requests that this Court examine and "intensively balance" the numerous factors and that the "court's conscience" be focused upon the goal that "justice be done in light of all of the facts."

**Rodi, v. Southern New England School of Law** 389 F.3d 5 (1st Cir. 2004) held that:

"In ruling on whether a plaintiff has stated an actionable claim, an inquiring court, be it a trial or appellate court, must consider the complaint, documents annexed to it, and other materials fairly incorporated within it. **In re Colonial Mortg. Bankers Corp.**, 324 F.3d 12, 15-16 (1st Cir. 2003); **Cogan v. Phoenix Life Ins**. Co., 310 F.3d 238, 241 n.4 (1st Cir. 2002). This sometimes includes documents referred to in the complaint but not annexed to it. See **Coyne v. Cronin**, ___ F.3d ___, ___ (1st Cir. 2004) [No. 03-2357, slip op. at 11]; **Beddall v. State St. Bank & Trust Co.**, 137 F.3d 12, 17 (1st Cir. 1998); **Fudge v. Penthouse Int'l, Ltd.**, 840 F.2d 1012, 1015 (1st Cir. 1988). Finally, the

jurisprudence of Rule 12(b)(6) permits courts to consider matters that are susceptible to judicial notice. **Colonial Mortg. Bankers**, 324 F.3d at 15-16; **Boateng v. InterAmerican Univ.**, 210 F.3d 56, 60 (1st Cir. 2000).

Defendants have filed a motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." **Mylan Labs., Inc. v. Matkari**, 7 F.3d 1130, 1134 (4th Cir. 1993). In considering the motions, "the court should accept as true all well pleaded allegations and should view the complaint in a light most favorable to the plaintiff." **Mylan Labs**., 7 F.3d at 1134. However, dismissal under 12(b)(6) is appropriate only if the plaintiff can prove no set of facts that would support its claim. **Mylan Labs**., 7 F.3d at 1134.

Because Plaintiffs have alleged facts that would allow them to survive the Defendant The District of Columbia's's motions to dismiss, there should be no dismissal under Rule 12(b)(6). Plaintiff's complaint alleges both the existence a conspiracy, described in as much detail as is available prior to discovery, at ¶ 33, and the agreements between the parties at ¶ 34, and ¶ 35. Viewing these allegations in the light MOST favorable to Plaintiffs, the Amended Complaint states a claim for a violation of Plaintiff's rights, upon which relief could be granted.

More particularly, the Amended Complaint alleges that Defendants The District of Columbia's and UNUM, at ¶87, et seq., have violated the Settlement Agreement, and the specific manner, as much as is known at this stage of the litigation. Essentially, these allegations are adequate at this stage of the litigation.

Defendants further claim that Plaintiffs fail to allege damages as the result of Defendants conduct. All of this, including the violation of that Settlement Agreement, is the basis for the irreparable damages that each Plaintiff has incurred. See Amended Complaint ¶ 85. Additionally, Amended

Complaint ¶ 76, states that Defendants have denied to Plaintiffs their rights to due process of law. That denial of due process IS damage, and has led to further damage. This denial of civil rights, embodied in the 14th Amendment to the Constitution of the United States, is basic and elementary to the fabric of American law. Therefore, Plaintiffs have properly alleged a claim upon which relief can be granted, and dismissal under Rule 12(b)(6) is not appropriate.

In its Motion To Dismiss, the Defendants claims that the complaint is barren of any factual allegations from which these Defendants may be liable. In fact, this a perversion of the facts stated in the Amended Complaint. Clearly, Count I of the Amended Complaint states the conduct by which The District of Columbia's and its conspirator UNUM Provident employed their policy and practice to deny these valid claims for disability insurance. The Defendants , the Amended Complaint states, engaged in conduct which encourages and promotes denial of valid claims. This is consistent with the testimony and evidence that was exposed in the case of **Merrick v. Paul Revere**, infra, for which the Plaintiffs request that this Court take judicial notice. The Defendants refused to train, and properly direct, supervise or control the employed claims adjusters to properly assess the merits of Plaintiff's claims. See ¶ 54.

This Court must accept those facts alleged in the complaint and then determine whether, based on those facts, a reasonable person could not render judgment in favor of the Plaintiffs. To the extent the Defendants argue that the Amended Complaint, viewed in the light most favorable to Plaintiffs, is insufficient to support the facts as articulated in the Amended Complaint, these Defendants have an obligation to demonstrate that no set of fact could lead a reasonable person to conclude that Defendants violated the law with respect to the improper denial of Plaintiffs' disability claim. This Court should conclude that there is evidence in the record thus far from which a trier of fact could conclude, inter alia, that Plaintiff did not receive an honest review and reexamination of her claims. This Court cannot consider Defendants' arguments that the complaint does not make the necessary allegations, based upon the information available to Plaintiffs at the time of the filing of the complaint.

Upon these facts alleged in the complaint, this Court should not dismiss the Amended Complaint.

The Amended Complaint alleges at ¶ *** that these Defendants

their unconstitutional conduct. Specifically, the complaint alleges

that the Defendants acted together deprive Plaintiff , and persons like her, of their rights, through

a custom, policy and practice, which was put into use in this instance by Defendant . The

Amended Complaint further alleges that this conduct was malicious and that Plaintiff suffered

monetary damages as a result. See Amended Comp. ¶ ***.   Viewing the complaint in the light most

favorable to the Plaintiff, Plaintiff has properly pleaded a claim for both violation of her

rights and state law violations, and can successfully oppose any motion to dismiss for failure to state

a claim on which relief can be granted.

