UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
EDNA MCMANUS, *et al.*,            )
                                   )
            Plaintiffs,            )
    v.                             )
                                   )   Civil Action No.: 07-252-CKK
DISTRICT OF COLUMBIA, *et al.*,    )   Judge Colleen Kollar-Kotelly
                                   )
            Defendants.            )
_____)

**DEFENDANT AFGE'S REPLY TO PLAINTIFFS' OPPOSITION TO AFGE'S
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Pursuant to L. Cv. R. 7(d), and the Court's minute order entered August 1, 2007, defendant American Federation of Government Employees ("AFGE"), through the undersigned counsel, hereby replies to Plaintiffs' Opposition to Defendant AFGE's Motion to Dismiss Plaintiffs' Amended Complaint (Plaintiffs' Opposition or "*Pl. Opp.*").

AFGE replies to Plaintiffs' Opposition only in order to address plaintiffs' apparent attempt to re-characterize their claims as arising out of the alleged denial of disability claims by AFGE. *See Pl. Opp.* at 3 ("Plaintiffs brought this action against the named Defendants in this Court for the arbitrary and capricious denial of their disability claims …").

To the extent that the Court accepts plaintiffs' attempt to re-characterize their claims as alleging the improper denial of disability compensation claims by AFGE, plaintiffs' case against AFGE should be dismissed with prejudice because plaintiffs allege no quarrel with AFGE sufficient to grant the Court jurisdiction over the subject matter of this case.

Plaintiffs concede that AFGE is a labor union. *Amend Compl.*, ¶ 20. By virtue of its status as a labor union, AFGE is neither a part of the District of Columbia government nor an insurer of its employees. *Cf. Jackson v. District of Columbia Dep't of Health, et al.*, Slip Copy, 2007 WL 1307891 (D.D.C. 2007) (regarding AFGE's status as a labor union). In turn, because AFGE is neither a part of the District of Columbia government nor an insurer of its employees, AFGE cannot be said to in any way administer disability compensation claims made by employees of the District of Columbia government. *Cf.* D.C. Code § 1-623.02a (2001 Ed.) (providing that the Mayor and the Director of the Dep't of Employment Services shall administer the disability compensation program for the District of Columbia government and its employees).

Further, because AFGE has nothing whatsoever to do with the District of Columbia disability compensation claim process, and because, as explained in AFGE's Motion to Dismiss, plaintiffs (who admit that they are or were employees of the District of Columbia government, *see Amend. Compl.* ¶¶ 2-17) fail to allege any facts sufficient to sustain their conspiracy allegations, AFGE cannot be said to have any connection to plaintiffs' disability compensation based claims. In turn, because AFGE has no connection to plaintiffs' disability compensation based claims, plaintiffs allege no genuine controversy with AFGE.

Without any genuine controversy with AFGE, plaintiffs lack Article III standing to bring this action as against AFGE. *See Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) (reiterating that in order to have standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.") Put another way, even assuming

*arguendo* that the Court were to find that plaintiffs filed disability compensation claims that were improperly denied, AFGE still could not grant plaintiffs the relief they purport to seek with regard to their alleged disability claims.

Therefore, to the extent that plaintiffs' claims may be construed as alleging the improper denial of disability compensation claims by AFGE, the Court should dismiss plaintiffs' claims against AFGE with prejudice for lack of Article III standing.

Moreover, even assuming *arguendo* that plaintiffs have standing to bring this action against AFGE as an action alleging the improper denial of disability compensation claims, the Court should nevertheless dismiss this action for lack of subject matter jurisdiction. This is so because judicial review of disability compensation orders pertaining to District of Columbia employees may only be pursued in the District of Columbia Court of Appeals. *See* D.C. Code 1-623.28(b); *see also Hobby v. District of Columbia Gov't*, Slip Copy, 2003 U.S. Dist. LEXIS 26192, Civil Action No. 03-0272 (D.D.C. 2003) (dismissing with prejudice plaintiff's disability related claims for lack of subject matter jurisdiction).[1]

