IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDNA McMANUS**, *et al.*, ) | |
| ) | |
| **Plaintiffs,**) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 07-CV-00252 (CKK) |
| **DISTRICT OF COLUMBIA**, *et al.*, ) | |
| ) | |
| **Defendants.**) | |
| ) | |
| ) | |

**REPLY BRIEF ON DEFENDANTS UNUM GROUP AND GENEX SERVICES, INC.'S
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

John W. Bramlette (Bar No. 499362)
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington D.C.  20004
(202) 585-8198 (phone)
(202) 585-8080 (facsimile)
jbramlette@nixonpeabody.com

*Of Counsel:*

William J. Kayatta, Jr.
Gavin G. McCarthy
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100 (phone)
(207) 791-1350 (facsimile)
gmccarthy@pierceatwood.com

***Counsel for Defendants Unum Group
and Genex Services, Inc.***

## **INTRODUCTION**

Plaintiffs describe workers' compensation claims that they have apparently submitted, (Am. Comp. ¶¶ 2-17), and then they assert that they are entitled to proceed against Unum Group ("Unum") and Genex Services, Inc. ("Genex"), under a regulatory settlement agreement ("RSA") that relates solely to long-term disability claims filed with Paul Revere Life Insurance Company, Provident Life & Accident Insurance Company, Provident Life & Casualty Insurance Company, Unum Life Insurance Company of America, and First Unum Life Insurance Company. (Oppo. at 2; Am. Comp. ¶¶ 44-55.) This conflation of two wholly unrelated types of claims creates substantial confusion, and it highlights precisely why a plaintiff can survive a motion to dismiss only if he or she pleads <u>facts</u> sufficient to state a claim rather than simply conclusory assertions of liability and harm as Plaintiffs here have done. With that context, Unum and Genex reply as follows.

### **I.     PLAINTIFFS DO NOT EVEN ATTEMPT TO EXPLAIN HOW UNUM OR GENEX IS CONNECTED TO PLAINTIFFS' CLAIMS.**

Unum and Genex explained in their initial moving papers that the Amended Complaint does not allege any connection whatsoever between Plaintiffs and either Unum or Genex. Rather, it discusses Plaintiffs' workers' compensation claims, (Am. Comp. ¶¶ 2-17), and then describes a regulatory settlement involving long-term disability claims. (*Id.* ¶¶ 44-55.) In their Opposition, Plaintiffs make no effort to provide this missing connection. Instead, they again say that their workers' compensation claims were denied and then claim that Unum and/or Genex must reassess these workers' compensation claims under the RSA. (Oppo. at 2.) This makes no sense. As Plaintiffs allege in the Amended Complaint, the RSA involves only long-term disability claims. (Am. Comp. at ¶ 47.) According to their own pleadings, Plaintiffs cannot

possibly have standing to assert a claim related to the RSA based on the apparent denials of their workers' compensation claims (which neither Unum nor Genex insured or made claims decisions on).  *See City of Dania v. FAA*, 485 F.3d 1181, 1185 (D. D.C. 2007) (Article III standing requires concrete injury fairly traceable to challenged conduct of defendant).

      For these same reasons, Plaintiffs' extensive summary of decisions from other jurisdictions involving long-term disability claims has nothing whatsoever to do with this motion.  (Oppo. at 6-9.)  It is hard to see, for example, how Plaintiffs' two-page summary of the Ninth Circuit's decision in *Merrick* – a case asserting Nevada state law claims related to a denial of a long-term disability claim under a policy issued by a subsidiary of Unum not a party to this litigation – has any relevance to whether Plaintiffs have shown any causal connection between any action of Unum or Genex and some unspecified harm allegedly suffered by Plaintiffs. (Oppo. at 6-8, discussing *Merrick v. Paul Revere Life Ins. Co.*, 2007 U.S. App. LEXIS 20959 (9th Cir. 2007).)  Moreover, Plaintiffs do not bother to explain that the Ninth Circuit actually remanded the case for a new trial on the issue of punitive damages because of an erroneous jury instruction.  *Merrick*, 2007 U.S. App. LEXIS 20959, *26-27.  The lengthy section quoted by Plaintiffs (though they do not actually tell the Court that they are quoting) was simply rejecting Paul Revere's argument that it was entitled to judgment as a matter of law on the bad faith claim. *Id.* at *11-15.  The Ninth Circuit merely concluded that there was not "a complete absence of evidence to support the jury's verdict."  *Id.* at *15.

## II. IF PLAINTIFFS ARE NOW ASSERTING THAT THEY SUBMITTED LONG TERM DISABILITY CLAIMS TO UNUM OR GENEX THAT HAVE BEEN DENIED, SUCH ASSERTIONS ARE NOT PROPERLY CONSIDERED ON THIS MOTION TO DISMISS BECAUSE THEY WERE NOT CONTAINED IN THE PLEADINGS.

Plaintiffs have already filed a Complaint and then an Amended Complaint. The basic thrust of those pleadings is that all Defendants conspired to prevent Plaintiffs from exhausting their administrative remedies in connection with workers' compensation claims that each had made. (Comp. ¶¶ 2-17, 33-43; Am. Comp. ¶¶ 2-17, 33-43.) Plaintiffs also included in the Amended Complaint a section describing the RSA, a regulatory agreement pursuant to which Unum (a disability insurance carrier) and certain of its subsidiaries agreed to reassess certain long-term disability claims. (Am. Comp. ¶¶ 44-55.) Plaintiffs did not plead any facts connecting themselves in any way to the RSA. Plaintiffs did not, for example, plead that they were even insured under long-term disability insurance policies issued by Unum or one of its subsidiaries.

