IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA MCMANUS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:07 CV 00252 (CKK) |

**DEFENDANT CONCENTRA INCORPORATED'S REPLY TO PLAINTIFFS'
OPPOSITION TO ITS MOTION TO DISMISS**

Pursuant to Local Civil Rule 7(d) of the Rules of the United States District Court for the District of Columbia and this Court's August 1, 2007 Minute Entry Order, Defendant Concentra Incorporated ("Concentra"), by and through its attorneys, states as follows for its reply to Plaintiffs' Opposition to its Motion to Dismiss ("Opposition"):

On June 25 and July 27, 2007, Concentra requested that this Court dismiss five (5) counts, which Plaintiffs Edna McManus, Gaynell Nixon, Shirley Massey, Sandra Mitchner, William Workcuff, Edward Clark, Slatel Dillon, Audrey Tucker, Arzella Smith, Geraldine Talley Hobby, Erwin Diggs, John Lewis, Veleria Jones Coe, Fletcher Scott, Ronald Minor, and Otis R. Mahoney, Sr. (collectively referred to herein as "Plaintiffs") have asserted against it in their Amended Complaint. Specifically, Concentra argued that Plaintiffs had failed to establish that: (1) this Court had jurisdiction over Concentra; (2) this Court had subject matter jurisdiction over the claims which Plaintiffs purported to bring; and (3) the facts which Plaintiffs asserted stated a viable claim for relief. On September 5, 2007,[1] Plaintiffs filed what is ostensibly an opposition

---

[1] In addition to Concentra's Motion, ten (10) separate Motions to Dismiss Plaintiffs' Amended Complaint are pending. Apparently, in light of the number of Motions to which Plaintiffs had to respond, instead of the standard 11 days to oppose under Local Rule 7(b), the Court enlarged the timeframe in which Plaintiffs had to oppose the

to Concentra's motion.  Rather than complying with the Court's instruction to respond individually to each of the Defendants' motions, Plaintiffs have filed a generic Opposition.[2]

Plaintiffs' Opposition addresses virtually none of Concentra's bases for dismissal of the claims purportedly against Concentra.  Notably, Plaintiffs have the burden of proof regarding this Court having jurisdiction over Concentra and any viable claims asserted against Concentra.  *See Jung v. Ass'n of Am. Med. Coll.*, 300 F. Supp. 2d 119, 127 (D.D.C. 2004)(plaintiffs bear the burden of establishing personal jurisdiction over each individual defendant); *Zivotofsky v. The Secretary of State*, Civil Action No. 03-1921 (GK), 2007 U.S. Dist. LEXIS 68849, **8-9 (D.D.C. Sept. 19, 2007)(plaintiffs' factual allegations bear closer scrutiny because plaintiffs' have the burden to establish subject matter jurisdiction).  Nevertheless, Plaintiffs fail to respond to Concentra's argument that this Court lacks both personal and subject matter jurisdiction in this case.  Without establishing jurisdiction, Plaintiffs cannot prevail on Concentra's Motion.  Even if Plaintiffs had carried their burden on jurisdiction, their Opposition also fails to respond substantively to Concentra's argument that they have failed to state a claim for relief properly.  Other than once again resorting to conclusory allegations about Concentra and UNUM Provident, Plaintiffs have proffered no facts to show that they could even suspect that Concentra has engaged in any wrongful conduct.

Instead, Plaintiffs' response is in reality a request that this Court grant them permission to engage in a classic "fishing expedition" for evidence that will never materialize.  Plaintiffs are gambling that some viable basis for asserting a claim against Concentra in this district will be uncovered through discovery.  That tactic flies in the face of Rule 8 of the Federal Rules of Civil Procedure.  To permit Plaintiffs to "hide the ball by not providing vital facts . . . would read the

---

Motions.  Despite the additional time, Plaintiffs' so-called oppositions are woefully inadequate.

[2] The sole difference between the responses appears to be the substitution of the Defendants' names, and a couple of sentences.

'fair notice' requirement out of *Rule 8(a)* and would seriously undermine the rule's goal of encouraging expeditious resolution of disputes." *Grosz v. Lassen Cmty. Coll. Dist.*, Civ. S-07-697 FCD CMK, 2007 U.S. Dist. LEXIS 60699, *6 (E.D. CA. Aug. 17, 2007)(emphasis in original). This Court should not allow such conduct.

Just as Plaintiffs have failed to allege specific facts to connect Concentra and the alleged claims in the Amended Complaint, there is a "disconnect" between Plaintiffs' Opposition and the arguments that Concentra has raised in its Motion. Since Plaintiffs have failed to respond to each and every one of Concentra's substantive and procedural grounds for dismissal of this action, Plaintiffs in essence have failed to file a timely memorandum of points and authorities in opposition to this Motion as required under Local Rule 7(b), and this Court should treat Concentra's Motion as conceded under Local Rule 7(b). Thus, this Court should grant this Motion and dismiss all claims against Concentra with prejudice. In addition, this Court should award Concentra's attorneys' fees and costs for having to respond to this frivolous pleading.

Dated: September 28, 2007

Respectfully submitted,

By:/s/Alison N. Davis
    Alison N. Davis
    D.C. Bar No. 429700

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC  20036
(202) 719-2000

Attorneys for Defendant Concentra Incorporated