IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **EDNA McMANUS,** *et al.* | * | |
| **Plaintiffs** | * | |
| v. | * | Civil Action No.: 07-252-CKK |
| | | Judge Colleen Kollar-Kotelly |
| **DISTRICT OF COLUMBIA** | * | |
| **GOVERNMENT,** *et al.* | | |
| | * | |
| **Defendants** | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT CMI/SEDGWICK'S REPLY TO
PLAINTIFFS' OPPOSITION TO DEFENDANT SEDGWICK'S MOTION TO DISMISS**

The Defendant, CMI Octagon "A Sedgwick CMS Company" ("Defendant" or "Sedgwick"),[1] by its attorneys, Thomas V. McCarron and Semmes, Bowen & Semmes, hereby respectfully submits its Reply to Plaintiffs' Opposition to Defendant Sedgwick's Motion to Dismiss.

**I.     INTRODUCTION**

This is an action brought by Plaintiffs Edna McManus, Gaynell Nixon, Shirley Massey, Sandra Mitchner, William Workcuff, Edward Clark, Slatel Dillon, Audrey Tucker, Arzella Smith, Geraldine Tally Hobby, Erwin Diggs, John Lewis, Velerie Jones Coe, Fletcher Scott, Ronald Minor and Otis R. Mahoney, Sr. (collectively referred to herein as "Plaintiffs"),[2] alleging

---

[1] As in Plaintiffs' original Complaint and Amended Complaint, Defendant was again improperly identified in Plaintiffs' Opposition to Defendant Sedgwick's Motion to Dismiss as "Sedgewick." The proper name is "CMI Octagon A Sedgwick CMS Company."

[2] According to the Amended Complaint, all of the Plaintiffs are current or former District of Columbia government employees, *see* Amended Complaint, ¶¶ 2-17, who were either terminated from employment or otherwise denied "benefits derived from the Plaintiffs

multiple claims against Sedgwick, and 13 other Defendants.[3] Although the Amended Complaint makes it virtually impossible to decipher the specific claims against Sedgwick, or any of the other Defendants for that matter, it appears that the gravamen of the Amended Complaint is that Sedgwick, in conjunction with the other Defendants, failed to adequately represent the Plaintiffs in a variety of employment related actions.

The Plaintiffs only seek relief against Sedgwick as to Counts 1 (Breach of Employment Contract), 2 (Breach of Collective Bargaining Agreement), 5 (Declaratory Judgment Action), 6 (Special Request for Judicial Notice) and 8 (Restraining Order as Applied to Retaliation). However, Plaintiffs Opposition to Defendant Sedgwick's Motion to Dismiss (hereinafter referred to as "Plaintiffs' Opposition") now appears to recharacterize the Plaintiffs' claims as arising out of the alleged denial of disability claims.[4]

As was previously fully explained in Sedgwick's Motion to Dismiss Plaintiffs' Amended Complaint (hereinafter referred to as "Defendant's Motion") and Memorandum in support thereof (hereinafter referred to as "Defendant's Memorandum"), which are adopted and

---

[sic] employment." Amended Complaint, ¶ 33 [A] and [B].

[3] In addition to Sedgwick, the other Defendants in this action are: District of Columbia Government, AFSCME District Council 20, AFL-CIO, American Federation of Governmental Employees, International Brotherhood of Teamsters Local Union No. 639, Washington Teachers Union, the District of Columbia Department of Corrections/Fraternal Order of Police, Concentra Incorporated, Corvel Healthcare, CLW/CDM, Aon Risk Services Incorporated, Genex Services Incorporated Subsidiary of UNUM Provident, UNUM Group a/k/a UNUM Provident Insurance Company and Robert A. Smith, M.D., P.C.

[4] Plaintiffs' Opposition states, "Plaintiffs brought this action against the named Defendants in this Court for the arbitrary and capricious denial of their disability claims, . . . ." Plaintiffs' Opposition, p. 3.

incorporated by reference as if fully set forth herein, the Amended Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks subject matter jurisdiction in light of the District of Columbia Comprehensive Merit Personnel Act. Second, the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim upon which relief may be granted. Third, the Amended Complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because the Plaintiffs have failed to properly serve Sedgwick. Finally, the Amended Complaint should be dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure because it fails to provide a short and plain statement of the claim, and is not concise and direct with regard to the allegations against CMI/Sedgwick.

