UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDNA MCMANUS, *et al.*,                        :
                                              :
         Plaintiffs,                          :
                                              :
         v.                                   :      Civil Action No. 07-252 (CKK)
                                              :
DISTRICT OF COLUMBIA, *et al.*                :
                                              :
         Defendants.                          :
_____:

### DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFFS' OPPOSITION TO THE DISTRICT DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

### Introduction[1]

Plaintiffs have had ample opportunity to demonstrate federal question jurisdiction and Article III standing, but have failed to do so.  Thus, it is appropriate for the Court to dismiss the First Amended Complaint on those grounds without further deliberation. A federal court presumptively lacks jurisdiction until a party demonstrates that federal question jurisdiction exists.  *See Mansfield, Coldwater Lake Michigan Railroad Co. v. Swan*, 111 U.S. 379, 382 (1884).  A federal court's jurisdiction can only be invoked when a plaintiff has suffered some threatened or actual injury resulting from a defendants' putatively illegal action.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975); Plaintiffs lack standing because their allegations are "purely speculative[, which is] the ultimate

_____

[1] Plaintiffs' Opposition is incomprehensible for the most part, but the District discerns three arguments:: The Court has jurisdiction because Plaintiffs can show that (1) the District violated a regulatory settlement agreement – even if accepted as true - this would be a breach of contract claim governed by local law; (2) the District conspired with other Defendants to unfairly deprive District employees of workers' compensation benefits; and (3) the District violated Plaintiffs' due process rights embodied in the 14th Amendment. <u>None</u> of these arguments are persuasive, as explained herein.

label for injuries too implausible to support standing." *Tozzi v. Dep't of Health & Human Servs.*, 271 F.3d 301, 307 (D.C. Cir. 2001).

Plaintiffs' Opposition, like their First Amended Complaint, is *ipse dixit*. Plaintiffs fail to set forth any factual predicate supporting their claims against the District. "To survive a motion to dismiss under Fed. R. Civ. P 12(b) (6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.,* 223 F.3d 343, 346 (6th Cir. 2000). Plaintiffs simply have not met that test here and their claims against the District should be dismissed with prejudice.[2]

## I  Federal Question Jurisdiction

Plaintiffs have failed to raise any federal question sufficient to confer jurisdiction on this Court. "If the federal claims are 'obviously frivolous' or 'so attenuated and unsubstantial as to be absolutely devoid of merit', a federal court lacks subject matter jurisdiction over those claims and consequently, any local law claims." *Decatur Liquors, Inc. v. District of Columbia*, 478 F.3d 360, 363 (D.C. Cir. 2007). Having no basis to assert any federal claim, this Court should not exercise supplemental jurisdiction over plaintiffs' claims brought pursuant to the District of Columbia Code or common law. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966).

To wit: Most of Plaintiffs' claims are based on employment-related actions by the District, for which the Comprehensive Merit Personnel Act ( the CMPA or Act), D.C.

---

[2] Count I - Breach of Contract – Count 2 – Breach of Collective Bargaining Agreement – are preempted by local law as discussed herein. Count 3 – Breach of Duty of Fair Representation – is also preempted by local law but it does not pertain to the District. Count 4 – violation of right to due process is incoherent and Counts 5 – 8 are claims for relief that have no factual or legal basis.

Official Code §§ 1-601.1 *et seq.* provides the exclusive remedy. The CMPA was enacted in 1979 to establish a comprehensive, merit-based personnel system for District government employees. *See, generally, Stokes v. District of Columbia,* 502 A.2d 1006, 1009 (D.C. 1985); *District of Columbia v. Thompson,* 593 A.2d 621, 631 (D.C. 1991). The Act provides for a comprehensive system of administrative review of D.C. government employment actions, subject to review by the District of Columbia Court of Appeals. *Thompson,* 593 A.2d at 633. The CMPA created a "mechanism for addressing virtually every conceivable personnel issue among the District, its employees, and their unions — with a reviewing role for the courts as a last resort, not a supplementary role for the courts as an alternative forum." *Id.* at 634. The D.C. Court of Appeals could not be clearer on this point:

> [T]he Council intended CMPA to provide District employees with their exclusive remedies for claims arising out of employer conduct . . . . [Plaintiff's tort claims] clearly fall within the scope of CMPA . . . . We hold, accordingly, that these provisions preclude litigation of [plaintiff's tort claims], in the first instance, in Superior Court.

