IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDNA McMANUS,** *et al.*,<br>      **Plaintiffs,**<br>*v.*<br>**DISTRICT OF COLUMBIA,** *et al.*,<br>      **Defendants.** | Civil Action No. 1:07cv00252 (CKK) |

**DEFENDANT CORVEL HEALTHCARE CORPORATION'S
REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

Pursuant to the Court's Order of August 1, 2007, Defendant CorVel Healthcare Corporation ("CorVel") files its Reply in support of its motion to dismiss the Amended Complaint as to CorVel with prejudice, pursuant to Fed. R. Civ. P. 8, 9, 12(b)(1) and 12(b)(6). As discussed below, Plaintiffs, in their Opposition to Defendant CorVel's Motion to Dismiss ("Opposition"), have utterly failed to state any grounds why CorVel's motion to dismiss Plaintiffs' frivolous and vexatious Amended Complaint should not be granted.

1. As an initial matter, it must be noted that Plaintiffs have ignored entirely the clear import of this Court's August 1, 2007 Order directing the Plaintiffs to "file an INDIVIDUAL Opposition to each of these [10] pending Motions to Dismiss" (emphasis in original). This Order clearly envisioned that the Plaintiffs would tailor each of these oppositions to the particular claims being made against, and arguments for dismissal presented by, the separate Defendants. Instead, they have filed ten nearly identical

oppositions – despite being granted up to two months to prepare such oppositions.[1] These documents differ only in the substitution of party names, slight variations in the introductory paragraphs, and, in a few cases, the addition of additional material to the beginning of the argument section.[2]

    2. Moreover, Plaintiffs' cookie-cutter Oppositions generally fail to make any effort whatsoever to address the specific arguments CorVel and the other Defendants make as to why Plaintiffs' claims should be dismissed. Instead, Plaintiffs try to divert the Court's attention from the myriad deficiencies of their Amended Complaint by reciting overruled generalities regarding the alleged pleading requirements of Fed. R. Civ. P. 8; making bald assertions that their pleadings are adequate, without reference to any supporting allegations of fact in the Amended Complaint; and engaging in an extended reiteration of the findings in a wholly unrelated case, *Merrick v. Paul Revere Life Ins. Co.*, - F.3. -, No. 05-17059, 2007 WL 2458503 (9th Cir. Aug 31, 2007), without any effort whatsoever to connect that case or its holdings to any issue in the present case. These failures highlight the fact that Plaintiffs have failed to satisfy the basic pleading requirements of Fed. R. Civ. P. 8 and 9: to provide the Defendants with a short and plain statement of a claim that provides fair notice of what the claim is and the grounds

---

[1] As CorVel filed its motion on June 25, 2007 (Docket #31), an opposition was due July 9. The motions of most other Defendants were filed from June 29 through July 27. In response to Plaintiffs' July 31, 2007 motion for additional time to respond to just one of these later motions (Docket # 45), the Court, by its August 1 Order, extended to September 5, 2007 the time for Plaintiffs to respond to all ten motions, including those for which the deadline under the local rules already had passed. Thus, Plaintiffs were granted an <u>additional</u> fifty-eight days to respond to CorVel's motion.

[2] Thus, Plaintiffs' Oppositions to the motions filed by Defendants CorVel (docket #80), American Federation of Government Employees ("AFGE") (docket #76), and Defendants Washington Teachers Union, Local #6, American Federation of Teachers, AFL-CIO ("WTU") and American Federation of State, County and Municipal Employees, District Council 20, AFL-CIO ("AFSCME") (docket #85) add the same seven additional paragraphs after the first paragraph in the "Law and Argument" section. Similarly, the opposition to the motion filed by the District of Columbia (docket #81) adds a different seven additional paragraphs to the beginning of this section. The rest of this section is virtually identical in all ten Oppositions, save for some substitution of Defendants' names.

upon which it rests.

