UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA McMANUS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:07CV252 (CKK) |
| DISTRICT OF COLUMBIA GOVERNMENT, et al., | ) |
| Defendants. | ) |

DEFENDANT AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES,
DISTRICT COUNCIL 20, AFL-CIO'S
NOTICE OF PLAINTIFFS' FAILURE TO FILE OPPOSITION

Defendant American Federation of State, County, and Municipal Employees, District Council 20, AFL-CIO ("AFSCME") hereby gives notice to the Court that Plaintiffs failed to file an opposition to AFSCME's motion to dismiss Plaintiffs' amended complaint. In accordance with Local Rule 7(b) and the case law in this circuit, AFSCME's motion to dismiss should be treated as conceded and Plaintiffs' claims against AFSCME dismissed with prejudice.

AFSCME filed a joint motion to dismiss Plaintiffs' amended complaint with the Washington Teachers Union, AFT Local #6, AFL-CIO, on June 20, 2007. (Dkt No. 25.) The joint pleading expressly and repeatedly made reference to AFSCME as a distinct entity from the WTU, although one with a similar position on dismissal of the case. Although Plaintiffs filed an opposition to the WTU's motion, they did not file an opposition naming, referencing, or serving AFSCME.

The failure to file an opposition should be treated as a concession in accordance with the local civil procedure rules and the case law in this Circuit. According to Local Rule 7(b) "[w]ithin 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." Moreover, when an opposition is filed that does not address the issues raised in the defendant's motion to dismiss, "'a court may treat those arguments that the plaintiff failed to address as conceded.'" Hooker-Robinson v. Rice, No. 05-321, 2006 WL 508343, *3 (D.D.C. 2006)(quoting Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 238 F.Supp.2d 174, 178 (D.D.C. 2002); see Gharib v. Wolf, 2007 WL 2225895, *2 (D.D.C. 2007); see also Weil v. Seltzer, 873 F.2d 1453, 1459 (D.C. Cir.1989)(failure to timely file response to motion in limine treated as a waiver of opposition to motion); United States v. Warren, 601 F.2d 471, 473-74 (9th Cir. 1979) (no error in district court basing dismissal of indictments on local rule stating that the "failure to file a brief or memorandum of points and authorities in support of or in opposition to any motion shall constitute a consent of the party failing to file such a brief or memorandum to the denial or granting of the motion"); United States v. Patten, 826 F.2d 198, 199 (2nd Cir. 1987)(no error in granting unopposed motion to allow dismissal of indictment without prejudice); Sayers v. Stewart Sleep Ctr. Inc., 140 F.3d 1351, 1354 (11th Cir. 1998) (upholding cost award where opposing parties failed to timely file an opposition memorandum).

Accordingly, having failed to oppose AFSCME's motion to dismiss, AFSCME's motion should be treated as conceded and Plaintiffs' claims against AFSCME should be dismissed with prejudice.

September 28, 2007                    Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: /s/ Lee W. Jackson
    Lee W. Jackson (D.C. Bar No. 436010)
    ljackson@odsalaw.com

By: /s/ Anton G. Hajjar
    Anton G. Hajjar (D.C. Bar No. 359267)
    ahajjar@odsalaw.com

By: /s/ Melinda K. Holmes
    Melinda K. Holmes (D.C. Bar No. 458043)
    mholmes@odsalaw.com

By: /s/ Brenda C. Zwack
    Brenda C. Zwack (D.C. Bar No. 482673)
    bzwack@odsalaw.com

1300 L Street N.W., Suite 1200
Washington, DC 20005
(202) 898-1707

Attorneys for American Federation of State, County and Municipal Employees, District Council 20, AFL-CIO