UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDNA McMANUS, et al.,

Plaintiffs,

v.

DISTRICT OF COLUMBIA GOVERNMENT, et al.,

Defendants.

Case No. 1:07CV00252 (CKK)

DEFENDANT WASHINGTON TEACHERS' UNION, LOCAL #6, AMERICAN FEDERATION OF TEACHERS, AFL-CIO'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Plaintiffs' opposition to defendant Washington Teachers Union, Local #6, American Federation of Teachers, AFL-CIO ("WTU")'s motion to dismiss does not offer authority or reason to justify continuation of Plaintiffs' claims against the WTU. As set out in detail in the WTU's motion, all of the applicable case law unanimously cautions that this Court does not have jurisdiction over Plaintiffs' claims because they are duty of fair representation complaints over which the D.C. Public Employee Relations Board has exclusive jurisdiction. Plaintiffs' omnibus opposition[1] fails to address this legal

[1]The Court directed Plaintiffs to file separate oppositions to the various motions to dismiss because the motions make very different arguments. (Order, Dkt. #36 (6/28/07).) Not only did Plaintiffs fail to heed this direction and instead file the same opposition to all of the motions to dismiss, but the opposition filed against the WTU largely does not make sense as to the WTU or the counts against the WTU in Plaintiffs' amended complaint. The WTU has, nonetheless, tried to reply to

argument set out in the WTU's motion to dismiss, and also fails to distinguish any of the cases cited by the WTU that explicitly support the Union's position. In accordance with the rules and authority of this Court, therefore, the Court should treat the WTU's arguments as conceded. The only claim addressed and defended in the plaintiffs' opposition is their constitutional claim, but that defense, too, is inadequate and unsupported. Plaintiffs' amended complaint should be dismissed as to the WTU.

Plaintiffs effectively concede that most of their amended complaint against the WTU should be dismissed. Although the vast majority of Plaintiffs' opposition actually can be disregard as to the WTU because it simply does not apply to the violations alleged to have been perpetuated by the WTU in the amended complaint,[2] what is left makes no mention of the argument or authority the WTU clearly laid out for why this Court is without jurisdiction to address Plaintiffs' claims. As the WTU contended in its motion to dismiss, the Court lacks jurisdiction because D.C. law requires that D.C. government employees exhaust the exclusive administrative remedies of the PERB before proceeding to local court on a petition to review the PERB's order. The WTU further cited ample authority that a complainant cannot avoid the PERB simply by casting her complaints as tort or contract claims. Plaintiffs here do not distinguish or

---

Plaintiffs' arguments to the best of its ability.

[2]Plaintiffs write in their opposition about the WTU denying workers compensation claims the plaintiffs made to insurers, refusing to train properly insurance company adjusters, violating a settlement agreement in New York to which plaintiffs' complaint does not allege the WTU is a party, and other allegations that they do not direct at the WTU in their amended complaint. It is apparent that these allegations do not involve or apply to the WTU.

even cite to any of the authority relied upon by the WTU, nor do they offer an explanation or exception for the rule that their duty of fair representations cannot proceed in this Court.

By failing to even address the WTU's arguments, Plaintiffs have conceded the WTU's motion to dismiss. Local Rule 7(b) regarding the filing of oppositions requires that "[i]f such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." This rule has been applied to include the failure to address arguments set out in a motion. As this Court has held:

> In Counts III and IV, plaintiff alleges that defendants breached the covenant of good faith and fair dealing. (Compl.¶¶ 76-90.) However, in failing to respond to defendants' motion to dismiss as to these counts, plaintiff has conceded the motion to dismiss as to these claims. "'It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.'" Hooker-Robinson v. Rice, No. 05-321, 2006 WL 508343, at *3 (D.D.C. 2006) (quoting Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 238 F.Supp.2d 174, 178 (D.D.C.2002)). Therefore, this Court finds that the motion to dismiss as to these claims is conceded, and, therefore, Counts III and IV are dismissed.

Gharib v. Wolf, 2007 WL 2225895, *2 (D.D.C.,2007). Here, the arguments and authority offered by the WTU are the fundamental theory of its motion to dismiss. By failing to offer any argument or authority addressing the WTU's position on Plaintiffs' duty of fair representation claims, the WTU's motion must be treated as conceded and those claims must be dismissed.

The only one of Plaintiffs' claims that Plaintiffs expressly contend should not be dismissed is their claim purportedly raised under the U.S. Constitution, but even that

suffers from such failings that it should also be dismissed. Plaintiffs argue that the "obstacle" of the D.C. Comprehensive Merit Personnel Act's exhaustion requirement does not apply to their claim that the WTU engaged in a conspiracy to deny Plaintiffs their constitutional rights. While they concede that the Court is without jurisdiction to address Plaintiffs' duty of fair representation claims, Plaintiffs' also seem to argue that alleging a constitutional claim resuscitates these other claims under the Court's supplemental jurisdiction. Plaintiffs are plainly wrong in at least two respects.

