IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA MCMANUS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 1:07 CV 00252 (CKK) |

**DEFENDANT CONCENTRA INCORPORATED'S MOTION FOR SANCTIONS
PURSUANT TO FED. R. CIV. P. 11(C)**

Pursuant to Federal Rules of Civil Procedure 5 and 11(c), Defendant Concentra Incorporated ("Concentra") hereby respectfully moves that this Court impose appropriate sanctions, including payment of Concentra's reasonable attorneys' fees and expenses, upon James Q. Butler and the Butler Legal Group, PLLP, aka Butler Law Firm, P.C. (hereinafter referred to collectively as, "Butler") jointly and severally for the following reasons:

    1.    Butler has violated Rule 11(b)(1) by filing in this Court pleadings, a motion and opposition papers for an improper purpose;

    2.    Butler has violated Rule 11(b)(2) by filing in this Court pleadings which he knows are neither warranted by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law nor the establishment of new law; and

    3.    Butler has violated Rule 11(b)(3) by filing in this Court pleadings and opposition papers which lack evidentiary support.

As grounds for this request, Concentra relies on the points and authorities set forth in the Memorandum accompanying this Motion. Further, in accordance with Rule 11(c)(1)(A), Butler

received notice of this Motion on September 21, 2007, a date at least 21 days prior to its filing through service of a copy of the proposed Motion for Sanctions. Pursuant to paragraph 9 of the Court's March 6, 2007, Order, a proposed order does not accompany this Motion.

Dated: October 19, 2007               Respectfully submitted,


                                      By:/s/ Alison N. Davis
                                          Alison N. Davis
                                          D.C. Bar No. 429700

                                          FORD & HARRISON LLP
                                          1300 19th Street, N.W., Suite 700
                                          Washington, DC 20036
                                          (202) 719-2000
                                          (202) 719-2077 (facsimile)
                                          adavis@fordharrison.com

                                          Attorneys for Defendant Concentra Inc.

## CERTIFICATE OF SERVICE

I, Alison N. Davis, hereby certify that a true and correct copy of the above-captioned proposed Motion and Memorandum of Points and Authorities In Support Thereof were served in hand on September 21, 2007 on:

> James Quincy Butler
> Butler Legal Group, PLLP
> 818 18th St., NW
> Suite 1010
> Washington, D.C. 20006

> \_\_\_\_/s/\_Alison N. Davis
> Alison N. Davis

DC:68382.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA MCMANUS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:07 CV 00252 (CKK) |

**MEMORANDUM IN SUPPORT OF DEFENDANT CONCENTRA INCORPORATED'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11(C)**

Defendant, Concentra Incorporated ("Concentra"), by its attorneys, Alison N. Davis and Ford & Harrison, LLP, hereby submits this Memorandum in Support of its Motion for Sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure. Sanctions are warranted in this case because the pleadings, motion and opposition papers which James Q. Butler and the Butler Legal Group, PLLP, aka Butler Law Firm, P.C. (collectively referred to herein as "Butler"), have filed with Mr. Butler's signature in this Court flout the requirements of Rule 11(b)(1)-(3). By ignoring the minimal pleading standards, statutory and substantive case law in this Circuit and procedural rules, Butler has caused Concentra to incur litigation costs needlessly.

I.      FACTUAL STATEMENT

On February 1, 2007, Plaintiffs Edna McManus, Gaynell Nixon, Shirley Massey, Sandra Mitchner, William Workcuff, Edward Clark, Slatel Dillon, Audrey Tucker, Arzella Smith, Geraldine Talley Hobby, Erwin Diggs, John Lewis, Veleria Jones Coe, Fletcher Scott, Ronald Minor, and Otis R. Mahoney, Sr. (collectively referred to herein as "Plaintiffs") filed their original Complaint in which they alleged multiple claims against fourteen (14) defendants,

including Concentra.[1] Butler entered its appearance on behalf of the Plaintiffs, and Mr. Butler signed the initial pleading. The Complaint included eight (8) counts of which five (5) counts, Count 1(Breach of Employment Contract), Count 2(Breach of Collective Bargaining Agreement), Count 5(Declaratory Judgment Action), Count 6(Request for Injunctive Relief) and Count 8(Restraining Order as Applied to Retaliation), purportedly asserted claims against Concentra. Document No. 1(Compl. at ¶¶ 57, 61, 78, 81 and 92). While the Complaint vaguely referred to a conspiracy among the defendants, *id.* at ¶¶ 32-36, other than the fact that Plaintiffs in error alleged that Concentra was a corporation licensed to do business and having offices and employees in the District of Columbia, *id.* at ¶ 24, the Complaint was silent regarding the factual basis for the claims which Plaintiffs supposedly were asserting against Concentra.

