UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
EDNA MCMANUS, *et al.*,            )
                                   )
              Plaintiffs,          )
     v.                            )
                                   )   Civil Action No.: 07-252-CKK
DISTRICT OF COLUMBIA, *et al.*,    )   Judge Colleen Kollar-Kotelly
                                   )
              Defendants.          )
_____)


**DEFENDANT AFGE'S REPLY TO PLAINTIFFS' UNTIMELY
OPPOSITION TO AFGE'S MOTION FOR RULE 11 SANCTIONS**

Pursuant to Local Civil Rule 7(d), defendant American Federation of Government Employees ("AFGE"), through the undersigned counsel, hereby replies to "Plaintiff's Opposition To Defendants' Motions for Sanctions" (Plaintiffs' Opposition to Sanctions or "*Sanctions Opp.*") filed December 3, 2007.

AFGE respectfully asks that the Court reject Plaintiffs' Opposition to Sanctions, and impose sanctions jointly and severally against Plaintiffs' counsel and his law firm pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"). Plaintiffs' untimely filing comes far more than a day late, and falls much more than a dollar short.

**I.   THE COURT SHOULD REJECT PLAINTIFFS' OPPOSITION TO
       SANCTIONS BECAUSE IT IS UNTIMELY**

Plaintiffs' Opposition to Sanctions should be rejected because it is grossly untimely, and because Plaintiffs' counsel has failed to provide any explanation for his late filing.

Under Local Civil Rule 7(b), any opposition to a motion must be filed, if at all, within eleven days from service of the motion to be opposed. More specifically, Local Rule 7(b) states:

> Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

This clear language means that, absent a contrary order from a court, any opposition to a motion must be filed within eleven days from the date of service of the motion or the Court may treat the motion as conceded. *See Geller v. Randi*, 40 F.3d 1300, 1304-1305 (D.C. Cir. 1994) (finding no abuse of discretion for district court to impose sanctions based on failure to oppose); *Matthews v. American Psychological Society*, 2005 WL 555413 at *6 (D.D.C. 2005) ("… the Court may treat as conceded any motion to which the opposing party has not filed an opposing memorandum within eleven days.")

Here, AFGE filed its Motion for Sanctions Pursuant to Rule 11 ("AFGE's Motion for Sanctions" or "*AFGE Mot. for Sanctions*") on September 5, 2007. *See* docket entry 47. Following this filing, the Court did not issue an order setting an alternate deadline for Plaintiffs' opposition. Thus, any opposition to AFGE's Motion for Sanctions that Plaintiffs' counsel wished to file should have been filed, if at all, no later than September 17, 2007. *See* LCvR 7(b), *and* Fed. R. Civ. P. 6(a)(2) (intervening Saturdays, Sundays and Holidays are included in the computation of time when deadline to respond is 11 days or more).

Plaintiffs' counsel did not, however, file an opposition to AFGE's Motion for Sanctions by September 17, 2007. Likewise, Plaintiffs' counsel did not move for an extension of time to file an opposition pursuant to Fed. R. Civ. P. 6(b)(1)(A), nor did Plaintiffs' counsel move the Court for leave to file out of time pursuant to Fed. R. Civ. P. 6(b)(1)(B).

Instead, rather than comply with either the Court's Local Civil Rules or the Federal Rules of Civil Procedure, and without any explanation, Plaintiffs' counsel unilaterally filed the instant opposition on December 3, 2007, nearly three months late. Therefore, the Court should find Plaintiffs' Opposition to Sanctions untimely.

Moreover, based on Plaintiffs' counsel's unexplained filing delay and failure to move for any extension of time, the Court should treat AFGE's Motion for Sanctions as conceded. Plaintiffs' counsel could easily have sought an extension of time in which to oppose AFGE's Motion for Sanctions. *Cf.* Docket entries 4 and 45 (prior motions by Plaintiffs' counsel seeking extensions of time). He simply did not.

Further, AFGE believes it is particularly appropriate for the Court to treat AFGE's Motion for Sanctions as conceded because this is not a case where Plaintiffs' counsel had insufficient notice or inadequate time to prepare a response. In accordance with Rule 11's safe-harbor provision, AFGE's served its Motion for Sanctions on Plaintiffs' counsel on August 9, 2007. *See AFGE Mot. for Sanctions*, pg. 13, *and* accompanying Certificate of Service. Thus, even without an extension of time, Plaintiffs' counsel had not eleven days, but thirty-two days in which to research and draft an opposition to AFGE's Motion for Sanctions. *See* Fed. R. Civ. P. 11(c)(2) (21 day safe-harbor provision). Yet, Plaintiffs' counsel inexcusably waited months before opposing

AFGE's Motion for Sanctions. Therefore, and for the reasons above, AFGE respectfully asks that the Court treat its Motion for Sanctions as conceded and impose sanctions jointly and severally against Plaintiffs' counsel and his law firm pursuant to Rule 11.

