IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA MCMANUS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | CIVIL ACTION NO. 1:07 CV 00252 (CKK) |

**DEFENDANT CONCENTRA INCORPORATED'S REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTIONS FOR SANCTIONS
PURSUANT TO FED. R. CIV. P. 11(C)**

Pursuant to Civil Rule 7(d) of the Rules of the United States District Court for the District of Columbia ("Local Rules"), Defendant Concentra Incorporated ("Concentra"), by and through its attorneys, states as follows for its reply to Plaintiffs' Opposition to Defendants' Motions for Sanctions ("Opposition"):

On October 19, 2007, Concentra requested that this Court impose sanctions against counsel for Plaintiffs due to counsel's penchant for ignoring the minimal pleading standards, statutory and substantive case law in this Circuit and procedural rules of this Court (the "Motion"). Dkt. No. 78. Counsel for Plaintiffs failed to file a response to the Motion by November 2, 2007, the deadline for a response pursuant to Local Civil Rule 7(b). On December 3, 2007, more than 30 days after the time for filing a response, counsel for Plaintiffs belatedly filed what was purported to be a memorandum in opposition to the motion for sanctions, which Concentra had filed, as well as an earlier separate motion which co-Defendant American Federation of Government Employees ("AFGE") had filed on September 5, 2007, *see* Dkt. No. 47. For the reasons set forth more fully below and in Concentra's memorandum in support of its

Motion, this Court should treat Concentra's Motion as conceded, or in the alternative grant Concentra's Motion on the merits.

### A. THIS COURT SHOULD NOT CONSIDER COUNSEL FOR PLAINTIFFS' OPPOSITION BECAUSE IT WAS FILED OUT OF TIME.

The Court should grant Concentra's Motion because the Opposition is untimely. As stated in the reply of Defendant AFGE to Plaintiffs' opposition to its motion for sanctions, Local Civil Rule 7(b) requires a party to respond to a motion within eleven (11) days unless the Court sets an alternate time period for the party to respond.[1] *See* Dkt. No. 80 at 2.[2] If the party fails to comply with the time period set forth in Local Rule 7(b), the Court may treat the motion as conceded. *See Chung v. Chao*, Civil Action No. 07-398 (GK), 2007 U.S. Dist. LEXIS 80199 (D.D.C. October 31, 2007).

In this case, unlike when multiple defendants filed separate motions to dismiss this lawsuit, *see* August 1, 2007 Minute Order, the Court did not advise counsel for Plaintiffs that he had additional time to respond to Concentra's Motion. Counsel for Plaintiffs has provided no explanation for his tardiness. Since Concentra filed its Motion on October 19, 2007, counsel for Plaintiffs therefore should have filed the Opposition on or before November 2, 2007 in the absence of a Court ordered different time period. Counsel for Plaintiffs did not. Accordingly, the Court should treat Concentra's Motion as conceded.

---

[1] In accordance with Rule 6 of the Federal Rules of Civil Procedure, an additional three (3) days are added at the end of the 11-day period since the motion was filed electronically. Fed. R. Civ. P. 6(d).

[2] Concentra incorporates herein AFGE's reply filed on December 6, 2007 as if fully set forth herein.

    B.    **EVEN IF THIS COURT ACCEPTS COUNSEL FOR PLAINTIFFS' OPPOSITION, IT SHOULD GRANT CONCENTRA'S MOTION BECAUSE COUNSEL FOR PLAINTIFFS HAS FAILED TO SHOW THAT HE CONDUCTED A PROPER PREFILING INQUIRY AND PLAINTIFFS' CLAIMS HAVE A LEGAL AND/OR FACTUAL BASIS.**

    Even if this Court were to excuse counsel for Plaintiffs' failure to comply with Local Civil Rule 7(b), this Court should decide in Concentra's favor. The Opposition is virtually nonresponsive to the arguments which Concentra raised in support of its Motion. First, Counsel for Plaintiffs has failed to address adequately the fact that he clearly did not conduct a reasonable inquiry regarding naming Concentra as a party to this lawsuit. Secondly, he has failed to address the nonexistence of a legal or factual basis for asserting the subject claims against Concentra.

    Rather, counsel for Plaintiffs rests on a plea that this Court allow him to gamble that through discovery he will luck upon a basis for proceeding against Concentra. Specifically, counsel for Plaintiffs argues that this Court should deny Concentra's Motion on the grounds that Plaintiffs have not had the opportunity to engage in discovery, and he has reason to believe that based on prior litigation involving UNUM Provident discovery will lead to evidence that will support Plaintiffs' claims against parties who have a "direct relationship with UNUM Provident." Dkt. No. 79 at 2.

    Counsel for Plaintiffs' reliance on events relating to UNUM Provident to support claims against Concentra is misplaced. Notably, counsel for Plaintiffs does not provide any facts that would demonstrate a good faith belief that a relationship of any type exists between Concentra and UNUM Provident. He does not provide any legal basis for a finding that Concentra should be bound by an agreement, to which Concentra was not a party, and entered into in the state of New York relating to UNUM Provident. *Id.* at 5. He does not explain the relevance of *Merrick v. Paul Revere Life Ins.*, a Ninth Circuit case involving UNUM Provident and a subsidiary and applying Nevada law, to the claims which Plaintiffs have asserted against Concentra for acts

allegedly arising in the District of Columbia. *Id.* at 5-9. Finally, he does not provide any factual or legal basis for attributing UNUM Provident's alleged practices relating to the handling of disability claims to Concentra. *Id.* at 9.

Once again, counsel for Plaintiffs has demonstrated that this case is a prototypical fishing expedition. The Opposition is devoid of any facts or law to show Plaintiffs' claims against Concentra have merit. Instead, after counsel for Plaintiffs has had numerous opportunities to state his case plainly, it continues to be a mystery why Concentra is a party to this lawsuit. If there was any doubt that Plaintiffs' claims are unfounded, this Opposition makes clear that counsel for Plaintiffs has no basis for linking Concentra to his clients' apparent unhappiness with the disposition of their disability claims. Accordingly, even if this Court excuses counsel for Plaintiffs for being dilatory and reaches the merits of Concentra's request for sanctions, this Court should grant Concentra's Motion.

Dated: December 12, 2007                    Respectfully submitted,


                                            By:/s/ Alison N. Davis
                                               Alison N. Davis
                                               D.C. Bar No. 429700

                                               FORD & HARRISON LLP
                                               1300 19th Street, N.W., Suite 700
                                               Washington, DC 20036
                                               (202) 719-2000

                                               Attorneys for Defendant Concentra Incorporated


DC:70227.1