## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDNA McMANUS, ET AL** | CASE NO: 1:07CV00252 (CKK) |
| Plaintiff | |
| v. | |
| **DISTRICT OF COLUMBIA GOVERNMENT, ET AL.** | **PLAINTIFF'S MOTION TO STRIKE CONCENTRA'S MOTION FOR SANCTIONS AND** |
| Defendants | **MOTION FOR ORAL HEARING** |

Plaintiff hereby requests that this Honorable Court conduct an oral hearing on the monetary Sanctions awarded to Defendant Concentra, pursuant to Civil Rule 11 of the Federal Rules of Civil Procedure. A memorandum in support of this opposition is attached.

        Respectfully submitted,

        /s/ James Q. Butler
        James Q. Butler
        Attorney for Plaintiff
        818 18th Street, N.W. - 10th Floor
        Washington, D.C. 20006
        Ph. 202-223-6767

### CERTIFICATE OF SERVICE

Plaintiff hereby certifies that each Defendant is hereby served with the foregoing Opposition to Defendants' Motions To Dismiss through this Court's electronic service.

        /s/ James Q. Butler
        James Q. Butler

# MEMORANDUM
## I. INTRODUCTION

Defendant Concentra has moved for sanctions, and has provided this Court with a "cost chart" outlining it's hours expended in defending itself in this action. Defendant Concentra was never properly served, and therefore, was never subject to this Court's jurisdiction. Therefore, Concentra has no standing before this Court to make any motions.

Additionally, the "cost chart" is subject to examination, and Plaintiff moves this Court to conduct an oral hearing, so that Plaintiffs' counsel may cross-examine attorney Davis and attorney Hoekman on the reasonableness and necessity of their time expended.

## II. LAW AND ARGUMENT

Initially, it must be stated that insufficient service of process over the Defendant Concentra deprives this Court of jurisdiction over the Defendant. Therefore, if Defendant Concentra has not been properly brought before this Court by the Plaintiffs, its motion for sanctions cannot be entertained.

In ***Rates Technology, Inc. v. Nortel Networks Corp.*** 399 F.3d 1302 (Fed. Cir. 2005), the court of appeals affirmed the action of the district court which stated that because it [Defendant NNC] was never served with process, "NNC is not now, no[r] has it ever been, a party to this action." The district court's dismissal of the entire action was affirmed.

In ***York v. State of Texas*** 137 U.S. 15 (1890), the Supreme Court held that if the service be in fact insufficient, all subsequent proceedings, including the formal entry of judgment, are void. This ruling has been good law for more than a century. It is particularly applicable here, in that

Concentra is not, and has never been subject to personal jurisdiction before this Honorable Court. Therefore, it's Motion For Sanctions must be stricken.

Plaintiff's failure to properly serve Concentra deprives this Court of jurisdiction over Concentra a jurisdictional defect of this sort is fatal to the maintenance of an action. ***Thompson v. IRS*** 23 F. Supp 2d. 923, 924 (N.D. Ind. 1994)

Additionally, it must be stressed that Concentra's counsel, Katherine L. Hoekman, is not license to practice law in the District of Columbia.  Second, it is significant that attorney Hoekman has not applied to this Honorable Court for an Order to practice Pro Hac Vice. Third, her primary office is located within this District.  Her office is located at 1300 19th St. N.W.  Washington, D.C.  Therefore, Ms. Hoekman is practicing law in the District of Columbia, with a primary office located in the District of Columbia, without a license to practice law in the District of Columbia.

In ***Blackman v. Government of the District of Columbia***, 355 F. Supp. 2d 171; (2005) the Court sua sponte ordered that the motion and the accompanying memorandum be stricken from the docket of this Court.  The Court went on to state that without a District of Columbia Bar license, however, the offending attorney may not practice law in the District of Columbia. Katherine L. Hoekman has a biography on the Ford & Harrison website. http://www.fordharrison.com/showbio.aspx?Show=2392

That biography states that Ms. Hoekman is licensed to practice law in the State of Virginia. She further mentions membership in the District Bar Association, but membership in a bar association is not the equivalent of a license to practice law in the District of Columbia.

For this reason, the time sheets that have been submitted as Exhibit A are suspect.  They are

suspect for several different reasons.

