IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA MCMANUS, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 1:07 CV 00252 (CKK) |

**DEFENDANT CONCENTRA, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO STRIKE
CONCENTRA'S MOTION FOR SANCTIONS AND MOTION FOR ORAL HEARING**

Defendant Concentra, Inc. ("Concentra"), by and through its attorneys, hereby submits its opposition to Plaintiff's [sic] Motion to Strike Concentra's Motion for Sanctions and Motion for Oral Hearing ("Pl. Mot.").

I.   **INTRODUCTION**

On December 31, 2007, this Court issued a final appealable Order dismissing all of Plaintiffs' claims against Concentra, and awarding sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure to Concentra against James Q. Butler and the Butler Legal Group, PLLP, aka Butler Law Firm, P.C. (collectively referred to herein as "Butler"). Dkt. No. 84. This Court sanctioned Butler as a consequence of Butler's submission of an inaccurate Return of Service to this Court, and filing of an opposition to Concentra's Motion to Dismiss for ineffective service of process and failure to state a claim without evidentiary support. Dkt. No. 85 at 54-56. The Return of Service misinformed this Court that Concentra had been served with the Summons and Complaint. That misrepresentation was perpetuated when Butler failed to take steps to remedy the situation, but instead prolonged the litigation.

Pursuant to the Order, Concentra was to file an affidavit on or before January 16, 2008 setting forth its request for reasonable attorneys' fees and expenses. Dkt. No. 84 at 2. The Court also requested that Concentra provide appropriate documentation to support the amount of attorneys' fees and expenses sought. *Id.* Plaintiffs' counsel was given the right to respond to Concentra's affidavit by January 30, 2008. *Id.*

Concentra submitted its affidavit with supporting documentation on January 16th. Dkt. No. 86. On January 30, Plaintiffs filed a Notice of Appeal.[1] Dkt. No. 87. Thereafter, on the same date, Plaintiffs filed a response to Concentra's affidavit labeled as a motion to strike Concentra's motion for sanctions ("Motion to Strike") and a motion for oral hearing ("Motion for Oral Hearing"), attached to which was an affidavit of James Butler.

Plaintiffs' Motion to Strike should be denied because:

(a) This Court lacks jurisdiction to consider Plaintiffs' Motion to Strike since Plaintiffs filed an appeal of this Court's award of sanctions to Concentra prior to filing the Motion to Strike; and

(b) Even if this Court had jurisdiction, Plaintiffs have failed to establish mistake, inadvertence, surprise, or excusable neglect, or any other extraordinary circumstance which would justify the Court vacating its award of sanctions to Concentra pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

2. Butler has failed to provide sufficient reasons or evidence that demonstrate that Concentra's request for attorneys' fees and expenses is unreasonable.

---

[1] A second Notice of Appeal was filed on February 6, 2008.

3.  Butler's request for an oral hearing and deposition of counsel for Concentra should be denied because:

(a) This Court lacks jurisdiction to consider Plaintiffs' Motion for Oral Hearing since Plaintiffs filed an appeal of this Court's award of sanctions to Concentra prior to filing the Motion for Oral Hearing; and

(b) Counsel for Concentra has provided sufficiently detailed information for this Court to determine the reasonableness of counsel for Concentra's hourly rates and time.

## II. ARGUMENT

### A. THIS COURT SHOULD DENY PLAINTIFFS' MOTION TO STRIKE BECAUSE THIS COURT LACKS JURISDICTION, AND NEVERTHELESS PLAINTIFFS HAVE FAILED TO ESTABLISH CIRCUMSTANCES THAT WOULD JUSTIFY RELIEF PURSUANT TO RULE 60(b).

Plaintiffs deprived this Court of jurisdiction to decide their Motion to Strike by filing a Notice of Appeal prior to filing the Motion to Strike. The filing of a Notice of Appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Plaintiffs filed their Notice of Appeal on January 30, 2008. The Notice of Appeal explicitly states, "[t]he above named Plaintiffs, and their attorney James Q. Butler, appeal the grant of sanctions against attorney James Q. Butler, for the reasons stated in the Opinion." Dkt. No. 87, 89. Accordingly, since the award of sanctions to Concentra is an issue involved in the appeal, which Concentra asserts is without merit, jurisdiction has been transferred to the Court of

Appeals until it disposes of the appeal.[2]

