UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDNA MCMANUS, *et al.*,

   Plaintiffs,

     v.

DISTRICT OF COLUMBIA, *et al.*,

   Defendants.

Civil Action No. 07-252 (CKK)

**MEMORANDUM OPINION**
(April 22, 2008)

Plaintiffs, sixteen current and former employees of various District of Columbia government agencies, brought this action involving an amalgam of claims against fourteen Defendants: the District of Columbia, five labor unions, five health care management companies, two insurance companies, and one physician. On December 31, 2007, this Court issued a Memorandum Opinion and accompanying Order dismissing Plaintiffs' action in its entirety on a variety of grounds. In particular, the Court dismissed Plaintiffs' claims against Defendant Concentra, Inc. ("Concentra") pursuant to Federal Rule of Civil Procedure 12(b)(5) because Plaintiffs had only attempted to serve Concentra by delivering a copy of the Summons and Complaint to a company not authorized to accept service for Concentra. *See McManus v. District of Columba*, Civil Action No. 07-252, Mem. Op. (D.D.C. Dec. 31, 2007), Docket No. [85] ("Mem. Op.") at 26-27. The Court also dismissed Plaintiffs' claims against all Defendants, for various reasons, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5). Finally, the Court considered and granted Concentra's Motion for Sanctions, finding that Plaintiffs'

1

counsel was on notice that Concentra was not validly served with process in this action, but nevertheless knowingly filed–and failed to correct–a false Return of Service with the Court indicating that Concentra had been individually served in this action. *Id.* at 54-56.[1]

The Order accompanying the Court's December 31, 2007 Memorandum Opinion directed counsel for Concentra to file with the Court, on or before January 16, 2008, an affidavit setting forth their request for reasonable attorneys' fees and expenses, supported by appropriate documentation. *See* Docket No. [84]. The Order further provided that Plaintiffs' counsel could respond to Concentra's request for fees and costs on or before January 30, 2008. *Id.* Concentra filed its affidavit of fees and costs, as ordered, on January 16, 2008. *See* Docket No. [86]. On January 30, 2008, Plaintiffs filed a Notice of Appeal of this Court's grant of sanctions. *See* Docket No. [87].[2] Also on January 30, 2008, Plaintiffs filed a response to Concentra's affidavit, labeled as a motion to strike Concentra's motion for sanctions and a motion for oral hearing. Concentra filed an Opposition to that filing on February 13, 2008, arguing that this Court lacks jurisdiction to entertain Plaintiffs' motion because it was filed after Plaintiffs filed their Notice of Appeal of the Court's sanctions award, and that if the Court considers Plaintiffs' motion it should be denied on the merits. Plaintiffs have not filed a reply in support of their motion.

The Court has thoroughly considered Concentra's affidavit, Plaintiffs' so-called motion to

---

[1] The Court assumes familiarity with its 56-page December 31, 2007 Memorandum Opinion, which thoroughly discusses the various deficiencies of Plaintiffs' Complaint. *See generally* Mem. Op. The Court will not repeat the majority of its findings in that respect herein, but expressly incorporates that Memorandum Opinion and makes it a part of this opinion.

[2] That Notice of Appeal appears to have been entered in error, and refiled on February 6, 2008. *See* Docket Nos. [87], [89], and NOTICE OF CORRECTED DOCKET ENTRY, dated January 31, 2008.

strike, and Concentra's Opposition, as well as the relevant legal authority. The Court concludes that Plaintiffs' motion to strike is properly considered as a motion for reconsideration–pursuant to Federal Rule of Civil Procedure 60(b)–of the Court's December 31, 2007 Order granting Concentra sanctions and shall DENY-IN-PART Plaintiffs' motion to the extent it seeks reconsideration. The Court also rejects Plaintiffs' arguments that Concentra should not be able to recover for time expended by Attorney Katherine Hoekman or for fees incurred in connection with Concentra's motion for dismissal on grounds other than Rule 12(b)(5). Nevertheless, the Court agrees that Concentra's request should be reviewed for reasonableness and necessity, and shall therefore refer Plaintiffs' request for an oral hearing and general arguments in that vein to Magistrate Judge John M. Facciola for a determination of the proper sanctions award, pursuant to Local Civil Rule 72.2(a).