In ***Merrick v. Paul Revere Life Ins. UNUM Provident,*** Case no. 05-17059 (9th Cir. Aug. 31, 2007), defendants Paul Revere Life Insurance Company/Unum Provident Corporation appealed the district court's jury verdict awarding $1.65 million in compensatory and $10 million in punitive damages to plaintiff G. Clinton Merrick, Jr. for breach of contract and of the duty of good faith and fair dealing, stemming from the insurers' denial of Merrick's disability insurance claim.

Merrick purchased a disability policy from defendant Paul Revere Life Insurance Company in 1989, which was later acquired by UNUM Provident. At trial, Merrick argued that the denial of his claim was part of a larger scheme to "scrub" the company's liability for expensive and noncancellable "own occupation" disability policies. Merrick relied largely upon the testimony of Stephen Prater, an insurance industry expert who teaches insurance law at Santa Clara University Law School. Prof. Prater testified regarding Unum Provident's allegedly ag-

gressive and unethical claim closing practices. These practices included pressuring claimants to settle for a fraction of total benefits, insisting upon "objective medical evidence" of a disability even when the policy did not require such evidence, building a stable of biased Independent Medical Examiners who would support claim denials, and holding regular "round table" meetings with lawyers, doctors, and claims handlers designed to "triage" the most expensive claims. Merrick also introduced a substantial number of internal Unum Provident memos showing the evolution of this scheme during the early 1990s, and Prater testified regarding the tremendous financial gains Unum Provident posted by adopting these "best practices."

Unum Provident began importing its "best practices" procedures to other insurance companies that it had acquired in a purchase. This included training its claims representatives in "objectification" and "round tabling" of insurance claims. Prater testified that Paul Revere representatives received this training shortly before the company began re-evaluating Merrick's claim (which it had initially paid out). Prater testified that the company's handling of Merrick's claim was consistent with many of Unum Provident's improper practices, including attempting to settle for a fraction of the total amount (and threatening to sue for reimbursement if Merrick refused to settle), insisting upon "objective medical evidence" and seeking to get Merrick's claim off the books before the end of the fiscal year. Merrick also argued that the explanations Paul Revere gave Merrick for denying his claim were inconsistent with the company's internal documentation, which largely supported the conclusion that Merrick suffered "significant impairment."

The jury returned a verdict for Merrick, awarding him $1,147,355 in unpaid benefits and $500,000 for mental and emotional distress, to be paid by the insurers jointly and severally.

It also imposed $2,000,000 in punitive damages on Paul Revere and $8,000,000 on Unum Provident.

The appeals court found that the evidence at trial more than sufficient to support the jury's bad faith verdict. Under Nevada law, "[b]ad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct." *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 956 (Nev. 1998) (citation omitted). Viewing the evidence in Merrick's favor, *Bains LLC v. Arco Prods. Co.*, 405 F.3d 764, 774 (9th Cir. 2005), the jury could have found that the insurers conducted a biased investigation of Merrick's claim as part of an improper companywide initiative to target and terminate expensive policies. It also could have found that the insurers misrepresented the terms of the policy by requiring Merrick to present "objective medical evidence" of his disability. The court of appeals noted that it had previously found that these defendants' improper claim-scrubbing supports a finding of bad faith claim denial in a case decided under California law, which like Nevada anchors bad faith liability in the reasonable- ness of the insurer's action. *See* **Hangarter v. Provident Life and Accident Ins. Co.**, 373 F.3d 998, 1010-11 (9th Cir. 2004). The Court also found that there was substantial evidence before the jury that the insurers should be liable for punitive damages. The court found that the jury could have concluded that by subjecting Merrick's claim to improper claim-scrubbing procedures, the insurers "undertook an intentional course of conduct designed to ensure the denial" of the claim The Nevada Supreme Court and the Ninth Circuit have held that such conduct could constitute "fraud and malice." See also *Hangarter*, 373 F.3d at 1012-13. Because the court could not say that there was a "complete absence of evidence" to support the jury's verdicts, it affirmed the district court's denial of the insurers' motion for a new trial.

In *Rosen v. TRW, Inc*., 979 F.2d 191, 193-94 (11th Cir. 1992) the court reversed the dismissal, for failure to state a claim, of a complaint against an employer not named in the plan document as an administrator, and permitted the plaintiff to pursue "the claim that the company was the de facto plan administrator and the committee was an inactive entity.". The court held that "if a company is administrating the plan, then it can be held liable for ... violations, regardless of the provisions of the plan document." Id. Similarly, in *Garren v. John Hancock Mutual Life Insurance Co.*, the court stated that "[t]he proper party defendant in an action concerning ... benefits is the party that controls administration of the plan." 114 F.3d 186, 187 (11th Cir. 1997)

Because The District of Columbia's and UNUM Provident's conspiratorial conduct regarding their joint administration of the disability insurance plans, and their joint violation of the settlement agreement, based upon their improper and unlawful denial of Plaintiffs' claims, is both wrong and unreasonable.

### III. CONCLUSION

Because The District of Columbia's conduct towards its own employees and UNUM Provident's denial of valid claims for benefits was arbitrary and capricious, under the facts pleaded in Plaintiffs' version of the events giving rise to this case, which will be supported at trial by competent evidence, Plaintiffs could reasonably have a trier of fact clearly conclude that a Due Process violations occurred and that the state law claims for bad faith and conspiracy could be proven by the requisite standards of proof.

Based upon the authorities cited, and for the reasons fully stated above, Plaintiffs have stated a cause of action upon which relief can be granted.  Accordingly, the District's Motion To Dismiss

should be denied.

    Dated: September 5, 2007

    Respectfully submitted,


    <u>/s/ James Q. Butler</u>
    James Q. Butler
    Attorney for Plaintiff
    818 18th Street - 10th Floor
    Washington, D.C. 20006
    Ph. 202-223-6767