Likewise to the extent that plaintiffs use the term "disability claims" to mean workers' compensation claims, and again assuming that plaintiffs have standing (which they do not), the Court should still dismiss plaintiffs' action against AFGE for lack of subject matter jurisdiction. This is so because workers' compensation claims brought in

---

[1] Copies of the Court's opinion and order in *Hobby* are attached to this reply as Exhibit 1. To the extent that the Geraldine T. Hobby who was the plaintiff in that case is the same Geraldine T. Hobby who is a plaintiff in this action, plaintiff Hobby's disability related claims in this action should also be dismissed as barred by *res judicata*. *Compare Amend. Compl.*, ¶ 11 ("On March 1, 1997, Plaintiff Hobby filed claim no. 337-470."), *with Hobby*, 2003 U.S. Dist. LEXIS 26192 at *3, Slip Copy at 2 (detailing plaintiff's March 1997 denial of disability benefits).

3

the District of Columbia are governed exclusively by the District of Columbia Workers' Compensation Act, D.C. Code § 32-1501, *et seq*. (2001 Ed.), which (like the District's disability compensation law) does not provide for judicial review in federal court. *See* D.C. Code § 32-1522 (b) (3) (review of compensation orders lies with the District of Columbia Court of Appeals); *see also Lytes v. D.C. Water and Sewer Authority*, 2006 WL 890005 at *7 (D.D.C. 2006) ("It is well established that in the District of Columbia, the Workers' Compensation Act provides the exclusive remedy for claims arising out of work place injuries, including claims of retaliation for filing a claim under the Act.")

Therefore, whether cast as disability compensation claims or workers' compensation claims, the Court should reject plaintiffs' claims against AFGE and dismiss plaintiffs' action against AFGE with prejudice.

**CONCLUSION**

For all the foregoing reasons, and for the reasons explained in AFGE's Motion to Dismiss Plaintiffs' Amended Complaint, AFGE respectfully asks that the Court grant AFGE's Motion to Dismiss Plaintiffs' Amended Complaint in its entirety, and dismiss Plaintiffs' action against AFGE with prejudice.

        Respectfully submitted,

        /s/ Mark D. Roth
        Mark D. Roth (D.C. Bar No. 235473)
        General Counsel

        /s/ Andres M. Grajales*
        Andres M. Grajales (D.C. Bar No. 476894)
        Staff Counsel
        American Federation of Government
        Employees, AFL- CIO
        80 F Street, NW
        Washington, D.C. 20001
        Tel.: (202) 639-6426
        Agrajales@afge.org

        *Attorney of Record

        Counsel for AFGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GERALDINE T. HOBBY,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>GOVERNMENT, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 03-0272 (JR)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Plaintiff brought this action seeking punitive damages and restoration of disability benefits she had received between 1990 and 1997 based on an injury suffered while she was a teacher in the District of Columbia Public Schools. Defendants are the District of Columbia Government and several of its agencies, and two independent medical examiners, Drs. John Williamson and Richard Holden. The District of Columbia Defendants have moved to dismiss the complaint on various grounds[1] and Dr. Holden has filed a separate motion to dismiss. Plaintiff was advised of her obligations with respect to these motions, and has filed several documents in opposition. (Dkt. ## 28, 29, 35).[2]

---

[1] Defendants D.C. Employee Services (Dkt. # 20) and D.C. Public Schools (Dkt. # 23) have incorporated the arguments made in the motion filed on behalf of the District of Columbia Government, District of Columbia Corporation Counsel, District of Columbia Court of Appeals, and District of Columbia Superior Court (Dkt. # 12). The Defendants named as "D.C. Compensation Disability" and "D.C.E.C.A.B.; D.C.E." have not been served; Plaintiff has not responded to an order (Dkt. # 26) to provide accurate addresses for these defendants. Dr. Williamson apparently has been served (Dkt. # 8) but has not responded to the complaint.

[2] Plaintiff also filed a cross motion for summary judgment (Dkt. # 31). Defendants' response has been delayed pending resolution of the motions to dismiss. (Dkt. # 33).