In their Opposition to the motion to dismiss filed by Genex and Unum, Plaintiffs simply reference their "claims" or "disability claims." (*E.g.*, Oppo. at 2.) Unum and Genex explained in Part I why, if, as appears to be the case, Plaintiffs simply continue to reference their workers' compensation claims, their claims fail. If, instead, Plaintiffs are now asserting that they did submit long-term disability insurance claims, such allegations would be brand new – Plaintiffs did not plead in the Amended Complaint any facts at all suggesting that they had any connection to the RSA, or that they even had disability insurance claims denied by Unum. Accordingly, these "facts" raised for the first time in the Opposition should not be considered in connection with Unum's and Genex's motion to dismiss.[1]  2-12 Moore's Federal Practice – Civil § 12.34

---

[1] Apart from being out of place, this last minute, conclusory suggestion that Plaintiffs made claims for disability insurance benefits from Unum, and were not treated properly under the RSA, is truly bizarre. If such were true, Plaintiffs would have a very large number of records concerning such claims, and so would Unum. After

*(Footnote continued on next page)*

(2007) ("The court may not, for example, take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).") (collecting cases). Since Plaintiffs do not raise any other arguments in their Opposition, Unum's and Genex's motion is essentially unopposed and, thus, should be granted for the reasons set forth in the initial moving papers.[2]

### III. EVEN IF PLAINTIFFS HAD INCLUDED IN THE AMENDED COMPLAINT THE ALLEGATIONS THAT THEY NOW MAKE, AND EVEN PRESUMING THAT THEY MEAN THEY HAVE LONG-TERM DISABILITY CLAIMS, THEY WOULD STILL HAVE FAILED TO STATE A CLAIM.

Even were we to ignore the rules of pleading and pretend that any facts mentioned or alleged in the Opposition are contained in the Amended Complaint (or that the Opposition is a second amended complaint), Plaintiffs would still have failed to allege a claim. All that Plaintiffs now assert is that (1) "Defendants" denied Plaintiffs' "disability claims, even though pursuant to an agreement voluntarily entered into, Defendants are under a duty to reexamine each and every claim that had been previously denied," and (2) "Plaintiffs' claims are part of those claims that must be reviewed and examined." (Oppo. at 2.) Plaintiffs do not actually say that they have long-term disability insurance. Indeed, Plaintiffs continue to reference that portion of the Amended Complaint that describes their workers' compensation claims. (*Id.* citing Am. Comp. ¶¶ 2-17.) And Plaintiffs certainly do not say which of Unum's insuring

---

*(Footnote continued from previous page)*
    receiving the opposition, Unum looked for and could find no record that any of these Plaintiffs ever filed a disability claim or sought review of a denied claim under the RSA. Indeed, it appears from Unum's records that it has never even insured these Plaintiffs. Counsel for Unum then wrote to counsel for Plaintiffs, asking for some identifying information that would allow Unum to determine what claims Plaintiffs believed that they have submitted to Unum. Plaintiffs' counsel has not responded.

[2]    Plaintiffs do repeat without elaboration the conclusory allegations in the Amended Complaint that there is a conspiracy and that Unum and Genex have violated the RSA in some unspecified way. Unum and Genex explained in their initial moving papers why such allegations are insufficient. (Memo. of Points and Auth. in Support of Defendants Unum Group and Genex Services, Inc's Motion to Dismiss Plaintiffs' Amended Complaint at 4, 6.)

subsidiaries insured each particular Plaintiff, when they submitted claims, why their claims were denied, and so forth – all information that each Plaintiff would know if that Plaintiff were, in fact, insured by Unum. Nor do Plaintiffs allege facts describing how they would be eligible for reassessment under the RSA. They do not even allege that they submitted their claim for reassessment or that anyone refused to reassess their claim.

Simply put, the bald legal conclusion that Defendants had a duty to reexamine Plaintiffs' claims – without any factual allegations supporting that conclusion and without even an allegation that Plaintiffs submitted their claims for reassessment – is insufficient to state a claim.

## **CONCLUSION**

Having already had two opportunities, Plaintiffs have still failed to plead any facts establishing any causal connection between themselves and Unum or Genex. Even construing their Opposition as yet another amendment to the complaint, Plaintiffs still have not alleged facts sufficient to state a claim. Simply put, Plaintiffs have, in the simplest first-year of law school sense, failed to state a claim after three opportunities to do so. The Amended Complaint should be dismissed with prejudice.

- 7 -

Dated: September 27, 2007          Respectfully submitted,


                                       _____/s/_____
                                       John W. Bramlette (Bar No. 499362)
                                       NIXON PEABODY LLP
                                       401 Ninth Street, N.W., Suite 900
                                       Washington D.C.  20004
                                       (202) 585-8198 (phone)
                                       (202) 585-8080 (facsimile)
                                       jbramlette@nixonpeabody.com

                                       *Of Counsel:*

                                       William J. Kayatta, Jr.
                                       Gavin G. McCarthy
                                       PIERCE ATWOOD LLP
                                       One Monument Square
                                       Portland, ME  04101
                                       (207) 791-1100 (phone)
                                       (207) 791-1350 (facsimile)
                                       gmccarthy@pierceatwood.com

                                       ***Counsel for Defendants Unum Group***
                                       ***and Genex Services, Inc.***