**II.    ARGUMENTS**

    **A.    *Plaintiffs Do Not Challenge That Sedgwick Was Improperly Served Pursuant To Rule 12(b)(5) Of The Federal Rules Of Civil Procedure.***

As is discussed fully in Part III.C of Defendant's Memorandum, Plaintiffs' Amended Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(5) because the Plaintiffs failed to serve Sedgwick in compliance with Fed.R.Civ.P. 4(h)(1). *See* Defendant's Memorandum, pp. 6-8. In fact, Plaintiffs' Opposition does not challenge the insufficiency of service upon Sedgwick and acknowledges that "the insufficiency of service would warrant a court's dismissing the Complaint, and Amended Complaint . . . ." Plaintiffs' Opposition, p. 2. Accordingly, dismissal is proper due to improper service.

    **B.    *Plaintiffs Cannot Assert Any Claims For Constitutional Violations Against Sedgwick As There Is No Such Private Right Of Action Against A Private***

*Entity.*

Plaintiffs' Opposition argues that "[t]he allegations that Plaintiff [sic] raises meet the constitutional standards," Plaintiffs' Opposition, p. 2, and that Plaintiffs "have properly pleaded a claim for . . . violation of civil rights . . . ." *Id*., p. 8.  Plaintiffs further state that the "District of Columbia Comprehensive Merit Personnel Act does not present an obstacle to Plaintiffs' constitutional causes of action in this case or to this Court." *Id.*, p. 5.  In other words, Plaintiffs argue that the District of Columbia Comprehensive Merit Personnel Act ("CMPA"), which provides the exclusive remedy for a District of Columbia employee who has a work-related complaint of any kind, *see Beeton v. District of Columbia*, 779 A.2d 918, 921 n.6 (2001), does not preclude their action in this Court given that the Amended Complaint alleges constitutional violations against Sedgwick.

Count 8 of the Amended Complaint (Restraining Order as Applied to Retaliation), apparently asserted against all of the Defendants, is the only Count against Sedgwick that purports to include constitutional violations.  *See* Amended Complaint, ¶¶ 93, 98.  However, a claim alleging a violation of constitutional rights cannot be brought against Sedgwick, a private corporate entity, as there is no private right of action against a private entity for constitutional violations.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 480 (1994) (stating that the Constitution does not restrict the conduct of private entities); *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (stating that constitutional claims may not be asserted against a private entity); *Richards v. Duke Univ.*, 480 F.Supp.2d 222, 238-39 (D.D.C. 2007) (stating that constitutional protections of individual rights and liberties only apply to actions by governmental bodies); *Pappas v. Eastern Savs. Bank, FSB*, 911 A.2d 1230, 1237 (D.C. 2006) (holding that rights secured by the United

States Constitution are protected only against infringement by governments and not private individuals). It is fundamental that there can be no violation of the Constitution without "state action," which requires that the party charged with the deprivation must be a person who may fairly be said to be a state actor. *See Daniels v. Union Pacific R.R. Co.*, 480 F.Supp.2d 191, 196 (D.D.C. 2007); *see also Anderson v. Wiggins*, 460 F.Supp.2d 1, 7 (D.D.C. 2006) (stating that the Constitution does not protect against injuries by purely private individuals).

Here, Sedgwick's conduct cannot be considered "state action." In fact, there is no such allegation within the Amended Complaint – Plaintiffs identify Sedgwick as "a corporation." Amended Complaint, ¶ 28. Thus, Count 8 of the Amended Complaint, being the only Count that purports to assert a claim against Sedgwick for constitutional violations, must be dismissed. *See Daniels*, 480 F.Supp.2d at 197 (dismissing plaintiff's constitutional claims against defendant as it was not a state actor, but was merely a private entity). Consequently, the CMPA still acts as a barrier to Plaintiffs' cause in this Court.

  **C.**  *This Court Lacks Subject Matter Jurisdiction In Light Of The District Of Columbia Comprehensive Merit Personnel Act.*

As discussed fully in Part III.A of Defendant's Memorandum, the remaining Counts against Sedgwick, Counts 1, 2, 5 and 6, must also be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(1) because this Court lacks subject matter jurisdiction in light of the CMPA. *See* Defendant's Memorandum, pp. 4-5; D.C. Code Ann. §§ 1-601.01 *et seq*. (2001).