*Thompson,* 593 A.2d at 635; *see also Board of Trustees v. Myers,* 652 A.2d 642, 644-645 (D.C. 1995) (trial court without authority to entertain claim). Initially, employee complaints go to the Office of Employee Appeals, or to Public Employees Relations Board ("PERB") if the employee is a union member subject to a collective bargaining agreement *Thompson,* 593 A.2d at 633. The Act set out the entire legal structure for the resolution of labor disputes between the City and its various municipal unions.  PERB itself, its jurisdiction, and the tasks that Congress and the District Council have given to PERB are analogous to those of the National Labor Relations Board. It seems logical that the law of preemption as developed under the National Labor Relations Act is a guide for

disposition of this case.  This dispute is clearly within the ambit of PERB because PERB covers collective bargaining between the City and the unions dealing with the City. D.C. Official Code § 1-617.02 and 1-617.17 (2001 Ed.)  PERB has exclusive original jurisdiction to resolve the allegations in Counts One through Three of Plaintiffs' First Amended Complaint.

Further, Plaintiffs may also seek judicial review in the D.C. Court of Appeals if they disagree with a Department of Employment Services decision regarding an adjustment to their worker compensation benefits. D.C. Official Code § 1-623.28(b).  As the Court in *Lightfoot* v. *District of Columbia*, 448 F.2 3d 392 (D.C. Cir. 2006), recognized, "[F]ederal courts have no general appellate authority over state courts or state agencies." *Id.* at 398.  (D.C. Cir. 2006) (internal citations omitted).  Plaintiffs, for example, could file a mandamus action under D.C. Court of Appeals Rule 21 or seek in the D.C. Court of Appeals, a Writ under the All Writs Act, if they can demonstrate that such a remedy is warranted. [3]

Since Plaintiffs have no legitimate federal question before the Court, it should not exercise supplemental jurisdiction over Plaintiffs' local law claims.  Plaintiffs' claims are essentially "state law claim[s] in federal garb." *Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 294 (D.C. Cir. 2000).  Plaintiffs' claims here do not present a question of constitutional import and their claims and resolution "is best left to the local courts." *American Tower v. Williams,* 146 F. Supp. 2d 27, 31 (D.D.C. 2001

---

[3] The District concurs with Defendant AFGE  that to the extent that Plaintiff Hobby is the same Geraldine T. Hobby who is a plaintiff in this action, her disability claims are barred by *res judicata*.  AFGE's Reply to Plaintiffs' Opposition at 3, n.1.

## II. The Regulatory Settlement Agreement Is Irrelevant

The thrust of Plaintiffs' Opposition is the regulatory settlement agreement ("RSA") which is referenced throughout their First Amended Complaint at ¶¶ 26, 33[N], 44-55; Pl. Op. at 2-7.  The RSA pertains *only* to UNUM LIFE'S companies – Provident Life and Accident Insurance Company and Provident Life and Casualty Insurance Company ("Provident") and Paul Revere Life Insurance Company ("Revere"), which sell long- term disability insurance policies to the private sector. Neither Unum nor Genex insure any of the Plaintiffs or administer the workers' compensation program about which they complain.   Thus, the RSA is irrelevant – and has no factual or legal connection to the Plaintiffs' workers' compensation claims at issue here.  To the extent Plaintiffs have attempted to argue otherwise, they are in violation of Fed. R. Civ. P. 11, since they have no basis for referencing the RSA and then going one step further to allege a non-existent conspiracy.

## III. Plaintiffs' 42 U.S.C § 1985 Conspiracy Claims Are Meritless.

Plaintiffs' Opposition maintains that the District conspired with Unum to unfairly deprive District employees of workers' compensation benefits.  Pl. Op, at 5-8. A civil conspiracy occurs when two or more persons acting in concert plan, attempt to commit, and/or commit an unlawful act or lawful act by unlawful means. *See, e.g., Hilliard v. Ferguson,* 30 F.3d. 649, 653 (5th Cir. 1994) (holding that in order to state a claim under §1985, a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes

injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States).

Here again, Plaintiffs fail to allege <u>any</u> facts that even remotely link the administration of the District's workers' compensation program, its employees or the individuals who administer the program, to anyone employed by Unum by reference to time, place, or activity. Plaintiffs not only fail to demonstrate the applicability of the RSA to their claims, but they fail to specify how any of the Defendants conspired or what actions they took in furtherance of their plan.