3. Plaintiffs devote considerable effort to arguing that dismissal under Rule 12(b)(6) is proper only where "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *See, e.g.*, Opposition at 6, *quoting Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, Plaintiffs fail to note that the recent decision of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, - U.S. -, 127 S.Ct. 1955 (2007), rejected the "no set of facts" test. 127 S. Ct at 1968-69. The Supreme Court instead held that the Rule 8 requirement to provide the "grounds" on which the pleader is "entitled to relief" requires factual allegations that are "enough to raise a right to relief above the speculative level," and not simply "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*, 127 S.Ct. at 1964-65. Thus, it is incumbent on Plaintiffs to allege actual facts supporting their claims. As discussed below and in CorVel's opening Memorandum of Points and Authorities, Plaintiffs have failed completely to do so.

4. Plaintiffs do not dispute that only three counts: 1, 2 and 5 - even mention CorVel.[3] With respect to Count 1, which alleges breach of an alleged employment contract, and Count 2, which alleged breach of an alleged collective bargaining agreement, Plaintiffs also do not dispute the absence of any allegation that CorVel, a private entity, was a party to either of these alleged agreements, nor do they dispute that CorVel was neither the employer of any of the Plaintiffs, nor the union representing any of the Plaintiffs. Thus, they effectively have conceded their failure to state a claim against CorVel for breach of contract or breach of a collective bargaining agreement.

---

[3] This excludes Counts 6 and 8, which are requests for specific relief, not separate causes of action.

Alternatively, Plaintiffs also do not dispute that the only remedy for any breach of rights founded upon a collective bargaining agreement between the District of Columbia and the various union defendants is an administrative proceeding under the District of Columbia Comprehensive Merit Personnel Act ("CMPA"), D.C. Code §1-601, *et seq.* (with judicial review by the D.C. Court of Appeals). Consequently, this Court has no jurisdiction to hear such a claim. Accordingly, Plaintiffs have conceded that both Counts 1 and 2 should be dismissed as to CorVel for failure to state a claim and/or for lack of subject matter jurisdiction.

5. As to Count 5, titled "Declaratory Judgment Action," Plaintiffs now appear to assert that CorVel was somehow engaged in a "conspiracy" with respect to "joint administration of the disability insurance plans and their joint violation of the settlement agreement, based upon their improper and unlawful denial of Plaintiffs' claims." (Opposition at 11.)[4] It is well established, however, that in order to state a claim for conspiracy, a plaintiff must allege overt acts in furtherance of the conspiracy and a connection between the overt acts; the furtherance of the conspiracy; and the plaintiff's ensuing injury. *See, e.g.*, *Graves v. United States*, 961 F. Supp. 314, 321 (D.D.C. 1997) (Sporkin, J.). *See also Twombly*, 127 S.Ct. at 1966 (holding that a Sherman Act contract, combination or conspiracy in restraint of trade claim requires allegations

---

[4] This Count does not purport to state an independent substantive cause of action, only a claim for equitable relief, and on that basis alone should be dismissed. *See Bridges v. Blue Cross & Blue Shield Ass'n*, 935 F. Supp. 37, 40, 45 (D.D.C. 1996) (Harris, J.) (claim for declaratory judgment is properly brought as part of a prayer for relief, not as a separate cause of action.) *See also* Defendant Concentra Inc.'s Supplemental Motion to Dismiss (Docket #44) at 7-9 and n.5 (also showing a lack of subject matter jurisdiction over this count due to the absence of an actual controversy between Plaintiffs and Defendant Concentra, which applies to Defendant CorVel as well). Further, to the extent Plaintiffs' allegations may be considered as alleging the improper denial of disability compensation claims by CorVel, Plaintiffs have no Article III standing and this Court has no subject matter jurisdiction. *See* Defendant AFGE's Reply to Plaintiffs' Opposition to AFGE's Motion to Dismiss Plaintiffs' Amended Complaint (Docket #68) at 2-3. This is particularly true as to Plaintiff Geraldine T. Hobby, who already has sought review of a denial of disability compensation, through the appropriate statutory procedure. Id.

"plausibly suggesting (not merely consistent with) agreement.")