First, as recently confirmed by the U.S. Supreme Court, Plaintiffs have not adequately pled a constitutional conspiracy or violation by the WTU that can survive the WTU's motion to dismiss. The Supreme Court recently stated in Bell Atlantic Corp. v. Twombly that the liberal pleading rule that arose out of Conley v. Gibson, 355 U.S. 41 (1957), is not the standard by which a claim, especially one like Plaintiffs, should be measured. 127 S.Ct. 1955, 167 L.Ed.2d. 929 (2007). As the Supreme Court noted:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F. 3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...Here, in contrast, we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.

Twombly, 127 S.Ct. at 1964-1965, 1974. Thus, failing to specifically allege facts that are at least plausible if proven is fatal to Plaintiffs' claims, and "[b]ecause the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 1974.

Here, Plaintiffs assert in their amended complaint only the conclusion that the WTU must have conspired with the District of Columbia government to permit the creation of unconstitutional schemes for denying D.C. government employees some unspecified benefits. Plaintiffs' allegation is based merely on the existence of such schemes that are purportedly unconstitutional. Plaintiffs offer no description of any specific facts that, if proven, would demonstrate an actual constitutional conspiracy or violation sufficient to make the WTU a state actor under the Constitution, an obvious prerequisite of any constitutional claim against a private party. Their conspiracy claim, for example, fails to sufficiently plead facts that, even if assumed true, could establish a claim of conspiracy. See Halberstam v. Welch, 705 F.2d 472, 477 (D.C. Cir. 1983)(citation omitted)( a conspiracy requires at least an agreement to participate in an unlawful act.). Plaintiffs have failed to allege any facts to establish that there was any agreement between the WTU and the District of Columbia to abolish a city wide administrative remedy or what overt action the WTU took to achieve this aim. Moreover, and importantly, Plaintiffs have failed to allege that a singular uniform administrative or grievance procedure is required by the law or the Constitution such that the failure to have one is unlawful. And on their claims revolving around statutory violations (to the extent they are separate from the constitutional claims, which is not clear),[3] Plaintiffs have failed to allege that they have been afforded any less benefit or

---

[3]Although not recited in relation to any specific count of the amended complaint, Plaintiffs assert that their claims are brought "pursuant to 42 U.S.C. ss 1981, 1983, 1986, 1988, 2000(e) and the Fourteenth Amendment to the United States Constitution." (Am. Compl. at ¶1.)

more penalty under the law than a white citizen, or the constitutional or federal right of which the WTU has deprived them.

Plaintiffs' opposition to the WTU's motion to dismiss is no better, and instead settles for inserting "including the WTU" after each reference to a defendant on assertions of facts having to do with policies and practices of insurance companies, not even the District government. Under the more stringent pleading standard required by Twombly,[4] therefore, Plaintiffs' conclusion that the WTU engaged in a constitutional conspiracy with the District government in a manner that raised the WTU's conduct to that of a state actor fails to set out plausible facts that would show such a claim to be true. Plaintiffs' opposition to the WTU's motion to dismiss adds no further substance to the claims. Plaintiffs' constitutional claim or claims must, therefore, be dismissed for failing to state a claim.

Second, even if the Court could find that Plaintiffs' constitutional claim was adequately pled, Plaintiffs cannot avoid the PERB by calling their claim constitutional and trying to bootstrap to it other claims over which there is no question the Court is without jurisdiction to address. No matter what Plaintiffs call their claims, they are duty of fair representation complaints that must be pursued before the PERB. In most respects, Plaintiffs' constitutional claims are not really constitutional claims – they

[4]To be clear, the Supreme Court held that the standard enunciated in Twombly was not new, but rather was a correction of the expansion of the "no set of facts" language in Conley v. Gibson, a correction the Supreme Court notes that many other courts had already been applying. Regardless, Twombly issued in May 2007, and Plaintiffs filed their amended complaint in July 2007.

still are based on conduct by WTU that Plaintiffs specifically allege violates the duty of fair representation. Plaintiffs cannot avoid the PERB simply by invoking the Constitution or any other federal or state law as a basis for their claims, and they cite to no authority suggesting they can. Simply calling a claim constitutional is insufficient to override the exclusive purview of the PERB, nor is it sufficient to permit Plaintiffs to lodge in federal court claims over which the Court undisputedly is without jurisdiction.

Thus, for the foregoing reasons and those set out in the WTU's motion to dismiss, Plaintiffs' claims against the WTU should be dismissed with prejudice.

September 28, 2007

Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: /s/ Lee W. Jackson
Lee W. Jackson (D.C. Bar No. 436010)
ljackson@odsalaw.com

By: /s/ Anton G. Hajjar
Anton G. Hajjar (D.C. Bar No. 359267)
ahajjar@odsalaw.com

By: /s/ Melinda K. Holmes
Melinda K. Holmes (D.C. Bar No. 458043)
mholmes@odsalaw.com

By: /s/ Brenda C. Zwack
Brenda C. Zwack (D.C. Bar No. 482673)
bzwack@odsalaw.com

1300 L Street N.W., Suite 1200
Washington, DC 20005
(202) 898-1707

Attorneys for Washington Teachers Union, Local #6, American Federation of Teachers, AFL-CIO