Plaintiffs attempted to effect service on Concentra through Corporation Service Company ("CSC"), which was not Concentra's registered agent, on or about April 3, 2007. Document No. 32(Concentra's Mem. In Support of Mot. To Dismiss at 2, Attachment 1 (Affidavit of Eleanor J. Thompson at ¶ 7)). CSC notified counsel for Plaintiffs in writing on April 5, 2007 that it was not authorized to accept service for Concentra because the entity's name did not match any of its clients. *Id.* at ¶ 8 (Exhibit A). Despite CSC's refusal to accept service on behalf of Concentra, Plaintiffs' counsel represented to this Court on April 23, 2007 that Concentra had been served by filing a Return of Service. Document No. 9(Return of Service/Affidavit).

On June 11, 2007, after eight (8) of the defendants moved to dismiss the Complaint, Plaintiffs' counsel requested leave to amend or correct the original Complaint. Document No.

---

[1] In addition to Concentra, Plaintiffs have named the following entities in this action: the District of Columbia Government; AFSCME District Council 20, AFL-CIO ("AFSCSME"); American Federation of Governmental Employees ("AFGE"); International Brotherhood of Teamsters Local Union No. 639; Washington Teachers Union ("WTU"); Fraternal Order of Police; Corvel Healthcare ("Corvel"), CLW/CDM; AON Risk Services Incorporated; CMI/Sedgewick; Genex Incorporated, subsidiary of UNUM Provident ("Genex"); UNUM Group a.k.a UNUM Provident Insurance Company ("UNUM"); and Robert A. Smith, M.D., P.C.

23(Pl. Mot. to Amend/Correct Original Complaint). Mr. Butler again signed the motion. In the motion to amend or correct, counsel for Plaintiffs relied on the recently decided *Bell Atl. Corp. v. Twombly*, No. 05-1126, 2007 U.S. LEXIS 5901, *27-28 (U.S. May 21, 2007), as grounds for this Court granting the relief sought. *Id.* at 2. Counsel for Plaintiffs asserted, "Plaintiffs seek to amend the complaint at this time is [sic] to remove any alleged prejudice claimed by the Defendants as the result of an alleged lack of specificity in stating the causes of action. At this time, Plaintiff [sic] seeks to provide each defendant with specificity." *Id.* at 2-3.

While several defendants opposed Plaintiffs' motion on the grounds that the proposed Amended Complaint failed to correct the deficiencies in the initial Complaint, six (6) defendants, including Concentra, immediately moved to dismiss Plaintiffs' Amended Complaint. Document Nos. 25, 27, 29, 31-32, 35. Thereafter, the Court granted counsel for Plaintiffs' motion, and denied the pending motions to dismiss the initial Complaint without prejudice. Document No. 36( Order). Plaintiffs filed the Amended Complaint on July 2, 2007 with Mr. Butler's signature. Document No. 37(Pls. Amended Compl.). Once again, the Amended Complaint named Concentra as a defendant. *Id.* at 24. Despite counsel for Plaintiffs' representations, the Amended Complaint did not correct the material deficiencies which several of the defendants had noted in the initial Complaint. Accordingly, seven (7) defendants filed or renewed motions to dismiss the Amended Complaint. Document Nos. 38-44. While there was some commonality among the defendants regarding the grounds for dismissal of the Amended Complaint, the factual and legal support for their arguments was not necessarily the same. For example, some of the defendants argued that Plaintiffs lacked Article III standing to bring this lawsuit. Other defendants challenged Plaintiffs' efforts to serve process. This was not a case where defendants

filed an omnibus motion, but they did agree that the Amended Complaint was woefully lacking in specificity.

Concentra put forward three grounds for this Court to dismiss the Amended Complaint. First, Concentra argued that this Court lacked personal jurisdiction over Concentra because Plaintiffs failed to serve Concentra in accordance with Rule 4 of the Federal Rules of Civil Procedure. Document No. 32 (Concentra's Mem. In Support of Mot. to Dismiss at 3-5). Second, Concentra argued that Plaintiffs' Amended Complaint lacked sufficient specificity to establish that this Court had subject matter jurisdiction over any of Plaintiffs' purported claims against Concentra. *Id.* at 5-7; Document No. 44(Concentra's Supp. Mem. In Support of Mot. to Dismiss at 7-9). Third, Concentra argued Plaintiffs failed to state a claim for breach of employment contract, breach of a collective bargaining agreement, civil conspiracy, equitable relief or declaratory relief. Document No. 32 (Concentra's Mem. In Support of Mot. to Dismiss at 7-8); Document No. 44(Concentra's Supp. Mem. In Support of Mot. to Dismiss at 2-7, 9-10). In support of its motion, Concentra did not rest on conclusory assertions. Instead, Concentra relied on sworn testimony and legal authority. Document Nos. 32, 44.