### II.   THE COURT SHOULD REJECT PLAINTIFFS' OPPOSITION TO SANCTIONS BECAUSE IT IS DEFICIENT

Assuming, *arguendo*, that the Court chooses not to treat AFGE's Motion for Sanctions as conceded, the Court should nevertheless reject Plaintiffs' Opposition to Sanctions and impose sanctions against Plaintiffs' counsel and his law firm because Plaintiffs' Opposition to Sanctions is completely deficient. Plaintiffs' Opposition to Sanctions relies entirely on inapplicable out-of-Circuit precedent, and does not respond to the particular arguments raised by both AFGE and defendant Concentra in their respective motions for sanctions. Instead, Plaintiffs' counsel merely recycles the same conclusory assertions contained within his equally deficient Opposition to AFGE's Motion to Dismiss Plaintiffs' Amended Complaint.

For example, in its Motion for Sanctions (as in its Motion to Dismiss Plaintiffs' Amended Complaint) AFGE relied on specific arguments regarding, *inter alia*, the preemption of Plaintiffs' claims by the District of Columbia Merit Personnel Act, D.C. Code § 1-601.01, *et seq*. (2001 Ed.) (the "CMPA"). *See AFGE Mot. for Sanctions*, pgs. 14-16. Similarly, in its Motion for Sanctions defendant Concentra relied on specific arguments regarding the fact that Concentra is not registered to conduct business within the District of Columbia. *See Concentra Memo in Support of Mot. for Sanctions*, pgs. 8-9.

4

Rather than respond to either of these lines of argument, Plaintiffs' counsel relies primarily (just as he did in his Opposition to AFGE's Motion to Dismiss Plaintiffs' Amended Complaint) on the Ninth Circuit case of *Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007 (9th Cir. 2007), for the blanket assertion that his contentions against AFGE are sufficiently well-grounded to avoid sanctions. *Sanctions Opp*, pgs. 6-10; *see also*, *Plaintiffs' Opposition to AFGE Mot. to Dismiss Amend. Compl.*, pgs. 7-10 (relying on *Merrick*).

Plaintiffs' counsel's reliance on *Merrick* is again misplaced.[1] Neither the individual plaintiffs in this case nor AFGE were parties in *Merrick*. Indeed, *Merrick* had nothing whatsoever to do with public employees or public employee unions, let alone AFGE. *See Merrick* at 1009 (case arose out of private insurer's denial of disability claim by self-insured individual).

At no point in his Opposition to Sanctions does Plaintiffs' counsel actually respond to AFGE's arguments concerning the CMPA. By failing to respond directly to AFGE's arguments, Plaintiffs' Opposition to Sanctions does nothing to undermine the grounds raised by AFGE in favor of imposing sanctions based on Plaintiffs' counsel's conduct *vis a vis* AFGE. Therefore, assuming that the Court chooses not to treat its Motion for Sanctions as conceded, AFGE respectfully asks that the Court nevertheless reject Plaintiffs' Opposition to Sanctions, and impose sanctions jointly and severally against Plaintiffs' counsel and his law firm pursuant to Rule 11.

---

[1] Plaintiffs' counsel also relies on documents purportedly attached to his Opposition to Sanctions. Given that Plaintiffs' Opposition to Sanctions lacks any attachments, counsel's reliance on these phantom documents is likewise misplaced.

**CONCLUSION**

For all of the foregoing reasons, and for the reasons explained in AFGE's Motion for Sanctions, AFGE respectfully asks that the Court grant AFGE's Motion for Sanctions, and impose sanctions (including AFGE's attorney's fees incurred in defending this action) jointly and severally against Plaintiffs' counsel and his law firm.

Respectfully submitted,

/s/ Mark D. Roth
Mark D. Roth (D.C. Bar No. 235473)
General Counsel

/s/ Andres M. Grajales*
Andres M. Grajales (D.C. Bar No. 476894)
Staff Counsel
American Federation of Government
Employees, AFL- CIO
80 F Street, NW
Washington, D.C. 20001
Tel.: (202) 639-6426
Agrajales@afge.org

*Attorney of Record

Counsel for AFGE