Additionally, the participation of Ms. Hoekman in the litigation of this matter brings into question the necessity of the activity performed by the counsel for Concentra, and the additional, unreasonable, and needless motions that were filed.

There were 14 different Defendants who were sued. While all of the Defendants were dismissed from this case, TWO Defendants, Concentra and the American Federation of Government Employees (AFGE), moved for an award of sanctions. The motion for sanctions by AFGE was denied. The motion for sanctions by Defendant Concentra was granted. But Defendant Concentra's prolonged participation in this litigation was apparently based upon a desire to inflate counsel's billable hours.

Defendant Concentra should have filed a responsive pleading which raised the affirmative defense of failure of service, and then filed a motion for summary judgment based upon that affirmative defense. The matter could have, and should have, ended there. But Concentra chose not to do that. Concentra filed an unresponsive pleading, and asked for dismissal, for failure to state a claim. Concentra's motion to dismiss was lengthier than any of the other motions filed by any of the other Defendants. Additionally, Concentra was the only Defendant who was able to raise the affirmative defense of failure of service. The proper raising of that affirmative defense should have caused Concentra's involvement in this case to be brief. But, it was not. That was Concentra's choice. Concentra's attorneys chose to pursue a path which inflated its billable hours.

Of the 14 different Defendants, only two moved for sanctions. Only ONE was awarded sanctions. This logically means that the sanctions were awarded to Concentra for failure of

service upon Concentra. Sanctions were awarded to Concentra because this Court had no personal jurisdiction over Concentra. This leads us into the illogical circular pattern that sanctions were awarded to Concentra because this Court lacks jurisdiction to award sanctions to Concentra.

Nowhere does Defendant state that the failure of service cost Defendant Concentra to incur additional costs, beyond those costs that it would have incurred had it been properly served. That should be the measure of sanctions, if any are properly awarded.

Failure of service is an affirmative defense pursuant to 12(b)(5). Defendant's counsel incurred no expense that it would not have occurred had service been sufficient and perfected. Concentra contributed to unnecessary and needless hours that it claims were consumed, because the amount of time that it expended were devoted to matters that did NOT relate to its affirmative defense of failure of service.

Defendants did not incur any costs that were incurred as the result of improper service. Defendants had no duty to file any motion, other than a motion to dismiss other than improper service. That could have, and should have, been the end of this matter. Concentra had no duty to do anything once it alleged that service was not properly perfected. This Court never had personal jurisdiction over Concentra.

How would the final result have been different had nothing further been done by Concentra? The resulting dismissal would have been identical. Concentra chose to obfuscate this litigation by pretending to be faced with the identical issues that the other Defendants were confronting. Yet, insufficient service meant that Concentra was not. So why would Concentra

continue to read the motions filed against and by all of the other Defendants. It was an exercise in inflating billable hours.

Plaintiff did nothing to cause Concentra to be required to defend against the Motion to Dismiss. If Defendant Concentra had an ironclad affirmative defense, nothing else was required of Concentra.

Plaintiffs's counsel will demonstrate at the hearing that Plaintiff's assertion that service was perfected was not for the purpose of harassing Defendant Concentra, causing unnecessary delay, or needlessly increasing the cost of litigation. By sanctioning under 11(c)(1), the court did not specify how Plaintiff's conduct violated Rule 11 (b)(1) and how that conduct increased the costs of litigation, or how that conduct was meant to harass, or caused unnecessary delay.

The bottom line is that because Plaintiff had believed that valid service was perfected, Defendant Concentra has asked this Court to award it monetary sanctions, because service was not actually perfected for which the Court lacked jurisdiction.

The dismissal of Plaintiff's claim against Concentra was based upon invalid service. That is an affirmative defense to this action. Because Defendant Concentra prevailed on an affirmative defense, that is not sanctionable, beyond dismissal.

Similarly, Concentra's counsel does not support her claim for attorney fees by proving that these hours expended and the charges alleged were reasonable or necessary. Concentra counsel states that the time was expended was reasonable and necessary, but a review of the charges clearly demonstrates that they are NOT reasonable or necessary.

Plaintiff needs additional time to depose Concentra's attorneys Alison Davis and Katherine

L. Hoekman, to determine the extent of their hours that were necessarily or unnecessarily expended. This is evident when his conflicting information is contained in the "cost chart" that pits the time spent on the issue of a motion to dismiss, against the issue of failure of service. If the issue of failure of service was valid, then there should be little or no activity in the cost chart that is expended on the issue of the complaint.