Even if this Court retained jurisdiction to consider Plaintiffs' Motion to Strike, it should be denied because Plaintiffs have failed to provide sufficient grounds for this Court to provide them relief from the December 31st Order. Plaintiffs' Motion is an attempt to persuade this Court to reconsider the merits of Concentra's motion for Rule 11 sanctions, and thus in reality is a request for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60 (b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In their Motion, Plaintiffs spend a significant amount of time arguing issues which Plaintiffs did not raise in opposition to Concentra's motion for sanctions. Plaintiffs contend that since this Court lacked jurisdiction over Concentra it could not have awarded sanctions to Concentra against Butler. Pl. Mot. at 5-6. Plaintiffs also contend that dismissal, not an award of attorneys' fees, is the appropriate sanction. *Id.* at 6. Plaintiffs however provide absolutely no explanation for their belated assertion of this basis for denying Concentra's motion. Plaintiffs present no evidence that would support a finding of mistake, inadvertence, excusable neglect, fraud or other extraordinary circumstances which would justify relief from the award of

---

[2] By asserting that this Court lacks jurisdiction to grant Plaintiffs any further relief, Concentra does not concede that Plaintiffs have filed a valid appeal or that there are not grounds for the Court of Appeals to dismiss the appeal.

sanctions under Rule 60(b).

Notably, Plaintiffs do not even address the Court's grounds for awarding Concentra sanctions. Plaintiffs provide no explanation for Butler's failure to amend the Return of Service or perfect service on Concentra. Rather, Plaintiffs are simply seeking reconsideration because they chose the wrong tact to oppose Concentra's motion for sanctions. As this Court has found, Rule 60(b) is not a means to rescue litigants from strategic choices that later turn out to be improvident. *See Krieger v. U.S. Dep't of Justice*, Civil Action No. 98-1703 (CKK), 2004 U.S. Dist. LEXIS 27396, *8 (D.D.C. April 2, 2004) (citations omitted). For that reason, Plaintiffs are not entitled to relief pursuant to Rule 60(b) and this Court should deny Plaintiffs' Motion to Strike.

Even if Plaintiffs were entitled to Rule 60(b) relief, lack of jurisdiction is not a valid basis for denying a motion for sanctions under Rule 11. Butler asserts that because "Concentra has not been properly brought before this Court by the Plaintiffs, its motion for sanctions cannot be entertained." Pl. Mot. at 2. Butler relies on no authority which prohibits this Court from awarding attorneys' fees as sanctions under Rule 11 to a party who has not been properly served.

The cases upon which Butler relies, *Rates Technology, Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1310 (Fed. Cir. 2005) (dismissal of counterclaim because improperly filed without leave of court"); *Thompson v. Internal Revenue Service*, 23 F. Supp.2d 923 (N.D. Ind. 1998)(complaint dismissed for lack of personal jurisdiction and failure to state a claim); *York v. Texas*, 137 U.S. 15 (1890)(no violation of Fourteenth Amendment), are inapposite. In none of those cases did the Court decide that a defendant could not seek sanctions against a plaintiff which failed to effect service of process or that an award of attorneys' fees was not warranted. To the contrary, it is well-settled that a court's lack of jurisdiction does not preclude the award of

sanctions pursuant to Rule 11. *See Willy v. Coastal Corp.*, 503 U.S. 131 (1992)(Rule 11 sanctions are "collateral to the merits of the case" and within court's interest of having procedural rules obeyed even if the court lacks jurisdiction); *see also Smith v. Martin*, 02-1624 (GK), 2004 U.S. Dist. LEXIS 28752, *13 (D.D.C. January 28, 2004)(Rule 11 sanctions awarded where court lacked personal jurisdiction).

In addition, Rule 11 gives this Court discretion to award attorneys' fees. Rule 11(c)(4) provides:

> [a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4). For those reasons, this Court had authority to direct Butler to pay Concentra's attorneys' fees as a sanction even in the absence of jurisdiction over Concentra.

**B. BUTLER HAS FAILED TO ESTABLISH THAT CONCENTRA'S REQUEST FOR ATTORNEYS' FEES AND COSTS IS NOT REASONABLE.**

Butler does not dispute that the hourly rates for Concentra's attorneys and the expenses are reasonable. Butler only challenges the allocation of tasks and the expenditure of time on certain tasks. Specifically, Butler appears to contend that the amount of hours expended on particular tasks are unreasonable on the following grounds: (1) Concentra should not be able to collect for the time which Katherine Hoekman expended on this case because she is not authorized to practice law in the District of Columbia; and (2) Concentra should not have responded to the Complaint or Amended Complaint because the corporation never was served. Contrary to Plaintiffs' allegations, Ms. Hoekman is authorized to practice law in the District of

Columbia. Moreover, upon learning that Butler had inaccurately advised this Court that Concentra had been served, Concentra had to incur attorneys' fees to litigate this matter or risk a default judgment.