### I: LEGAL STANDARDS

At the outset, the Court addresses Concentra's argument that Plaintiffs' filing of a Notice of Appeal deprives this Court of jurisdiction to entertain Plaintiffs' motion to strike Concentra's motion for sanctions and for an oral hearing. First, although Plaintiffs have purported to file a motion to strike Concentra's motion for sanctions, that effort is clearly misplaced because the Court's December 31, 2007 Memorandum Opinion and Order resolved Concentra's motion for sanctions, such that it can no longer be stricken. In reality, then, Plaintiffs' motion contains two separate aspects: a motion for reconsideration of the Court's grant of sanctions, and a challenge to Concentra's request for fees and costs.

Concentra is correct that the filing of a notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case

involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). The district court does not regain jurisdiction over the aspects of the case involved in the appeal until the court of appeals issues its mandate. *Johnson v. Bechtel Assocs Prof. Corp.*, 801 F.2d 412, 415 (D.C. Cir. 1986) (per curiam). However, that general rule does not preclude the Court from addressing Concentra's request for fees and costs, for two reasons.

First, to the extent that Plaintiffs' motion challenges Concentra's request for fees and costs, that is not an *issue* or *aspect* of the case directly involved in Plaintiffs' appeal, nor could it be because this Court has not yet entered a specific judgment of sanctions. The Court's December 31, 2007 Memorandum Opinion and Order only addressed Concentra's motion for sanctions as a legal issue and did not make a factual finding as to the precise sanctions award to which Concentra is entitled. As such, it is premature for Plaintiffs to attempt to appeal Concentra's specific request; once the Court enters a judgment of a specific sanctions award, the issue will be fully ripe for appeal. The Court therefore continues to have jurisdiction to consider Concentra's request for fees and costs.

Second, to the extent that Plaintiffs move for reconsideration of the Court's December 31, 2007 Memorandum Opinion and Order, their motion must be addressed pursuant to Rule 60(b) because it was filed more than ten days after the Memorandum Opinion and Order issued. *See United States v. Pollard*, 290 F. Supp. 2d 153, 156 (D.D.C. 2003) (generally, a motion for reconsideration is treated as a "[Fed. R. Civ. P.] 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter.") (quoting *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993)). While the district court does not have jurisdiction to grant relief from a judgment pursuant to Rule 60(b) while a case is pending on appeal, a district

court may consider a motion for such relief and *deny* such relief without remand from the appellate court. *See Hoai v. Vo*, 935 F. 2d 308, 312 (D.C. Cir. 1991) ("[W]hen both a Rule 60(b) motion and an appeal are pending simultaneously, appellate review may continue uninterrupted. At the same time, the District Court may consider the 60(b) motion and, if the District Court indicates that it will grant relief, the appellant may move the appellate court for a remand in order that relief may be granted."); *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 280 n.22 (D.C. Cir. 1971) (same)); *Piper v. United States Department of Justice*, 374 F. Supp. 2d 73, 77 (D.D.C. 2005) ("[W]hen, as in this case, the order or judgment from which a party seeks relief is also the subject of a pending appeal . . . the district court may outright deny, but cannot outright grant, a Rule 60(b) motion."). Plaintiffs' Notice of Appeal therefore does not preclude the Court from considering their motion for reconsideration.

Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any [] reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The Rule

> was intended to preserve "the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts." *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir.), *cert. denied*, 399 U.S. 927 [](1970) (emphasis in original); *accord*, *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979); *Boughner v. Secretary of HEW*, 572 F.2d 976, 977 (3d Cir. 1978); *Clarke v. Burkle*, 570 F.2d 824, 830 (8th Cir. 1978). But as the Supreme Court has said, "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann v. United States*, 340 U.S. 193, 198 [] (1950). Rule 60(b) cannot, therefore, be employed simply to rescue a litigant from strategic choices that later turn out to be improvident. *See Marshall v. Board of Educ.*, 575 F.2d 417, 424 (3d Cir. 1978); *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d 577, 583 (6th Cir. 1977); *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 651-52 (1st Cir. 1972).

*Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).  Rule 60(b) "gives the district judge broad latitude to relieve a party from a judgment," *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995), but "should be only sparingly used," *Good Luck Nursing Home*, 636 F.2d at 577, and relief under Rule 60(b)(6) is granted in only "extraordinary circumstances," *Ackerman*, 340 U.S. at 199.  Such extraordinary circumstances may be present "[w]hen a party presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust . . . even though the original failure to present the information was inexcusable." *Good Luck Nursing Home*, 636 F.2d at 577. However, a party that "has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down." *Id.*

## II:  DISCUSSION

Plaintiffs' motion attempts to raise issues regarding Concentra's motion for sanctions that Plaintiffs did not raise in their opposition to that motion.  As the Court's December 31, 2007 Memorandum Opinion noted, "Plaintiffs' Opposition d[id] not argue that Concentra was validly served, and thus implicitly concede[d] that the Return of Service filed with the Court [was] inaccurate.  Moreover, Plaintiffs' Opposition to Concentra's motion for sanctions d[id] not challenge Concentra's argument regarding the accuracy of the Return of Service filed with the Court." Mem. Op. at 55.  Plaintiffs now attempt to argue that the Court's dismissal of their action was the only available sanction for their failure to properly serve Concentra and their counsel's filing of a false Return of Service.  Although they might have, Plaintiffs did not make this argument in response to Concentra's motion for sanctions, and their belated attempt to challenge the Court's grant of sanctions on this ground is therefore improper.  Rule 60(b) may

not be relied upon to rescue Plaintiffs from their poor strategic choices. *Good Luck Nursing Home*, 636 F.2d at 577.

In addition to being improper, Plaintiffs' arguments lack merit, and certainly do not demonstrate the "extraordinary circumstances" that warrant relief under Rule 60(b). Specifically, Plaintiffs contend that this Court could not have validly awarded sanctions to Concentra because the Court lacked jurisdiction over Concentra since it was never validly served. However, because sanctions pursuant to Federal Rule of Civil Procedure 11 are "collateral to the merits of the case," *Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992), the Court's lack of personal jurisdiction over Concentra does not preclude the Court from awarding Concentra sanctions. *See also Smith v. Martin*, Civ. A. No. 02-1624 (GK), 2004 U.S. Dist LEXIS 28752, at *13 (D.D.C. Jan. 28, 2004) (granting Rule 11 sanctions where district court lacked personal jurisdiction over defendant). Significantly, this Court has jurisdiction over Plaintiffs' counsel and has the discretion, pursuant to Rule 11, to direct him to pay sanctions, even in the absence of personal jurisdiction over Concentra. The Court therefore rejects Plaintiffs' motion insofar as it seeks reconsideration of the Courts' December 31, 2007 Memorandum Opinion and Order pursuant to Rule 60(b).

The Court turns, then, to Plaintiffs' arguments regarding Concentra's specific requests for fees and costs, made in the form of the January 16, 2008 Affidavit of Alison Nadine Davis, submitted in response to the Court's December 31, 2007 Order. *See* Docket No. [86]. As Concentra correctly notes, Plaintiffs do not challenge Concentra's counsel's hourly rates or Concentra's request for expenses. Concentra Opp'n at 6. Rather, Plaintiffs principally argue that: (1) Concentra should not be able to collect for time billed by Katherine Hoekman, an

associate who worked on Concentra's motion to dismiss this case, because she is not yet admitted to practice law in the District of Columbia; and (2) that Concentra's counsel artificially inflated their fees by moving to dismiss this case on grounds other than Plaintiffs' failure to properly serve Concentra. Each of these arguments is unavailing.