Exhibit 1 to AFGE's Reply to
Plaintiffs' Opposition

A hearing on the pending motions was scheduled for September 12, 2003, at 2:00 p.m. Although notice of the hearing had been mailed to Plaintiff on August 22, 2003, at the address she had provided, Plaintiff did not appear at the hearing. Having reviewed the record, the Court indicated in open court that Defendants' motions to dismiss would be granted. Four days later, Plaintiff moved to reschedule the court date, asserting that she had been in Virginia for three weeks and had not received the mailed notice of the hearing. (Dkt. # 39). The motion to reschedule the court date will be denied.

## I. Background

The following history appears from the pleadings filed by the parties and is not in dispute. In February 1990, Plaintiff, an art teacher and director of a tutorial program in the District of Columbia public schools, fell in school and injured her ankle, neck, and head. Beginning in June 1990, Plaintiff began receiving temporary total disability compensation. In March 1997, following examinations by two independent medical examiners, defendant Drs. Williamson and Holden, the Office of Disability Compensation issued a Denial of Award of Compensation Order, finding that Plaintiff was able to return to work. Plaintiff requested and received an administrative hearing. The Deputy Director for Labor Standards adopted the recommendation of the hearing examiner that the Denial of Award be upheld. Plaintiff took an administrative appeal, which resulted in a remand to the hearing examiner for further consideration. On August 18, 1999, the Deputy Director affirmed the hearing examiner's reconsidered recommendation that again concluded that Plaintiff was no longer entitled to disability benefits. Plaintiff again appealed to the Director of the Department of Employment Services, who affirmed the decision of the Deputy Director in an opinion dated November 18, 1999. This decision, a copy of which

is attached to Defendants' motion, specifically advised Plaintiff that she had a right to appeal to the District of Columbia Court of Appeals, and that such an appeal must be filed within 30 days of notice of the final order.

Rather than appealing the administrative decision to the District of Columbia Court of Appeals, Plaintiff filed an appeal in the District of Columbia Superior Court, *Hobby v. D.C. Public Schools*, No. 99-MPA-0016. That case was dismissed for lack of jurisdiction on April 7, 2000. Plaintiff then filed a "petition for review" with the District of Columbia Court of Appeals, which was dismissed as untimely pursuant to D.C. App. Rule 15(a). Reconsideration by the Court of Appeals was denied, as was *certiorari*, *Hobby v. D.C. Public Schools*, 531 U.S. 1022 (2000), *reh. denied*, 5312 U.S. 1186 (2001). Various other efforts by Plaintiff to obtain review by the Superior Court and the District of Columbia Court of Appeals have been unsuccessful. *See Memorandum of Points and Authorities in Support of Motion of Defendants District of Columbia Government, D.C. Corporation Counsel, D.C. Court of Appeals, and D.C. Superior Court To Dismiss the Appeal* ("*Defendants' Memorandum*"), at 4-5. Plaintiff has not contradicted this summary of her efforts to obtain relief.

## II. The Motion of the District of Columbia Defendants

The District of Columbia Defendants argue that the complaint must be dismissed as to them because this Court lacks subject matter jurisdiction over Plaintiff's claim, her claim is barred by *res judicata* and the statute of limitations, the various defendant agencies are not *sui juris*, that there is no claim of wrongdoing against some defendants, and Plaintiff failed to give the timely notice of her claim for damages that is required by D.C. Code § 12-309. In her several oppositions Plaintiff cites numerous constitutional and statutory provisions, arguing generally

that there are issues of fact to be decided, but not responding to the specific arguments made by the Defendants.

The court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted only if it appears that the plaintiff can prove no set of facts in support of her claim that would warrant relief. Rule 12(b)(6), Fed. R. Civ. P; *Conley v. Gibson*, 355 U.S. 41 (1957); *see Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Thomas v. District of Columbia*, 887 F. Supp. 1, 5 n.2 (D.D.C. 1995). In considering such a motion the factual allegations of the complaint must be assumed to be true and liberally construed in favor of the plaintiff. *Shear v. National Rifle Ass'n*, 606 F.2d 1251, 1253 (D.C. Cir. 1979). This Court construes *pro se* filings liberally. *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). Nevertheless, the Court concludes that the motion of the District of Columbia Defendants must be granted.

There is no statute authorizing suit against the individual subdivisions of the District of Columbia, which are, therefore, deemed *non sui juris*. See, e.g., *Blackmar v. Guerre*, 342 U.S. 512 (1952); *Trifax Corp. v. District of Columbia*, 53 F. Supp. 2d 20, 26 (D.D.C. 1999). The complaint will therefore be dismissed as to all District of Columbia defendants, including the unserved defendants, except the District of Columbia itself.

Plaintiff states no claim against the District of Columbia over which this Court has subject matter jurisdiction. Plaintiff's initial claim for disability benefits was based on District of Columbia law. *See* D.C. Code §§ 1-623.01 *et seq.* Although Plaintiff is a resident of Maryland, this Court would not have diversity jurisdiction over a claim by her against the District of Columbia based on District of Columbia law, because the District of Columbia is not considered

4

a "state" for such purposes. 28 U.S.C. § 1332; *see, e.g., Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 292 (D.C. Cir. 2000); *Long v. District of Columbia*; 820 F.2d 409, 412-14 (D.C. Cir. 1987).

In her pleadings Plaintiff has referred to various federal constitutional and statutory provisions which might provide this Court with subject matter jurisdiction under 28 U.S.C. § 1331. She apparently contends that she was denied due process when the District of Columbia Superior Court dismissed her "appeal" for want of jurisdiction and the District of Columbia Court of Appeals dismissed her subsequent appeal to that court as untimely. The undisputed record, however, refutes any claim that Plaintiff was misled into filing her appeal with the wrong court. The final administrative order informed Plaintiff specifically that "[a]ny party aggrieved by this Order may petition the D.C. Court of Appeals for its review." The order, which is attached to the District of Columbia's motion, also specifically stated that "D.C. Court of Appeals Rule 15(a) requires that the Petition for Review be filed within 30 days of notice of the final order." Clearly, the District of Columbia Superior Court lacked jurisdiction over her claim. Plaintiff's request for review by the District of Columbia Court of Appeals was filed in April 2000, almost five months after notice of the final administrative decision. This Court has no power to review the decision of the District of Columbia Court of Appeals dismissing Plaintiff's appeal for lack of jurisdiction as untimely. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997).

Insofar as Plaintiff may be seeking to challenge the procedures by which her disability benefits were terminated, the record shows (and Plaintiff does not dispute) that she had a hearing

5

before a hearing examiner, pursued an initial administrative appeal which resulted in a remand, the matter was reconsidered by the hearing examiner, and that Plaintiff took a further administrative appeal. Although due process may require a hearing and the opportunity to be heard before such benefits are discontinued, *cf. Goldberg v. Kelly*, 397 U.S. 254, 263-68 (1970)(welfare benefits), Plaintiff had such a hearing and thus does not state a claim for violation of her right to due process.[3]

Insofar as Plaintiff seeks compensatory and punitive damages in addition to reimbursement for lost disability benefits, Defendant asserts that her claim is barred by her failure to provide notice to the Mayor as required by D.C. Code § 12-309. An affidavit from Tamonica Heard submitted with Defendant's motion states that there is no record in the Mayor's Correspondence Unit and the Office of the Corporation Counsel of such a notice having been received. Plaintiff has not challenged the Heard affidavit. The mandatory requirement of Section 12-309 precludes Plaintiff's claim for damages for any injury she might allege based on District of Columbia law. *See, e.g., Doe by Fein v. District of Columbia*, 697 A.2d 23 (D.C. 1997).

---

[3] The District of Columbia also argues that Plaintiff's claim is barred by the doctrine of *res judicata*. In order for a subsequent case to be barred by the doctrine of *res judicata*, the prior case must have concluded with a final valid judgment *on the merits*. *See, e.g., Miller v. Saxbe*, 396 F. Supp. 1260 (D.D.C. 1975); *Charchenko v. City of Stillwater*, 47 F.3d 981 (8th Cir. 1995); RESTATEMENT (SECOND), JUDGMENTS § 20 (1)(a). *See also* Fed. R. Civ. P. 41(b). Plaintiff's case in the District of Columbia Superior Court was dismissed for lack of subject matter jurisdiction, and her attempt to appeal to the District of Columbia Court of Appeals was also dismissed for lack of jurisdiction. *See Flores v. District of Columbia Rental Hous. Comm'n*, 547 A.2d 1000, 1003 (1988), *cert. denied*, 490 U.S. 1081 (1989), and cases cited. Neither decision was on the merits of her claim, which is not, therefore, barred by *res judicata*.

### III. The Motion of Defendant Holden

Defendant Holden argues that the complaint fails to state a claim against him on which relief can be granted and also for lack of subject matter jurisdiction. Plaintiff has not filed a specific response to his motion, although she was advised that if she failed to do so the Court might consider the motion conceded and dismiss the complaint as to this Defendant. (Dkt. # 16.) The only reference to this Defendant or to Defendant Williamson in the complaint is the allegation that Plaintiff's "benefits were terminated based solely on two I.M.E. (Independent Medical Evaluators) who had only examined Plaintiff [sic] on one occassion [sic] and who did not have all of the facts upon which to draw conclusions." This does not allege a federal claim against either doctor. Assuming, as Defendant Holden suggests, that Plaintiff is attempting to allege a claim for medical malpractice, such a claim would be barred by the applicable statute of limitations. The examination and report in question occurred prior to the March 1997 decision terminating Plaintiff's benefits, and more than five years before the complaint in this case was filed in 2003. The statute of limitations on medical malpractice actions filed in the District of Columbia is three years. 12 D.C. Code § 301(8).[4] Plaintiff's claim against Defendant Holden will be dismissed as untimely. Although Defendant Williamson has not responded to the summons, Plaintiff's claim against him is identical to her claim against Defendant Holden and will be dismissed for the same reason.

---

[4] In a diversity case, generally the statute of limitations of the forum state applies. *See, e.g., Guaranty Trust Co. v. York*, 326 U.S. 99 (1945); *Hoffa v. Fitzsimmons*, 673 F.2d 1345m 1360 & n.41 (D.C. Cir. 1982); *Jin v. Ministry of State Security*, 254 F. Supp. 2d 61 (D.D.C. 2003).

IV. Conclusion

For the foregoing reasons, the complaint will be dismissed as to all Defendants. An appropriate order accompanies this Memorandum Opinion.

JAMES ROBERTSON
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GERALDINE T. HOBBY,<br><br>     Plaintiff,<br><br>          v.<br><br>DISTRICT OF COLUMBIA<br>GOVERNMENT, *et al.*<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.  03-0272 (JR)<br>)<br>)<br>)<br>)<br>)<br>) |

### FINAL JUDGMENT

For the reasons stated in the accompanying Memorandum Opinion, it is,

**ORDERED** that the motions to dismiss filed by Defendants [Dkt. ## 12, 13, 20, 23] are **GRANTED**. It is

**FURTHER ORDERED** that Plaintiff's motion not to dismiss the case [Dkt. # 28] is **DENIED**. It is

**FURTHER ORDERED** that the motion for summary judgment and the motion to amend/correct the motion for summary judgment filed by Plaintiff [Dkt. ## 31, 34] are **DENIED**. It is

**FURTHER ORDERED** that Plaintiff's motion to stay the motion to dismiss (motion for case to remain in this Court) [Dkt. # 35] is **DENIED**. It is

**FURTHER ORDERED** that Plaintiff's motion for leave to amend or initiate a separate case file [Dkt. # 36] is **DENIED**. It is

**FURTHER ORDERED** that Plaintiff's motion to reschedule the court date [Dkt. # 39] is **DENIED**. And it is

**FURTHER ORDERED** that the complaint and amended complaint are **DISMISSED with prejudice** as to all Defendants.

This is a final appealable order. Rule 4(a), Fed. R. App. P.

JAMES ROBERTSON
United States District Judge