It is well-established that the CMPA preempts District of Columbia common law claims. *See Stockard v. Moss*, 706 A.2d 561, 565 (D.C. 1997) (holding that the CMPA implicitly preempts claims by public employees of wrongful treatment and injury cognizable as a "personnel issue," under CMPA's "performance ratings," "adverse actions," and employee grievances" provisions). The CMPA is the *exclusive* remedy for a District of Columbia

employee who has a work-related complaint of any kind. *See Beeton v. District of Columbia*, 779 A.2d 918, 921 n.6 (2001); *see also Baker v. District of Columbia*, 785 A.2d 696, 697-98 (2001) (stating that because the appellant was a public employee of the District of Columbia, the CMPA was her exclusive remedy for her work-related complaints); *Grillo v. District of Columbia*, 731 A.2d 384, 385 (D.C. 1999) (stating that when a claim is cognizable under the CMPA, it provides the complainant with his exclusive remedy). Accordingly, the District of Columbia Public Employee Relations Board ("PERB") has primary and exclusive jurisdiction. *See Hawkins v. Hall*, 537 A.2d 571, 575 (D.C. 1988) (stating that "primary jurisdiction to determine unfair labor practice claims lies with the PERB.").

  **D.**  ***Plaintiffs' Opposition Does Nothing To Dispel The Fact That The Amended Complaint Must Be Dismissed Pursuant To Fed.R.Civ.P. 12(b)(6) Because It Fails To State A Claim Upon Which Relief May Be Granted.***

As discussed in Part III.B of Defendant's Memorandum, Plaintiffs' Amended Complaint consists solely of unsupported legal conclusions and conclusory factual allegations, and fails to state a claim upon which relief may be granted. *See* Defendant's Memorandum, pp. 5-6. A review of the Amended Complaint establishes that it fails to set forth any facts that describe how Sedgwick has anything to do with any of the claims asserted against it.

For example, Plaintiffs' Opposition contends that "Plaintiff's [sic] complaint alleges both the existence of a conspiracy, described in as much detail as is available prior to discovery, at ¶¶ 56, 57, 60, 61, and 73, and the agreements between the parties." Plaintiffs' Opposition, p. 6. However, the Amended Complaint does not even allege a civil conspiracy. Moreover, contrary to what is stated in Plaintiffs' Opposition, there is no allegation in ¶ 57 of the Amended Complaint that Sedgwick was a party to any contract upon which Count 1 is based. Specifically, the Amended Complaint expressly provides, "*[t]he City and its employees have an employment contract*, consisting in part of a Collective Bargaining Agreement *between the City and the*

6

*Unions*, and present and past employment practices." Amended Complaint, ¶ 57 (emphasis added).

Plaintiffs' Opposition asserts, "Count I of the Amended Complaint states the conduct by which Sedgewick [sic] and its conspirator UNUM Provident employed their policy and practice to deny these valid claims for disability insurance," Plaintiffs' Opposition, p. 7, and that "Defendants refused to train, and properly direct, supervise or control the employed claims adjusters to properly assess the merits of Plaintiff's claims." *Id*. In support of this groundless statement, Plaintiffs' Opposition cites to ¶ 54 of the Amended Complaint. However, a review of ¶ 54 of the Amended Complaint, which sets forth an "Outline of Unum Provident Settlement Agreement," shows that there are absolutely no allegations that Sedgwick was, in any way, involved therein.

Similarly, there is no allegation in ¶ 61 of the Amended Complaint that Sedgwick was a party to the Collective Bargaining Agreement upon which Count 2 is based. The Amended Complaint provides, "[t]he named Plaintiffs are third party beneficiaries of the Collective Bargaining Agreement and other agreements and understandings *between the City and the Unions*." *Id.*, ¶ 61 (emphasis added). It is fundamental contract law that in order to make a claim for breach of contract against a particular party, the plaintiff is required to establish the existence of a valid contract between him and that party. *Accord In re Papandreou*, 139 F.3d 247, 252 (D.C. Cir. 1998) (stating that the elements of a breach of contract action are "formation of the contract and its breach").

Finally, ¶ 73 of the Amended Complaint,[5] which is cited by the Plaintiffs as alleging the existence of a conspiracy, is an allegation in support of Count 4 (Violation of Right to Due

---

[5]This paragraph merely provides, "Plaintiffs incorporate the allegations contained in paragraphs 1 through 55 supra." Amended Complaint, ¶ 73.

7

Process), which is not even being pursued against Sedgwick.

Plaintiffs' Opposition then states that "the Amended Complaint alleges that Defendants Sedgwick, at ¶ 87, et seq., have violated the Settlement Agreement, and . . . these allegations are adequate at this stage of the litigation." Plaintiffs' Opposition, p. 7. However, ¶ 87 of the Amended Complaint[6] is an allegation in support of Count 7 (Special Request for Judicial Notice), which, again, is not being pursued against Sedgwick.

Accordingly, the Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim against Sedgwick upon which relief may be granted.

    **E.** *__Plaintiffs' Argument That Sedgwick Improperly And Unlawfully Denied Plaintiffs' Claims For Disability Benefits Is Without Support And Is Non-Sensical.__*

Plaintiffs' Opposition dedicates the final three pages of their argument discussing *Merrick v. Paul Revere Life Ins. Co.*, ___ F.3d. ___, 2007 WL 2458503 (9th Cir. 2007); *Rosen v. TRW, Inc.*, 979 F.2d 191 (11th Cir. 1992); and *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186 (11th Cir. 1997). However, *Merrick*, *Rosen* and *Garren* are wholly irrelevant to the instant case as *Merrick* involved Paul Revere Life Insurance Company and UNUM Provident Corporation's appeal of a verdict stemming from their denial of plaintiff's disability insurance claim. *Rosen* involved an action against a terminated employee's former employer alleging wrongful denial of benefits under ERISA. *Garren* involved an action brought by a participant in an employee benefit plan under ERISA against John Hancock, alleging wrongful denial of his son's medical claims.

Despite the complete lack of relevance of these cases to the case *sub judice*, it appears

---

[6]Paragraph 87 provides, "Defendant, GENEX SERVCIES [sic] INCORPORATED as a SUBSIDIARY OF UNUM PROVIDENT; UNUM GROUP, a.k.a. UNUM PROVIDENT INSURANCE COMPANY are engaged in a pattern of civil and criminal wrongdoing as pled at paragraphs 44 to 54 supra which requires the intervention of this Court. Amended Complaint, ¶ 87.

that the Plaintiffs rely on them in support of their convoluted concluding argument:

> Because Sedgwick's conspiratorial conduct regarding their [sic] joint administration of the disability insurance plans, and their [sic] joint violation of the settlement agreement, based upon their [sic] improper and unlawful denial of Plaintiffs' claims, is both wrong and unreasonable.

Plaintiffs' Opposition, p. 11.  Plaintiffs' Opposition further provides that "Defendants [sic] Sedgwick's denial of valid claims for benefits was arbitrary and capricious."  *Id.*, p. 12.

However, as stated above, the Amended Complaint does not allege any count for conspiracy, nor does it make any allegation that Sedgwick was a party to any settlement agreement, much less any *facts* that would support such a conclusory allegation.  Moreover, nowhere in the Amended Complaint is there any allegation that Sedgwick had any involvement in administering the disability insurance plans or that it was authorized to make any claims decisions.  The Amended Complaint sets forth no facts to show how the denial of Plaintiffs' claims was "arbitrary and capricious."  Nor does the Amended Complaint refer to any specific "disability insurance plans."

It is well-established that factual allegations must be enough to raise a right to relief above the speculative level.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (stating that a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and that courts are not bound to accept as true a legal conclusion couched as a factual allegation); 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1216, pp. 236-36 (3d ed. 2004) (stating that "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.").

Plaintiffs' Amended Complaint makes no allegation that Sedgwick has anything whatsoever to do with the District of Columbia disability compensation claim process.

9

Accordingly, as to any claims related to the alleged unlawful denial of disability claims, Plaintiffs allege no genuine controversy against Sedgwick. Moreover, judicial review of disability compensation orders pertaining to District of Columbia employees may only be pursued in the District of Columbia Court of Appeals. *See* D.C. Code Ann. §§ 1-623.28(b) (2001). In turn, Plaintiffs lack standing to bring such a claim against Sedgwick. Therefore, any claims against Sedgwick alleging the improper denial of disability compensation claims must be dismissed.

In fact, it is unclear as to how the aforementioned "disability insurance plans" have anything to do with this action as the Amended Complaint (without specifying when, where, with whom or against whom) appears to lay blame for the alleged failure of the Plaintiffs' grievances to proceed to arbitration on the Defendants' (particularly the union defendants) purported failure to fulfill duties of fair representation that the Defendants allegedly owed to the Plaintiffs, and on the Defendants' alleged participation in a conspiracy broadly aimed at preventing the Plaintiffs from contesting the alleged employment actions taken against them by the District of Columbia government. *See* Amended Complaint, ¶¶ 32-55. The Amended Complaint utterly fails to explain how the "disability insurance plans" relate to this action. Furthermore, the Amended Complaint makes no allegation that Sedgwick had anything to do with the alleged "unlawful denial of Plaintiffs' claims." *Id.*, p. 11.

Similarly, to the extent that Plaintiffs interpret "disability claims" to mean workers' compensation claims, such claims fail to state a claim against Sedgwick upon which relief can be granted because workers' compensation claims brought in the District of Columbia are governed exclusively by the District of Columbia Workers' Compensation Act, D.C. Code Ann. §§ 32-1501 *et seq*. (2001), which does not provide for judicial review in federal court.

In further support thereof, Sedgwick adopts and incorporates by reference as if fully set forth herein Defendant American Federation of Government Employees' ("AFGE") Reply to

10

Plaintiffs' Opposition to AFGE's Motion to Dismiss Plaintiffs' Amended Complaint, including *Exhibit 1* thereto (copy of the United States District Court for the District of Columbia's Memorandum Opinion and Order in *Hobby v. District of Columbia Gov't*, Slip Copy, 2003 U.S. Dist. LEXIS 26192, Civil Action No. 03-0272 (D.D.C. 2003)).

Accordingly, Plaintiffs' argument that Sedgwick improperly and unlawfully denied Plaintiffs' disability claims is without any basis and is entirely non-sensical.

### III. CONCLUSION

For the foregoing reasons, Defendant, Sedgwick, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiffs' Amended Complaint, and dismiss the Plaintiffs' Amended Complaint against it, with prejudice.

Respectfully submitted,

         /s/         
Thomas V. McCarron, Bar No. 465948
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, Maryland 21201
(410) 539-5040
*Attorneys for Defendant*
*CMI Octagon "A Sedgwick CMS Company"*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of September, 2007, a copy of the foregoing

Defendant CMI/Sedgwick's Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss

was served, via e-filing, on:

James Q. Butler, Esquire
Butler Legal Group, PLLP
818 18th Street, N.W.
Suite 1010
Washington, D.C. 20006
Attorneys for Plaintiffs

Martha J. Mullen, Esquire
Office of Corporation Counsel
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
Attorney for Defendant, District of Columbia Government

Rachel R. Hranitzky, Esquire
Office of the Attorney General
441 Fourth Street, N.W.
Sixth Floor North
Washington, D.C. 20001
Attorney for Defendant, District of Columbia Government

Brenda Catherine Zwack, Esquire
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, N.W.
Suite 1200
Washington, D.C. 20005
Attorneys for Defendants, AFSCME, District Council 20, AFL-CIO and Washington Teachers Union

Andres M. Grajales, Esquire
American Federation of Government Employees
80 F Street, N.W.
10th Floor
Washington, D.C. 20001
Attorneys for Defendant, American Federation of Government Employees

Frank Charles Morris, Jr., Esquire
Epstein, Becker & Green, P.C.

12

1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
Attorneys for Defendant, Corvel Healthcare

Brian Wayne Steinbach, Esquire
Epstein, Becker & Green, P.C.
150 North Michigan Avenue
35th Floor
Chicago, Illinois 60601
Attorneys for Defendant, Corvel Healthcare

John W. Bramlette, Esquire
Nixon Peabody, LLP
401 Nonth Street, N.W.
Suite 900
Washington, D.C. 20004
Attorneys for Defendants, Genex Services Incorporated Sudsidiary of UNUM Provident and UNUM Group a/k/a UNUM Provident Insurance Company

                                             _____/s/_____
                                                   Thomas V. McCarron

B0738093.WPD