The Supreme Court has held that the statutory language requiring intent to deprive a person or class of persons of equal protection or equal privileges or immunities "means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971). Thus, even if all of the elements of conspiracy were met, Plaintiffs fail to show that they are a class afforded protection under the equal protection clause or that defendants' actions were motivated by any "invidiously discriminatory animus."

In any event, the Plaintiffs' conspiracy claims are insufficient. The Court need not accept factual inferences suggested by the plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions. *Bell Atlantic Corp.* v. Twombly, 550 U.S. ___ , 127 S. Ct. 1955,1964 –1965 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Estate of Phillips v. District of Columbia,* 257 F. Supp. 2d 69, 83 (D.D.C. 2003) (dismissal was appropriate where plaintiffs failed to state how the

defendants "acted in concert."). Accordingly, the Claims asserted in ¶¶ 26, 33[N], 44-55 of the First Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6).

**IV. Plaintiffs' Arguments Do Not Support Their Due Process Claims.**[4]

While Plaintiffs state that they have a right to procedural and substantive due process, they fail to allege any facts that are tied to those rights in a cognizable fashion. They simply claim that the District and the unions have conspired – without explaining how – to deprive public employees of "property" without procedural *due process.* Plaintiffs do not state what *process* was denied, claiming only that they were denied workers' compensation benefits and/or continued employment based on "fathom [sic] reasoning without due process."   First Amended Complaint  at ¶ 38.  Thus, Plaintiffs fail to show an entitlement to relief because their Amended Complaint and Opposition are nothing more than conclusory allegations which fail  to state a claim upon which relief can be granted.  Pl. Op at 5-7. *See Western Associates, Ltd. v. Market Square Associates,* 235 F.3d 629, 634 (D.C. Cir. 2001).  *Bell Atlantic Corp.* v. Twombly, 550 U.S. ___ , 127 S.Ct. at 1965 (" on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

Plaintiffs Opposition also discusses the Ninth Circuit's decision in *Merrick v. Paul Revere Life Ins. UNUM Provident,* 2007 U.S. App. LEXIS 20959. Pl. Op. at 7- 10 – a case that is inopposite on its face.  The subject matter there was an "own occupation" long-

---

[4] Although it is not Plaintiffs' most glaring misapplication of the law, their First Amended Complaint at ¶ 1 and their Opposition at 7, cite to the 14th Amendment which does not apply to the District of Columbia. *Bolling v. Sharpe,* 347 U.S. 497 (1954).

term disability policy issued by Revere to Merrick, one of three partners in a venture capital firm.  Merrick did not bring his lawsuit pursuant to 42 U.S.C. § 1983 for violations of procedural or substantive due process, but sued instead for breach of contract and the duty of good faith and fair dealing, stemming from Revere's denial of his total disability claim.  The instant Plaintiffs fail to inform the Court that the appellate court vacated the punitive damages verdict, remanded the case for a new trial on punitive liability and reversed the attorney fee award.  In any event, *Merrick* has no precedential value for deciding whether Plaintiffs have sufficiently plead facts, which they have not, supporting a due process violation in the instant case. Plaintiffs reliance on *Rosen v. TRW, Inc.* 979 F.2d 191 (11th Cir. 1992) (denial of benefits under ERISA) and *Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186 (11th Cir 1997) (same) is equally misplaced.

Without any reference to time, place or circumstances, neither Plaintiffs' Amended Complaint nor its Opposition has given the District "fair notice of what the . . . claim is and grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. _____, 127 S. Ct. at 1964.

Conclusion

For the foregoing reasons, and the reasons stated by WTU and AFFSCME; CorVelHealthcare; AFGE; Teamsters; Aon; Concerntra; CMI/Sedgwick; and Unum/Genex whose arguments pertaining to Fed. R. Civ. P. 12 (b) (1) and 12 (b) (6) are incorporated by reference herein, it is appropriate for this Court to dismiss with prejudice all claims against the District of Columbia as alleged in the First Amended Complaint.

*Respectfully submitted,*

LINDA SINGER,
Attorney General, DC

GEORGE C. VALENTINE
Deputy Attorney General, DC
Civil Litigation Division

<u>/s/ Ellen A. Efros</u>
ELLEN A. EFROS [250746]
Chief, Equity I
Telephone: (202) 442-9886
ellen.efros@dc.gov

<u>/s/ Martha J. Mullen</u>
MARTHA J. MULLEN [419036]
Senior Assistant Attorney General
Assistant Attorney General
Office of the Attorney General, DC
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6612
Facsimile: (202) 727-0431
martha.mullen@dc.gov

**FILED: September 28, 2007**