Thus, merely alleging that CorVel and the other Defendants allegedly "conspired to violate the collective bargaining agreement in violation of the law" (Amended Complaint, ¶61) does not meet any of these requirements.[5] Indeed, Plaintiffs do not dispute the fact that, as expressly noted in CorVel's opening Memorandum at 7, there are no allegations of the predicate acts, such as specific conversations, identifiable participants, or pertinent documents, necessary to establish a conspiracy.[6]

In this regard, Plaintiffs' apparent assertion (Opposition at 6, 11) that CorVel violated a settlement agreement between various state regulators and Defendant "Unum Group, a.k.a. Unum Provident Insurance Corporation" ("Unum") and five subsidiaries of Unum, described in the Amended Complaint (¶¶44-54), must be disregarded, as they nowhere in the Amended Complaint allege (nor could they in good faith do so) that CorVel was a party to that settlement agreement, much less that it has violated it. To the contrary, CorVel is a complete stranger to that agreement. Indeed, the extensive quotations from a press release issued by the New York State Attorney General concerning this settlement that constitute the "allegations" of paragraph 44-54 of the Amended Complaint demonstrate that <u>the only parties were the various states, Unum, and five of Unum's subsidiaries, and not CorVel</u> or any of the other Defendants

---

[5] *See also* Defendant AFGE's Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiffs' Amended Complaint (Docket #35) at 10-11; Memorandum of Points and Authorities in Support of Defendant Unum Group and Genex Services, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint (Docket #39-2) at 6; Defendant Concentra Inc.'s Supplemental Memorandum in Support of its Motion to Dismiss (Docket #44-2) at 6-7, incorporated herein by reference (discussing the conspiracy pleading standard and noting Plaintiffs' failure to meet this standard as to each of those defendants as well).

[6] Contrary to Plaintiffs' assertion, (Opposition at 6), paragraphs 56, 57, 60, 61 and 73 of the Amended Complaint do not allege either the existence of a conspiracy or agreement between the parties. Indeed, paragraph 56, 60 and 73 merely incorporate the allegations of paragraph 1 through 55 and paragraph 57 alleges only a breach of an employment contract. Paragraph 61 does allege a conspiracy to violate the collective bargaining agreement, but alleges no agreement to do so or other requisite details.

herein. The press release itself, a matter of public record that can be viewed at http://www.oag.state.ny.us/press/2004/nov/nov18a_04.html, further shows that even the sole Unum subsidiary named in this case, Defendant Genex Incorporated, was not one of those involved in the settlement.

6. Plaintiffs provide no basis for a claim against CorVel under any of the constitutional and statutory provisions that they cite. In particular, they do not dispute the absence of any claim against CorVel of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, or 42 U.S.C. §1981; the lack of any state action by CorVel as required under 42 U.S.C. §1983[7] or the Fourteenth Amendment; the absence of any property interest protected by the Fourteenth Amendment; or the lack of any basis for claims under 42 U.S.C. §1986 or §1988 (the latter of which only governs the jurisdiction and procedure of federal courts with respect to civil rights claims, and does not by itself create a cause of action).

7. In fact, as shown above, Plaintiffs have failed to allege facts showing a genuine controversy with CorVel and Plaintiffs and, therefore, they lack Article III standing to bring this action against CorVel. *See Allen v. Wright*, 468 U.S. 737, 751 (1984) (holding that to have standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.") Even if Plaintiffs had a claim against any other Defendant, they have not shown a claim against CorVel that could provide the basis for a remedial order.

---

[7] While Plaintiffs make a generalized assertion that their allegations meet the constitutional standards for a §1983 claim (Opposition at 2), they fail to point to any particular allegations or otherwise explain how their allegations meet these standards. Instead they merely cite to various allegations of mostly work-related injury claims filed and denied, only one of which (Amended Complaint, ¶3) mentions CorVel, and then only with respect to one of several actions allegedly taken regarding multiple claims that just one Plaintiff filed.

6

8. The utter baselessness of the original Complaint was amply pointed out in CorVel's and other Defendants' motions to dismiss the Original Complaint. Despite this crystal clear message, Plaintiffs simply filed an Amended Complaint, with the most minimal changes, that remains bereft of anything except speculation, in violation of *Bell Atlantic v. Twombly*. Plaintiffs without justification have forced CorVel to prepare and file a further pleading to respond to this Amended Complaint.

In these circumstances, the Court should exercise its inherent authority and/or the authority provided by 28 U.S.C. §1927 and 42 U.S.C. §1988, and award CorVel its attorneys' fees and costs for responding to the vexatious, willful and wanton Complaint and Amended Complaint filed by Plaintiffs and their unreasonable and vexatious multiplication of the proceedings in this case. *See Washington Hospital Center v. Service Employees International Union, Local 722*, 746 F.2d 1503, 1509 (D.C. Cir. 1984) (reaffirming inherent authority of courts to award attorneys' fees "where a case was in bad faith, vexatious, wanton, or undertaken for oppressive reasons justifying the imposition of attorneys' fees"). CorVel respectfully requests that the Court issue such an order awarding CorVel its reasonable attorneys' fees and costs.[8]

## **CONCLUSION**

For all of the reasons stated above, in CorVel's opening Memorandum and in the various motions to dismiss, memoranda in support and replies filed by the other Defendants, which are adopted herein by reference, CorVel respectfully requests that this Court dismiss with prejudice Plaintiffs' Amended Complaint as to any claims it may attempt to state against CorVel, and award CorVel its attorneys' fees and costs for

---

[8] If the Court enters an order awarding CorVel its reasonable fees and costs, CorVel will submit a declaration setting forth its fees and costs.

having to respond to a plainly frivolous and vexatious Complaint <u>and</u> Amended Complaint.

                                                    Respectfully submitted,

                                                    EPSTEIN BECKER & GREEN, P.C.

                                                    _____/s/___Frank C. Morris, Jr.___
                                                    Frank C. Morris, Jr.
                                                    Bar No. 211482

                                                    _____/s/___Brian Steinbach_____
                                                    Brian Steinbach
                                                    Bar No. 256727
                                                    1227 25th Street, N.W.
                                                    Washington, D.C. 20037
                                                    (202) 861-0900
                                                    Attorneys for Defendant CorVel Healthcare
Dated: September 28, 2007              Corporation

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Defendant CorVel Healthcare Corporation's Reply in Support of Motion to Dismiss Amended Complaint was served this 28th day of September, 2007, by electronic service, on the following:

James Q. Butler
Butler Law Firm
818 – 18th Street, Suite 1010
Washington, DC 20006

Attorney for Plaintiffs

Ellen A. Efros
Martha J. Mullen
Office of the Attorney General
441 4th Street, N.W., 6th Floor North
Washington, D.C. 20001

Attorneys for the District of Columbia

Lee W. Jackson
Anton G. Hajjar
Melinda K. Holmes
Brenda C. Zwack
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, NW, Suite 1200
Washington, DC 20005

Attorneys for Washington Teachers Union, Local #, American Federation of Teachers, AFL-CIO
and
American Federation of State, County and Municipal Employees, District Council 20, AFL-CIO

Mark D. Roth
Andres M. Grajales
American Federation of Government Employees
80 F Street, NW, 10th Floor
Washington, DC 20001

Attorneys for American Federation of Government Employees

John R. Mooney
Mark J. Murphy
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, NW, Suite 400
Washington , D.C. 20036

Attorneys for Teamsters Local 639

Alison N. Davis
Ford & Harrison LLP
1300 19th St., NW, Suite 700
Washington, DC 20036

Attorneys for Concentra, Inc.

| | |
|---|---|
| Laura E. Jordan<br>Law Offices of Laura E. Jordan, P.C.<br>4702 Wisconsin Avenue, NW<br>Washington, DC 20016<br><br>Attorney for CLW/CDM | Charles B. Wayne<br>DLA Piper US LLP<br>1200 Nineteenth Street, NW<br>Washington, DC 20036<br><br>Attorneys for AON Risk Services, Inc. of Washington, D.C. |
| Thomas V. McCarron<br>Semmes, Bowen & Semmes<br>250 West Pratt Street, 16th Floor<br>Baltimore, MD 21201<br><br>Attorneys for CMI Octagon "A Sedgwick CMS Company" | John W. Bramlette<br>Nixon Peabody LLP<br>401 Ninth Street, NW, Suite 900<br>Washington, DC 20004<br><br>Attorneys for Defendants Unum Group and Genex Services, Inc. |

                                       /s/     Brian Steinbach
                            Brian Steinbach
                            Bar No. 256727