On August 1, 2007, this Court instructed Plaintiffs' counsel to file individual oppositions to each of the pending motions to dismiss. Minute Entry Order (August 1, 2007). On September 5, 2007, counsel for Plaintiffs filed almost identical oppositions to the defendants' motions to dismiss even though, as noted above, the motions did not necessarily seek dismissal on identical grounds.[2] Document Nos. 58-67. The essence of counsel for Plaintiffs' opposition to Concentra's motion was that his clients have meritorious claims against Concentra and UNUM because UNUM allegedly had violated a settlement agreement into which the corporation had entered with the State of New York, and the parties allegedly jointly administer a disability plan.

---

[2] In most cases, the sole difference between the oppositions was the substitution of the respective defendants' names.

Document No. 61(Pls. Mem. in Opp. at 9). The opposition was devoid of any specific factual allegations which tied the conduct of Concentra and UNUM. Notably, counsel for Plaintiffs did not provide any specific factual support or legal authority for this Court having jurisdiction over Concentra or the subject matter of this litigation. Once again, it was Mr. Butler's signature which appeared on the papers.

Since Plaintiffs' counsel did not respond to the arguments which Concentra presented, on September 10, 2007, counsel for Concentra contacted counsel for Plaintiffs by telephone to request that he withdraw his claims against Concentra, as he still had not presented sufficient facts to satisfy either the jurisdictional prerequisites or the notice pleadings requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiffs' counsel refused to dismiss voluntarily Concentra from this action. Counsel for Concentra surmised from Mr. Butler that he understood this Court would treat all of the defendants the same. Counsel for Concentra's effort to dissuade him of that belief was unsuccessful. Moreover, initially when Concentra's counsel provided him the opportunity to elaborate on his vague and ambiguous allegations regarding Concentra, Plaintiffs' counsel refused to discuss with counsel for Concentra his basis for including Concentra as a party because it would not be an economical use of his time. Rather, counsel for Plaintiffs indicated that he would be willing to engage in a more substantive discussion about Concentra at another time, but counsel would have to call his office back to schedule an appointment because he did not control his calendar. When counsel for Concentra attempted to engage in a more substantive discussion with Plaintiffs' counsel at a scheduled time on September 12, he indicated that his position was set forth adequately in his opposition to the motion to dismiss. He also asserted that a Concentra motion for sanctions would be in bad faith.

Accordingly, as required under Rule 11(c)(1)(A), Concentra has served this motion for sanctions on counsel for Plaintiffs twenty-one (21) days prior to its filing in this Court. This motion will be filed only if counsel for Plaintiffs fails to withdraw voluntarily the claims against Concentra in a timely fashion.

## II.  ARGUMENT

This is a textbook case for Rule 11 sanctions pursuant to the Federal Rules of Civil Procedure. Counsel for Plaintiffs must be deterred from engaging in similar unorthodox litigation tactics in the future. Rule 11 prohibits an attorney from filing any pleading, motion or other written paper unless to the best of his knowledge and belief, formed after a reasonable investigation, the claims and/or legal contentions are warranted by existing law or there is a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law. The purpose of Rule 11 is to "deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Atkins v. Fischer*, 232 F.R.D. 116, 127 (D.D.C. 2005) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

Specifically, Rule 11(b) of the Federal Rules of Civil Procedure provides, in part, the following:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ---
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the


> establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

\* \* \*

Fed. R. Civ. P. 11(b). If an attorney fails to comply with Rule 11(b), a party by motion can request that the court impose sanctions. Fed. R. Civ. P. 11(c). The test for determining whether an attorney has violated Rule 11 is whether the attorney's conduct was reasonable under the circumstances. *Lucas v. Spellings*, 408 F.Supp.2d 8, 10(D.D.C. 2006)(the courts have held counsel to an objective standard of reasonableness). Hence, this Court must judge counsel for Plaintiffs' conduct by whether a reasonable lawyer would have filed this lawsuit and opposed the pending motions to dismiss as he has. Once this Court determines that a violation of Rule 11 has occurred, it may award the injured party the costs actually incurred. *Id.* at 50-51. Moreover, the sanction should be sufficient to deter the attorney and others from engaging in similar conduct. *Id.*

Counsel for Plaintiffs has failed to fulfill his obligations under Rule 11. The vague and ambiguous allegations and conclusory assertions in the pleadings and opposition papers demonstrate that counsel for Plaintiffs failed to carry out a reasonable factual and legal investigation to ensure that the Complaint was devoid of frivolous allegations. He has asserted claims against Concentra that lack evidentiary support. Finally, he has needlessly increased the cost of litigation by choosing to rest on conclusory allegations rather than cooperate with counsel for Concentra's efforts to discern the factual and legal basis for his claims. Accordingly, this Court should impose sanctions on counsel for Plaintiffs pursuant to Rule 11 by awarding Concentra the attorneys' fees and costs incurred as a consequence of his conduct.

### A. PLAINTIFFS' COUNSEL VIOLATED RULE 11 BECAUSE HE FAILED TO CONDUCT A REASONABLE INQUIRY PRIOR TO FILING HIS ORIGINAL AND AMENDED COMPLAINTS.

Counsel for Plaintiffs clearly did not conduct a reasonable inquiry prior to filing this lawsuit. The most obvious example of this shortcoming is the naming of Concentra as a party to this litigation. If counsel for Plaintiffs had conducted a reasonable inquiry prior to filing this lawsuit, he would have easily ascertained that Concentra Incorporated does not do business in the District of Columbia, and avoided naming an improper party to this proceeding. Counsel for Plaintiffs merely had to contact the Corporations Division of the District of Columbia Department of Consumer and Regulatory Affairs. A simple on-line search would have disclosed that Concentra is not registered to do business in the District of Columbia. Moreover, even after CSC explained to counsel for Plaintiffs that it could not accept service on behalf of Concentra, counsel for Plaintiffs rather than attempting to effectuate service through other means, led this Court to believe that Concentra had been served. Counsel for Plaintiffs then once again named Concentra as a defendant when it filed the Amended Complaint.

Further, counsel for Plaintiffs did not fulfill his obligation to evaluate throughout the litigation the viability of Plaintiffs' claims based upon new information. *Atkins*, 232 F.R.D. at 140 (no sanctions awarded where counterclaims were withdrawn once futility was recognized). Again, a good example of counsel for Plaintiffs' improper conduct is his effort to include Concentra as a party. Despite CSC's refusal to accept service on behalf of Concentra because it was not the company's registered agent, Plaintiffs' counsel failed to include any facts in the Amended Complaint to show that this Court should exercise jurisdiction over Concentra. Plaintiff's counsel continued to ignore the problem with naming Concentra when he purportedly opposed Concentra's motion to dismiss. Noticeably absent from his opposition was any response to Concentra's argument that it does not have sufficient contacts in this district for the

Court to exercise personal jurisdiction over the company. Counsel for Plaintiffs completely disregarded his burden of establishing this Court's jurisdiction before any consideration of the merits of the case. *See Jung v. Ass'n of American Medical Colleges*, 300 F.Supp. 2d 119, 127 (D.D.C. 2004). Instead, counsel for Plaintiffs has chosen to rest on mere speculation that the defendants were engaged in an unlawful conspiracy to harm his clients, and to gamble that this Court will allow him to embark on a fishing expedition. Counsel for Plaintiffs should not be allowed to circumvent his obligations under Rule 11 to make a reasonable inquiry prior to and throughout the litigation.

### B. PLAINTIFFS' COUNSEL VIOLATED RULE 11 BECAUSE HIS CLAIMS AGAINST CONCENTRA LACK LEGAL AND FACTUAL SUPPORT.

In violation of Rule 11(b)(3), counsel for Plaintiffs' pleadings lack either legal or factual support for the claims against Concentra. Plaintiffs' original and Amended Complaints in a conclusory fashion accuse Concentra of engaging in sensational wrongdoing. As pointed out in Concentra's motion to dismiss, Plaintiffs' allegations against Concentra are vague and unsupported. Document No. 32(Concentra's Mem. In Support of Mot. to Dismiss at at 8); Document No. 44(Concentra's Supp. Mem. In Support of Mot. to Dismiss at 3-5, 7-10).

Moreover, when Plaintiffs' counsel filed the Amended Complaint, if he had conducted a reasonable investigation, he would have been aware that the claims were unwarranted. It is well-settled that the Comprehensive Merit Personnel Act precludes Plaintiffs from pursuing claims of breach of employment contract and breach of collective bargaining agreement in federal court. *Hawkins v. Hall*, 537 A.2d 571 (D.C. 1988). The law also is clear regarding the standard for a plaintiff to assert a claim of civil conspiracy. *Waldon v. Covington*, 415 A.2d 1070, 1074 n.14 (D.C. 1980); *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C.

2000). Concentra provided ample authority to show that Plaintiffs could not seek a declaratory judgment, and they had not properly sought a restraining order. Finally, counsel for Plaintiffs clearly was aware of the Supreme Court's recent pronouncement regarding the notice pleading standard as he relied on *Twombly* as authority for this Court granting his motion to amend or correct. Nevertheless, counsel for Plaintiffs has chosen to ignore this precedent and not even attempt to distinguish this lawsuit as warranting the claims against Concentra.

Even if counsel for Plaintiffs had researched the claims and simply misinterpreted the law, based upon his oral and written communications with counsel for AFGE, counsel for Plaintiffs was well-aware that no authority supported his assertion of jurisdiction in this Court and his allegations failed to satisfy Rule 8 when he amended the Complaint. This fact was reiterated to counsel for Plaintiffs numerous times as several defendants filed motions to dismiss. Nevertheless, counsel for Plaintiffs chose to file an Amended Complaint with minimal changes. Counsel for Plaintiffs made no effort to elaborate on his causes of action, much less to show that the claims were warranted by a nonfrivolous argument for the modification of the law in accordance with Rule 11(b)(2). Instead, he simply added factual allegations relating to his clients which failed to make any of the claims against Concentra more viable.

When confronted, counsel for Plaintiffs refused to articulate any connection between Concentra and the unlawful conduct alleged in the action. Rather, it is clear that counsel for Plaintiffs instigated this action without any facts on hand to support it, but gambling that facts would be uncovered.[3] In other words, counsel for Plaintiffs wishes to engage in the quintessential "fishing expedition." This Court should not condone such conduct. *See Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006) (Court awarded sanctions for numerous

---

[3] Counsel cannot avoid sanctions merely because he has a good faith belief in the merits of his case. *Mann v. G&G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990).

factually groundless allegations). *See also Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir. 1994)(Rule 11 was designed to prevent the reckless willingness to impose the burden of unwarranted litigation upon others).[4] Because counsel for Plaintiffs has brought this suit without any factual or legal support for his claims against Concentra and for an improper purpose in violation of Rule 11, Butler should be sanctioned.

### III. CONCLUSION

Based on the foregoing, Concentra respectively requests that this Court impose sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, including attorneys' fees and expenses which Concentra incurred in defending this action and pursuing these sanctions against Butler. Further, in the event that this Court awards sanctions, Concentra respectfully requests that the Court allow the company to submit proof of the attorneys' fees and expenses incurred in this matter.

Dated: October 19, 2007   Respectfully submitted,

By:/s/ Alison N. Davis
   Alison N. Davis
   D.C. Bar No. 429700

   FORD & HARRISON LLP
   1300 19th Street, N.W., Suite 700
   Washington, DC 20036
   (202) 719-2000
   (202) 719-2077(facsimile)
   adavis@fordharrison.com

   Attorneys for Defendant Concentra Incorporated

DC:69081.1

---

[4] While *Johnson* was filed prior to the 1993 amendment, the purpose has not changed.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA MCMANUS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 1:07 CV 00252 (CKK) |

**DEFENDANT CONCENTRA INCORPORATED'S STATEMENT
PURSUANT TO L. CIV. R. 7(M)**

Defendant Concentra Incorporated hereby states that on Monday, October 15, 2007, counsel for Concentra spoke with counsel for Plaintiffs by telephone regarding its Motion for Sanctions ("Motion"), a copy of which previously had been served on counsel for Plaintiffs on September 21, 2007. In accordance with L. Civ. R. 7(m), counsel discussed whether counsel for Plaintiffs would consent to the Court awarding the relief sought in the Motion. Counsel for Plaintiffs advised counsel for Concentra that he intended to oppose the Motion.

Dated: October 19, 2007          Respectfully submitted,

                                            By:/s/Alison N. Davis
                                               Alison N. Davis
                                               D.C. Bar No. 429700

                                               FORD & HARRISON LLP
                                               1300 19th Street, N.W., Suite 700
                                               Washington, DC 20036
                                               (202) 719-2000
                                               (202) 719-2077 (Facsimile)
                                               adavis@fordharrison.com

                                               Attorneys for Defendant Concentra Incorporated