The "cost chart" is replete with entries that are based upon time expended that is not related to the issue for which this Court has awarded sanctions. One example of such an unnecessary expenditure of time is contained on page 6 of the "cost chart." At 12/6/07 Attorney Davis claims to have expended time in a "review of AFGE's reply to plaintiff's opposition to motion to dismiss for sanctions." This motion, and the dispute between Plaintiff and Defendant AFGE had no bearing on the issue of failure of service. There is nothing in that motion that has any effect upon a potential motion for sanctions by Concentra.

Another of the multitude of examples of an inflated and unnecessary chart of billable hours relating to the motion for sanctions is the entry of 7/24/07 on page 4 of the Exhibit A "cost chart." Attorney Katherine L. Hoekman billed Concentra, which is now part of this claim for sanctions, for 8.2 hours, and the amount of $2,255.00 for research relating to a restraining order, and other frivolous matters, which have no relation to failure of service. Plaintiff's counsel needs to depose Attorney Hoekman on this matter and 90% of this inflated attorney fee bill.

The "cost chart" is replete with entries that are based upon time expended that is not related to the issue for which this Court has awarded sanctions. One example of such an

unnecessary expenditure of time is contained on page 2 of the "cost chart." At 6/25/07 Attorney Hoekman claims to have expended necessary time in a "review of Defendant Corvel Healthcares Corporation's motion to dismiss amended complaint, defendant AFGE's consent motion for enlargement of time" etc. This motion, and the dispute between Plaintiff and Defendant Corvel and Defendant AFGE, an their motions for enlargement of time, or motion to dismiss had no relationship to Concentra's issue of failure of service. There is nothing in that motion that has any effect upon a potential motion for sanctions by Concentra.

This "cost chart" pretends to include only those hours that were necessary. The hours listed is conclusive evidence that over 90% of the hours claimed were not necessary. Further, Attorney Hoekman is billing for attorney hours in the District Court of the District of Columbia, where she is not admitted to practice. Therefore, the information regarding the necessity of these hours expended, is indicative of the weight that this "cost chart" should carry in deciding upon the amount of valid charges. The bloating and expanding of these "costs" for frivolous purposes, such as to harass the Plaintiff's counsel, should carry sanctions.

If this Honorable does not want to hold an oral evidentiary hearing first, then Plaintiffs' counsel would request additional time pursuant to Rule 56(f) in which to depose attorney Davis and attorney Hoekman. Depositions of Concentra's counsel may preclude the need for an oral hearing. The information obtained and revealed during Attorney Davis', and Attorney Hoekman's respective depositions, will demonstrate the extent to which the "cost chart" has been inflated in an attempt to pad the hours and alleged time expended for sanctionable purposes. What may pass as billable hours from the perspective of the supervisor of these

attorneys and from the perspective of their client Concentra, are not necessary hours pursuant to Civil Rule 11.

Plaintiff's counsel also needs to compare billable hours of time sheets and "cost charts" for which these attorneys have billed Concentra in the past, as compared to a "cost chart" that these attorneys expect to have this Court rubber stamp their "cost chart" because they expect it to be uncontestedly paid by Plaintiffs' counsel. All of this information which is sought by Plaintiffs' counsel is controlled by these attorneys and is only available upon taking testimony from them under oath, whether that testimony is elicited during an oral hearing before this Honorable Court, or in deposition prior to such a hearing

There is no proof that this time expended was in any way caused by Plaintiffs. Defendant should have simply pled and proven that service was not obtained. Lack of personal jurisdiction should have ended the matter.

Concentra should have confined its defense to the very simple issue of the failure of service. Because Concentra decided to defend upon the issues that were superfluous and beyond the affirmative defense of failure of service, then it's motions were frivolous and were unnecessary, and extended its participation in this litigation unnecessarily. Defendant Concentra had no obligation to defend beyond raising the issue of failure of service.

In Concentra's second motion to dismiss, failure of service is mentioned in one brief sentence. Concentra chose to devote its entire motion to 12 (b)(6), even though this Court had no personal jurisdiction over Concentra. Defendant then responded appropriately, in opposing a motion to dismiss under 12(b)(6), because Concentra litigated as though personal jurisdiction

had been perfected.

Defendant Concentra's motion is bloated and filled with matters that do not relate to Plaintiff's case and are not calculated .  Defendant's counsel spent an exorbitant amount of time reading or "reviewing" other Defendants' motions and responses, none of which concerned Plaintiff's case against Defendant Concentra, and none of which related to failure of service.

### III. CONCLUSION

Because Defendant Concentra is not subject to personal jurisdiction, Plaintiffs will not move this Court to sanction Concentra for its frivolous conduct in filing its motion for sanctions. All of Concentra's litigation beyond asserting lack of personal jurisdiction was not reasonable and not necessary.  Further, Plaintiff's counsel will demonstrate through deposition and/or at oral hearing, that Concentra's "cost chart" is not valid evidence of sanctions to be awarded.

Based upon the authorities cited, and for the reasons fully stated above, Plaintiffs have stated valid reasons why the motion for sanctions is made by a party over whom this Court has no personal jurisdiction.  Accordingly, Concentra is not a defendant, never has been a defendant, and its Motion For Sanctions must denied for lack of jurisdiction, its evidence submitted as reasonable and necessary expenses must be stricken from the record, and this case dismissed, subject to appeal.

Dated: January 30, 2008

Respectfully submitted,
/s/ James Q. Butler
James Q. Butler
Attorney for Plaintiff
818 18th Street - 10th Floor
Washington, D.C.  20006
Ph. 202-223-6767

| | | | |
|---|---|---|---|
| WASHINGTON | ) | S.S. | **AFFIDAVIT** |
| DISTRICT OF COLUMBIA | ) | | |

I, JAMES Q. BUTLER, after being duly sworn according to law, depose and say that I am the attorney for the Plaintiff in the within action and that I have first hand knowledge of the facts herein described:

1. Attached to the Defendants' Motion for Sanctions is a "cost chart", as Exhibit A. This cost chart allegedly contains those costs which are necessary expended on the issue for which sanctions were awarded, the issue of failure of service on Defendant Concentra.

2. Plaintiff seeks to know the extent of the necessary involvement of Alison Davis and Katherine L. Hoekman. After reviewing the documents that Defendant's counsel claims to have reviewed in their question for attorney fees as sanctions, Plaintiff should be able to discover extent and value of Davis and Hoekman's respective involvement and the costs of each attorney's involvement and the value of each of these billable hours to the success of their efforts relating to issue of failure of service. This will prove the value, or lack of value, of these billable hours and whether they were necessary, focused and productive to the most efficient method of dismissal of this case.

3. Plaintiff seeks to learn the ways in which the costs were calculated, assessed and determined to be necessary in defending the within action based upon alleged failure of service. There is no statement in any document offered by Concentra that these costs were necessary to the defense of failure of service. .

4. The information relating to the expenditure of necessary and what these attorneys deem as necessary, is extremely significant to any attorney fee charges relating to sanctions. The information concealed thus far in the vague descriptions of time expended and the necessity of those hours would reveal the control and manipulation of the billing by Concentra and the double dipping and fabrication used to make it appear that all of these hours were necessary to the limited and single affirmative defense of failure of service.

5. The Plaintiffs' counsel seeks information relating to each attorney's involvement in the time allegedly expended and the necessity of those hours on issues which relate, or do not relate, to potentially sanctionable conduct. Relating to the total number of hours expended and if those hours were reasonable under the circumstances of this case. The answers provided by each attorney will reveal the pattern and practice of inflating costs for the purpose of harassing Plaintiffs and their counsel, particularly while the appeals process progresses.

6. This information will also relate to the total number of hours expended by each attorney, and whether these hours constitute double dipping and overcharging, for hours that are

unnecessary and unrelated to the issue of failure of service. The information obtained will indicate differing standards employed by each of Concentra's attorneys in adding their allegedly necessary hours to the award of sanctions.

7. The data on the expenditure of hours on the complaint and other issues distinct from failure of service, reveals a pattern of conduct that shows that Concentra's attorneys controlled and manipulated their hours to artificially inflate them.

8. Plaintiff needs additional time to depose Concentra's attorneys Alison Davis and Katherine L. Hoekman, to determine the extent of their hours that were necessarily or unnecessarily expended. This is evident when his conflicting information is contained in the "cost chart" that pits the time spent on the issue of a motion to dismiss, against the issue of failure of service. If the issue of failure of service was valid, then there should be little or no activity in the cost chart that is expended on the issue of the complaint.

9. The "cost chart" is replete with entries that are based upon time expended that is not related to the issue for which this Court has awarded sanctions. One example of such an unnecessary expenditure of time is contained on page 6 of the "cost chart." At 12/6/07 Attorney Davis claims to have expended time in a "review of AFGE's reply to plaintiff's opposition to motion to dismiss for sanctions." This motion, and the dispute between Plaintiff and Defendant AFGE had no bearing on the issue of failure of service. There is nothing in that motion that has any effect upon a potential motion for sanctions by Concentra.

10. Another of the multitude of examples of an inflated and unnecessary chart of billable hours relating to the motion for sanctions is the entry of 7/24/07 on page 4 of the Exhibit A "cost chart." Attorney Katherine L. Hoekman billed Concentra, which is now part of this claim for sanctions, for 8.2 hours, and the amount of $2,255.00 for research relating to a restraining order, and other frivolous matters, which have no relation to failure of service. Plaintiff's counsel needs to depose Attorney Hoekman on this matter and 90% of this inflated attorney fee bill.

11  The "cost chart" is replete with entries that are based upon time expended that is not related to the issue for which this Court has awarded sanctions. One example of such an unnecessary expenditure of time is contained on page 2 of the "cost chart." At 6/25/07 Attorney Hoekman claims to have expended necessary time in a "review of Defendant Corvel Healthcares Corporation's motion to dismiss amended complaint, defendant AFGE's consent motion for enlargement of time" etc. This motion, and the dispute between Plaintiff and Defendant Corvel and Defendant AFGE, an their motions for enlargement of time, or motion to dismiss had no relationship to Concentra's issue of failure of service. There is nothing in that motion that has any effect upon a potential motion for sanctions by Concentra.

12. Another example of an unnecessary and frivolous entry of time expended in Exhibit A  of billable hours relating to the motion for sanctions is the entry of 6/24/07 on page 4 of the

Exhibit A "cost chart." Attorney Katherine L. Hoekman billed Concentra, which is now part of this claim for sanctions, for 8.2 hours, and the amount of $2,255.00 for research relating to a restraining order, and other frivolous matters, which have no relation to failure of service. Plaintiff's counsel needs to depose Attorney Hoekman on this matter and 90% of this inflated attorney fee bill.

  13. This "cost chart" pretends to include only those hours that were necessary. The hours listed is conclusive evidence that over 90% of the hours claimed were not necessary. Further, Attorney Hoekman is billing for attorney hours in the District Court of the District of Columbia, where she is not admitted to practice. Therefore, the information regarding the necessity of these hours expended, is indicative of the weight that this "cost chart" should carry in deciding upon the amount of valid charges. The bloating and expanding of these "costs" for frivolous purposes, such as to harass the Plaintiff's counsel, should carry sanctions.

  14. This information, when revealed during Attorney Davis', and Attorney Hoekman's respective depositions, will demonstrate the extent to which the "cost chart" has been inflated in an attempt to pad the hours and alleged time expended for sanctionable purposes.
What may pass as billable hours from the perspective of the supervisor of these attorneys and from the perspective of their client Concentra, are not necessary hours pursuant to Civil Rule 11.

  15. Plaintiff's counsel also needs to compare billable hours of time sheets and "cost charts" for which these attorneys have billed Concentra in the past, as compared to a "cost chart" that these attorneys expect to have this Court rubber stamp their "cost chart" because they expect it to be uncontested paid by Plaintiffs' counsel. All of this information which is sought by Plaintiffs' counsel is controlled by these attorneys and is only available upon taking testimony from them under oath, whether that testimony is elicited during an oral hearing before this Honorable Court, or in deposition prior to such a hearing.

FURTHER AFFIANT SAYETH NAUGHT.

               /s/ James Q. Butler
               James Q. Butler, Attorney for Plaintiff

SWORN TO AND SUBSCRIBED before me on this 29th day of January, 2008.

               _____
               NOTARY PUBLIC