    1.    <u>Katherine Hoekman is not engaged in the unauthorized practice of law.</u>

Butler's allegations regarding Ms. Hoekman's status as a licensed attorney fail to establish that she is engaged in the unauthorized practice of law. Concentra does not dispute that Ms. Hoekman, a recent law school graduate, is licensed to practice solely in the Commonwealth of Virginia. However, the mere fact that an attorney whose principal office is in the District of Columbia is not a member of the District of Columbia Bar does not establish that she is engaged in the unauthorized practice of law in the District of Columbia.

Rule 49 of the Rules of the District of Columbia Court of Appeals provides:

> No person shall engage in the practice of law in the District of Columbia or in any manner hold out as authorized or competent to practice law in the District of Columbia unless enrolled as an active member of the District of Columbia Bar, *except as otherwise permitted by these Rules.*

D.C. Ct. App. R. 49 (2007) (emphasis added). In certain limited circumstances, an attorney who is a member in good standing of another state bar can practice in the District of Columbia. In particular, Rule 49(c)(8) allows an attorney licensed to practice law elsewhere to maintain a principal office in the District of Columbia for a period not to exceed 360 days so long as the attorney has applied for membership to the Bar of the District of Columbia within 90 days and is under the direct supervision of a member of the Bar of the District of Columbia pending a decision on the application.

When Alison Davis and Ford & Harrison LLP entered their appearance in this matter in June 2007, Dkt. No. 24, Ms. Hoekman had been a member of the Bar of the Commonwealth of

Virginia for less than 90 days. Attachment A (Affidavit of Katherine Hoekman ("Hoekman Aff.")) at ¶ 2. As of this date, less than 360 days have elapsed since Ms. Hoekman became a member of the Commonwealth of Virginia Bar. In addition, Ms. Hoekman has applied for admission to the Bar of the District of Columbia. Dkt. No. 86 at ¶ 5.

Further, Ms. Hoekman has not entered her appearance in this Court. Hoekman Aff. at ¶ 3. Ms. Davis represents Concentra in this case. Dkt. No. 24. Throughout this case, Ms. Hoekman has been under the direct supervision of Ms. Davis, a D.C. Bar member. *Id.*; Hoekman Aff. at ¶¶ 4-5. Further, Ms. Davis reviewed, approved and signed any document which Ms. Hoekman prepared before it was filed in this matter. *Id.* at 5. Accordingly, since Ms. Hoekman was not engaged in the unauthorized practice of law during the relevant time period, the Court should not adjust Concentra's attorneys' fee award based upon this unsubstantiated objection.

    2.    This Court should award Concentra the attorneys' fees requested because they were incurred as a direct result of Butler's violation of Rule 11.

Concentra is entitled to a monetary sanction equal to the reasonable attorneys' fees incurred in presenting its Rule 11 motion as well as fees incurred as a direct result of Butler filing an inaccurate Return of Service with regard to Concentra. An appropriate sanction is one that "is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

It is indisputable that as a consequence of Butler's erroneous filing, Concentra was required to defend against the claims asserted. Until Concentra filed its motion to dismiss, this Court believed based upon Butler's representations that service had been perfected on Concentra. Thereafter, even after Concentra put Butler on notice that service was improper, he failed to correct the record or ensure proper service. To the contrary, he filed an Amended Complaint in

which Concentra again was named as a defendant.

If Concentra had failed to assert a defense to the allegations to either the original or amended Complaint, the Court upon its own initiative or at Plaintiffs' request would have entered a default judgment in accordance with Rule 55 of the Federal Rules of Civil Procedure. Thus, contrary to Butler's assertions, the attorneys' fees which Concentra has presented were a direct product of Butler's submission of an inaccurate Return of Service, his failure to correct the error once it was brought to this attention, and his protraction of this litigation by opposing Concentra's Motion to Dismiss.

Moreover, as demonstrated by the time records which counsel for Concentra submitted, counsel attempted to defend this case in the most cost effective manner. Tasks were allocated between a partner and associate to control costs. By staffing the case with a junior associate, counsel for Concentra provided cost savings because Ms. Hoekman had a lower billing rate than Ms. Davis who otherwise would have had to perform the services. Further, by incorporating the arguments of codefendants, counsel was able to further control the costs of Concentra's defense. Finally, other than Butler's allegations, there is no evidence that "90% of the hour claimed were not necessary." Pl. Mot. at 7-8. Accordingly, Butler has failed to demonstrate that Concentra's attorneys' fees are unreasonable.

    C.    **THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' MOTION FOR ORAL HEARING, AND NEITHER AN ORAL HEARING NOR A DEPOSITION OF CONCENTRA'S COUNSEL IS NECESSARY FOR THIS COURT TO DETERMINE AN AWARD OF ATTORNEYS' FEES.**

Butler requests an oral evidentiary hearing on Concentra's requested fee and cost award or, in the alternative a deposition of counsel for Concentra. These proceedings could serve no other purpose than to further Plaintiffs' wish for relief from the award of sanctions. It also is an

effort to persuade the Court to second guess Concentra's litigation strategy, and harass counsel for Concentra. Butler asserts that he believes that he will obtain evidence that demonstrates that "[p]laintiff's assertion that service was perfected was not for the purpose of harassing Defendant Concentra, causing unnecessary delay, or needlessly increasing the cost of litigation." Pl. Mot. at 6. He also seeks information regarding the necessity of hours expended on this case. Pl. Mot. at 8. For the reasons set forth above, *supra* at 3, this Court lacks jurisdiction to consider Butler's Motion for Oral Hearing. Even if the Court had jurisdiction, Plaintiffs' proper avenue for relief is Rule 60(b), not an oral hearing. Accordingly, this Court should deny Plaintiffs' request for an oral hearing.

Further, neither an evidentiary hearing nor a deposition of counsel is warranted. It would not assist Butler in establishing whether Concentra's requested fees and costs are reasonable. The scope of the inquiry which Butler has proffered is not relevant to a determination of whether the attorneys' fees are reasonable. Under oath and as an officer of this Court, counsel for Concentra already has provided adequate support for the attorneys' fees claimed. Counsel has provided information regarding its customary billing practices. Counsel has submitted detailed time records regarding the hours of work expended on this matter. The time records show the date on which a particular task was performed, the hours attributable to the work and the precise nature of the tasks performed. To the extent that the Court determines that any tasks were not directly related to Butler's conduct, the Court has the discretion to adjust the award accordingly. An evidentiary hearing or deposition would only serve to require counsel for Concentra to needlessly expend additional time in support of its request for attorneys' fees. This Court therefore should deny Plaintiffs' request for a deposition of counsel for Concentra.

III.  **CONCLUSION**

Based on the foregoing, Concentra respectively requests that this Court deny Plaintiffs' Motion to Strike and Motion for Oral Hearing.

Dated: February 13, 2008                          Respectfully submitted,


                                        By:/s/Alison N. Davis
                                           Alison N. Davis
                                           D.C. Bar No. 429700

                                           FORD & HARRISON LLP
                                           1300 19th Street, N.W., Suite 700
                                           Washington, DC  20036
                                           (202) 719-2000
                                           (202) 719-2077 (Facsimile)
                                           adavis@fordharrison.com

                                           Attorneys for Defendant Concentra Incorporated


DC:72162.1



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDNA MCMANUS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:07 CV 00252 (CKK) |

### AFFIDAVIT OF KATHERINE HOEKMAN

DISTRICT OF COLUMBIA  )
                      )  SS
                      )

I, Katherine Hoekman, being over the age of eighteen, make this affidavit under penalty of perjury on personal knowledge of the following facts:

1. I am currently a second year associate in the Washington, D.C. office of the law firm of Ford & Harrison LLP ("Ford & Harrison"), and I am competent to testify about the matters contained herein.

2. I graduated from the University of Iowa College of Law in May 2006. I was admitted to practice in the Commonwealth of Virginia in May 2007.

3. At no time have I held myself out to the public as authorized or qualified to practice law in the District of Columbia. All information relating to my background and experience indicates that I am licensed solely in the Commonwealth of Virginia. I have not entered my appearance in any proceedings before this Court or any other court or tribunal in the District of Columbia in which an attorney would be required to be a member of the District of

Columbia Bar. I have not expressed a formal opinion or consulted with a member of the public regarding the law in the District of Columbia.

4. Since my first application to practice in the District of Columbia has not yet been granted, I practice law under the direct supervision of an enrolled, active member of the District of Columbia Bar. In the above-captioned case, I have worked under the direct supervision of Alison N. Davis, who is admitted to the Bar of the District of Columbia and a member of the Bar of this Court, and retains ultimate responsibility for my conduct in this case.

5. Ms. Davis reviewed all documents which I prepared in this case prior to their filing in this Court. Ms. Davis alone signed all documents filed in this Court. If I interacted at all with counsel for Plaintiff or Concentra, it was only with Ms. Davis in attendance.

FURTHER AFFIANT SAYETH NOT.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing Affidavit are true and correct.

2|11|08
Date

_____
Katherine Hoekman

SWORN TO and SUBSCRIBED before me this the 11th day of February, 2008.

_____
Notary Public

My Commission Expires:

DC:72168.1

Marsha A. Alexandrovich
Notary Public, District of Columbia
My Commission Expires 11-30-2009