First, as Concentra explains, Rule 49 of the Rules of the District of Columbia Court of Appeals allows an attorney who is a member in good standing of another bar to practice in the District of Columbia for a period of 360 days or less, so long as that attorney has submitted an application for admission to the District of Columbia Bar within 90 days of commencing practice in the District of Columbia, and practices under the direct supervision of a member of the District of Columbia bar. *See* D.C. Ct. App. R. 49, 49(c)(8) (revised effective Mar. 20, 2008); Concentra Opp'n at 7. Concentra's Opposition and the accompanying Affidavit of Katherine Hoekman explain that Ms. Hoekman was admitted to practice in the Commonwealth of Virginia in 2007, less than 90 days before Concentra's counsel entered an appearance in this matter; that less than 360 days have elapsed since she became a member of the Commonwealth of Virginia Bar; that her application for admission to the District of Columbia Bar is pending; and that her involvement in this case has been under the direct supervision of Alison Davis, a member of the District of Columbia Bar. *See id.* at 7-8; Attach. A (Hoekman Aff.); *see also* Davis Aff., Docket No. [86]. As such, Plaintiffs' argument that Ms. Hoekman was engaged in the unauthorized practice of law is entirely erroneous, and provides no basis for adjusting Concentra's fee request.

Second, Plaintiffs groundlessly suggest that because Concentra was not validly served with process in this matter, it "should have filed a responsive pleading which raised the affirmative defense of failure of service, and then filed a motion for summary judgment based

upon that affirmative defense." Pls' Mot. at 4. According to Plaintiffs, Concentra's fee request is improperly inflated, because there was no need for Concentra's counsel to review the motions to dismiss filed by other Defendants in this action or to move for dismissal on any grounds other than lack of service. *See generally id.*

Plaintiffs' argument is specious. Plaintiffs are the ones who filed this meritless action and insisted on proceeding against Concentra, knowing that Concentra had not been validly served with process. *See* Mem. Op. at 25-26; 54-56. As Concentra correctly points out, until Concentra filed its motion to dismiss, the Court was unaware that Concentra had not been validly served, because Plaintiffs' counsel knowingly filed–and did not correct–a false Return of Service. *Id.*; Concentra Opp'n at 8-9. Indeed, if Concentra had failed to answer or move to dismiss Plaintiffs' original and amended complaints, the Court might have entered a default judgment pursuant to Federal Rule of Civil Procedure 55, on its own initiative or at Plaintiffs' request. *Id.* Moreover, although the Court accepted Concentra's argument for dismissal pursuant to Rule 12(b)(5) for lack of service, Concentra had no means of guaranteeing or foreseeing that outcome, and thus properly included all of its other grounds for dismissal (which the Court likewise accepted) in its motions to dismiss. In short, Plaintiffs offer no support–legal, factual, or logical–for their suggestion that Concentra's counsel improperly inflated their fees by moving for dismissal on multiple grounds. To the contrary, Concentra's obligation to respond to the allegations in Plaintiffs' complaints through its motions to dismiss, and the attorneys' fees it incurred in doing so, flow directly from Plaintiffs' failure to properly serve Concentra and filing of a false Return of Service.

### III: CONCLUSION

For the foregoing reasons, the Court shall DENY-IN-PART Plaintiffs' [88] motion to strike and motion for oral hearing, insofar as that motion seeks reconsideration of the Court's grant of sanctions and argues that Concentra may not recover fees for work done by Ms. Hoekman or incurred in connection with its motion for dismissal on grounds other than Rule 12(b)(5). Nevertheless, the Court agrees that Concentra's request for fees and costs should be reviewed for reasonableness and necessity, and shall therefore refer Plaintiffs' request for an oral hearing and general arguments in that vein to Magistrate Judge Facciola for a determination of the proper sanctions award, pursuant to Local Civil Rule 72.2(a). An appropriate Order accompanies this Memorandum Opinion.

Date: April 22, 2008

                                          /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge